**3**

MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
       clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**KLEIN, DENATALE, GOLDNER,**
  **COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
       lholder@kleinlaw.com

Attorneys for HealthCare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor. | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>DC No.: WW-1<br><br>**HCCA'S OPPOSITION TO APPLICATION TO SHORTEN TIME ON CONTRACT REJECTION MOTION** |

    Healthcare Conglomerate Associates, LLC ("HCCA") opposes the Debtor's application for an order shortening time, which seeks a hearing on approximately 48 hours' notice on a motion to reject an executory contract ("Motion"), the decision on which will in many ways determine the course of this brand new chapter 9 case. HCCA, the nondebtor party to the executory contract that is the subject of the Motion, requests that the Court (i) set a hearing on

Thursday, October 19, at 1:30 p.m.[1]; (ii) require that HCCA's opposition pleadings be filed and electronically served no later than noon PST on Tuesday, October 17; and (iii) require that any reply pleadings be filed and electronically served no later than 4:00 p.m. PST on Wednesday, October 18, 2017. In the interim, HCCA will continue to perform under the terms of the executory contract, so long as the Debtor provides the funding required by the executory contract.

This opposition to the OST application does not address the merits of the Motion; the pleadings that HCCA submits that it should have a reasonable amount of time to prepare will do so. HCCA submits, however, that rejection of the relevant agreement is no open and shut matter, and that it will present compelling opposition, given time to adequately brief and support it with admissible evidence.

Chapter 9 enables an insolvent municipality restructure its debts. It does not create revenue. Yet the "emergency" bankruptcy authorization resolution that the District's board of directors (attached to the chapter 9 petition) was passed during a meeting conducted on six hours' notice and was grounded in the fact that the District's hospital was out of cash. There were no pending foreclosures and no creditors were threating to exercise self-help. Nevertheless, this case was filed on a Saturday, fewer than 24 hours after the board meeting. Not surprisingly, the hospital remains unable to pay its operating costs. So what has the bankruptcy produced during its 10-day history? Not a pleading that attempts to establish, let alone a pleading supported by any evidence, that would enable the Court to determine whether the District is eligible for chapter 9 relief (as required by Bankruptcy Code §§ 109(c) and 921(c)). Due to the publication requirements of Bankruptcy Code § 923, this Court will be unable to conduct a hearing on HCCA's objection to the District's eligibility pleadings – assuming that they will be filed someday – until December, if then. The only pleadings the Debtor has filed were the ones today, and they seek a determination in fewer than 48 hours

---

[1] The 1:30 p.m. hearing time was chosen because the Court has a chapter 13 calendar and this matter can be heard at the conclusion of that calendar. Plus, Marc Levinson, the lead bankruptcy counsel from HCCA who will argue the Motion, practices in Sacramento, and an afternoon hearing means that HCCA need not incur hotel expense or he need not leave before dawn in order to make a morning hearing.

about the fate of the executory contract that dictates how the hospital is to be operated and funded. HCCA submits that the Motion, like the so-called chapter 9 emergency filing, should be heard on shortened but reasonable notice, permitting HCCA to prepare the type of response that such an important motion requires.

HCCA therefore requests that the Court (i) set a hearing on Thursday, October 19, at 1:30 p.m.; (ii) require that HCCA's opposition pleadings be filed and electronically served no later than noon PST on Tuesday, October 17; and (iii) require that any reply pleadings be filed and electronically served no later than 4:00 p.m. PST on Wednesday, October 18, 2017.

Respectfully submitted.

Date: October 10, 2017　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP; and

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL LLP

BY: _____
HAGOP T. BEDOYAN, ESQ.,
Attorneys for HealthCare Conglomerate Associates, LLC