5
WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:        rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Niki E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300
E-mail:        mandy.jeffcoach@mccormickbarstow.com

District Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #:  94-6002897<br>Address:   869 N. Cherry Street<br>            Tulare, CA 93274 | CASE NO.  17-13797<br><br>DC No.: WW-1<br><br>Chapter 9<br><br>Date:   October 12, 2017<br>Time:   10:30 a.m.<br>Place:  2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13<br>Judge:  Honorable René Lastreto II |

**MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT
(HEALTHCARE CONGLOMERATE ASSOCIATES, LLC)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY

JUDGE:

Tulare Local Healthcare District, dba Tulare Regional Medical Center, a California Health Care District, the Debtor ("Debtor" or "District"), hereby moves this Court pursuant to 11 U.S.C. §§ 365 and 901, and Bankruptcy Rules 6006 and 9014, for an Order Rejecting Executory Contract as described below. In support of its Motion, the Debtor represents as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S. C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S. C. §§ 1408 and 1409. This matter is a core proceeding to 28 U.S.C. §157(b)(2). The statutory predicates for the relief sought in this Motion are §§ 365, 901 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), as complemented by Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. This case was filed as a Chapter 9 case on September 30, 2017 ("Petition Date").

3. The Debtor is a California healthcare district located in Southern Western Tulare County.

4. The Debtor is in the business of owning a hospital and other healthcare facilities which are all currently under the domination and control of Healthcare Conglomerate Associates, LLC ("HCCA").

5. The Debtor entered into an integrated Contract involving four sub agreements consisting of Management Services Agreement, Interim Joint Operating Agreement, Joint Operating Agreement and Option ("Contract") on May 29, 2014, with HealthCare Conglomerate Associates, LLC ("HCCA"). The Contract is attached to the Declaration of Kevin B. Northcraft as Exhibits A1, A2, A3 and A4.

6. The Contract is comprised of a several part agreement by which a prior board of directors for the District agreed to turnover and relinquish all control over the District's operations and management, including operation of its hospital and healthcare facilities to HCCA on the basis of a one sided, oppressive, overly expensive, unconscionable and unlawful agreement.

///

7. The Debtor has analyzed the Contract and determined in its sound business judgment, and as declared by Kevin B. Northcraft, the Debtor's Chairman of the Board, that the pricing and terms contained in the Contract are grossly unfavorable to the District. Also, the Debtor has determined that it does not need this Contract to achieve a successful reorganization because, *inter alia*, the Debtor has other viable alternatives at more competitive prices and much more favorable terms.

8. Since execution of the Contract, the relationship between the Debtor and HCCA has been broken beyond repair and each accuses the other of breach of the Contract and wrongdoing. On October 6 and 9, 2017, and prior dates, HCCA declared its intention to cease paying its employees which would devastate the ability of the hospital to continue to operate. HCCA's failure to timely fund payroll and its threats to engage in conduct which would ensure closure of the hospital cause uncertainty amongst the staff and the public, and further destabilize the hospital and its operations. The Contract must be rejected so the Debtor can engage a different operator and manager.

9. On or about October 9, 2017, the Board directed that the District terminate all of business relationships with HCCA and that the District reject the subject Contract pursuant to Section 365 as incorporated by Section 901.

10. The Debtor has determined that the Contract is unfavorable to the District and not needed in its restructured operations and seeks authorization to reject the Contract pursuant to Section 365. The Contract, for instance, contains a number of unfavorable conditions, including but not limited to: Debtor irrevocably waiving any right to terminate the Contract, Debtor not having access to the hospital, clinic or other facilities unless express permission is given by HCCA, not having access to its bank accounts or financial information, not having access to its data systems utilized in connection with the operations of the hospital unless HCCA authorizes the same, Debtor being unable to criticize the services being provided by HCCA, Debtor maintaining the responsibility for the care of patients but not having any rights in the hiring and firing of hospital staff, paying HCCA 130% of the amount of leased employee

MOTION FOR AUTHORIZATION TO REJECT EXECUTORY  
CONTRACT (HCCA)  
36894-00000 4742395.1  
-3-  
00158885-gaa-10.10.2017

compensation, an irrevocable appointment of HCCA as Debtor's attorney in fact, an agreement not to reject the Contract in a Chapter 9 proceeding, a monthly payment of $225,000 (which increases every year) to HCCA for services, and a waiver of all liability in favor of HCCA. See Exhibit "A" which is a summary of the unfavorable contract provisions. The rejection will allow the District to regain control over its assets and operations and permit it to engage with a qualified successor operator of the hospital. See the Declaration of Kevin B. Northcraft in support of the Motion. The Debtor asserts that the rejection is in the best interest of the Debtor, is supported by sound business judgment and consistent with the District's powers to exercise control over its own assets and operations as a governmental entity.

11. By this Motion, the Debtor seeks entry of an order pursuant to §§ 901, 365 and 105(a) of the Bankruptcy Code authorizing and approving the rejection of the Contract. The Debtor requests that rejection be made effective as of September 30, 2017, the Petition Date.

12. In order to facilitate the transition of the operation of the hospital and health care facilities, the Debtor requests that the Court enter an order rejecting the Contract effective as of September 30, 2017, with the understanding that the Debtor is willing to enter into an arrangement acceptable to the Debtor where HCCA would cooperate in an orderly and peaceful transition to a new operator for a transitional period of 30 days post rejection (the "Transition period")[1].

13. Section 365(a) of the Bankruptcy Code provides that a Chapter 9 debtor, "subject to the court's approval, may assume or reject any executory contract… of the debtor." 11 U.S.C. § 365(a).

14. It is well-settled that the business judgment rule applies to a debtor's decision to reject an executory contract or unexpired lease; absent a showing of gross abuse or bad faith, the Debtor's decision must stand. This is especially true as here

---

[1] The Debtor has made arrangements with Wipfli LLP/HFS Consultants to step in and assume control over the operations of the hospital and healthcare facilities upon rejection of the Contract and has arranged needed emergency financing.

where the Debtor is a governmental entity and the Court does not have jurisdiction or powers over the District's property or assets.

15. Upon review and analysis of the Debtor's obligations under the Contract, the Debtor has concluded that the relief requested in this Motion is in the best interests of the Debtor, its estate, its creditors, patients and citizens. The Contract is simply unconscionable, in violation of public policy, unfavorable, burdensome, overly expensive and contrary to the duties of elected officials to manage the affairs of the District is a prudent and fiduciary sound manner. It is more economic for the Debtor to cover operations through alternative arrangements at current market prices which are substantially lower than the Contract prices and terms. The Contract imposes excessive cost and expense to the Debtor without corresponding benefits. Thus, the Contract is neither needed nor desirable for the Debtor's continued operations.

16. In short, the Debtor has determined, in the reasonable exercise of its sound business judgment, as a governmental entity operating in Chapter 9 that the Contract is burdensome and provides no economic value to the Debtor. Accordingly, the Debtor requests authority to reject the Contract effective as of September 30, 2017.

WHEREFORE, the Debtor respectfully requests entry of an Order (a) authorizing the Debtor to reject the Contract as of September 30, 2017 and (b) granting Debtor such other and further relief as this Court may deem just and proper.

Dated: October 10, 2017

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _____
Riley C. Walter, Attorneys for Debtor,
Tulare Local Healthcare District

and

McCormick BARSTOW, LLP, District Counsel