4

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:    (559) 435-9800
Facsimile:     (559) 435-9868
E-mail:         rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone:    (559) 433-1300
Facsimile:     (559) 433-2300
E-mail:         mandy.jeffcoach@mccormickbarstow.com

District Counsel

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO.  17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | DC No.: WW-1 |
| | Chapter 9 |
| Debtor. | Date:     October 12, 2017 |
| | Time:     10:30 a.m. |
| Tax ID #:   94-6002897 | Place:    2500 Tulare Street |
| Address:    869 N. Cherry Street | Fresno, CA 93721 |
| Tulare, CA 93274 | Courtroom 13 |
| | Judge:    Honorable René Lastreto II |

## REPLY TO OPPOSITION TO APPLICATION TO SHORTEN TIME ON CONTRACT REJECTION MOTION
## (HEALTHCARE CONGLOMERATE ASSOCIATES, LLC)

///

1    TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY

2    JUDGE:

3        The mere fact HCCA so strenuously fights rejection of the Contract screams to

4    the Court that the Contract is unfavorable to the District.

5        In essence, by the rejection Motion the District declares that in its business

6    judgment the Contract is unfavorable to the District.  The daily fee of at least $25,000

7    plus the 30% premium on all payroll compensation which equates to approximately

8    $720,000 a month[1] justifies early rejection.

9        This, coupled with HCCA's repeated statements that the District is "out of

10   money", that employees "will not be paid" on October 11, that employees "will be

11   furloughed" as of October 11 and that the hospital "may shut down" justifies having a

12   hearing on extremely short notice.  The District is prepared to accept the consequences

13   of rejection and has standby plans for financing and to keep the hospital open.  Until the

14   Contract is rejected, alternative managers will not come forward and HCCA has

15   threatened lawsuits against those who might be interested. However, without immediate

16   retention of a new manager, the District will be unable to keep the hospital open, which

17   will result in significant harm to the public's health and safety.  Furthermore, the closure

18   of the hospital on such short notice will be in violation of various Health & Safety Code

19   regulations and will result in significant consequences to the District.

20       The HCCA criticisms of the abrupt filing of this Chapter 9 case will be addressed

21   at a later date, but suffice it to say that the gross unfairness of the HCCA Contract has

22   been the subject of intense discussion in the community since 2014, but a new board

23   was only very recently elected and even then HCCA thwarted the will of the people by

24   refusing to recognize the election of Senovia Gutierrez for several months until the

25   District Attorney weighed in.

26   _____

27   [1] Under Section 6 of the Management Services Agreement, HCCA is paid $235,000 **monthly** as a
     management fee, the amount of which increases each year.  Under section 4(b)(ix) of the MSA, HCCA
     gets a 30% premium on payroll.  HCCA has indicated that the amount of payroll for 2 weeks is

28   $1,200,000, which would equate to $360,000 each payroll period or $720,000 per month. Therefore, the
     District is paying HCCA approximately $955,000 each month to "manage" the hospital or approximately
     $31,000 a day.

REPLY TO OPPOSITION TO APPLICATION TO SHORTEN
TIME (HEALTHCARE CONGLOMERATE ASSOCIATES,        -2-
LLC)                                                          00158958-gaa-10.11.2017

The Court should also be mindful that HCCA has complete control over the District's operations and finances and it refuses to provide the <u>elected representatives</u> of a public entity with information they are entitled to receive including: Where is the District's money?  Who are the District's creditors?  What is owed by the District?  What is owed to the District?

It is easy to criticize the District for not giving notice to its creditors when HCCA will not provide this information to the District.

For HCCA to gratuitously say it will continue operations if the District puts up the money, yet it will not tell the District anything about its finances tells the Court all it needs to know and why the emergency hearing should not be postponed.

In the opinion and business judgment of the District, the unfavorable Contract must be immediately rejected as provided by Sections 901 and 365.

In the event the Court gives any shrift to the Opposition and considers continuing the hearing, *which has already been noticed to the known creditors*, such continuance should be conditioned on immediately providing the financial information to the District to which it is entitled and which has been requested and on a sequestration of all funds coming to the District.  The District is very concerned that a large influx of funds is soon to be received and that the thrust of the Opposition is for HCCA to buy time so it grabs and spends those funds, including reimbursement to itself, HCCA, for purportedly advanced fees and expenses.  It would be manifestly unfair for HCCA to keep the District in the dark, stall the rejection and take the money and spend it.

In the view of the District, the Opposition is a stall tactic and the very health and safety of patients, and livelihood of employees, is at risk so long as HCCA controls the hospital.

///

///

///

///

1    The District therefore prays that the Court deny the relief sought by HCCA and

2    that the hearing on October 12, 2017 at 10:30[2] a.m. go forward.

3                                        Respectfully submitted,

4

5    Dated: October 11, 2017             WALTER WILHELM LAW GROUP,
                                         a Professional Corporation
6

7                          By:   _Riley C. Walter_____

8                                Riley C. Walter, Attorneys for Debtor,
                                 Tulare Local Healthcare District
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
[2] The District would not be opposed to a hearing in the afternoon in order to accommodate Mr. Levinson's
travel plans.

REPLY TO OPPOSITION TO APPLICATION TO SHORTEN
TIME (HEALTHCARE CONGLOMERATE ASSOCIATES,     -4-
LLC)                                                        00158958-gaa-10.11.2017