# RELIEF FROM STAY SUMMARY SHEET
\* \* \* **INSTRUCTIONS ON FORM EDC 3-468-INST** \* \* \*
*COMPLETE ALL PORTIONS APPLICABLE TO THE RELIEF FROM STAY MOTION.*
**THIS IS IN THE NATURE OF A PRETRIAL STATEMENT AND IS <u>NOT</u> EVIDENCE.**

**DEBTOR:** Tulare Local Healthcare District     **CASE NO.** 17-13797

**MOVANT:** Navigant Cymetrix Corporation     **DC NO.** AB-1

**HEARING DATE/TIME:** 9:30 A.M.

**RELIEF IS SOUGHT AS TO:**

       ( )   **REAL PROPERTY**      Assessor Parcel Number (APN): _____

       ( )   **PERSONAL PROPERTY**    If applicable, Vehicle Identification Number (VIN): _____

       ( )   **STATE COURT LITIGATION**

1. **Address OR description of property or state court action:** Exercise of rights under Master Services Agreement

2. **Movant's trust deed is a**    ( ) 1st    ( ) 2nd    ( ) 3rd    ( ) Other: _____
   OR
   **Leased property is**    ( ) Residential    ( ) Non-residential    Term: ( ) Month-to-Month    ( ) Other

3. **Verified appraisal filed?** _____      Movant's valuation of property: $ _____

4. **The following amounts are presently owing to movant for:**

| PRINCIPAL | INTEREST | COSTS | TOTAL (see attached) |
|---|---|---|---|
| $ _____ | $ _____ | $ _____ | $ 0.00 |

5. **State identity, rank, and balance owing to other known lien holders. Use additional page(s) if necessary.**

   _____    $ _____
   _____    $ _____
   _____    $ _____
                   **TOTAL ALL LIENS**    $ 0.00
                   **DEBTOR'S EQUITY**    $ _____

6. **Monthly payment is** $ _____, of which $ _____ is for impound account. Monthly late charge is $ _____

7. **The last payment by debtor was received on** _____ and was applied to the payment due _____

8. **Number of payments past due and amount:** (a) Pre-petition _____ $ _____ (b) Post-petition _____ $ _____

9. **Notice of Default was recorded on** _____. Notice of sale was published on _____

10. **If a chapter 13 case, in what class is this claim?** _____

11. **Grounds for seeking relief (check as applicable):**

     (X)   § 362(d)(l)      ( ) § 362(d)(2)      ( ) § 362(d)(3)      ( ) § 362(d)(4)

     (X)   Cause    ( ) Inadequate protection    ( ) Lack of equity    ( ) Lack of insurance    ( ) Bad faith

     ( )   Surrendered pursuant to Statement of Intention.    ( ) Report of No Distribution has been filed.

     (X)   Other   Agreement terminated by its own terms.

EDC 3-468 (Rev. 11/10)



**12. For each ground checked in item 11, furnish a brief supporting statement below. Use additional page(s) if necessary.**

Navigant Cymetrix Corporation ("Cymetrix") seeks relief from the automatic stay to exercise its rights under a Master Services Agreement dated November 26, 2014 (along with the applicable Statement of Work #1, as amended, the "Agreement") between Cymetrix and debtor Tulare Local Healthcare District ("Debtor" or "Hospital").

Cymetrix has been providing services to the Hospital in accordance with and subject to the provisions of the Agreement since on or about November 26, 2014. Cymetrix's fees have not been paid for over a year, and there is presently an outstanding balance in excess of $2.2 million. The Agreement was set to terminate automatically on October 5, 2017, based upon the Debtor's prepetition material default in failing to make monthly payments. The default was not cured; moreover, Debtor has also failed to make any arrangements to pay post-petition fees in the ordinary course or otherwise.

While Cymetrix contends that the termination is self-executing and automatic as of October 5, 2017, it acknowledges an obligation to collaborate with the Debtor for a transition to the Hospital of the revenue cycle functions (as described in the Agreement), and has reached out to Debtor's counsel about next steps. Discussions with counsel are ongoing, and Cymetrix will work cooperatively with Debtor to transition the services.

However, in the meantime, Cymetrix is incurring tremendous employee and out-of-pocket costs to continue performance of the Agreement. Cymetrix employs over fifty full-time equivalent employees dedicated to performing the Agreement, and continues to incur costs of third-party vendors with which it has contracted on behalf of the Hospital, and which Cymetrix pays directly.

As of the filing of this Motion, Cymetrix has received no assurance of post-petition compensation in any form—let alone a cure of the default. For those reasons, Cymetrix requests that the Court enter an order terminating the automatic stay to permit Cymetrix to cease providing Services under the Agreement in accordance with the Termination Notice and to commence the transition process.

Alternatively, Cymetrix requests an order requiring the Debtor to make a prompt election to assume or reject the Agreement, requiring Debtor to compensate Cymetrix as an administrative creditor or otherwise provide adequate protection pending such election. Cymetrix also requests a waiver of the stay provision of FRBP 4001(a)(3).

EDC-3-468 (Rev. 11/10)

