FILED
OCT 13 2017
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
TJOF

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA (FRSENO)

| | |
|---|---|
| In re:<br><br>**TULARE LOCAL HEALTHCARE DISTRICT**<br><br>Debtor. | Chapter 9<br><br>Bankruptcy No. 17-13797 |

## REQUEST FOR SPECIAL NOTICE

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Bankr. P. 2002(g)(1), Med One Capital Funding, LLC ("Med One"), a creditor and a party-in-interest in the above-captioned Chapter 9 bankruptcy case (the "Bankruptcy Case"), hereby requests that all matters which must be or which are noticed to creditors, any creditors committee, and any other party-in-interest in the Bankruptcy Case—whether sent by the Court, the Debtor, the U.S. Trustee, any court-appointed trustee under 11 U.S.C. § 926, or any other party in this case—be sent or delivered to Med One's authorized agent at the address indicated below; and that the following be added to the Court's master mailing matrix:

MED ONE CAPITAL FUNDING, LLC
ATTN: David H. Leigh
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
E-mail: dleigh@rqn.com

**PLEASE TAKE FURTHER NOTICE** that the foregoing request for notice shall include notices by mail, telephone, facsimile, or any other means of electronic transmission, and the notices requested shall include, but are not limited to, all notices relating to the matters set

1

forth in Fed. R. Bankr. P. 2002; matters relating to any hearing for dismissal under 11 U.S.C. § 930; matters relating to adequate protection pursuant to 11 U.S.C. § 361; matters relating to the automatic stay pursuant to 11 U.S.C. §§ 362 and 922; matters relating to the assumption or rejection of any executory contract or unexpired lease pursuant to 11 U.S.C. § 365; matters relating to property of the estate as defined by 11 U.S.C. § 901(1); and matters relating to any filed disclosure statement and/or any proposed or confirmed plan of reorganization.

**PLEASE TAKE FURTHER NOTICE** that this *Request for Special Notice*, any subsequent *Notice of Appearance of Counsel and Request for Notice,* or any other pleading, claim, proof of claim, or suit filed by Med One is not intended nor shall be deemed to in any way to waive, where applicable, (i) Med One's right (a) to have final orders in any core or noncore matters entered only after *de novo* review by a district court judge to the extent required by the United States Supreme Court's rulings of Stern v. Marshall, 131 S. Ct. 2594 (2011) and Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency), 134 S. Ct. 2165 (2014), any subsequent case law, and/or as otherwise required by the U.S. Constitution; (b) to a trial by jury in any proceedings so triable herein or in any case, controversy, or proceeding related hereto; and (c) to have the reference withdraw by the United States District Court in any matter subject to mandatory or discretionary withdrawal; and/or (ii) any other right, claim, action, defense, setoff, or recoupment, all of which are hereby expressly reserved.

DATED this 6 day of October, 2017.

*/s/ Mark Stevens*
Mark Stevens, Senior Vice-President of Operations
*For and on behalf of Med One Capital Funding, LLC*

forth in Fed. R. Bankr. P. 2002; matters relating to any hearing for dismissal under 11 U.S.C. § 930; matters relating to adequate protection pursuant to 11 U.S.C. § 361; matters relating to the automatic stay pursuant to 11 U.S.C. §§ 362 and 922; matters relating to the assumption or rejection of any executory contract or unexpired lease pursuant to 11 U.S.C. § 365; matters relating to property of the estate as defined by 11 U.S.C. § 901(1); and matters relating to any filed disclosure statement and/or any proposed or confirmed plan of reorganization.

**PLEASE TAKE FURTHER NOTICE** that this *Request for Special Notice*, any subsequent *Notice of Appearance of Counsel and Request for Notice,* or any other pleading, claim, proof of claim, or suit filed by Med One is not intended nor shall be deemed to in any way to waive, where applicable, (i) Med One's right (a) to have final orders in any core or noncore matters entered only after *de novo* review by a district court judge to the extent required by the United States Supreme Court's rulings of Stern v. Marshall, 131 S. Ct. 2594 (2011) and Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency), 134 S. Ct. 2165 (2014), any subsequent case law, and/or as otherwise required by the U.S. Constitution; (b) to a trial by jury in any proceedings so triable herein or in any case, controversy, or proceeding related hereto; and (c) to have the reference withdraw by the United States District Court in any matter subject to mandatory or discretionary withdrawal; and/or (ii) any other right, claim, action, defense, setoff, or recoupment, all of which are hereby expressly reserved.

DATED this 6 day of October, 2017.

/s/ Mark Stevens
Mark Stevens, Senior Vice-President of Operations
*For and on behalf of Med One Capital Funding, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2016, I caused a true and correct copy of the foregoing *Request for Special Notice* to be served on the following by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

**Tulare Local Healthcare District**
869 N Cherry St
Tulare, CA 93274

**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

**Riley C. Walter**
205 E. River Park Circle, Ste. 410
Fresno, CA 93720

DATED: October 9, 2017

/s/ Dianne Burton

1429777