**17**

MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
      clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**Klein, DeNatale, Goldner,**
  **Cooper, Rosenlieb & Kimball llp**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
      lholder@kleinlaw.com

Attorneys for Healthcare Conglomerate Associates, LLC

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| In re:<br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br>          Debtor. | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>DC No.:     WW-1<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S OBJECTIONS TO DECLARATIONS OF KEVIN B. NORTHCRAFT AND RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT (HEALTHCARE CONGLOMERATE ASSOCIATES, LLC)** |

- 1 -

Healthcare Conglomerate Associates, LLC ("HCCA") respectfully submits the following objections to the evidence relied upon by the Debtor in its Motion for Authorization to Reject Executory Contract.

## A.  DECLARATION OF KEVIN B. NORTHCRAFT

| **Evidence Objected To** | **Objections** |
|---|---|
| **1. Paragraph 2, page 2, lines 4-6, inclusive:**<br><br>The District has been embroiled in political and financial controversies for many years and this has impeded the ability of the District to move forward in providing quality healthcare to the citizens of the District. | **1. Objections to Paragraph 2, page 2, lines 4-6, inclusive:**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the District's political and financials controversies over the past "many years," and is based on hearsay. The statement also asserts a legal conclusion regarding impediments to the District in providing quality healthcare.<br><br>**Court's Ruling on Objection No. 1**<br>Sustained: _____<br>Overruled: _____ |
| **2. Paragraph 3, page 2, lines 8-12, inclusive:**<br><br>I am informed and believe that the controversies began in approximately 1994 when Dr. Pramood [sic] Kumar was appointed to the board to fill a vacancy. From and after that time, there have been significant controversies among the citizens and voters as to the proper management and control of the hospital. There have been deep divides within the community. | **2. Objections to Paragraph 3, page 2, lines 8-12, inclusive:**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any |

| | |
|---|---|
| | foundation that establishes Mr. Northcraft has any current personal knowledge regarding the District's controversies beginning in 1994 and is based on hearsay. The statement also asserts a legal conclusion regarding the claimed controversies and the "deep divides within the community." <br><br>**Court's Ruling on Objection No. 2** <br>Sustained: \_\_\_\_\_ <br>Overruled: \_\_\_\_\_ |
| 3. **Paragraph 4, page 2, lines 14-16, inclusive:** <br>For many years the board was controlled by Dr. Kumar. During that time the District embarked upon an ill-fated decision to borrow money to construct a hospital tower. | 3. **Objections to Paragraph 4, page 2, lines 14-16, inclusive** <br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602) <br>**Conclusory** (Fed. R. Evid. § 602) <br>**Lack of Foundation** (Fed. R. Evid. § 602) <br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701) <br>**Hearsay** (Fed. R. Evid. § 802) <br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding control over the board and the decision to borrow money to construct a hospital tower, and is based on hearsay. The statement also asserts a legal conclusion regarding the District's decision to borrow money. <br><br>**Court's Ruling on Objection No. 3** <br>Sustained: \_\_\_\_\_ <br>Overruled: \_\_\_\_\_ |
| 4. **Paragraph 5, page 2, lines 17-22, inclusive:** <br>The District borrowed $85 million in general obligation bonds and additional revenue bonds for the tower construction project but it was soon consumed by construction cost overruns, litigation and disputes over the proper use of bond proceeds. During this time, many citizens in the District began to express | 4. **Objections to Paragraph 5, page 2, lines 17-22, inclusive** <br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602) <br>**Conclusory** (Fed. R. Evid. § 602) <br>**Lack of Foundation** (Fed. R. Evid. § 602) <br>**Inadmissible Legal Conclusion** (Fed. R. |

- 3 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| concern and dismay as to the management of the District's operations by the Kumar board. | Evid. § 701) **Hearsay** (Fed. R. Evid. § 802) The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the District's use of general obligation bonds, and concerns of the community, and is based on hearsay. The statement also asserts a legal conclusion regarding the exhaustion of the general obligation bonds.<br><br>**Court's Ruling on Objection No. 4**<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 5. **Paragraph 6, page 2, lines 23-25, inclusive:**<br>A historical overview and timeline prepared by me, based on information which has been provided to me, of the various controversies, missteps and confrontations is as follows: | 5. **Objections to Paragraph 6, page 2, lines 23-25, inclusive**<br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br>**Lack of Foundation** (Fed. R. Evid. § 602)<br>**Hearsay** (Fed. R. Evid. § 802)<br>The statement and the forthcoming "overview and timeline" lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding such overview and timeline, and is based on hearsay.<br><br>**Court's Ruling on Objection No. 5**<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 6. **Page 3, lines 26-28, inclusive:**<br>There has also been intense community involvement and disagreement over a 15 year management contract with HCCA a prior Board entered into on May 29, 2014, discussed below. | 6. **Objections to Page 3, lines 26-28, inclusive**<br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br>**Lack of Foundation** (Fed. R. Evid. § 602)<br>**Hearsay** (Fed. R. Evid. § 802)<br>The statement lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the community's involvement and |

- 4 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| | disagreement over the MSA, and is based on hearsay.<br><br>**Court's Ruling on Objection No. 6**<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 7. **Page 4, lines 1-7, inclusive:**<br><br>The District's residents desire and require nearby emergency, urgent and acute care services. To provide these services, I am informed and believe that the District must actively participate in developing and maintain a panel of primary care and specialty physicians within the District and maintain and upgrade its medical, obstetrics/gynecology, imaging, laboratory equipment, physical plants, and rural health clinics. | 7. **Objections to Page 4, line 1-7, inclusive:**<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>The statement asserts a legal conclusion regarding the needs of the District.<br><br>**Court's Ruling on Objection No. 7**<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 8. **Page 4, lines 7-14, inclusive:**<br><br>Under California law, hospitals are required to treat any person who presents at the emergency room without regards to the patient's ability to pay for services. The District accepts all patients regardless of their ability to pay. The District absorbs the costs of medical care for uninsured patients who account for a very large percentage of its volume.<br><br>A patient is classified as a charity patient by reference to certain established policies of the political district. Essentially, these policies define charity services as those services for which no payment is anticipated. | 8. **Objections to Page 4, lines 7-14, inclusive:**<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>The statement asserts a legal conclusion regarding obligations of hospitals under California law.<br><br>**Court's Ruling on Objection No. 8**<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 9. **Page 4, line 16 – Page 7, line 7, inclusive:**<br><br>The District has been contending with significant disruptions in its governance over several years. Based on my information and belief, a chronology that explains this political unrest and which lead to management turnover is as follows:<br>• 1994 – Parmood [sic] Kumar is | 9. **Objections to Page 4, line 16 – Page 7, line 7, inclusive:**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. |

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| • appointed to the board of directors of Tulare Local Healthcare District, dba Tulare Regional Medical Center ("TRMC").<br>• November 2005 – Tulare voters pass a bond measure to build a tower expansion at TRMC.<br>• 2005-2010 – TRMC tower planning expands and the cost of the project exceeds original projections while hospital revenue declines.<br>• May 2010 – TRMC tower construction finally breaks ground and Shawn Bolouki, CEO at the time, tries to speed up the construction project.<br>• January 2014 – TRMC board of directors, Parmod Kumar and Sherrie Bell, vote to hire Healthcare Conglomerate Associates ("HCCA") to run the hospital and Bolouki leaves as CEO. HCCA promises to finish tower expansion and get hospital on stable financial ground. In May 2014 the TRMC board signs a 15-year management agreement with HCCA.<br>• November 2015 – Due to low revenue vendor invoices continue to rack up including Cardinal Health, a large drug supplier, to whom the hospital incurred a debt of about $830,000 from Nov. 2015 to May 2016. TRMC later took out a loan to repay the company.<br>• Between 2014 and 2016 various vendors, suppliers and contractors file lawsuits claiming unpaid bills and services.<br>• March 2016 – HCCA extends a $200,000 line of credit from TRMC to the Southern Inyo Healthcare District which HCCA also manages. The line of credit was extended without TRMC board approval. In July 2016 this line of credit was extended to a $500,000 limit.<br>• 2016 – The State of California issues citations to HCCA and TRMC in patient deaths and surgical errors.<br>• September 1, 2016 – TRMC board approves taking out a $800,000 line of credit with no specific purpose at the time. Any use of these funds were to require further board approval. It was later revealed these funds were to be used to repay Cardinal Health.<br>• August 2016 – Voters vote down bond | Evid. § 701)<br>**Hearsay** (Fed. R. Evid. § 802)<br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the stated "facts" and is based on hearsay. The statement also asserts a multitude of legal conclusions, including, but not limited to, conclusions regarding the withdrawal of Board consent to obtain funding, HCCA's authority under the MSA and pursuant to Board resolutions, reasons for the bond rating downgrade, the obligations of HCCA and the District, etc.<br><br>**Court's Ruling on Objection No. 9**<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

- 6 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

- measure to secure financing to complete tower construction project and the hospital is forced to make significant layoffs.
- October 2016 – Dr. Benny Benzeevi of HCCA presents to the board that the hospital had reached 30 months of consecutive profits and states that the hospital has the ability to complete the tower expansion project but only two months later, in December 2016, the hospital's operating expenses become past due.
- November 2016 – Kevin Northcraft and Mike Jamaica are elected to TRMC board of directors.
- March 2017 – TRMC board votes to allow HCCA to seek and obtain a $79 million loan to complete the tower expansion.
- March 2017 – July 2017 certain vendors and suppliers continue to file suits for unpaid invoices.
- May 18, 2017 – HCCA donates $10,000 to a group working to prevent the recall of HCCA supporter and board member Dr. Parmod Kumar. Dr. Parmod Kumar was recalled by voters in July 2017. Senovia Gutierrez is voted in to replace Kumar on the board of directors.
- June 2017 – Board of directors vote to allow HCCA to again seek and obtain a $22 million loan to refinance certain debt and fund operations.
- June 2017 – Employee paychecks begin to bounce and some physicians claim to have gone without pay for months.
- July 27, 2017 – The majority of the Board vote to rescind any authority given to HCCA to seek any loans on behalf of TRMC. HCCA claims this vote is invalid and asserts Gutierrez is not recognized as a board member, despite her election.
- September 27, 2017 – Senovia Gutierrez is officially seated and recognized by TRMC board of directors.
- September 2017 – TRMC board issues and disputes with HCCA cause credit rating to downgrade.
- September 8, 2017 – HCCA issues a letter to TRMC claiming TRMC owes

- 7 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| it $8 million including expenses and charges incurred in connection with "leased" employees. HCCA also claims TRMC is $526,066.86 past due in management fees.<br>• September 28, 2017 – HCCA is unable to make payroll and considers shutting down all operations due to mounting significant financial issues and lack of available funds.<br>• September 29, 2017 – TRMC board of directors unanimously vote to seek Chapter 9 bankruptcy protection.<br>• September 30, 2017 – Petition for relief under Chapter 9 is filed.<br>• October 5 and 9, 2017: HCCA informs TRMC it will lay off or suspend its employees working at the hospital as it is unable to pay them.<br>• October 9, 2017: TRMC authorizes counsel to file the necessary paperwork with the bankruptcy court to reject the HCCA contract. | |
| **10. Page 7, lines 25-28, inclusive:**<br><br>The decision to file Chapter 9 came only after the District attempted alternatives that would have avoided such a filing as the District was told by HCCA it was nearly out of cash and unable to meet payroll or purchase vital medical supplies. | **10. Objections to Page 7, lines 25-28, inclusive:**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>The statement lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding attempted alternatives to avoid the filing of a Chapter 9 petition.<br><br>**Court's Ruling on Objection No. 10**<br><br>Sustained: _____<br><br>Overruled: _____ |
| **11. Page 8, lines 1-17, inclusive:**<br><br>I am informed and believe that in about [sic] May 2014 these various controversies reached a fevered pitch when the Kumar dominated board entered into a entered into a [sic] very unfavorable contract ("Contract") with Healthcare Conglomerate Associates, LLC ("HCCA"). A copy of these four integrated agreements are attached as | **11. Objections to Page 8, lines 1-17, inclusive:**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. |

- 8 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | | |
|---|---|---|
| | Exhibits A1, A2, A3 and A4. By these contracts the Kumar dominated board sold out the District and gave all control over the District's operations and finances to HCCA. As a small example, members of the board were not even allowed to enter on the District's property without the consent of HCCA. The board was denied meaningful financial information. The contract requires the District to pay HCCA a management fee of about $8 million per year. All of the District's money was turned over to HCCA. [I believe the District has an account but is swept every night by HCCA through the sweeping function, but we do not know where these accounts are and HCCA will not tell us.] After HCCA took control of the District's operations and finances, it insisted on pressing forward in a plan to obtain new borrowing to complete the hospital tower. | Evid. § 701) **Hearsay** (Fed. R. Evid. § 802) The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the "Kumar dominated board['s]" decision to enter into the MSA and is based on hearsay. The statement also asserts a legal conclusion regarding the decision as well as the terms of the MSA. **Court's Ruling on Objection No. 11** Sustained: \_\_\_\_\_ Overruled: \_\_\_\_\_ |
| | **12. Paragraph 7, page 8, line 25 – page 9, line 3, inclusive:** Upon her election Gutierrez (and the rest of the board) was told by HCCA and then District Counsel who reported <u>only to HCCA</u> and not to the board) that she had not been "properly seated" and during this time HCCA sought to borrow money against the District's assets based on a consent previously given by the Kumar board, but knowing that if Gutierrez were to be seated the consent would be withdrawn and demands for accountability would be given to HCCA. | **12. Objections to Paragraph 7, page 8, line 25 – page 9, line 3, inclusive** **Lack of Personal Knowledge** (Fed. R. Evid. § 602) **Conclusory** (Fed. R. Evid. § 602) **Lack of Foundation** (Fed. R. Evid. § 602) **Inadmissible Legal Conclusion** (Fed. R. Evid. § 701) **Hearsay** (Fed. R. Evid. § 802) The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding who District Counsel reported to, and HCCA's actions and intent, and is based on hearsay. The statement also asserts a legal conclusion regarding impediments to the District in providing quality healthcare. **Court's Ruling on Objection No. 12** Sustained: \_\_\_\_\_ Overruled: \_\_\_\_\_ |
| | **13. Paragraph 8, page 9, lines 4-15,** | **13. Objections to Paragraph 8, page 9,** |

- 9 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| inclusive: | lines 4-15, inclusive |
| HCCA and its hand-picked counsel (paid from District funds but reporting <u>only to HCCA</u>) continued to thwart and deny Gutierrez her seat on the board until September 15, 2017 when the District Attorney of Tulare County filed a Petition for Alternative Writ of Mandate which thereafter forced HCCA to cease opposing election her [sic] and she was officially seated on September 27, 2017, after an unconscionable delay of sixty days. I am informed and believe that the delay in seating Ms. Gutierrez as a board member was because HCCA had the ulterior motive of attempting to find financing to pay themselves for services claimed to have been rendered. I understand that HCCA paid itself and its lawyers a substantial amount of money instead of using that money to keep the hospital operational. | **Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding HCCA's alleged actions and ulterior motives, and is based on hearsay. The statement also asserts legal conclusions regarding the actions and motives of HCCA.<br><br>**Court's Ruling on Objection No. 13**<br>Sustained: _____<br>Overruled: _____ |
| **14. Paragraph 9, page 9, lines 16-28, inclusive:**<br><br>Upon having a now functioning board of directors, the District turned its attention, again, to the one sided agreement that the Kumar board had entered into with HCCA on May 29, 2014. It should be noted that even before Director Gutierrez was seated on September 27, 2017, Director Jamaica and I had been insisting upon receiving current, meaningful financial information from HCCA. Among the things that we requested were: 1. Tell us where our District's money is deposited? 2. Where are the District's money swept to and who has signatory power? 3. Who do we owe, how much and what is the aging of these accounts payable? 4. What do we owe HCCA and what makes up those charges? 5. What is owed to the District on account of on account of our [sic] accounts receivable and what is the status of collections? 6. What is our cash position and what are our short –term needs? | **14. Objections to Paragraph 9, page 9, lines 16-28, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the execution of the MSA, and is based on hearsay. The statement also asserts a legal conclusion regarding the status of the Board.<br><br>**Court's Ruling on Objection No. 14**<br>Sustained: _____<br>Overruled: _____ |

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| **15. Paragraph 10, page 10, lines 1-3, inclusive:**<br><br>Amazingly, to this day HCCA has refused to supply any of this vitally needed information to the elected representatives of the District. This has thwarted us in the administration and governance of the District and imperiled it [sic] financial survival. | **15. Objections to Paragraph 10, page 10, lines 1-3, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding documents provided by HCCA, and is based on hearsay. The statement also asserts a legal conclusion regarding impediments to the governance of the District.<br><br>**Court's Ruling on Objection No. 15**<br><br>Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |
| **16. Paragraph 11, page 10, lines 8-10, inclusive:**<br><br>In fact, it appears as if the Board has been deceived about the financial condition of the hospital as prior to the Board Meeting on September 27, 2017, HCCA was reporting the hospital's profits were increasing. | **16. Objections to Paragraph 11, page 10, lines 8-10, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the financial condition of the hospital, and is based on hearsay. The statement also asserts a legal conclusion regarding HCCA's reporting of the hospital's financial situation.<br><br>**Court's Ruling on Objection No. 16**<br><br>Sustained: \_\_\_\_\_ |

- 11 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| | Overruled: _____ |
| **17. Paragraph 12, page 10, lines 16-22, inclusive:**<br><br>In recent days, we have also learned through third parties that the District may owe its utility company $139,000 and is being threatened with a power shut off. I am also informed and believe that the District owes an important billing service no less than $2,000,000. It owes its preferred provider of supplies and equipment about $400,000. Physicians and medical groups have not been paid. The list goes on and on, but we do not know because HCCA will not tell us what we owe. | **17. Objections to Paragraph 12, page 10, lines 16-22, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding funds owed to utility companies, vendors and other services, and is based on hearsay as evidenced in the statement itself ("we have also learned through third parties"). The statement also asserts a legal conclusion regarding funds owing to vendors and other third parties.<br><br>**Court's Ruling on Objection No. 17**<br>Sustained: _____<br>Overruled: _____ |
| **18. Paragraph 14, page 11, lines 2-7, inclusive:**<br><br>It is my professional opinion, and based on long professional experience, that the Contract between HCCA and the District is very unconscionable, unfavorable, void as to public policy, burdensome, over expensive and improperly interferes with the legally required governance of the District. | **18. Objections to Paragraph 14, page 11, lines 2-7, inclusive**<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any knowledge regarding hospital management contracts. The statement also asserts a legal conclusion regarding the MSA.<br><br>**Court's Ruling on Objection No. 18**<br>Sustained: _____<br>Overruled: _____ |
| **19. Paragraph 15, page 11, lines 9-14,** | **19. Objections to Paragraph 15, page 11,** |

- 12 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| **inclusive:**<br><br>On September 28, 2017 the board was informed that only a few of the of the [sic] essential HCCA employees who operate the hospital were paid for their services, leaving a great number of nurses and other healthcare personnel unpaid. The lifeblood of a hospital are the dedicated healthcare professionals who give care and comfort to the patients. Nonpayment of employees threatened the survival of the hospital. | **lines 9-14, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding payment of hospital employees, and is based on hearsay, as evidenced in the statement itself ("the board was informed"). The statement also asserts a legal conclusion regarding the "lifeblood of a hospital" and "[n]onpayment of employees.<br><br>**Court's Ruling on Objection No. 19**<br>Sustained: _____<br>Overruled: _____ |
| **20. Paragraph 16, page 11, lines 15-23, inclusive:**<br><br>I am informed and believe that on September 29, 2017 HCCA's CFO assembled groups of employees and told them that if the District did not accept the loan HCCA had negotiated and described to the board, the hospital would be shut down. This CFO was <u>personally present</u> at the meeting held the night before and he knew Dr. Benzeevi had NOT made such a disclosure to the board. He lied and told the employees that HCCA had presented the loan details and that the board had refused to consider it when, in actuality, the board did not receive any information about the so-called loan. | **20. Objections to Paragraph 16, page 11, lines 15-23, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding statements made by HCCA's CFO, and is based on hearsay, as evidenced in the statement itself ("I am informed and believe"). The statement also asserts a legal conclusion regarding the factual basis of statements made by HCCA employees. |

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | |
|---|---|
| | **Court's Ruling on Objection No. 20**<br>Sustained: _____<br>Overruled: _____ |
| **21. Paragraph 18, page 11, line 28 – page 12, line 1, inclusive:**<br><br>Finally, on October 6, at 6:12 PM, the District was informed that unless agreement was reached by 8 AM on October 7, 2017, HCCA would proceed to terminate or suspend its employees. | **21. Objections to Paragraph 18, page 11, line 28 – page 12, line 1, inclusive**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is argumentative, lacks any foundation that establishes Mr. Northcraft has any current personal knowledge regarding the possibility of the termination or suspension of employees, and is based on hearsay. The statement also asserts a legal conclusion regarding alleged intended actions of HCCA.<br><br>**Court's Ruling on Objection No. 21**<br>Sustained: _____<br>Overruled: _____ |

**B. DECLARATION OF RICHARD GIANELLO**

| Evidence Objected To | Objections |
|---|---|
| **1. Paragraph 8, page 3, lines 10-12 inclusive:**<br><br>I am informed and believe that the Debtor has agreements with third party payors that provide for payments to TRMC at amounts different from its established rates. A summary of payment arrangements with major third party payors follows: | **1. Objections to Paragraph 8, page 3, lines 10-12, inclusive:**<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement lacks any foundation that establishes Mr. Gianello has any current |

- 14 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | | |
|---|---|---|
| 1 | | personal knowledge regarding the Debtor's agreements with third party payors, and is based on hearsay, as is evidenced in the statement itself ("I am informed and believe"). The statement also asserts a legal conclusion. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | **Court's Ruling on Objection No. 1** |
| 6 | | Sustained: _____ |
| | | Overruled: _____ |
| 7 | | |
| 8 | **2. Paragraph 8a, page 3, lines 13-19 inclusive:** | **2. Objections to Paragraph 8a, page 3, lines 13-19, inclusive:** |
| 9 | MediCare: Payments for inpatient acute care services rendered to MediCare program beneficiaries are based on prospectively determined rates, which vary according to the patient diagnostic classification systems. Outpatient services are generally paid under an outpatient classification system subject to certain limitations. The Debtor is subject to cost reimbursable services in rural healthcare services. As I understand it, filed cost reports are subject to final settlements determined after submission of the annual cost reports and audits thereof by the MediCare fiscal intermediary. | **Irrelevant** (Fed. R. Evid. § 401, 402, and 403) |
| 10 | | **Lack of Personal Knowledge** (Fed. R. Evid. § 602) |
| 11 | | **Conclusory** (Fed. R. Evid. § 602) |
| 12 | | **Lack of Foundation** (Fed. R. Evid. § 602) |
| 13 | | **Inadmissible Legal Conclusion** (Fed. R. Evid. § 701) |
| 14 | | **Hearsay** (Fed. R. Evid. § 802) |
| 15 | | The statement is not relevant to the Debtor's Motion. The statement also lacks any foundation that establishes Mr. Gianello has any current personal knowledge regarding MediCare and the Debtor's participation in third party payor agreements with MediCare and is based on hearsay. The statement also asserts a legal conclusion. |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | **Court's Ruling on Objection No. 2** |
| 22 | | Sustained: _____ |
| | | Overruled: _____ |
| 23 | | |
| 24 | **3. Paragraph 8b, page 3, lines 20-23 inclusive:** | **3. Objections to Paragraph 8b, page 3, lines 20-23, inclusive:** |
| 25 | Medi-Cal: Payments for inpatient acute care services rendered to MediCal program beneficiaries are based on prospectively determined rates, which vary according to the patient diagnostic classification systems. Outpatient services are generally paid through an | **Irrelevant** (Fed. R. Evid. § 401, 402, and 403) |
| 26 | | **Lack of Personal Knowledge** (Fed. R. Evid. § 602) |
| 27 | | **Conclusory** (Fed. R. Evid. § 602) |
| 28 | | **Lack of Foundation** (Fed. R. Evid. § |

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| | | |
|---|---|---|
| | outpatient published fee schedule. | 602) |
| | | **Inadmissible Legal Conclusion** (Fed. R. Evid. § 701) |
| | | **Hearsay** (Fed. R. Evid. § 802) |
| | | The statement is not relevant to the Debtor's Motion. The statement also lacks any foundation that establishes Mr. Gianello has any current personal knowledge regarding MediCal and the Debtor's participation in third party payor agreements with MediCal, and is based on hearsay. The statement also asserts a legal conclusion. |
| | | **Court's Ruling on Objection No. 3** |
| | | Sustained: _____ |
| | | Overruled: _____ |
| | **4. Paragraph 8c, page 3, lines 24-27 inclusive:**<br><br>Other: Payments for services rendered to other than MediCare and Medi-Cal patients are based on established rates or on agreements with certain commercial insurance companies, health maintenance organizations and preferred provider organizations which provide for various discounts from established rates. | **4. Objections to Paragraph 8c, page 3, lines 24-27, inclusive:**<br><br>**Irrelevant** (Fed. R. Evid. § 401, 402, and 403)<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is not relevant to the Debtor's Motion. The statement also lacks any foundation that establishes Mr. Gianello has any current personal knowledge regarding third party payor agreements, and the Debtor's participation in such third party payor agreements, and is based on hearsay. The statement also asserts a legal conclusion.<br><br>**Court's Ruling on Objection No. 4**<br><br>Sustained: _____<br><br>Overruled: _____ |
| | **5. Paragraph 8d, page 4, lines 1-6** | **5. Objections to Paragraph 8d, page 4,** |

- 16 -

HCCA'S OBJECTIONS TO DECLARATION OF KEVIN B. NORTHCRAFT & RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT

| inclusive: | lines 1-6, inclusive: |
|---|---|
| Medi-Cal and Medicare programs, which represents, as I understand it, a considerable amount of gross patient revenues, are highly regulated and controlled, are subject to frequent changes in reimbursement levels based upon actions of the California Department of Health Care Services, the U.S. Department of Health and Human Services (CMS) and Congress. In addition, many private insurers base their payment schedules on a percentage of Medicare rates. Payment reductions by Medi-Cal and Medicare negatively affect the Debtor's revenues. | **Irrelevant** (Fed. R. Evid. § 401, 402, and 403)<br><br>**Lack of Personal Knowledge** (Fed. R. Evid. § 602)<br><br>**Conclusory** (Fed. R. Evid. § 602)<br><br>**Lack of Foundation** (Fed. R. Evid. § 602)<br><br>**Inadmissible Legal Conclusion** (Fed. R. Evid. § 701)<br><br>**Hearsay** (Fed. R. Evid. § 802)<br><br>The statement is not relevant to the Debtor's Motion. The statement also lacks any foundation that establishes Mr. Gianello has any current personal knowledge regarding the Medi-Cal and Medicare programs, and is based on hearsay. The statement also asserts a legal conclusion, including but not limited to, any negative effects on Debtor's revenues.<br><br>**Court's Ruling on Objection No. 5**<br>Sustained: _____<br>Overruled: _____ |

Date: October 17, 2017

ORRICK, HERRINGTON & SUTCLIFFE LLP

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL LLP

BY:   */s/ Marc A. Levinson*
MARC A. LEVINSON, ESQ.
Attorneys for Healthcare Conglomerate Associates, LLC