## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

**Case Title:** Tulare Local Healthcare District

**Case No.:** 17-13797 - B - 9

**Docket Control No.** RDC-1

**Date:** 11/01/2017
**Time:** 9:30 AM

**Matter:** [71] - Motion for Relief from Automatic Stay [RDC-1] Filed by Creditor Jiame Calderon and three minor children of Jiame Calderon and Ana Calderon (Fee Paid $181) (eFilingID: 6148083) (svim)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Electronic Record
**Department:** B

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
Debtor's Attorney - Danielle J. Bethel; (by phone) Creditor's Attorney - Gerald N. Sims

### CIVIL MINUTES

Motion Denied without prejudice

The Objecting Party shall submit a proposed order after hearing.

The motion was filed and served pursuant to LBR 9014-1(f)(2.

The party seeking relief from the automatic stay must establish a prima facie case that cause exists. *In re Gould*, 401 B.R. 415, 426 (9th Cir. 2009).Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is not warranted. *Id.* The Ninth Circuit has adopted the "Curtis" factors in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum. *In re Kronemeyer*, 405 B.R. 915, 921 (9 th Cir. 2009).

The movant has not established a prima facie case for cause for relief from the automatic stay. Movant's motion cites to procedural issues rather than establishing facts that would establish a prima facie case for cause. While this court cannot liquidate or estimate

contingent personal injury tort claims without both parties' consent 28 U.S.C. § 157(B)(2)(b), (C)(2), that is one factor and not all the factors the court should consider when evaluation a motion for stay relief to pursue litigation.

Filed 11/01/17 Case 17-13797 Doc 168