5

Diane C. Stanfield (State Bar No. 106366)
Leib M. Lerner (State Bar No. 227323)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
diane.stanfield@alston.com
leib.lerner@alston.com

Attorneys for Creditor and Moving Party
Navigant Cymetrix Corporation

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT,<br><br>Debtor. | Case No.: 17-13797<br><br>DC No.: AB-1<br><br>Chapter 9<br><br>Date: November 1, 2017<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13<br>Judge: Honorable René Lastreto II |

**ORDER APPROVING STIPULATION RE: MOTION OF NAVIGANT CYMETRIX CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, REQUIRING DEBTOR TO ASSUME OR REJECT EXECUTORY CONTRACT; REQUEST FOR ADEQUATE PROTECTION PAYMENTS AND PAYMENT OF ADMINISTRATIVE CLAIM**

Having read and considered the Stipulation Re: Motion of Navigant Cymetrix Corporation for Relief from the Automatic Stay Or, Alternatively, Requiring Debtor to Assume or Reject Executory Contract; Request for Adequate Protection Payments and Payment of Administrative Claim (DN 159),

RECEIVED
October 31, 2017
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006158983

a copy of which is attached, by and between Navigant Cymetrix Corporation ("Cymetrix") and Debtor Tulare Local Healthcare District ("Tulare"), and good cause appearing therefor,

**IT IS HEREBY ORDERED**:

(1) The automatic stay shall be lifted as to Cymetrix, effective retroactively, as of the petition date of September 30, 2017.

(2) The Master Services Agreement by and between Cymetrix and Tulare dated November 26, 2014 along with the applicable Statement of Work #1, as amended from time to time, and as further described in the Motion (collectively, the "Agreement"), shall be deemed to have been terminated effective October 5, 2017.

(3) The 14-day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall be and is hereby waived.

(4) Cymetrix shall be entitled to an administrative claim for the reasonable value of its post-petition services to the estate.

(5) Nothing herein shall be deemed to be a waiver of Cymetrix' pre-petition claims based on or arising from Agreement.

Submitted by:

/s/ Diane C. Stanfield
Diane C. Stanfield, Attorneys for
Creditor Navigant Cymetrix Corporation


/s/ Riley C. Walter
Riley C. Walter, Attorneys for Debtor
Tulare Local Healthcare District

Dated: Nov 01, 2017

By the Court

*René Lastreto II*
René Lastreto II, Judge
United States Bankruptcy Court

2

```
 1  3
 2  Diane C. Stanfield (State Bar No. 106366)
    Leib M. Lerner (State Bar No. 227323)
 3  ALSTON & BIRD LLP
    333 South Hope Street, Sixteenth Floor
 4  Los Angeles, CA  90071
    Telephone: (213) 576-1000
 5  Facsimile: (213) 576-1100
    diane.stanfield@alston.com
 6  leib.lerner@alston.com

 7  Attorneys for Creditor and Moving Party
    Navigant Cymetrix Corporation
 8
```

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

In re

TULARE LOCAL HEALTHCARE DISTRICT,

Debtor.

Case No.: 17-13797

DC No.: AB-1

**Chapter 9**

Date: November 1, 2017
Time: 9:30 a.m.
Place: 2500 Tulare Street
       Fresno, CA 93721
       Courtroom 13
Judge: Honorable René Lastreto II

### STIPULATION RE:

### MOTION OF NAVIGANT CYMETRIX CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, REQUIRING DEBTOR TO ASSUME OR REJECT EXECUTORY CONTRACT; REQUEST FOR ADEQUATE PROTECTION PAYMENTS AND PAYMENT OF ADMINISTRATIVE CLAIM

This Stipulation is made by and among Creditor and Moving Party Navigant Cymetrix Corporation ("Cymetrix") and Debtor Tulare Local Healthcare District ("Tulare"), by and through their respective counsel of record, with respect to the Motion of Navigant Cymetrix Corporation for

1

Relief from the Automatic Stay Or, Alternatively, Requiring Debtor to Assume or Reject Executory Contract; Request for Adequate Protection Payments and Payment of Administrative Claim ("Motion") and is made with reference to the following facts:

1. WHEREAS Cymetrix and Tulare are parties to that certain Master Services Agreement dated November 26, 2014 along with the applicable Statement of Work #1, as amended from time to time, and as further described in the Motion (collectively, the "Agreement"), pursuant to which Cymetrix has provided Tulare with a variety of services as described in the Agreement (the "Services");

2. WHEREAS, Cymetrix employs more than fifty full-time equivalent employees to perform the Services;

3. WHEREAS by letter dated August 7, 2017 (the "Default Letter") (sent by electronic mail on August 21, 2017), Cymetrix gave notice of the Hospital's default under the Agreement based on its failure to pay invoices as detailed in the Default Letter totaling $1,738,537.35 as of that time (the "Default");

4. WHEREAS the Default Letter provided Tulare with the contractual 45 days to cure the Default, which notice period expired on October 5, 2017;

5. WHEREAS the Default was not cured on or before October 5, 2017, or at all;

6. WHEREAS Cymetrix continued to perform the Services both pre-petition and post-petition for which it has received no compensation;

7. WHEREAS Tulare is unable to make any form of adequate protection payments at this time;

8. WHEREAS Tulare has submitted a filing for a request for voluntary suspension of its license with the California Department of Public Health, has suspended admission of new patients and is in the process of transferring existing patients to other facilities pending reinstatement of its license;

9. WHEREAS, Tulare wishes to minimize the administrative expense claim for Services being performed by Cymetrix;

10. WHEREAS, Cymetrix and Tulare have worked cooperatively with respect to the above, and wish to resolve the Motion consensually:

IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel, subject to the Court's approval, as follows:

(1) The automatic stay shall be lifted as to Cymetrix, effective retroactively, as of the petition date of September 30, 2017.

(2) The Agreement, including Statement of Work #1 as amended, shall be deemed to have been terminated effective October 5, 2017.

(3) The 14-day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

(4) Cymetrix shall be entitled to an administrative claim for the reasonable value of its post-petition Services.

(5) Nothing herein shall be deemed to be a waiver of Cymetrix' claims based on pre-petition Services and/or the Default.

IT IS SO STIPULATED.

DATED: 10-30-17

Respectfully submitted,

DIANE C. STANFIELD
LEIB M. LERNER
**ALSTON & BIRD LLP**

/s/ Diane C. Stanfield
_____
Diane C. Stanfield

Attorneys for Creditor Navigant Cymetrix Corporation

DATED: 10/30/17

RILEY C. WALTER
MATTHEW P. BUNTING
DANIELLE J. BETHEL
**WALTER WILHELM LAW GROUP**

Riley C. Walter
_____
Riley C. Walter

Attorneys for Debtor Tulare Local Healthcare District