**3**

MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
       clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
**Klein, DeNatale, Goldner,**
  **Cooper, Rosenlieb & Kimball LLP**
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile:  (559) 432-1847
E-mail: hbedoyan@kleinlaw.com
        lholder@kleinlaw.com

Attorneys for Healthcare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br>             Debtor. | Case No.: 17-13797-9-B<br><br>DC No. WW-1<br><br>Chapter 9<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S LIMITED OPPOSITION TO APPLICATION FOR ORDER IMPLEMENTING EFFECTIVE DATE ON ORDER GRANTING MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT**<br><br>Date:  November 16, 2017<br>Time:  9:30 a.m.<br>Place:  Dept. B, Courtroom 13, 5th Fl.<br>           Fresno, CA<br>Judge:  Hon. René Lastreto II |

1　　HealthCare Conglomerate Associates, LLC ("HCCA") submits this limited opposition to
2　the Application For Ex Parte Order Implementing Effective Date On Order Granting Debtor's
3　Motion For Authorization To Reject Executory Contract ("Application" filed by "Debtor").

4　　The November 1, 2017 order that is the subject of the Application (Dkt. No. 174)
5　provided that the effective date for the rejection of the Management Services Agreement and
6　related agreements was the earlier of November 27, 2017 and when the California Department of
7　Health Services ("CDPH") approved the Debtor's administrative plan in HCCA's absence.
8　HCCA assumed that the Debtor had no administrative plan to operate the hospital, and so argued
9　in its pleadings in response to the rejection motion and at oral argument, noting that the District's
10　blind rush to judgment would have a deleterious negative impact on the delivery of healthcare
11　services to the community, and that the results might be irreversible.  Accordingly, it planned on
12　November 27 as the effective date.

13　　HCCA's assumption proved to be correct because, as described in the Application and in
14　the supporting declaration of Jean Chaing of CDPH, the Debtor voluntarily suspended its license
15　and suspended operations at the hospital three days after the Court's October 25 oral ruling on the
16　rejection motion.  Thus, the earlier of the two alternative effective dates, namely CDPH approval
17　of an administrative plan, will not occur.

18　　The Application, filed on an ex parte/shortened notice basis like each of the Debtor's
19　motions/applications in this case, seeks to expedite the November 27 effective date, and HCCA
20　does not object to the Court doing so.  But it requests that rather than moving up the effective date
21　to November 16 or 17, the Court afford HCCA until 5:00 p.m. on Wednesday, November 22, in
22　order to vacate the hospital and to enable it to move its equipment, including computer hardware,
23　and its records, including the personnel records of the approximately 525 employees who remain
24　HCCA employees (Paragraph 14 of the Declaration of Yorai (Benny) Benzeevi, etc., Dkt. No.
25　88), albeit on suspended service.  The extra weekend and two business days will still mean that
26　the effective date has been expedited by five days.

27　　Respectfully submitted.

Dated: November 13, 2017

ORRICK, HERRINGTON & SUTCLIFFE LLP
and KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL LLP

By: _____/s/ *Marc A. Levinson*_____
MARC A. LEVINSON
Attorneys for Healthcare Conglomerate
Associates, LLC

OHSUSA:767688587.1