WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:  (559) 435-9800
Facsimile:  (559) 435-9868
E-mail:  rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300
E-mail:  mandy.jeffcoach@mccormickbarstow.com

District Counsel

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #:  94-6002897<br>Address:  869 N. Cherry Street<br>            Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.:  WW-1<br><br>Chapter 9<br><br>Date:   November 16, 2017<br>Time:   9:30 a.m.<br>Place:  2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13<br>Judge:  Honorable René Lastreto II |

**REPLY TO LIMITED OPPOSITION TO APPLICATION FOR ORDER IMPLEMENTING EFFECTIVE DATE ON ORDER GRANTING MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Tulare Local Healthcare District, dba Tulare Regional Medical Center ("District")

---

Reply to Limited Opposition to Application for Order Implementing Effective Date on Order Granting Motion, etc.

-1-

M:\S-U\TRMC\PLEADINGS\WW-1 Motion to Reject Executory Contract [HCCA]\Reply.111517.gaa.docx

comes before the Court in reply to the Limited Opposition submitted by Healthcare Conglomerate Associates, LLC ("HCCA") as follows:

1. On October 25, 2017 this Court entered its Order granting the District's request to reject an executory contract between the District and HCCA holding in its own words that the effective date ("Effective Date") would be the earlier of November 27 or when the California Department of Health Services approved "the Debtor's administrative plan in HCCA's absence."

2. The District understood that the thrust of the Order and the inclusion of the requirement of approval by the California Department of Health Services was to make sure that patient safety was of the highest priority.

3. On October 25, 2017 HCCA once again threatened to shut the hospital down. In response, and in consultation with the California Department of Public Health, on October 25, 2017 the District agreed to a voluntary suspension of its license.

4. Even before the license was suspended, on or before October 28, 2017 HCCA transferred the few remaining patients to other facilities, at which time there was no further continuing concern about patient safety.

5. On November 9, 2017 the District filed the within captioned Application believing that the condition relating to patient safety had been resolved and this was supported by a declaration of Jean Chiang of the California Department of Public Health.

6. Instead of accepting that the patient safety condition had been satisfied, HCCA objected to the Application and the Court deemed the Application to be a request for an order shortening time and thereafter set this matter for hearing on November 16, 2017 at 9:30 a.m.

7. In its Reply, HCCA pleads with the Court to further delay the Effective Date to further deny the District, a public entity, access to its own public property consisting of money, property, and other assets. The subject assets belong to the District, not HCCA.

Reply to Limited Opposition to Application for Order
Implementing Effective Date on Order Granting Motion, etc.
-2-
M:\S-U\TRMC\PLEADINGS\WW-1 Motion to Reject
Executory Contract [HCCA]\Reply.111517.gaa.docx

8. The District opposes the further extension of the Effective Date.

9. More specifically, the District requests that the Court immediately order the following:

    A. That the District be immediately authorized to give notice to all banks or depositories holding or receiving any District funds to cease and no longer honor any instructions from HCCA as to the use, disbursement or transfer of any such funds, including sweeps into HCCA accounts;

    B. That the District's agents and representatives immediately have full and unfettered access to all District assets, properties, facilities, information, documents and etc. to the fullest extent for any purposes consistent with its status as a public entity;

    C. That HCCA be ordered to immediately turn over to the District all bank statements, deposit records and check registers for bank accounts from 7/1/2017 to current, keys, badges, codes, PIN Numbers, passwords, combinations and similar access identifiers as to all assets of the District including accounts, electronic devices, computers, computer systems, software, Medicare and Medi-Cal access codes and the like to enable the district to immediately retake and conduct the business of the District and the hospital without further delay or impediment; and

    D. That the Court order that HCCA provide all policy and procedures associated with administrative, clinical, financial, human resource, governance, medical staff and other relevant services under the provision of patient related care.

    E. That the Court order that HCCA may not remove any asset, property, equipment, hardware, electronic records, or anything else it claims to own (except personnel records of employees who are HCCA employees) unless it gives the District an itemized listing of the item(s) in question at least 24 hours in advance of any such removal to enable the District to satisfy itself that the item(s) in question are property of HCCA. In the event there is a dispute as to any such removal it can be presented to this Court for resolution of the issue on 24 hours' notice to the other side.

10. To the extent that HCCA chooses to cooperate in the orderly transition of all assets and property of the District to the District the District will agree to pay the reasonable and necessary costs of such HCCA personnel who cooperate in the transition for so long as needed but not later than 5:00 p.m. on Wednesday, November 22, 2017.

11. This Reply is supported by the Declarations of Larry Blitz and Riley Walter evidencing efforts to have HCCA supply information on the collection and uses of the District's money and property.

12. It must be noted that there has been no contention that the money, property and assets belonging to the District are property of the debtor. Nor has there been any dispute that Sections 901, 902 and 362 operate as a stay as to all entities, including HCCA, of any action that is prohibited by Section 362(a), including any act to exercise *any control over property of the debtor* pursuant to Section 362(a)(3).

WHEREFORE, Tulare Local Healthcare District, dba Tulare Regional Medical Center, prays that the Court hear, consider and grant the relief requested herein and in the Application and it seeks such other and further relief as is just and proper in the premises.

Dated: November 15, 2017

WALTER WILHELM LAW GROUP
A Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for Debtor
Tulare Local Healthcare District, dba
Tulare Regional Medical Center

Reply to Limited Opposition to Application for Order Implementing Effective Date on Order Granting Motion, etc.

-4-

M:\S-U\TRMC\PLEADINGS\WW-1 Motion to Reject Executory Contract [HCCA]\Reply.111517.gaa.docx