WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300
E-mail: mandy.jeffcoach@mccormickbarstow.com

District Counsel

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>             Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: ASM-1<br><br>Chapter 9<br><br>Date: November 30, 2017<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13<br>Judge: Honorable René Lastreto II |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
(THOMAS J. GRIESBACH, AMY S. FERREIRA, AND MATTHEW J. GRIESBACH)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

TULARE REGIONAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER ("TRMC") respectfully comes before the Court in opposition to the Motion filed by Thomas J. Griesbach, Amy S. Ferreira, and Matthew J. Griesbach requesting relief from the automatic stay ("Motion") as follows:

## I.

## BACKGROUND

1. TRMC filed a voluntary Chapter 9 case on September 30, 2017 (the "Petition Date").

2. TRMC was named as a defendant in the following lawsuit: *Thomas J. Griesbach, et al. v. Tulare Regional Medical Center, et al.*, Tulare County Superior Court Case No. VCU2700010 (the "Lawsuit"). The Lawsuit was pending as of the Petition Date.

3. By the Lawsuit, Thomas J. Griesbach, Amy S. Ferreira, and Matthew J. Griesbach (collectively, "Creditor") seek damages from TRMC for the tort of negligence resulting in wrongful death.

4. Creditor now seeks an order from this Court for relief from the automatic stay so that it can pursue the Lawsuit against TRMC.

## II.

## THE STAY APPLIES TO THE LAWSUIT

11 U.S.C. § 362 provides for an automatic stay upon the filing of a bankruptcy petition under any chapter of the Bankruptcy Code. Further, Section 362 provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that

///

///

are attempts to enforce or collect prepetition claims. 3 *Collier on Bankruptcy* ¶ 362.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Creditor's Lawsuit is an attempt to determine the underlying liability of TRMC as to a wrongful death tort claim which arose prior to the filing of the bankruptcy case. The automatic stay applies to the Lawsuit.

## III.

## STANDARDS FOR RELIEF FROM STAY

11 U.S.C. § 362(d) provides for circumstances under which this Court may terminate, annul, modify, or condition the automatic stay. 11 U.S.C. § 362(d)(1) and (2) provide:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization."

## IV.

## THE BURDEN TO SHOW CAUSE IS ON CREDITOR

Creditor has the burden to show that cause exists. To obtain relief from the automatic stay, the movant must first establish a prima facie case that "cause" exists for the relief under Section 362(d)(1). *See In re Gould*, 401 B.R. 415, 426 (9th Cir. 2009). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *Id.*

///
///
///

## V.

## CREDITOR FAILS TO STATE GROUNDS FOR CAUSE

Creditor's Motion fails to state grounds for "cause" for the Court to order relief from the automatic stay. The Bankruptcy Code does not define what constitutes "cause." Rather, "cause is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). Although Creditor's Motion correctly cites 11 U.S.C. § 362(d) and states that "cause exists," Creditor offers no facts or law in support thereof.

## VI.

## THE DEBTOR WILL BE PREJUDICE IF THE RELIEF IS GRANTED

In *In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982), the Seventh Circuit stated that when evaluating whether cause exists to allow state court litigation to liquidate claims against the debtor it should first consider whether allowing the litigation to proceed will result in "no great prejudice" to the debtor and the estate.

Here, the relief requested is premature and will prejudice the Debtor if granted. As the Court is well aware, TRMC is currently involved in a struggle for control of its own finances with its management company, Healthcare Conglomerate Associates, LLC ("HCCA"). TRMC's struggles with HCCA have been the subject of numerous pleadings filed with this Court and will not be restated here. Further, as of the Petition Date, TRMC had been named in approximately 18 civil lawsuits. If this and other similar lawsuits are allowed to proceed, TRMC will have to contend not just with HCCA at the outset of its Chapter 9 case, but with defending these numerous civil matters.

Moreover, TRMC is a participating member of a risk management joint powers authority ("JPA"). This means that TRMC self-insures its liability claims and losses by pooling risks among similar healthcare facilities. The JPA that TRMC is a member of is called BETA Risk Management Authority ("BETA"). The JPA is subject to a $100,000 deductible which makes the first $100,000 of any award or settlement TRMC's responsibility.

BETA has indicated that HCCA has not tendered TRMC's monthly contract payments for September or October and that if payment is not made soon it will seek termination of TRMC's membership and contribution on any claims such as Creditor's, leaving no available indemnity.

Until the contract with BETA is brought current and assumed there is no certainty that there will be any source of payment other than TRMC's assets. Consequently, although TRMC recognizes that courts have held that cause exists to lift the stay where the debtor-defendant will not be prejudiced because plaintiffs seek only to recover as to insurance proceeds[1], this is not the case here for the reasons mentioned above.

## VII.
## CONCLUSION

WHEREFORE, because Creditor has not established a prima facie case that cause exists for relief to be granted, because TRMC will be prejudiced should relief be granted, and because should Creditor obtain a judgment there is no certainty of any source of payment other than TRMC's assets, the Motion should be denied without prejudice.

Dated: November 16, 2017     WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _/s/ Danielle Bethel_
Danielle J. Bethel
Attorneys for the Debtor
Tulare Local Healthcare District, dba
Tulare Regional Medical Center

---

[1] *In re Fernstrom Storage and Van Co.*, 938 F.d2 731 (7th Cir. 1991). See also *In re Borbridge*, 81 B.R. 332 (E.D. Pa. 1988) (noting that "[t]he easiest ground for determining that 'cause exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as an insurance or indemnity agreement.")