WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300
E-mail: mandy.jeffcoach@mccormickbarstow.com

District Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>        Debtor.<br><br>Tax ID #:   94-6002897<br>Address:   869 N. Cherry St.<br>                Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9<br><br>DC No.: WW-8<br><br>Date: November 30, 2017<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>         Fresno, CA 93721<br>         Courtroom 13<br>Judge: Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER LIMITING NOTICE PURSUANT TO 11 U.S.C. §§ 102, 105(a) AND 901 AND BANKRUPTCY RULES 2002(m) AND 9007**

///

///

---

Tulare Local Healthcare District, dba Tulare Regional Medical Center ("TRMC"), the debtor in the above-captioned case, submits this memorandum of points and authorities in support of its motion for entry of an order establishing notice procedures for this Chapter 9 case ("Motion"), and represents as follows:

## I. GENERAL BACKGROUND

The background history to this Chapter 9 case is well known to the Court given the papers filed in connection with the Debtor's Motion to Reject Executory Contract (Healthcare Conglomerate Associates, LLC) (ECF No. 32) and the Statement of Qualifications and Memorandum of Facts and Law in support thereof filed on October 26, 2017 (ECF No. 145).

Due to its financial problems and the governance disputes and to head off a threatened shut down of the hospital by Healthcare Conglomerate Associates, LLC, on September 30, 2017, TRMC filed its Chapter 9 Petition in the United States Bankruptcy Court for the Eastern District of California, Fresno Division.

## II. RELIEF REQUESTED

TRMC is requesting the Court to implement a streamlined procedure for providing certain notices as authorized by the Bankruptcy Rules and the Bankruptcy Code by limiting the parties required to receive certain notices as well as the method by which notice must be provided. Such a streamlined approach to notice is prudent because requiring mailed notices for every hearing and proposed action in this case to the approximately 750 persons listed on TRMC's list of creditors and interested parties would be impractical and would impose substantial administrative and economic burdens. Further, as discussed more fully below, the Court is authorized to implement such procedures pursuant to 11 U.S.C. §§ 102(1), 105(a), 901 and Bankruptcy Rules 2002 and 9007.

Accordingly, as permitted by Bankruptcy Rules 2002(i) and 2002(m), TRMC hereby proposes that the Court enter an order establishing certain notice procedures which will (1) limit the number of parties upon whom notice must be served on all

matters other than those described in BR 2002(a)(5), (7), (b), and (f), as applicable; and (2) designate the manner of service as authorized by the Bankruptcy Code and the Bankruptcy Rules including matters subject to Bankruptcy Rules 2002, 4001, 6006, or 7004.

### III. SPECIAL NOTICE PARTIES

By this Motion, TRMC proposes that the court order that notice of all matters[1] need be served only on the following parties ("Special Notice Parties"):

a. TRMC's Chapter 9 counsel, as follows:

Walter Wilhelm Law Group
Riley C. Walter
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Email: rileywalter@w2lg.com

b. TRMC's District Counsel, as follows:

McCormick Barstow, LLP
Mandy L. Jeffcoach
7647 N. Fresno Street
Fresno, CA 93720
E-mail: Mandy.Jeffcoach@mccormickbarstow.com

c. The Office of the United States Trustee, as follows:

U.S. Department of Justice, Office of the U.S. Trustee
Gregory S. Powell, Assistant U.S. Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721
Email: greg.powell@usdoj.gov

d. Wilmington Trust as Successor Indenture Trustee and Successor Paying Agent, as follows:

Mintz Levin, et al
Ian A. Hammel
One Financial Center
Boston, MA 02111
E-mail: iahammel@mintz.com

---

[1] Excluding those matters described in Bankruptcy Rule 2002(a)(5) and (7), (b) and (f), as noted above.

Mintz Levin, et al
William Kannel
One Financial Center
Boston, MA 02111
E-mail: bkannel@mintz.com

Mintz Levin, et al
Abigail O'Brient
Century Plaza Towers  2029 Century Park East
Los Angeles, CA  90067
E-mail: AVObrient@mintz.com

    e.   California Department of Public Health, as follows:

California Attorney General's Office
Craig D. Rust, Deputy Attorney
1300 "I" Street Ste. 125
Sacramento, CA  95814-2951
Email: craig.rust@doj.ca.gov

    f.   Those creditors and parties in interest who properly file and serve on TRMC's Chapter 9 counsel a request for special notice or appearance;

    g.   Counsel for any committee appointed under Section 1102, or in the event that such a committee has not been or is not appointed, each creditor included on the list of twenty largest unsecured creditors, as amended; and

    h.   Parties against whom direct relief is sought by motion, application or otherwise.

## IV.  MANNER OF SERVICE

TRMC requests that such service be made to the Special Notice Parties by facsimile, email, or the CM/ECF System, when possible, or by U.S. Mail or overnight delivery if otherwise, unless a different manner of service is specifically requested by pleading filed with the Court and served on the Special Notice Parties at least fourteen days prior to the time such service is required to be made.

Other than notice through CM/ECF as discussed more fully below, and unless otherwise required by Bankruptcy Rule 7004(h) or order of the Court, all mailed notices in this case shall be provided by first class mail.

The filing of a pleading in this case on behalf of a Special Notice Party through the CM/ECF system, other than a proof of claim, shall constitute consent to receive all future notices through the CMF/ECF system. Such party may also request to receive notice by first class or electronic mail by filing and serving on TRMC's Chapter 9 counsel a request for alternative notice and/or a change of address form.

To the extent that the foregoing does not apply, any party filing a motion, complaint, response, objection, notice, application, request, or other paper in this bankruptcy case shall be deemed to have consented to receive effective notice at the address appearing on such paper, and any notice sent to said address shall be deemed effective.

### V. MATTERS NOT SUBJECT TO LIMITATIONS ON NOTICE

Unless otherwise ordered by the Court, the notice limitations proposed by this Motion shall not apply to matters or proceedings referred to in Bankruptcy Rules 2002(a)(5) and (7), (b) and (f), as applicable. Such matters or proceedings shall be noticed in accordance with the Bankruptcy Rules. Additionally, TRMC already has filed its "Application for an Order (1) Directing and Approving Form of Notice; and (2) Setting Deadline for Filing Objections to Petition" setting forth proposed procedures for providing the notice required pursuant to Section 923 of the Bankruptcy Code.

### VI. ARGUMENT

**1. The Court is Authorized to Grant the Relief Requested.**

By this Motion TRMC is requesting an order limiting the number of parties who must receive notice of certain matters and directing the method and manner of notice to such parties. Such an order is authorized by the Bankruptcy Code. Bankruptcy Code § 102(1) permits the estate to take certain actions other than in the ordinary course of business "after notice and a hearing." Such action may occur "after such notice as is

///
///
///
///

appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances .... " 11 U.S.C. § 102(1)(A). Additionally, Section 105(a) provides that the Court may issue any order that is necessary or appropriate in order to carry out the provisions of the Code. 11 U.S.C. § 105(a). The relief requested herein is not inconsistent with the provisions of the Code.

The relief requested is also authorized by the Bankruptcy Rules. Bankruptcy Rules 2002(m) and 9007 grant the Court general authority to regulate notice. Rule 2002(m) states that the Court may "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent…." Rule 9007 states that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." TRMC submits that the notice procedures outlined herein comport with Bankruptcy Rule 2002(i), which requires that notice of all matters must be provided to official committees.[2]

### 2. The Proposed Notice Procedures are Reasonable.

TRMC anticipates that numerous creditors and parties in interest will file notices requesting service in this case. In fact, this has already proven to be true. Additionally, TRMC anticipates that it and other parties may file frequent and potentially voluminous pleadings during the course of the case. Given that TRMC has in excess of seven hundred and fifty creditors, the administrative costs involved in facilitating the service of paper copies on all parties for all matters will impose tremendous administrative and economic burdens on TRMC and other moving parties but will not comparatively enhance the notice provided. Moreover, having to comply with such strict noticing requirements will prevent TRMC from focusing its limited resources on its foremost objective which is to adjust its obligations so that it can provide quality healthcare to its constituents. Last, because it is possible for any creditor to be included on the Special Notice List by filing a request with the Court, implementation of the requested noticing procedures will not diminish creditor participation.

---

[2] TRMC notes that pursuant to Bankruptcy Code § 1102(a)(1), made applicable in Chapter 9 cases by § 901(a), the United States Trustee may not appoint an official committee until after the entry of an order for relief.

## VII. CONCLUSION

WHEREFORE, TRMC respectfully requests that the Court enter an order and prescribe the relief more fully set forth above and for such other relief as the Court deems just and proper.

Dated: November 16, 2017

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Danielle J. Bethel
Danielle J. Bethel, Attorneys for Debtor
Tulare Local Healthcare District, dba
Tulare Regional Medical Center