```
  4                                    (SPACE BELOW FOR FILING STAMP ONLY)
RICHARD C. WATTERS, ESQ. - 060162
   AIDA S. MACEDO, ESQ. - 294632
         LAW OFFICES OF
       MILES, SEARS & EANNI
     A PROFESSIONAL CORPORATION
         2844 FRESNO STREET
           P.O. BOX 1432
       FRESNO, CALIFORNIA 93716
        TELEPHONE (559) 486-5200
     Attorneys for Plaintiffs
```

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

\*\*\*

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>     Debtor.<br><br>Tax ID#: 94-6002897<br>Address: 869 N. Cherry Street<br>         Tulare, CA 93274 | NO. 17-13797<br><br>Chapter 9<br>DCN: ASM-1<br><br>**REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY BY THOMAS J. GRIESBACH; AMY S. FERRERA; AND MATTHEW J. GRIESBACH**<br><br>Date: November 30, 2017<br>Time: 9:30 a.m.<br>Place: 2500 Tulare St.<br>       5th Flr.<br>       Fresno, CA 93721<br>Ctrm: 13<br>Dept: B<br>Judge: Rene Lastreto II |

Debtor Tulare Local Healthcare District dba Tulare Regional Medical Center ("TRMC") opposes Creditors Thomas J. Griesbach; Amy S. Ferrera; and Matthew J. Griesbach's Motion for Relief from Automatic Stay under 11. U.S.C. §362 on the grounds that TRMC is involved in a "struggle for control of its own finances with its

*Reply to Opposition to Motion from Relief from Stay.wpd*

management company" and its membership in a Joint Powers Authority insurance policy subjects TRMC to a $100,000 deductible for any award or settlement (Opposition at 4).

In re Kronemyer, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009) the court held:

> What constitutes "cause" for granting relief from the automatic stay is decided on a case-by-case basis. Christensen v. Tucson Estates, Inc. . . Among factors appropriate to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court, see MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir.1985), as well as prejudice to the parties and whether exclusively bankruptcy issues are involved, see Ozai v. Tabuena (In re Ozai), 34 B.R. 764, 766 (9th Cir.BAP1983). (Internal citations omitted).

Matter of McGraw, 18 B.R. 140, 141-42 (Bankr. W.D. Wis. 1982) held:

> Both the U. S. Congress and federal bankruptcy courts have recognized that relief from the 11 U.S.C. s 362 stay is permissible in some limited circumstances. Courts have allowed tailoring of the 11 U.S.C. s 362 stay to permit the continuance of a civil suit with a debtor where two conditions were met. (Citations). These conditions are that:
> (a) No "great prejudice" to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and
> (b) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

In re Borbidge, 81 B.R. 332, 335 (Bankr. E.D. Pa. 1988) the court held:

> The easiest ground for determining that "cause" exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, **such as under an insurance** or indemnity agreement. (Citations). However, this is not the only ground by which an unsecured creditor has obtained relief from the automatic stay. In some instances, relief has been granted because the

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

Reply to Opposition to Motion from Relief from Stay.wpd

matter in dispute would be resolved more economically, conveniently, and quickly in a nonbankruptcy forum. (Internal citations omitted; emphasis added.)

Here, movant creditor and plaintiffs in the underlying personal injury cause of action have agreed to only seek insurance policy proceeds. TRMC has failed to meet its burden of proof that the stay from relief is unwarranted as it has not submitted any policy declarations or proof that the $100,000 deductible is required nor that such policy was in place at the time of Mrs. Griesbach's death. A Certificate of Participation in the BETA Risk Management Authority insurance policy was produced in the underlying personal injury case (attached hereto as **Exhibit "A"** to Macedo Declaration) which was effective from July 1, 2016 to July 1, 2017 shows no deductible requirement under Item 6. Creditor-plaintiffs' counsel has requested policy declarations from debtor's counsel but has not received any proof of a $100,000 deductible to date. (Macedo Declaration.)

In its opposition TRMC contends that "BETA has indicated that HCCA has not tendered TRMC's monthly contract payments for September or October . . and it will seek termination of TRMC's membership and contribution on any claims such as Creditors. (Opposition at 5). Creditor-plaintiffs' injury occurred on September 16-17 of 2016 well within the time of the BETA policy effective dates of July 1, 2016 to July 1, 2017. Plaintiffs in the underlying case filed their claim on February 23, 2017 and our Complaint on June 14, 2017. TRMC filed an Answer after a demurrer on August 11, 2017. Therefore, the insurance policy was in place at the time of Mrs. Griesbach's death.

/////

*Reply to Opposition to Motion from Relief from Stay.wpd*

Further, TRMC concedes that courts have held that cause exists to lift the stay where the debtor-defendant will not be prejudiced because plaintiffs seek only to recover insurance proceeds. Here, plaintiffs seek to only recover insurance proceeds and without evidence that the $100,000 payment is required to be paid by TRMC, there is no prejudice to TRMC. Furthermore TRMC has been defended in the underlying action by WEISS SALINAS LAW GROUP, INC. attorneys located in Fresno. Presumably their attorney's fees are paid by the BETA Insurance.

Lastly, creditor-plaintiffs hardship from being prevented to litigate their personal injury case considerably outweighs the hardship caused to the debtor if granted relief from the automatic stay. Because of the complexity of the Bankruptcy proceedings and dispute with its management company creditor-plaintiffs could be waiting years before the resolution of their civil case. The civil case will not prejudice TRMC as creditor has agreed to only seek policy insurance funds. As such, the court should grant creditor-plaintiffs relief from the automatic stay for cause.

DATED: November 21, 2017

MILES, SEARS & EANNI

By: /s/ Aida Macedo
AIDA S. MACEDO
Attorneys for Plaintiffs

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

- 4 -

Reply to Opposition to Motion from Relief from Stay.wpd