UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

---

**Case Title:** Tulare Local Healthcare District

**Case No.:** 17-13797 - B - 9

**Docket Control No.** ASM-1

**Date:** 11/30/2017

**Time:** 9:30 AM

**Matter:** [60] - Motion for Relief from Automatic Stay [ASM-1] Filed by Creditors Matthew J. Griesbach, Amy S. Ferreira, Thomas J. Griesbach (Fee Paid $181) (eFilingID: 6147467) (svim)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Electronic Record
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
Creditor's Attorney - Aida S. Macedo
**Respondent(s):**
Creditor's Attorney - James A. Bulger

---

**CIVIL MINUTES**

Motion Granted

The Moving Party shall submit a proposed order after hearing. Mr. Riley shall sign off on the order.

The motion for relief from the automatic stay was fully noticed under Local Rule 9014-2(f)(1). The debtor filed an opposition and movant filed a response to that opposition.

In making its decision to grant or deny a motion for relief from the automatic stay, a bankruptcy court must consider the "Curtis Factors." In re Kronemeyer, 405 B.R. 915, 921 (9th Cir. 2009). The relevant factors include: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (7) whether the litigation in another forum would prejudice the interests of other

creditors, the creditors' committee and other interested parties; and (10) the interests of judicial economy and the expeditious and economical determination of litigation for the parties"

Relief from the stay may result in complete resolution of the issues and the matter in the state courts is unrelated to this bankruptcy. Additionally, the movants have stated that they will only be looking to insurance proceeds and NOT property of the debtor, so the interests of other creditors will not be prejudiced. Additionally, the state court action is a personal injury tort action, and not a matter the bankruptcy court can hear. The debtor also did not meet their burden of proof. Debtor has not submitted any evidence that the $100,000 deductible under the insurance policy is yet to be paid on this claim. Further, the debtor presented no evidence the claim at issue will not be "covered" if the debtor is found liable. The debtor has not met its burden of proof under 11 U.S.C. § 362(g).

This motion was granted only for the limited purpose of continuing with the state court action to liquidate the claim and to seek relief against the insurance policy, only.