WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:　(559) 435-9800
Facsimile:　(559) 435-9868
E-mail:　rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone:　(559) 433-1300
Facsimile:　(559) 433-2300
E-mail:　mandy.jeffcoach@mccormickbarstow.com

District Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-9<br><br>Chapter 9<br><br>Date:　January 11, 2018<br>Time:　9:30 a.m.<br>Place:　2500 Tulare Street<br>　　　　Fresno, CA 93721<br>　　　　Courtroom 13<br>Judge:　Honorable René Lastreto II |

**MOTION FOR AUTHORIZATION TO REJECT EXECUTORY CONTRACT
(MEDFLOW, PC)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY

JUDGE:

---

Tulare Local Healthcare District, dba Tulare Regional Medical Center, a California Health Care District, the Debtor ("Debtor" or "District"), hereby moves this Court pursuant to 11 U.S.C. §§ 105, 365 and 901, and Bankruptcy Rules 6006 and 9014, for an Order Rejecting Executory Contract as described below. In support of its Motion, the Debtor represents as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding to 28 U.S.C. §157(b)(2). The statutory predicates for the relief sought in this Motion are §§ 105, 365, 901 and title 11 of the United States Code (the "Bankruptcy Code"), as complemented by Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. This case was filed as a Chapter 9 case on September 30, 2017 ("Petition Date").

3. The Debtor is a California healthcare district located in Western Tulare County.

4. The Debtor is in the business of owning a hospital and other healthcare facilities.

5. On July 1, 2013, the Debtor entered into an Emergency Services Agreement ("Contract") with Medflow, LLC (which subsequently converted to a corporation, Medflow PC, on May 23, 2013)("Medflow") which is owned by Dr. Yorai Benzeevi, M.D. ("Benzeevi"). The Contract was subsequently amended by the Amendment to Emergency Services Agreement ("First Amendment") effectively dated October 31, 2013, and again by the Second Amendment to Emergency Services Agreement ("Second Amendment") effectively dated February 3, 2015. True and correct copies of the Contract, the First Amendment, and the Second Amendment, are attached to the Declaration of Sanford Haskins (Chief Administrative Officer) as Exhibits A-C which is filed concurrently herewith.

6. The purpose of the Contract was that Medflow would provide services of physicians and other healthcare professionals who specialize in urgent care and emergency medicine services in exchange for payment. However, with the Second Amendment, the purpose of the contract changed. Medflow no longer provided physicians or healthcare professionals to provide medical services and instead only provided a Medical Director. Benzeevi is the Medical Director and has been paid $20,000 a month for his services through Medflow in addition to other compensation received by HCCA.

7. The Debtor has analyzed the Contract and determined in its sound business judgment, and as declared by Sanford Haskins, Chief Administrative Officer, that the Contract should be rejected. The contract is unfavorable because the contract allows for administrative duties that will be handled internally by the District for a lesser cost than $20,000 per month. This will aid Debtor's efforts to successfully reorganize by reducing costs to the Debtor.

WHEREFORE, the Debtor respectfully requests entry of an Order (a) authorizing the Debtor to reject the Contract; (b) fixing a date sixty (60) days out by which any claim resulting from the rejection of the contract shall be filed; and (c) granting Debtor such other and further relief as this Court may deem just and proper.

Dated: December 11, 2017     WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for Debtor,
Tulare Local Healthcare District, dba
Tulare Regional Medical Center