Warren R. Paboojian, No. 128462
wrp@bplaw-inc.com
Adam B. Stirrup, No. 257683
abs@bplaw-inc.com
BARADAT & PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, California 93711
Telephone: (559) 431-5366
Facsimile: (559) 431-1702

Attorneys for Movant and Plaintiff
CANDICE ANDERSON

# UNITED STATE BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br>_____<br>CANDICE ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PARUL GUPTA, M.D.; KIN PANG, M.D.; PARMOD KUMAR, M.D.; TULARE REGIONAL MEDICAL CENTER; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants.<br>_____ | Case No. 17-13797<br>DC No.: ABS-1<br>Chapter 9<br><br>Tulare County Superior Court Case No. 267737<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 (WITH SUPPORTING DECLARATION)**<br><br>**Hearing**<br>Date:　　February 15, 2018<br>Time:　　9:30 a.m.<br>Location:　Department B |

　　　　CANDICE ANDERSON, (hereinafter "Movant") seeks relief from the automatic stay to TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, the Debtor, and moves this Court as follows:

## JURISDICTION

　　　　1.　　Jurisdiction exists under 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1408. The District Court for the Eastern District of California has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. §157(a) and United States District Court, Eastern District of

1  California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G). This is a contested matter under F.R.B.P. Rule 9014. This motion is made pursuant to 11 U.S.C. §362(d)(1) & (2) and LBR 4001-1 and 9014-1(f)(2).

## MOTION

2. Debtor filed a voluntary petition under Chapter 9 of Title 11, U.S.C. case number 17-13797, in the Eastern District of California on September 30, 2017.

3. Movant is a plaintiff in a medical malpractice civil action <u>CANDICE ANDERSON v. PARUL GUPTA, M.D.; KIN PANG, M.D.; PARMOD KUMAR, M.D.; TULARE REGIONAL MEDICAL CENTER; and DOES 1 to 100, inclusive</u>, Case No. 267737 in the Superior Court of California, County of Tulare filed on December 1, 2016. (Stirrup Decl. ¶3, Ex. "A.")

4. The <u>Anderson</u> matter arises from an injury caused by surgical packing left inside Movant's vagina following a hysterectomy performed at Defendant TULARE REGIONAL MEDICAL CENTER on September 16, 2015. Thereafter she was seen in the emergency room at Defendant TULARE REGIONAL MEDICAL CENTER for persistent pelvic pain when the surgical packing was found. As a result of this matter, Defendant TULARE REGIONAL MEDICAL CENTER established stringent protocols to prevent any future occasions of leaving surgical packing inside patients following surgeries.

5. Defendant TULARE REGIONAL MEDICAL CENTER was a hospital licensed to do business in the County of Tulare, State of California, and employed physicians, nurses, assistants, attendants and other persons to care for and treat Movant who received treatment at said facility.

6. For the damages alleged in the <u>Anderson</u> matter, Defendant TULARE REGIONAL MEDICAL CENTER is insured by a BETA Risk Management Authority insurance policy. (Stirrup Decl. ¶4, Ex. "B.")

## LAW

7. It is respectfully submitted that good cause as contemplated under 11 U.S.C. §362(d)(1) exists and allows this Court to enter and Order Granting Relief from Automatic Stay. 11 U.S.C. §362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay,... for cause, including the lack of adequate protection of an interest

<mark>Filed 01/15/18       Case 17-13797       Doc 332</mark>

in property of such party in interest." To not grant relief from automatic stay will irreparably harm Movant.

8. A judge may determine cause on a case-by-case basis, and may grant relief from stay on any basis, including but not limited to statutory causes. (*In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990); *In re Santa Clara County Fair Ass'n*, 180 B.R. 564 (B.A.P. 9th Cir. (Cal.) 1995).) In determining whether "cause" exists for relief from the automatic stay, most courts take into account whether the debtor's defense and potential liability are covered by insurance. (*In re Sonnax Industries, Inc.*, (2nd Circ. 1990) 907 F2d . 1280, 1286.)

9. The United States Supreme Court and other federal courts previously ordered removal of automatic stays where the debtors' insurers cover the movants' claims, finding the movants' access to the insurance proceeds will not burden the debtors' effective reorganization of assets. (See, *Foust v. Munson S.S. Lines*, 299 U.S. 77, 87 (1936); *Matter of Holtkamp*, 669 F.2d 505, 508-509 (7th Cir. 1982); *Matter of Nkongho*, 59 Bankr. 85, 86 (N.J. 1986); *In re Celectro-Knit Fabrics, Inc.*, 24 Banker. 326, 328 (S.D.N.Y. 1982).) Accordingly, an automatic stay should not preclude claimants from maintaining a lawsuit against a bankrupt insured as long as the insurer pays the claimants' eventual recovery. (See, *Foust, supra*, 299 U.S. at 87; *Matter of Holtkamp, supra*, 669 F.2d at 508-509; *Matter of Nkongho, supra*, 59 Bankr. at 86; *In re Celectro-Knit Fabrics, supra*, 24 Bankr. at 328.)

10. Further good cause exists in that Movant seeks recovery only from applicable insurance and any defense has been tendered to the insurance carrier such that the Debtor need not personally defend the Action from its own proceeds or proceeds from its bankruptcy state. Accordingly, there is no monetary component that the Debtor will have to face.

11. Additionally, under 11 U.S.C. §362(d)(2), these claims no way affect any property right of the Debtor, and will not in any way impair any property that is necessary for the Debtor's debt adjustment, if any.

12. This Court should grant Movant's relief from the automatic stay because Movant's pursuit of the Debtor's insurance proceeds will not interfere with the Debtor's Chapter 9 bankruptcy proceedings. Movant agrees not to proceed against either the Debtor or its estate in excess of the Debtor's insurance coverage.

<mark>BARADAT & PABOOJIAN
720 West Alluvial Avenue
Fresno, CA 93711</mark>

MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 (WITH SUPPORTING DECLARATION)     -3-     FILE NO. 2044

WHEREFORE, Movant respectfully pray as follows:

A. For an order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Debtor allowing Movant to continue with the Action as set forth above;

B. For an order that the 14-day stay described in Federal Rules of Bankruptcy Procedure Rule 4001(a)(3) be waived; and

C. For such other and/or further relief as the Court deems just and proper.

Dated: January 12, 2018

BARADAT & PABOOJIAN, INC.

By: _____
Warren R. Paboojian
Adam B. Stirrup
Attorneys for Movant and Plaintiff
CANDICE ANDERSON