Warren R. Paboojian, No. 128462
wrp@bplaw-inc.com
Adam B. Stirrup, No. 257683
abs@bplaw-inc.com
BARADAT & PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, California 93711
Telephone: (559) 431-5366
Facsimile: (559) 431-1702

Attorneys for Movant and Plaintiff
CANDICE ANDERSON

UNITED STATE BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>  Debtor.<br>_____<br>CANDICE ANDERSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>PARUL GUPTA, M.D.; KIN PANG, M.D.; PARMOD KUMAR, M.D.; TULARE REGIONAL MEDICAL CENTER; and DOES 1 to 100, inclusive,<br><br>  Defendants.<br>_____ | Case No. 17-13797<br>DC No.: ABS-1<br>Chapter 9<br><br>Tulare County Superior Court Case No. 267737<br><br>**DECLARATION OF ADAM B. STIRRUP IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br><u>Hearing</u><br>**Date:**     **February 15, 2018**<br>**Time:**     **9:30 a.m.**<br>**Location:**  **Department B** |

I, Adam B. Stirrup, declare:

1. I am an attorney licensed to practice before all courts in the State of California. I am a partner in the law firm of Baradat & Paboojian, Inc., and I am the attorney of record for Movant and Plaintiff, CANDICE ANDERSON (hereinafter referred to as "Movant"). I have personal knowledge of the following facts in this matter, except as to those matters which are stated on information and belief and as to those matters I believe them to be true.

2. I have personal knowledge of the matters stated herein, and if called upon to testify, I could competently testify thereto.

3. Attached hereto as **Exhibit "A"** is a true and correct copy of Movant's Complaint for Medical Malpractice filed on December 1, 2016, in the Superior Court of California, County of Tulare Case No. 267737.

4. Attached hereto as **Exhibit "B"** is a true and correct copy of Defendant TULARE REGIONAL MEDICAL CENTER's "Certificate of Participation" in the BETA Risk Management Authority insurance policy (Certificate No. HCL-16-361) in effect from July 1, 2016 to July 1, 2017. This is a claims-made policy. The "Certificate of Participation" was produced to my office by Counsel for Defendant TULARE REGIONAL MEDICAL CENTER in the underlying medical malpractice action.

5. The Action does not seek to enforce any judgment obtained against the Debtor personally or the bankruptcy estate itself. Rather, Movant seeks only to recover against available policies of insurance and should be able to prove the allegations set forth in the Action. In the event there is no insurance coverage available, then the Action will be dismissed as to Defendant TULARE REGIONAL MEDICAL CENTER.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except as to those matters which are stated on information and belief, and as to those matters I believe them to be true. Executed on January 12, 2018, at Fresno, California.

_____
ADAM B. STIRRUP

**Exhibit A**

Filed 01/15/18   Case 17-13797   Doc 334

```
GREGORY BLEVINS SBN 199104
ISMEAL RODRIGUEZ SBN 232383
PETER ZERBIB SBN 233078
ATTORNEYS AT LAW
220 NORTH J STREET
TULARE CA 93274
(559) 688-6000 FAX (559) 688-6006
```

Attorney for Plaintiff

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION
DEC 01 2016
LARAYNE CLEEK, CLERK
BY: LISA SLANEY

IN THE SUPERIOR COURT OF CALIFORNIA
FOR THE COUNTY OF TULARE

Assigned to Judicial Officer David C. Mathias
For All Purposes

| | |
|---|---|
| CANDICE ANDERSON,<br>Plaintiff,<br><br>vs.<br><br>PARUL GUPTA,<br>KIN PANG,<br>PARMOD KUMAR,<br>TULARE REGIONAL MEDICAL CENTER,<br>DOES 1 – 100, INCLUSIVE<br>Defendants. | Case No. 267737<br><br>COMPLAINT FOR DAMAGES<br><br>(MEDICAL MALPRACTICE; BATTERY)<br><br>CASE MANAGEMENT CONFERENCE<br>Hearing Date: 4-4-17<br>Time: 8:30 AM<br>Department: 2 |

Plaintiff Candice Anderson alleges as follows:

1. The true names and capacities, whether individual, corporate, associated, or otherwise of defendants sued herein as DOES 1 – 100 are unknown to Plaintiff at the time of filling of this Complaint, who therefore sues said defendants by such fictitious names.

2. Plaintiff will ask leave of Court to amend this Complaint to show such true names and capacities of such defendants when the names of such defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner and liable herein by reason of negligence or tortious or other actionable conduct and by such conduct, proximately caused the injuries and damages to plaintiff as hereinafter further alleged.

1
COMPLAINT FOR DAMAGES

3. Plaintiff is informed and believes and thereon alleges that defendants Gupta, Pang, Kumar, Tulare Regional Medical Center, and DOES 1 – 100, and each of them were and now are physicians and surgeons licensed by the State of California to practice medicine and surgery in said State and, further, that each of them hold themselves our as possessing that degree of skill, expertise, learning, and ability ordinarily possessed and exercised by other practitioners engaged in health services and in providing services to persons, including Plaintiff herein, under such license.

4. Plaintiff is informed and believes, and thereon alleges, that at all times Tulare Regional Medical Center, and DOES 1 – 100 inclusive, and each of them, were or are now corporations, partnerships, or other business entities, authorized and licensed to conduct and conducting a medical business or businesses in the State of California, to which ill or injured members of the public were invited, including the Plaintiff herein. The exact form of business organization under which said defendants, and each of them, were an are organized and going business is unknown to Plaintiff at the time of the filing of this complaint and Plaintiff will ask leave of Court to amend this complaint when the same shall have been ascertained.

5. At all times mentioned herein, defendants, DOES 1 – 100, inclusive, and each of them, were nurses, nurse practitioners, physician's assistants, technicians, attendants, employees, assistants, or consultants employed or retained by defendants Gupta, Pang, Kumar, Tulare Regional Medical Center and DOES 1 – 100, inclusive, and each of them.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants, and each of them, were the agents, servants, employees, and partners of their co-defendants, and each of them, and, as such, were acting within the course and scope of such agency and employment. Each and every defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant, as its agent, servant, employee, and partner.

7. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the City of Tulare, County of Tulare, State of California, and/or have their principal place of business in said County and State, and/or are legally doing business in said County and State.

8. Each defendant, whether named or designated as a DOE, was the agent, servant, and/or employee of each of the remaining defendants. Each defendant acted within the court and scope of said agency, employment, and service with the permission, consent, and ratification of each of his/her co-defendants in performing the acts hereinafter alleged, with specificity, that gave rise to plaintiff's injuries.

9. On or about September 2015 and prior and subsequent thereto, Plaintiff consulted the defendants, and each of them for medical examination diagnosis, care, and treatment concerning her medical condition. Thereafter, Plaintiff remained under the care and treatment of the defendants, and each of them.

10. Defendants, and each of them, treated Plaintiff in such a manner that defendants, and each of them, harmfully and offensively touched Plaintiff without her consent which caused injury and damages to Plaintiff.

11. From and after said date, defendants, and each of them, so negligently examined and treated Plaintiff, and diagnosed and failed to diagnose her condition and so negligently treated her and cared for her, and operated their premises and equipment, and said corporate or other business entity defendants so negligently selected and reviewed its medical staff, all in a manner which was below standard of care accepted in the community, so as to proximately cause the injuries and damages to the plaintiff as hereinafter alleged.

12. As a result of the conduct of defendants, and each of them, the Plaintiff was rendered sick, sore, lame, disabled, and disordered, both internally and externally. In addition, Plaintiff received among others so far as they are known, the following injuries: soreness and pain to the vagina, severe shock and injury to the pelvic area, pain and suffering, all causing intense anxiety emotional distress, insecurity fear, and emotional distress secondary to the aforementioned injuries and damages, and other internal injuries, the exact nature and extent of which are not known to plaintiff, all to her damage in an amount to be set forth in accordance with Code of Civil Procedure section 425.11.

13. Defendants, and each of them, failed to advise and inform Plaintiff of a material risk of the treatment/procedure. Such failure to advise and inform was below the standard of care, and denied Plaintiff the opportunity to make an informed decision regarding whether to go forward with the

treatment/procedure. Had Plaintiff been informed of the material risks of the treatment/procedure, she would not have consented to and a reasonably prudent person would not have consented to, the treatment/procedure, and the injury to the Plaintiff would not have occurred.

14. In holding themselves out as possessing that degree of skill, knowledge, and ability mornally exercised by competent physicians, surgeons, and health care practitioners in the community, defendants owed Plaintiff a legal duty to use care in their respective medical responsibilities and treatment of the Plaintiff as their patient.

15. In performing the aforesaid medical treatment upon Plaintiff, which defendants agreed to and undertook to do for compensation, defendants, and each of them, failed to exercise that degree of skill, ability, and learning normally possessed and exercised by competent physicians, surgeons, hospitals, clinics, and health care facilities in the said community, ,thus breaching such legal duty to provide competent care to the Plaintff.

16. As a direct and proximate result of the defendant's breach of duty and failure to adhere to the standard of practice in the community with respect to medical treatment rendered to Plaintiff, the resulting damages and other damages cause to the Plaintiff includes the following injuries and damages: General damages for injuries to the Plaintiff's vagina and vaginal area including the entire pelvic area, including pain and suffering emotional distress, insecurity, fear, and mental and physical distress in a sum in excess of the minimum jurisdiction of this Court, according to proof; hospital, medical, an incidental expenses necessarily incurred and to be incurred in the future in an amount according to proof; and future loss of earnings and earning capacity, according to proof

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. General and non=economic damages according to proof;
2. Hospital, medical, and incidental expenses incurred and expected to be incurred in the future, according to proof;
3. Loss of future earnings and earning capacity, according to proof;
4. Prejudgment interest;
5. For costs of suit incurred herein;
6. Punitive damages;
7. For such other and further relief as the Court deems just and proper.

4
COMPLAINT FOR DAMAGES

Dated: December 1, 2016

BLEVINS LAW FIRM

*/s/ Gregory Blevins*
GREGORY BLEVINS
Attorneys for Plaintiff

**Exhibit B**

# BETA Risk Management Authority ("BETARMA")
A Public Entity
## CERTIFICATE OF PARTICIPATION
HEALTHCARE ENTITY COMPREHENSIVE LIABILITY COVERAGE CONTRACT

**PRODUCER:** Barney & Barney, LLC Attn: William Buchanan

**CERTIFICATE NUMBER:** HCL-16-361

---

**ITEM 1: NAMED MEMBER:**
Tulare Local Healthcare District
869 Cherry Street, Tulare, CA 93274

**ITEM 2: SUBSIDIARIES:**
Tulare Family X-Ray, Tulare Physical Therapy, Tulare District Health Care System Foundation, Tulare District Health Care System Lab Drawing Station, Tulare Surgical Services, Tulare Hospital Foundation, Tulare Hospital Auxiliary

**ITEM 3: CONTRACT PERIOD:**
(a) Effective Date: 7/1/2016  (b) Expiration Date: 7/1/2017 at 12:01 a.m. local time for all dates at the address in Item 1

**ITEM 4: RETROACTIVE DATE FOR PROFESSIONAL LIABILITY:**
7/1/1985 at 12:01 a.m. local time for all dates at the address in Item 1

**ITEM 5: COVERAGE AND LIMITS OF LIABILITY PROVIDED:**
$10,000,000 per **Claim** (except as provided by Amendment)
$20,000,000 in the Aggregate

(Coverages provided are indicated with an "X")
**Professional Liability**
[X] Healthcare Entity Professional Liability - Claims Made

**General Liability**
[X] **Bodily Injury** and **Property Damage** Liability - Occurrence
[X] **Personal Injury, Advertising Injury** and Discrimination Liability - Occurrence
[X] Employee Benefits Liability - Occurrence

**ITEM 6: DEDUCTIBLE:** See Section 7.9.B
$100,000 Indemnity Only

**ITEM 7: CONTRIBUTION:** See Section 7.9.A

**ITEM 8: CONTRACT AND AMENDMENT FORMS ATTACHED AT ISSUANCE:** HCL (07/15)
120, 130, 131, 134, 145, 170, 203, 210, 217, 237, 262, 272, 273, 294

**ITEM 9: NOTICE REQUIRED TO BE GIVEN TO BETARMA MUST BE ADDRESSED TO:**
BETA Risk Management Authority
1443 Danville Boulevard
Alamo, CA 94507

---

This Certificate of Participation, the **Application(s)** and accompanying documents, and the Coverage Contract with Amendments shall constitute the Contract between BETARMA and the **Members**.

*[signature]*

Authorized Representative of BETARMA