**4**
**HANNO T. POWELL 131154**
**JESSICA L. GIANNETTA 234220**
**POWELL SLATER, LLP**
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 228-8034
Facsimile: (559) 228-6818

Attorneys for: BANK OF THE SIERRA, a California corporation

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

\* \* \*

| | |
|---|---|
| In re | Case No. 17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| | DC No.: JLG-1 |
| Debtor. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR WAIVER OF FRBP RULE 4001(a)(3)** |
| BANK OF THE SIERRA, | Date: February 15, 2018 |
| Movant | Time: 9:30 a.m. |
| | Dept: B |
| vs. | CtRm: 13 |
| TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER; | U.S. Courthouse |
| | 2500 Tulare Street, 5th Floor |
| | Fresno, California 93721 |
| | Judge: Honorable René Lastreto II |
| Respondent(s). | |

TO THE HONORABLE RENÉ LASTRETO II, TO THE DEBTOR AND ITS ATTORNEYS OF RECORD, AND TO ALL PARTIES IN INTEREST:

BANK OF THE SIERRA, a California corporation ("BOTS," "Lender," or "Movant"), by and through its attorneys of record, Jessica L. Giannetta of Powell Slater, LLP, hereby moves

-1-

this Court for an order granting relief from the automatic stay for all purposes against the debtor, TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER ("Debtor"), and the entire bankruptcy estate, in and to that certain deposit account (the "Account") described as "**Money Market Account [XXXXXX6162] with Lender with an approximate balance of $800,000.00** together with (A) all interest, whether now accrued or hereafter accruing; (B) all additional deposits hereafter made to the Account; (C) any and all proceeds from the Account; and (D) all renewals, replacements and substitutions for any of the foregoing"[1] (collectively, the "Collateral"), such that Movant, or its assigns, shall be permitted to exercise its rights, pursuant to non-bankruptcy law, in and to the Collateral. Relief from the automatic stay is being requested in order to permit Movant, or its assigns, to exercise its rights, pursuant to non-bankruptcy law, in and to the Collateral. Movant also requests a waiver of the stay provisions of Federal Rules of Bankruptcy Procedure Rule 4001(a)(3).

As set forth below, Movant seeks relief from the automatic stay pursuant to 11 United Stated Code section 362, subsections (d)(1) and (d)(2), because: 1) the value of the Collateral is increasing at a rate that is less than the interest that continues to accrue on the obligation secured by the Collateral, thereby leaving BOTS without adequate protection; and 2) the Collateral lacks equity and is neither necessary for an effective reorganization nor otherwise beneficial to the above-captioned bankruptcy estate.

**I.**

**FACTUAL BACKGROUND**

Movant is the beneficial holder of a loan made to the Debtor in the original principal sum of $800,000.00 (the "Loan"), which is secured by the Collateral. *See* Declaration of Michael P. McLennan in Support of Motion for Relief from the Automatic Stay and for Waiver of FRBP Rule 4001(a)(3) ("Decl. McLennan"), ¶2. The Debtor is in default under the Loan for its failure to pay the full amount of the installment that became due on August 20, 2017, together with all subsequent installments. *See id.* at ¶3.

///

---

[1] All but the last four digits of the Account number have been redacted for privacy purposes.

POWELL SLATER, LLP
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711

On September 30, 2017, Debtor filed its Voluntary Petition in the above-captioned case. Since the filing of its Voluntary Petition, Debtor has not made any payments to Movant. *See* Decl. McLennan, ¶3. As of January 11, 2018, the approximate outstanding balance of the Loan, exclusive of attorneys' fees and costs, is $617,321.72, with interest continuing to accrue on the unpaid balance at the current rate of four percent (4.00%) per annum. *See* Decl. McLennan, ¶4. As of January 11, 2018, the value of the Account is $610,050.97, with interest accruing at the current rate of 0.050 percent per annum. *See id.* at ¶5. Because the value of the Account is less than the outstanding balance of the Loan, Debtor lacks equity in the Collateral. Moreover, the Bank is not adequately protected because the outstanding balance of the Loan is increasing at a greater rate than the rate at which the value of the Collateral is increasing. Thus, for the reasons detailed below, relief from the automatic stay should be granted.

## II.

## **LEGAL ARGUMENT**

Relief from the automatic stay is warranted for cause pursuant to 11 United States Code section 362, subsection (d)(1), which includes the lack of adequate protection. Here, the Account is increasing in value at the current rate of 0.050 percent per annum, while the interest on the secured Loan is accruing at the greater current rate of four percent (4.00%) per annum. *See* Decl. McLennan, ¶¶4-5. Moreover, the Debtor has not made any post-petition payments to Movant or any post-petition deposits to the Account. *See id.* at ¶3, 5. As such, Movant's interest in the Collateral is not adequately protected.

Relief from the automatic stay as to the Collateral is further warranted pursuant to 11 United States Code section 362, subsection (d)(2), which provides that relief from the automatic stay shall be granted with respect to a stay of an act against property if the debtor does not have equity in such property and the property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). In this instance, the value of the Collateral is $610,050.97 as of January 11, 2018, and the outstanding balance of the secured Loan (exclusive of attorneys' fees and costs) is $617,321.72 as of January 11, 2018. *See* Decl.

McLennan, ¶¶4-5. Thus, the value of the Collateral is *less* than the outstanding balance of the secured Loan, and the Collateral lacks equity. Because the Collateral lacks equity, it is neither necessary for an effective reorganization nor beneficial to the above-captioned bankruptcy estate. Accordingly, relief from the automatic stay should be granted with respect to the Collateral.

### III.

### CONCLUSION

Based on the foregoing, Movant respectfully requests this Court to grant relief from the automatic stay as requested herein. Movant further requests that this Court waive the stay provisions of Federal Rules of Bankruptcy Procedure Rule 4001, subsection (a)(3), for cause.

Dated: January 18, 2018       POWELL SLATER, LLP

By   /s/ Jessica L. Giannetta
   JESSICA L. GIANNETTA,
   Attorneys for BANK OF THE SIERRA