**3**
**HANNO T. POWELL 131154**
**JESSICA L. GIANNETTA 234220**
**POWELL SLATER, LLP**
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 228-8034
Facsimile: (559) 228-6818

Attorneys for: BANK OF THE SIERRA, a California corporation

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

\* \* \*

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br><br>_____<br><br>BANK OF THE SIERRA,<br><br>　　　　Movant<br><br>　　　vs.<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER;<br><br>　　　　Respondent(s).<br>_____ | Case No. 17-13797<br><br>Chapter 9<br><br>DC No.: JLG-1<br><br>**DECLARATION OF MICHAEL P. McLENNAN IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR WAIVER OF FRBP RULE 4001(a)(3)**<br><br>Date:　February 15, 2018<br>Time:　9:30 a.m.<br>Dept:　B<br>CtRm:　13<br>　　　　U.S. Courthouse<br>　　　　2500 Tulare Street, 5th Floor<br>　　　　Fresno, California 93721<br>Judge:　Honorable René Lastreto II |

I, Michael P. McLennan, declare as follows:

　　1.　I am over the age of 18 and am a resident of the State of California. I am a Senior Vice President of BANK OF THE SIERRA, a California corporation ("BOTS" or

-1-

Declaration of Michael P. McLennan in Support of Motion for Relief from the Automatic Stay and for Waiver of FRBP Rule 4001(a)(3)

1 "Lender"). I am one of the persons with custody and control of the business records of BOTS as
2 they relate to the debtor, TULARE LOCAL HEALTHCARE DISTRICT dba TULARE
3 REGIONAL MEDICAL CENTER ("Debtor"); and I am very familiar with the manner in
4 which those records are compiled. The records of BOTS are made in the ordinary course of
5 business by persons who have a business duty to make such records. The records are made at or
6 near the occurrence of the events of which they record. As part of my duties, I have personally
7 reviewed the Debtor's account(s) and loan(s) with BOTS. Unless otherwise noted, the facts set
8 forth herein are personally known to me. If called upon to testify, I could and would
9 competently testify to the matters set forth herein.

10　　2.　　BOTS is the beneficial holder of the following loan documents and all
11 documents related thereto (collectively, the "Loan Documents"):

12　　a)　　A <u>Promissory Note</u> dated August 29, 2016, executed by the Debtor in
13 favor of BOTS in the original principal sum of Eight Hundred Thousand Dollars and Zero Cents
14 ($800,000.00) (the "Note"). A true and correct redacted copy of the Note is attached hereto as
15 Exhibit "A" and incorporated herein by this reference;

16　　b)　　A <u>Business Loan Agreement</u> dated August 29, 2016, entered into by and
17 between the Debtor and Lender in connection with the Note (the "Loan Agreement"). A true
18 and correct redacted copy of the Loan Agreement is attached hereto as Exhibit "B" and
19 incorporated herein by this reference; and

20　　c)　　An <u>Assignment of Deposit Account</u> dated August 29, 2016 (the
21 "Assignment of Deposit Account"), executed by the Debtor in favor of BOTS, pursuant to
22 which the Debtor assigned and granted to BOTS a security interest in that certain deposit
23 account (the "Account") described as "**Money Market Account [XXXXXX6162] with**
24 **Lender with an approximate balance of $800,000.00** together with (A) all interest, whether
25 now accrued or hereafter accruing; (B) all additional deposits hereafter made to the Account;
26 (C) any and all proceeds from the Account; and (D) all renewals, replacements and substitutions
27 for any of the foregoing"[1] (collectively, the "Collateral"), to secure the Note. A true and correct

---

[1] All but the last four digits of the Account number have been redacted for privacy purposes.

-2-

Declaration of Michael P. McLennan in Support of Motion for Relief from the Automatic Stay and for Waiver of FRBP Rule 4001(a)(3)

POWELL SLATER, LLP
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711

redacted copy of the Assignment of Deposit Account is attached hereto as Exhibit "C" and incorporated herein by this reference.

3. The Debtor is in default under the loan obligation evidenced by the Loan Documents (the "Loan") for its failure to pay the full amount of the installment that became due on August 20, 2017, together with all subsequent installments. Since filing its Voluntary Petition on September 30, 2017, the Debtor has not made any payments to Lender.

4. As of January 11, 2018, the approximate outstanding balance of the Loan, exclusive of attorneys' fees and costs, is as follows:

| | |
|---|---:|
| Principal | $ 599,624.63 |
| Interest | 11,111.83 |
| Late Charges | 6,585.26 |
| **TOTAL:** | **$ 617,321.72** |

Interest shall continue to accrue on the unpaid principal balance of the Loan from and after January 11, 2018 at the current rate of four percent (4.00%) per annum, for a per diem rate of $66.62495, and shall be added to the above total. In addition, attorneys' fees and costs have accrued, and shall continue to accrue, and shall be added to the above total, together with any and all other charges that may be added to the balance of the Loan in accordance with the terms of the Loan Documents.

5. As of January 11, 2018, the balance of the Account was $610,050.97, which is less than the outstanding balance of the Loan. Moreover, the current interest being earned on the Account is equal to 0.050 percent per annum, which is considerably less than the interest that continues to accrue on the Loan. The Debtor has not made any deposits to the Account since the filing of its Voluntary Petition. Lender has not yet exercised its rights and remedies against the Account and now seeks relief from the automatic stay in order to do so.

I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on January 17, 2018.

_____
MICHAEL P. McLENNAN

Declaration of Michael P. McLennan in Support of Motion for Relief from the Automatic Stay and for Waiver of FRBP Rule 4001(a)(3)