DANIEL R. BARADAT, #068651
drb@bplaw-inc.com
KEVIN B. KALAJIAN, #263468
kbk@bplaw-inc.com
Baradat & Paboojian, Inc.
720 West Alluvial Avenue
Fresno, California 93711-5705
Telephone: (559) 431-5366
Facsimile: (559) 431-1702

Attorneys for Movants and Plaintiffs,
LORI M. BROOKS and STEVEN BROOKS

UNITED STATES BAKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

In Re:

TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,

Debtor.

LORI M. BROOKS and STEVEN BROOKS,

Plaintiffs,

v.

TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER; RICHARD FIGHTLIN, M.D.; ARTHUR WONG, M.D.; and DOES 1 to 10, inclusive,

Defendants.

Case No. 17-13797
DC No.
Chapter 9

Tulare County Superior Court Case No. VCU266862

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 (WITH SUPPORTING DECLARATION)**

**Hearing:**
**Date** : March 1, 2018
**Time** : 9:30 a.m.
**Dept.** : B
**Courtroom** : 13

LORI M. BROOKS and STEVEN BROOKS (hereinafter "Movants") seek relief from the automatic stay to TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER, the Debtor, and moves this Court as follows:

**JURISDICTION**

1. Jurisdiction exists under 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1408. The District Court for the Eastern District of California has generally referred these matters to the

Bankruptcy Court for hearing pursuant to 28 U.S.C. §157(a) and United States District Court, Eastern District of California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G). This is a contested matter under F.R.B.P. Rule 9014. This motion is made pursuant to 11 U.S.C. §362(d)(1) & (2) and LBR 4001-1 and 9014-1(f)(2).

## MOTION

2. Debtor filed a voluntary petition under Chapter 9 of Title 11, U.S.C. case number 17-13797, in the Eastern District of California on September 30, 2017.

3. Movants are plaintiffs in a medical malpractice civil action entitled LORI M. BROOKS and *STEVEN BROOKS v. TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER; RICHARD FIGHTLIN, M.D.; ARTHUR WONG, M.D.; and DOES 1 to 10, inclusive*, Case No. VCU266862 in the Superior Court of California, County of Tulare filed on September 12, 2016. (Kalajian decl. ¶3, Ex. "A.")

4. The Brooks matter arises from an injury caused by surgical packing left inside Movant's vagina following a hysterectomy performed at Defendant TULARE REGIONAL MEDICAL CENTER on September 16, 2015. Thereafter she was seen in the emergency room at Defendant TULARE REGIONAL MEDICAL CENTER for persistent pelvic pain when the surgical packing was found. As a result of this matter, Defendant TULARE REGIONAL MEDICAL CENTER established stringent protocols to prevent any future occasions of leaving surgical packing inside patients following surgeries.

5. Defendant TULARE REGIONAL MEDICAL CENTER was a hospital licensed to do business in the County of Tulare, State of California, and employed physicians, nurses, assistants, attendants and other persons to care for and treat Movant who received treatment at said facility.

6. For the damages alleged in the Anderson matter, Defendant TULARE REGIONAL MEDICAL CENTER is insured by a BETA Risk Management Authority insurance policy. (Kalajian Decl. ¶4, Ex. "B.")

7. At the time Defendant TULARE REGIONAL MEDICAL CENTER filed its voluntary petition under chapter 9, it had a dispositive motion for summary judgment pending. (Kalajian Decl. ¶5, Ex. "C.")

1 8. Movants filed a Notice of Non-Opposition to Defendant TULARE REGIONAL MEDICAL CENTER's motion for summary judgment conceding that Defendant TULARE REGIONAL MEDICAL CENTER and its employees had not acted negligently and were entitled to judgment as a matter of law. (Kalajian Decl. ¶6, Ex. "D.")

## LAW

9. It is respectfully submitted that good cause as contemplated under 11 U.S.C. §362(d)(1) exists and allows this Court to enter and Order Granting Relief from Automatic Stay. 11 U.S.C. §362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay,... for cause, including the lack of adequate protection of an interest in property of such party in interest." To not grant relief from automatic stay will irreparably harm Movants.

10. A judge may determine cause on a case-by-case basis, and may grant relief from stay on any basis, including but not limited to statutory causes. (*In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990); *In re Santa Clara County Fair Ass'n*, 180 B.R. 564 (B.A.P. 9th Cir. (Cal.) 1995).) In determining whether "cause" exists for relief from the automatic stay, most courts take into account whether the debtor's defense and potential liability are covered by insurance. (*In re Sonnax Industries, Inc.*, (2nd Circ. 1990) 907 F2d . 1280, 1286.)

11. The United States Supreme Court and other federal courts previously ordered removal of automatic stays where the debtors' insurers cover the movants' claims, finding the movants' access to the insurance proceeds will not burden the debtors' effective reorganization of assets. (See, *Foust v. Munson S.S. Lines*, 299 U.S. 77, 87 (1936); *Matter of Holtkamp*, 669 F.2d 505, 508-509 (7th Cir. 1982); *Matter of Nkongho*, 59 Bankr. 85, 86 (N.J. 1986); *In re Celectro-Knit Fabrics, Inc.*, 24 Banker. 326, 328 (S.D.N.Y. 1982).) Accordingly, an automatic stay should not preclude claimants from maintaining a lawsuit against a bankrupt insured as long as the insurer pays the claimants' eventual recovery. (See, *Foust, supra*, 299 U.S. at 87; *Matter of Holtkamp, supra*, 669 F.2d at 508-509; *Matter of Nkongho, supra*, 59 Bankr. at 86; *In re Celectro-Knit Fabrics, supra*, 24 Bankr. at 328.)

12. Further good cause exists in that Movants seek recovery only from applicable insurance and any defense has been tendered to the insurance carrier such that the Debtor need not personally defend the Action from its own proceeds or proceeds from its bankruptcy state. Accordingly, there is no monetary component that the Debtor will have to face.

13. Additionally, under 11 U.S.C. §362(d)(2), these claims no way affect any property right of the Debtor, and will not in any way impair any property that is necessary for the Debtor's debt adjustment, if any.

14. This Court should grant Movants' request for relief from the automatic stay because Movants' pursuit of the Debtor's insurance proceeds will not interfere with the Debtor's Chapter 9 bankruptcy proceedings. Movants agree not to proceed against either the Debtor or its estate in excess of the Debtor's insurance coverage.

15. Movants request relief from stay to allow Defendant TULARE REGIONAL MEDICAL CENTER to file another dispositive motion and get out of the case so Movants can proceed against the other named Defendants.

WHEREFORE, Movants respectfully pray as follows:

A. For an order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Debtor allowing Movants to continue with the Action as set forth above;

B. For an order that the 14-day stay described in Federal Rules of Bankruptcy Procedure Rule 4001(a)(3) be waived; and

C. For such other and/or further relief as the Court deems just and proper.

DATED: January 24, 2018

BARADAT & PABOOJIAN, INC.

By: _____
DANIEL R. BARADAT
KEVIN B. KALAJIAN
Attorney for Plaintiffs,
LORI M. BROOKS and
STEVEN BROOKS

# PROOF OF SERVICE

My business address is 720 W. Alluvial Avenue, Fresno, California 93711. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 (WITH SUPPORTING DECLARATION)** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Richard S. Salinas<br>WEISS SALINAS LAW GROUP, INC.<br>7108 North Fresno Street, Suite 250<br>Fresno, California 93720<br>Telephone: (559) 438-2080<br>Facsimile: (559) 438-8363<br>rsalinas@weiss-salinas.com | Attorneys for Defendant, TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER |
| Jerry D. Casheros<br>MCCORMICK, BARSTOW, SHEPPARD WAYTE & CARRUTH, LLP<br>7647 North Fresno Street<br>Fresno, California 93720<br>Telephone: (559) 433-1300<br>Facsimile: (559) 433-2300<br>Jerry.Casheros@mccormickbarstow.com | Attorney for Defendant,<br>RICHARD FIGHTLIN, M.D. |

__XX__ (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

__XX__ BY ELECTRONIC TRANSMISSION - I caused a PDF version of said document to be transmitted by electronic mail through Odyssey eFileCA to the party(s) identified above using the e-mail address(es) indicated.

EXECUTED ON January 24, 2018, at Fresno, California.

__XX__ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ H. Raymond*
Heather Raymond

---