1  DANIEL R. BARADAT, #068651
drb@bplaw-inc.com
2  KEVIN B. KALAJIAN, #263468
kbk@bplaw-inc.com
3  Baradat & Paboojian, Inc.
720 West Alluvial Avenue
4  Fresno, California 93711-5705
Telephone:  (559) 431-5366
5  Facsimile:   (559) 431-1702

6  Attorneys for Movants and Plaintiffs,
LORI M. BROOKS and STEVEN BROOKS
7

8              UNITED STATES BAKRUPTCY COURT

9        EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

10

11  In Re:                                    )  Case No. 17-13797
                                              )  DC No. KBK-1
12  TULARE LOCAL HEALTH CARE DISTRICT         )  Chapter 9
    dba TULARE REGIONAL MEDICAL CENTER,       )
13                                            )  Tulare County Superior Court Case No.
                          Debtor.             )  VCU266862
14  _____  )
                                              )
15  LORI M. BROOKS and STEVEN BROOKS,         )  **AMENDED DECLARATION OF KEVIN B.**
                                              )  **KALAJIAN**
16                        Plaintiffs,         )  **IN SUPPORT OF MOTION FOR RELIEF**
                                              )  **FROM AUTOMATIC STAY**
17  v.                                        )
                                              )
18  TULARE LOCAL HEALTH CARE DISTRICT         )  **Hearing:**
    dba TULARE REGIONAL MEDICAL CENTER;       )  **Date      :  March 1, 2018**
19  RICHARD FIGHTLIN, M.D.; ARTHUR WONG,      )  **Time      :  9:30 a.m.**
    M.D.; and DOES 1 to 10, inclusive,        )  **Dept.     :  B**
20                                            )  **Courtroom :  13**
                                              )
21                        Defendants.         )
                                              )
22  _____  )

23       I, Kevin B. Kalajian, declare:

24       1.      I am an attorney licensed to practice before all courts in the State of California.  I am an

25  attorney in the law firm of Baradat & Paboojian, Inc., attorneys of record for Movants and Plaintiffs,

26  LORI M. BROOKS and STEVEN BROOKS (hereinafter "Movants").  I have personal knowledge of

27  the following facts in this matter, except as to those matters which are stated on information and belief

28  and as to those matters I believe them to be true.

1    2.    I have personal knowledge of the matters stated herein, and if called upon to testify, I
2    could competently testify thereto.

3    3.    Attached hereto as **Exhibit "A"** is a true and correct copy of Movants' Complaint for
4    Medical Malpractice filed on September 12, 2016, in the Superior Court of California, County of
5    Tulare, Case No. VCU266862.

6    4.    Attached hereto as **Exhibit "B"** is a true and correct copy of Defendant TULARE
7    REGIONAL MEDICAL CENTER's "Certificate of Participation" in the BETA Risk Management
8    Authority insurance policy (Certificate No. HCL-16-361) in effect from July 1, 2016 to July 1, 2017.
9    This is a claims-made policy.

10    5.    At the time Defendant TULARE REGIONAL MEDICAL CENTER filed its voluntary
11    petition under chapter 9, it had a dispositive Motion for Summary Judgment or, Alternatively, for
12    Summary Adjudication pending.    A true and correct copy of Defendant TULARE REGIONAL
13    MEDICAL CENTER's Memorandum of Points and Authorities in Support of its Motion for Summary
14    Judgment or, Alternatively, for Summary Adjudication is attached hereto as **Exhibit "C."**

15    6.    On October 13, 2017, Movants filed a Notice of Non-Opposition to Defendant
16    TULARE REGIONAL MEDICAL CENTER's Motion for Summary Judgment or, alternatively, for
17    Summary Adjudication with the Tulare County Superior Court.  The hearing on Defendant TULARE
18    REGIONAL MEDICAL CENTER's motion was vacated shortly thereafter.  A true and correct copy of
19    Movants' Notice of Non-Opposition is attached hereto as **Exhibit "D."**

20    7.    The Action does not seek to enforce any judgment obtained against the Debtor
21    personally or the bankruptcy estate itself.  Rather, Movant seeks relief from the stay so Defendant
22    TULARE REGIONAL MEDICAL CENTER can file ano0ther dispositive motion and get out of the
23    case, leaving Movants to pursue their claims against the other Defendants.

24    I declare under penalty of perjury under the laws of the State of California that the foregoing is
25    true and correct except as to those matters which are stated on information and belief, and as to those
26    matters I believe them to be true.  Executed on February 13, 2018, at Fresno, California.

27

28                                    By: _____
                                          KEVIN B. KALAJIAN

# EXHIBIT A

PLD-PI-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Daniel R. Baradat, 068651<br>Baradat & Paboojian, Inc.<br>720 W. Alluvial Avenue<br>Fresno, California 93711<br><br>TELEPHONE NO: (559) 431-5366   FAX NO. *(Optional)* (559) 431-1702<br>E-MAIL ADDRESS *(Optional)*: drb@bplaw-inc.com<br>ATTORNEY FOR *(Name)*: LORI M. BROOKS, STEVEN BROOKS | FOR COURT USE ONLY<br><br>FILED<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>SEP 12 2016<br><br>LARAYNE CLEEK, CLERK<br>BY: Sharon K. Baker |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Visalia, California 93291
BRANCH NAME:

PLAINTIFF: LORI M. BROOKS and STEVEN BROOKS

Assigned to Judicial Officer    David C. Mathias

For All Purposes

DEFENDANT: TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER; RICHARD FIGHTLIN, M.D.; ARTHUR WONG, M.D.; and
[x] DOES 1 TO 20

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number)*:

Type *(check all that apply)*:
[ ] MOTOR VEHICLE        [x] OTHER *(specify)*: Medical Malpractice
  [ ] Property Damage      [ ] Wrongful Death
  [x] Personal Injury      [ ] Other Damages *(specify)*:

CASE MANAGEMENT CONFERENCE
Hearing Date: 1-12-2017
Time: 8:30 am
Department: 3

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded    [ ] does not exceed $10,000
                     [ ] exceeds $10,000, but does not exceed $25,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:
VCU 266862

1. Plaintiff *(name or names)*: LORI M. BROOKS and STEVEN BROOKS

alleges causes of action against defendant *(name or names)*: TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER; RICHARD FIGHTLIN, M.D.; ARTHUR WONG, M.D.; and DOES 1-20

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. Each plaintiff named above is a competent adult
  a. [ ] except plaintiff *(name)*:
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe)*:
    (3) [ ] a public entity *(describe)*:
    (4) [ ] a minor   [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify)*:
    (5) [ ] other *(specify)*:

  b. [ ] except plaintiff *(name)*:
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe)*:
    (3) [ ] a public entity *(describe)*:
    (4) [ ] a minor   [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify)*:
    (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 (Rev. January 1, 2007)

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Legal
Solutions
Plus

Page 1 of 3
Code of Civil Procedure, § 425.12

| SHORT TITLE: BROOKS v. TULARE | PLD-PI-001 |
|---|---|
| | CASE NUMBER |

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ except defendant *(name):* TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☒ a public entity *(describe):* hospital district
    (5) ☐ other *(specify):*

  c. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants *(specify Doe numbers):* 1-10      were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants *(specify Doe numbers):* 11-20      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☒ at least one defendant now resides in its jurisdictional area.
  b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, and
  a. ☒ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify):*

SHORT TITLE: BROOKS v. TULARE

CASE NUMBER

PLD-PI-001

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle
b. ☒ General Negligence
c. ☐ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☐ Other *(specify)*:

11. Plaintiff has suffered

a. ☒ wage loss
b. ☐ loss of use of property
c. ☒ hospital and medical expenses
d. ☒ general damage
e. ☐ property damage
f. ☒ loss of earning capacity
g. ☒ other damage *(specify)*: Loss of consortium and negligent infliction of emotional distress damages suffered by Steven Brooks, husband of Lori M. Brooks

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.
b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages
    (2) ☐ punitive damages
The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
    (1) ☒ according to proof
    (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*: Checked paragraphs 1-14 and General Negligence (Medical Malpractice) Cause of Action.

Date: September 6, 2016

Daniel R. Baradat
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Page 3 of 3

| SHORT TITLE:  BROOKS v. TULARE | | PLD-PI-001(2) |
|---|---|---|
| | CASE NUMBER | |

<u>FIRST</u>          CAUSE OF ACTION—General Negligence          Page <u>4</u>
(number)

ATTACHMENT TO  [ x ] Complaint    [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  LORI M. BROOKS and STEVEN BROOKS

alleges that defendant *(name)*:  TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL
MEDICAL CENTER; RICHARD FIGHTLIN, M.D.; ARTHUR WONG, M.D. and

[ x ] Does <u>1</u>    to <u>20</u>

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  January 28, 2016 through February 12, 2016
at *(place)*:  Tulare Regional Medical Center, Tulare, CA.

*(description of reasons for liability)*:

I.

Defendants, and each of them, were physicians, hospitals and/or health care providers, duly
licensed to practice medicine in the State of California, each holding himself out to possess that
degree of skill, ability and learning common to medical practitioners in the community.

II.

That on or about January 28, 2016, and at all times thereafter, Plaintiff, Lori M. Brooks,
consulted with Defendants, and each of them, for the purpose of obtaining a diagnosis and
treatment of an injury, condition and illness, and employed said Defendants, and each of them, to
care for and treat Plaintiff, and to do those things necessary and proper in said care and
treatment.  That said Defendants, and each of them, undertook said employment and agreed to do all
things reasonable, proper and necessary in connection therewith, and said Defendants, and each of
them, thereafter entered into such employment, individually, and by and through their employers,
employees, servants and agents.

III.

Pursuant to said agreement and on or about January 28, 2016, Plaintiff, Lori M. Brooks, was
examined and underwent a ureteroscopy, laser lithotripsy, stent placement, and other diagnostic
and therapeutic procedures, and thereafter, continued to be treated and cared for by Defendants,
and each of them, until on or about March 4, 2016.  At all times mention, Defendants, and each of
them, failed to properly treat, monitor, diagnose or refer Lori M. Brooks.  Further, Tulare Local
Health Care District dba Tulare Regional Medical Center was negligent in granting staffing
privileges to Richard Fightlin, M.D.

IV.

That at all times mentioned herein, Defendants, and each of them, failed to use reasonable
care or skill common to medical practitioners in the community and further failed to use
reasonable care in the diagnosis and treatment of said condition, illness and injury, and at all
times, each of said Defendants was acting as the agent of each other Defendant.

V.

Steven Brooks is the husband of Lori M. Brooks.  During her hospital stay, Steven Brooks
witnessed negligent events and has suffered a negligent infliction of emotional distress as well
as loss of consortium damages.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2037]          CAUSE OF ACTION—General Negligence          Page 1 of 1
Legal
Solutions
Plus          Code of Civil Procedure 425.12

# EXHIBIT B

**BETA Risk Management Authority ("BETARMA")**
A Public Entity

**CERTIFICATE OF PARTICIPATION**
HEALTHCARE ENTITY COMPREHENSIVE LIABILITY COVERAGE CONTRACT

**PRODUCER:** Barney & Barney, LLC Attn: William Buchanan

> **CERTIFICATE NUMBER:**
> HCL-16-361

| | |
|---|---|
| **ITEM 1: NAMED MEMBER:** | Tulare Local Healthcare District<br>869 Cherry Street , Tulare, CA 93274 |
| **ITEM 2: SUBSIDIARIES:** | Tulare Family X-Ray , Tulare Physical Therapy, Tulare District Health Care System Foundation, Tulare District Health Care System Lab Drawing Station, Tulare Surgical Services, Tulare Hospital Foundation, Tulare Hospital Auxiliary |
| **ITEM 3: CONTRACT PERIOD:** | (a) Effective Date: 7/1/2016  (b) Expiration Date: 7/1/2017 at 12:01 a.m. local time for all dates at the address in Item 1 |
| **ITEM 4: RETROACTIVE DATE FOR PROFESSIONAL LIABILITY:** | 7/1/1985 at 12:01 a.m. local time for all dates at the address in Item 1 |

**ITEM 5: COVERAGE AND LIMITS OF LIABILITY PROVIDED:**
$10,000,000 per **Claim** (except as provided by Amendment)
$20,000,000 in the Aggregate

(Coverages provided are indicated with an "X")
**Professional Liability**
[X]   Healthcare Entity Professional Liability - Claims Made

**General Liability**
[X]   **Bodily Injury** and **Property Damage** Liability - Occurrence
[X]   **Personal Injury, Advertising Injury** and Discrimination Liability - Occurrence
[X]   Employee Benefits Liability - Occurrence

**ITEM 6: DEDUCTIBLE:** See Section 7.9.B
$100,000 Indemnity Only

**ITEM 7: CONTRIBUTION:** See Section 7.9.A

**ITEM 8: CONTRACT AND AMENDMENT FORMS ATTACHED AT ISSUANCE:** HCL (07/15)
120, 130, 131, 134, 145, 170, 203, 210, 217, 237, 262, 272, 273, 294

**ITEM 9: NOTICE REQUIRED TO BE GIVEN TO BETARMA MUST BE ADDRESSED TO:**
BETA Risk Management Authority
1443 Danville Boulevard
Alamo, CA 94507

This Certificate of Participation, the **Application(s)** and accompanying documents, and the Coverage Contract with Amendments shall constitute the Contract between BETARMA and the **Members.**

_R Craig Crane_
Authorized Representative of BETARMA

Date Issued:  July 1, 2016  (Initial)

# EXHIBIT C

1   Richard S. Salinas   #154959
    Stacy R. Lucas     #243555
2   WEISS·SALINAS LAW GROUP, INC.
    7108 North Fresno Street, Suite 250          Mtn. Date: 9/21/17
3   Fresno, California 93720                     L/D Opp. : 9/7/17
    Telephone:  (559) 438-2080                   L/D Reply: 9/15/17
4   Facsimile:  (559) 438-8363
    rsalinas@weiss-salinas.com
5
    Attorneys for Defendant TULARE LOCAL HEALTH CARE DISTRICT dba TULARE
6   REGIONAL MEDICAL CENTER
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF TULARE
10  LORI M. BROOKS and STEVEN BROOKS    )  Case No.  VCU266862
                                        )
11            Plaintiffs,               )  **MEMORANDUM OF POINTS AND**
                                        )  **AUTHORITIES IN SUPPORT OF**
12       vs.                            )  **DEFENDANT TULARE REGIONAL**
                                        )  **MEDICAL CENTER'S MOTION FOR**
13  TULARE LOCAL HEALTH CARE            )  **SUMMARY JUDGMENT OR, IN THE**
    DISTRICT dba TULARE REGIONAL        )  **ALTERNATIVE, SUMMARY**
14  MEDICAL CENTER; RICHARD FIGHTLIN,   )  **ADJUDICATION**
    M.D.; ARTHUR WONG, M.D.; and DOES 1 )
15  through 20,                         )  DATE:  September 21, 2017
                                        )  TIME:  8:30 a.m.
16            Defendants.               )  DEPT:  2
                                        )
17                                      )  Action Filed:  September 12, 2016
                                        )  Trial Date:    October 23, 2017
18  _____    )
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

# TABLE OF CONTENTS

I.    STATEMENT OF THE CASE..................................................................................... 1

II.   PLAINTIFF LORI BROOKS' PERTINENT MEDICAL COURSE................................. 3

III.  LAW AND ARGUMENT ......................................................................................... 6

   A.  Summary Judgment Is Properly Granted Where No Triable Issue Exists As To Any
   Material Fact And The Defendant Is Entitled to Judgment As A Matter Of Law....................... 6

   B.  The Declarations Of Dr. Comiter, Nurse Pitts, and Dr. Leeson Provides The Requisite
   Expert Testimony To Support Defendant's Motion. ................................................................ 7

      1.  Dr. Comiter, Nurse Pitts, and Dr. Leeson Opined that Defendant TRMC met the
      applicable standard of care, and, therefore, Defendant TRMC is entitled to Summary
      Judgment............................................................................................................................ 7

      2.  It is Undisputed that No Act or Omission by the Nurses or Non-Physician Staff was a
      Substantial Factor in Causing Plaintiff's Alleged Harm.......................................................... 10

      3.  Plaintiff Steven Brooks' Cause of Action for Negligent Inflictin of Emotional Distress is
      Without Merit.................................................................................................................... 11

IV.   CONCLUSION.................................................................................................... 12

## CASES

Bardessono v. Michels (1970) 3 Cal.3d 780, 788. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Blain v. Doctor's Co. (1990) 222 Cal.App. 3d 1048, 1067. . . . . . . . . . . . . . . . . . . . . . . . .7

Bromme v. Pavitt (1992) 5 Cal.App.4th 1487, 1489. . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Burgess v. Superior Court (1992) 2 Cal.4th 1064, 1081. . . . . . . . . . . . . . . . . . . . . . . . . . .8

Flowers v. Torrance Memorial Hospital Medical Center (1994) 8 Cal.4th 992, 1001. . . . . . . .7,8

Jambazian v. Borden (1994) 25 Cal.App.4th 836, 844. . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Jones v. Ortho Pharmaceutical Corporation (1985) 163 Cal.App.3d 396, 403. . . . . . . . . . . . .10

Lawless v. Calaway (1944) 24 Cal.2d 81, 90. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Luders v. Pummer (1957) 152 Cal.App.2d276, 279-280. . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mayes v. Bryan (2006) 139 Cal.App. 4th 1075, 1093; CACI VF-500. . . . . . . . . . . . . . . . . . .10

Munro v. Regents of University of California (1989) 215 Cal.App.3d 977, 984-985. . . . . . . .7,8

Potter v. Firestone Tire & Rubber Co. (1993) 6 Cal.4th 965, 984. . . . . . . . . . . . . . . . . . . . .12

Simmons v. West Covina (1989) 212 Cal.App.3d 696, 702. . . . . . . . . . . . . . . . . . . . . . . . 10

Spinks v. Equity Residential Briarwood Apartments (2009) 171 Cal.App.4th 1004, 1044-145. .12

Thing v. La Chusa (1989) 48 Cal.3d 644. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

Williams v. Wraxall (1995) 33 Cal.App.4th 120, 123. . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

## STATUTES

Code of Civ. Procedure § 437c. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Code Civ. Proc. §437c(o)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6,10

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRMC'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

1  Defendant TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL

2  MEDICAL CENTER ("TRMC") submits the following Memorandum of Points and Authorities

3  in support of its Motion for Summary Judgment, or, in the alternative, Summary Adjudication as

4  to Plaintiff LORI M. BROOKS and STEVEN BROOKS' ("Plaintiffs") Complaint for Medical

5  Malpractice.

6                  I.       **STATEMENT OF THE CASE**

7        Plaintiffs filed their Complaint with this Court on September 12, 2016. [Defendant's

8  Separate Statement of Undisputed Material Facts ("SUMF") No. 1. [A true and correct copy of

9  Plaintiff's Complaint is included with Defendant's Statement of Evidence ("SOE") at Tab 1 as

10  Exhibit ("Ex.") A to the Declaration of Stacy R. Lucas ("Lucas Decl.").] Defendant timely filed

11  its Answer to Plaintiffs' Complaint on November 9, 2016, denying each and every allegation and

12  asserting affirmative defenses. [SUMF No. 2. A true and correct copy of Defendant's Answer is

13  included with Defendant's SOE at Tab 1 as Ex. B.]

14        This case arises from Plaintiff Lori Brooks January 28, 2016 admission to TRMC for the

15  removal of kidney stones, during which she suffered complications. Plaintiffs allege that

16  Defendants "failed to use reasonable care or skill common to medical practitioners in the

17  community and further failed to use reasonable care in the diagnosis and treatment of said

18  condition, illness and injury…." (Plaintiff's Complaint at Pg. 4, ¶ 4, SOE, Tab 1, Lucas Dec. at

19  Ex. A.) Plaintiffs also allege that Defendant TRMC "was negligent in granting staffing

20  privileges to Richard Fightlin, M.D." (Plaintiff's Complaint at Pg. 4, ¶ 3.)

21        In support of its motion, Defendant submits the Expert Witness Declarations of Craig V.

22  Comiter, M.D. ("Dr. Comiter"), Amber Pitts, R.N. (Nurse Pitts), and Peter Leeson, D.O. (Dr.

23  Leeson). Dr. Comiter is a Clinical Professor of Medicine at the University of California, Los

24  Angeles. Dr. Comiter has extensive experience in urology. Based on his education, training and

25  professional experience, coupled with his review and analysis of Ms. Brooks' pertinent medical

26  documents, Dr. Comiter is qualified to render expert opinions as to whether Defendant TRMC

27  met the applicable standard of care in providing medical services to Ms. Brooks. [SUMF No. 3.]

28  The factual and medical bases for Dr. Comiter's opinions are set forth in detail in his

1   Declaration. Ms. Brooks' medical records along with the respective Affidavits of the Custodians

2   of Records are attached as Ex. D to the SOE. These medical records support the pertinent

3   medical chronology as determined by Dr. Comiter and further support Dr. Comiter's opinions

4   discussed below.

5         Nurse Pitts has extensive experience in nursing, specifically in the hospital and operating

6   room setting, including Neurosurgery, General, ENT, Plastics, Orthopedics, Urology, GYN,

7   Liver and Kidney transplants, Vascular, and Thoracic with emphasis and specialty in Cardiac

8   Surgery. She is employed as a Clinical RN II in the Main Operating Room of Stanford

9   University Hospital. She is a member of the Stanford Practice Council, emphasizing

10   development and analysis of Stanford OR nursing practice in accordance with best practice

11   research and AORN guidelines.

12         Based on Nurse Pitts' education, training and professional experience, coupled with her

13   review and analysis of Ms. Brooks' pertinent medical documents, Nurse Pitts is qualified to

14   render expert opinions as to whether Defendant TRMC met the applicable standard of care in

15   providing medical services to Ms. Brooks. [SUMF No. 4.] The factual and medical bases for

16   Nurse Pitts' opinions are set forth in detail in her Declaration. Ms. Brooks' medical records

17   along with the respective Affidavits of the Custodians of Records are attached as Ex. D to the

18   SOE. These medical records support the pertinent medical chronology as determined by Nurse

19   Pitts and further support Nurse Pitts' opinions discussed below.

20         Dr. Leeson has extensive experience as a healthcare consultant. He has extensive

21   experience in developing credentialing and privileging policies. He is currently a healthcare

22   consultant for the County of San Bernardino at the Arrowhead Regional Medical Center, a 500-

23   bed acute care hospital with a 60-bed inpatient psychiatry and Level II Trauma Center located in

24   Southern California. He is responsible for advising the hospital on credentialing and privileges.

25         Among their other conclusions, Dr. Comiter and Nurse Pitts have rendered key expert

26   opinions in their Declarations that support this motion. Dr. Comiter and Nurse Pitts state that

27   Defendant TRMC met the standard of care and there is nothing in the medical records that

28   indicated that any of the nurses or non-physician staff at TRMC violated the applicable standard

of care. [SUMF Nos. 20, 22.] Dr. Leeson has also offered the key expert opinion that TRMC did not violate the standard of care by providing privileges to Dr. Fightlin. [SUMF No. 28.] Accordingly, unless Plaintiff submits expert opinion testimony to the contrary, Defendant is entitled to summary judgment in its favor as a matter of law.

## II.    PLAINTIFF LORI BROOKS' PERTINENT MEDICAL COURSE

Based on their education, training and experience and on his review of Ms. Brooks' relevant medical records, reports and imaging studies, Dr. Comiter and Nurse Pitts have determined the pertinent factual chronology as it pertains to Ms. Brooks' medical course to be as follows:

Ms. Brooks was admitted to TRMC on January 28, 2016 for a planned left transureteral lithotripsy and stone manipulation (breaking up and removing kidney stones.) She had a history of kidney stones, chronic pain with methadone use, intestinal stricture, stomach and bowel problems, gallbladder problems, rectal problems, and gastric bypass.

The stone to be removed was large, and the procedure to break it up was very difficult. The procedure was complicated by the development of profound hyponatremia and laceration of the left kidney. While in the recovery room, Ms. Brooks decompensated, requiring emergency re-intubation. Ms. Brooks was also found to have severe neurologic changes. She was emergently re-intubated in the recovery room. She suffered from bradycardia requiring two rounds of atopine.

Ms. Brooks was then transferred to the intensive care unit (ICU) where she was found to have profound electrolyte disorders, which were corrected. Ms. Brooks had acute respiratory failure and developed acute renal failure. Her initial problems in the intensive care unit were noted to be hyponatremia, respiratory failure, renal laceration, retroperitoneal hematoma, hypomagnesemia, hypocalcemia, metabolic acidosis, acute anemia of blood loss, bigeminy, cerebral edema, and acute renal failure.

On January 29, 2016, Ms. Brooks developed abdominal compartment syndrome and was taken to the operating room where she underwent an emergency decompression laparotomy. She was having a significant amount of bleeding from her left renal laceration and required an

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRMC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

emergency left nephrectomy (removal of the kidney) as well as left adrenalectomy due to hemorrhages to the left adrenal gland as well. The procedure lasted until the early morning hours of January 30th. During that operation, she also underwent removal of the previously placed left ureteral stent and enterolysis removal of previously placed ventral incisional hernia mesh in order to be able to enter her abdomen and placement of vacuum-assisted dressing for her abdominal compartment syndrome.

Ms. Brooks was transferred to the intensive care unit in critical condition. In the early morning hours of January 30, it was also necessary to place a catheter for emergency dialysis. On January 31, Ms. Brooks continued to remain critically ill. Her bladder pressures were carefully followed and she did not have any further evidence of abdominal compartment syndrome. However, she did suffer from hyponatremia, thrombocytopenia, neurologic changes from cerebral edema, severe protein calorie malnutrition, acute anemia of blood loss, abnormal liver function tests presumably from shock liver, and respiratory failure.

On February 1, 2016, Ms. Brooks was taken back to the operating room for planned re-opening of her recent laparotomy for washout of the abdomen. During her initial decompressive laparotomy, three surgical packs had been placed in the left upper quadrant for control of ongoing bleeding. The packs were removed without recurrence of bleeding. She was closed and taken back to the intensive care unit.

Ms. Brooks continued to have respiratory failure and on the next day was again noted to be hypokalemic and hypocalcemic. She continued to have neurologic changes. She began to gradually respond to stimulants and opened her eyes spontaneously. Later in the hospital course, she began to follow some commands and began to move all four extremities. From February 2 to February 6 she experienced ongoing respiratory failure, ongoing renal failure, continued severe protein-calorie malnutrition for which she had been started on early enteral feeds.

Ms. Brooks continued to have intermittent electrolyte disorders with hypokalemia and hypomagnesemia, although her hyponatremia resolved after the initial correction. On February 5, she was noted to have right upper lobe lung collapse on her chest x-ray for which a bronchoscopy was performed. She had also had right upper lobe lung collapse after her initial

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRMC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION



1    procedure and a bronchoscopy had been performed at that time.  On February 7, she was noted to

2    have diarrhea and a C. difficile toxin was positive.  She was started on Flagyl.

1    Ms. Brooks was on the waiting list to transfer to CPMC when she was taken emergently

2    to the operating room for abdominal compartment syndrome. While in the operating room in the

3    early morning hours of January 30, CPMC called and said that they had a bed available;

4    however, since Ms. Brooks was undergoing a left emergency nephrectomy and they no longer

5    needed a urologist and no additional treatment could be rendered for her brain edema, it was

6    decided to keep her at TRMC.

7    Dr. Gao of CPMC recommended that Ms. Brooks be transferred emergently to the nearest

8    stroke facility that could care for her. Thereafter, Community Regional Medical Center

9    ("CRMC") was contacted and accepted her in transfer. The patient was then emergently

10   transferred to CRMC.

11                        III.    LAW AND ARGUMENT

12   A.    **Summary Judgment Is Properly Granted Where No Triable Issue Exists As To Any
          Material Fact And The Defendant Is Entitled to Judgment As A Matter Of Law.**

13

14   The law applicable to motions for summary judgment and the purpose of such motions is

15   well known to this Court and will not be belabored here. Defendant brings its motion pursuant to

16   Code of Civ. Procedure § 437c. A court shall not deny summary judgment based on the

17   opposing party's hope or speculation that some evidence may develop in the future to create a

18   triable issue of fact between the parties. If Defendant is entitled to summary judgment based on

19   their proof, Plaintiffs can only overcome the summary judgment by introducing competent

20   evidence to create a triable issue of material fact. (*Luders v. Pummer* (1957) 152

21   Cal.App.2d276, 279-280.)

22   For purposes of summary judgment, Defendant has met its burden of proof that Ms.

23   Brooks' medical malpractice cause of action has no merit by showing that one or more elements

24   of the action, even if not separately pled, cannot be established. (Code Civ. Proc. §437c(o)(1).)

25   Specifically, for purposes of this motion, Defendant has established through the expert witness

26   Declarations of Dr. Comiter, Nurse Pitts, and Dr. Leeson that TRMC met the applicable standard

27   of care in and there is nothing in the medical records that indicated that any of the nurses or non-

28   physician staff at TRMC violated the applicable standard of care, and Dr. Leeson has also

offered the key expert opinion that TRMC did not violate the standard of care by providing

privileges to Dr. Fightlin. Ms. Brooks must now show that a triable issue of one or more

material facts exists as to her cause of action. (*Id.*) She may not rely upon the mere allegations

in her pleading to show that a triable issue of material facts exists, but rather Ms. Brooks shall set

forth the specific facts showing that a triable issue of material fact exists. (*Id.*)

     Defendant moves for summary judgment as to the entirety of Plaintiffs' Complaint.

Defendant brings this dispositive motion on the grounds that Plaintiffs cannot as a matter of law

establish a breach of duty by Defendant in this case. A breach of duty is a required element of

the first cause of action in Plaintiff's Complaint. (Judicial Council of California Civil Jury

Instructions ("CACI") (2016) Nos. 400, 401, 430, and 500.)

     So also, Defendant has met its burden of proof that Mr. Brooks' loss of consortium claim

has no merit. "When a plaintiff has no cause of action in tort, his spouse has no cause of action

for loss of consortium." (citations omitted.) (*Blain v. Doctor's Co.* (1990) 222 Cal.App. 3d 1048,

1067.)

**B.**    **The Declarations Of Dr. Comiter, Nurse Pitts, and Dr. Leeson Provides The Requisite Expert Testimony To Support Defendant's Motion.**

     In this medical negligence action, expert testimony is required to prove or disprove that

the defendant performed in accordance with the prevailing standard of care. (*Flowers v.*

*Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001.) When a defendant

moves for summary judgment and supports the motion with expert testimony that defendant's

conduct fell within the standard of care, the defendant is entitled to summary judgment unless the

plaintiff comes forward with conflicting expert evidence. (*Munro v. The Regents of the*

*University of California* (1989) 215 Cal.App.3d 977, 985.)

       **1.**    **Dr. Comiter, Nurse Pitts, and Dr. Leeson Opined that Defendant TRMC met the applicable standard of care, and, therefore, Defendant TRMC is entitled to Summary Judgment**

     To recover in an action for medical negligence, the plaintiffs must establish that the

defendant's care and treatment fell below the "standard of care." That standard is met when a

physician or surgeon exercises, in diagnoses and treatment, that reasonable degree of skill,

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRMC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

knowledge and care ordinarily possessed and exercised by members of the medical profession under similar circumstances. (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1081; *Bardessono v. Michels* (1970) 3 Cal.3d 780, 788)

"The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony...." (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001 [internal citations omitted]; see also, *Lawless v. Calaway* (1944) 24 Cal.2d 81, 90) Expert testimony is required to prove that Defendant's actions fell below the standard of care because the facts of the case, i.e., medical diagnosis, care and treatment are not within the common knowledge of a layperson. (*Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 844)

When expert testimony is required to establish a relevant issue in a malpractice claim, an expert's declaration that the defendant adhered to the standard of care is proper evidence.

California courts have recognized this principle, stating:

"California courts have incorporated the expert evidence requirement into their standard for summary judgment in medical malpractice cases. When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 984-985 [internal citations omitted])

Submitted with this Motion for Summary Judgment is the declaration of Craig V. Comiter, M.D. Dr. Comiter is a highly qualified urologist. He is licensed to practice medicine in the State of California and is Board Certified in Urology. Dr. Comiter is Professor in the Department of Urology and a Professor (Courtesy) in the Department of Obstetrics and Gynecology at Stanford University Medical Center. Dr. Comiter is the Director of the Fellowship in Female Pelvic Medicine and Reconstructive Surgery at Stanford. Dr. Comiter has been actively engaged in the practice of medicine for twenty-five years, specifically in the practice of urology for over twenty years.

Based on his education, training and professional experience, coupled with his review and professional analysis of Ms. Brooks' pertinent medical records and imaging studies, Dr. Comiter is familiar with the standard of care required that apply now, and that were applicable when Ms. Brooks was admitted to TRMC in January 2015. Dr. Comiter is qualified to render expert opinions as to whether the nurses and non-physician staff of TRMC met the applicable standard of care. [SUMF No. 3] The factual and medical bases for Dr. Comiter's opinions are set forth in detail in his Declaration. Dr. Comiter opined as follows:

(a) Based on my medical education, training, and professional experience, as well as my review of Ms. Brook's medical records, it is my professional opinion that the non-physician staff of TRMC who treated Ms. Brooks at TRMC from January 28, 2016 to February 12, 2016, met the applicable standard of care. There is nothing in the medical records that indicates that any of the nurses or non-physician staff at TRMC violated the applicable standard of care. [SUMF No. 20];

Based on her education, training and professional experience, coupled with her review and professional analysis of Ms. Brooks' pertinent medical records and imaging studies, Nurse Pitts is familiar with the standard of care required that apply now, and that were applicable when Ms. Brooks was admitted to TRMC in January 2015. Nurse Pitts is qualified to render expert opinions as to whether the nurses and non-physician staff of TRMC met the applicable standard of care. [SUMF No. 4] The factual and medical bases for Nurse Pitts' opinions are set forth in detail in her Declaration. Nurse Pitts opined as follows:

(a) Based on my medical education, training, and professional experience, as well as my review of Ms. Brooks' medical records, it is my professional opinion that the non-physician staff of TRMC who treated Ms. Brooks at TRMC from January 28, 2016 to February 12, 2016, met the applicable standard of care. There is nothing in the medical records that indicates that any of the nurses or non-physician staff at TRMC violated the applicable standard of care. [SUMF No. 22].

As to Plaintiffs' allegation Defendant TRMC "was negligent in granting staffing privileges to Richard Fightlin, M.D," Dr. Leeson found nothing in the applicable policies and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRMC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

procedures to support Plaintiffs' allegations. Based upon Dr. Leeson's review of the documents, TRMC did not violate the standard of care by providing privileges to Dr. Fightlin. [SUMF No. 28]

Defendant 's expert opinions are sufficient to shift the burden of proof under Code of Civ. Proc. §437c(o)(1) and require Plaintiffs to provide competent expert testimony to the contrary. If Plaintiffs fail to provide such contrary expert testimony, summary judgment must be granted in favor of Defendant because it will be undisputed that Defendant TRMC met the applicable standard of care. In the absence of contrary evidence, Plaintiff is unable to prove a breach of duty by Defendant, and his cause of action for medical negligence fails as a matter of law.

> ### 2. It is Undisputed that No Act or Omission by the Nurses or Non-Physician Staff was a Substantial Factor in Causing Plaintiff's Alleged Harm.

In this case, Plaintiffs must not only prove that Defendant TRMC breached the standard of care, but Plaintiff must also prove that TRMC's breach of the standard of care was a substantial factor in causing Plaintiff's harm. (*Mayes v. Bryan* (2006) 139 Cal.App. 4th 1075, 1093; CACI VF-500 at ¶ 2.) Causation is proven when a plaintiff produces sufficient evidence to allow the jury to infer that in the absence of the defendant's negligence, there was a reasonable medical probability Plaintiff would have obtained a better result. (*Id.*)

To establish causation in a medical malpractice case, an expert's opinion must establish more than a 50% connection between the alleged breach of the standard of care and Plaintiff's harm. (*Williams v. Wraxall* (1995) 33 Cal.App.4th 120, 123.) The law is settled that causation must be proven within a reasonable medical probability based on competent expert testimony. (*Bromme v. Pavitt* (1992) 5 Cal.App.4th 1487, 1489.) The courts have fashioned the critical distinction between a "medical probability" (the correct standard) and a "medical possibility" (an incorrect standard.) (*Simmons v. West Covina* (1989) 212 Cal.App.3d 696, 702.) A possible cause only becomes probable when, in the absence of other reasonable causal explanations, it is more likely than not that plaintiff's injury was a result of the action. (*Jones v. Ortho Pharmaceutical Corporation* (1985) 163 Cal.App.3d 396, 403.)

Based on his education, training and professional experience, coupled with his review and professional analysis of Plaintiff's pertinent medical records and imaging studies, Dr. Comiter is qualified to render expert opinions as to whether any act or omission on the part of the nurses or non-physician staff of TRMC was a substantial factor in causing Plaintiff's alleged harm. [SUMF No. 3.] In his Declaration, Dr. Comiter has rendered the following opinion:

> (a) It is also my medical expert opinion that nothing the nurses and non-physician staff of TRMC did in this case, or failed to do, was a substantial factor in causing the injuries that Plaintiff alleges. [SUMF No. 21.]

Based on her education, training and professional experience, coupled with her review and professional analysis of Plaintiff's pertinent medical records and imaging studies, Nurse Pitts is qualified to render expert opinions as to whether any act or omission on the part of the nurses or non-physician staff of TRMC was a substantial factor in causing Plaintiff's alleged harm. [SUMF No. 4.] In her Declaration, Nurse Pitts has rendered the following opinion:

> (b) It is also my medical expert opinion that nothing the nurses and non-physician staff of TRMC did in this case, or failed to do, was a substantial factor in causing the injuries that Plaintiff alleges. [SUMF No. 23.]

Dr. Comiter's and Nurse Pitts' expert Declarations establishes the lack of a causal connection between the care provided by the nurses and non-physician staff of TRMC and Plaintiff's alleged harm. These undisputed material facts warrant the granting of TRMC's motion for summary judgment because Plaintiff must prove the essential element of causation to prevail in this action. She is unable to do so.

**3.     Plaintiff Steven Brooks' Cause of Action for Negligent Infliction of Emotional Distress is Without Merit.**

The claim in the Complaint for NIED is based upon a theory of liability to bystanders. Plaintiffs in California may recover under a bystander theory of tort liability for negligent infliction of emotional distress relating the injury or death of close family member. (*Thing v. La Chusa* (1989) 48 Cal.3d 644) "In the absence of physical injury or impact to the Plaintiff himself, damages for emotional distress should be recoverable only if the Plaintiff: (1) is closely

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRMC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

1  related to the injury victim, (2) is present at the scene of the injury-producing event at the time it

2  occurs and is then aware that <u>it is causing injury</u> to the victim and, (3) as a result suffers

3  emotional distress beyond that which would be anticipated in a disinterested witness." (*Id.* at

4  647) NIED does not exist as an independent tort. (See, generally, *Spinks v. Equity Residential*

5  *Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1044-145, citing *Potter v. Firestone Tire*

6  *& Rubber Co.* (1993) 6 Cal.4th 965, 984) It is simply negligence. (*Id.* a 1045)

7  　　　As indicated above, Dr. Comiter and Nurse Pitts have opined that TRMC met the

8  applicable standard of care. To the extent Plaintiffs fail to provide any testimony indicating that

9  the care and treatment witnessed by the Plaintiffs (or the lack of treatment, which was witnessed)

10  breached the standard of care, then Plaintiffs' cause of action for NIED fails.

11  　　　　　　　IV.　　**CONCLUSION**

12  　　　Defendant's Separate Statement of Undisputed Material Facts and Defendant's Statement

13  of Evidence, including the exhibits thereto, establish that Defendant met the standard of care in

14  all respects as to any and all aspects of the care provided to Plaintiff Lori Brooks. In addition,

15  Defendant's Separate Statement of Undisputed Material Fact's and Defendant's Statement of

16  Evidence, including the exhibits thereto, establish that nothing defendant did or failed to do was

17  a substantial factor causing injury in this case. Accordingly, Defendant is entitled to summary

18  judgment in its favor as a matter of law as to Plaintiff's Complaint. For these reasons, Defendant

19  TRMC respectfully requests that this Court grant his Motion for Summary Judgment and enter

20  Judgment in his favor and against Plaintiffs.

21  Dated: June 22, 2017　　　　　　　　WEISS · SALINAS LAW GROUP, INC.

22

23

24  　　　　　　　　　By　_____
　　　　　　　　　　　　Richard S. Salinas

25  　　　　　　　　　　　　Stacy R. Lucas
　　　　　　　　　　　　Attorneys for Defendant

26  　　　　　　　　　　　　TULARE LOCAL HEALTH CARE
　　　　　　　　　　　　DISTRICT dba TULARE REGIONAL

27  108464/1002.0096　　　　　　　　　　MEDICAL CENTER

28

PROOF OF SERVICE
CCP §§ 1011, 1013, 1013a, 2015.5
FRCP 5(b)

STATE OF CALIFORNIA, COUNTY OF FRESNO

    I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 7108 North Fresno Street, Suite 250, Fresno, California 93720.

    On **June 30, 2017,** I served the document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TULARE REGIONAL MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION BY** on the interested party(ies) in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ BY MAIL:    ☐ I deposited such envelope in the mail at Fresno, California. The envelope was mailed with postage thereon fully prepaid.

            ☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX TRANSMISSION:** I faxed the document(s) to the person(s) at the fax number(s) shown above. The telephone number of the sending facsimile machine was (559) 438-8363. No error was reported by the fax machine that I used.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope to the offices of the addressee.

☐ **BY ELECTRONIC SERVICE:** I transmitted electronically by email the above-referenced document to the addressee(s) at the email address shown above.

☐ **BY OVERNIGHT COURIER:** I enclosed said document in an envelope or package addressed to the person at the address shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document to a courier or driver authorized by the overnight service carrier to receive documents.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **June 30, 2017,** at Fresno, California.

          <u>JOLENE DEL RIO</u>

                                      Signature

1

PROOF OF SERVICE – Brooks v. TRMC

1

2

# SERVICE LIST

3 Daniel R. Baradat, Esq.
Baradat & Paboojian, Inc.
*Attorneys for Plaintiffs*

720 W. Alluvial Ave.
4 Fresno, CA 93711

5

6 Alexander N. Newsum
McCormick Barstow LLP
*Attorneys for Defendant: Richard Fightlin, M.D.*

7647 N. Fresno St.
7 Fresno, CA 93720

8 William M. White, Esq.
Kristi M. Costa, Esq.
*Attorneys for Defendant: Arthur Wong, M.D.*

9 White | Canepa LLP
7690 N. Palm Ave., Ste. 105
10 Fresno, CA 93711

11

103302/1002.0092
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

OCT 13 2017

STEPHANIE CAMERON, CLERK
BY: _____

1   DANIEL R. BARADAT, #068651
    Baradat & Paboojian, Inc.
2   720 West Alluvial Avenue
    Fresno, California 93711-5705
3   Telephone: (559) 431-5366
    Facsimile: (559) 431-1702
4
5   Attorneys for Plaintiffs, LORI M. BROOKS and STEVEN BROOKS
6
7
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    IN AND FOR THE COUNTY OF TULARE
9
10  LORI M. BROOKS and STEVEN BROOKS,        )   CASE NO.   VCU266862
                                             )
11                  Plaintiffs,              )   **PLAINTIFFS' NON-OPPOSITION TO
                                             )   DEFENDANT, TULARE LOCAL HEALTH
12  v.                                       )   CARE DISTRICT dba TULARE REGIONAL
                                             )   MEDICAL CENTER'S MOTION FOR
13                                           )   SUMMARY JUDGMENT OR, IN THE
    TULARE LOCAL HEALTH CARE DISTRICT        )   ALTERNATIVE, SUMMARY
14  dba TULARE REGIONAL MEDICAL CENTER;      )   ADJUDICATION**
    RICHARD FIGHTLIN, M.D.; ARTHUR WONG,     )
15  M.D.; and DOES 1 to 10, inclusive,       )   <u>Hearing:</u>
                                             )   Date  : October 26, 2017
16                  Defendants.              )   Time  : 8:30 a.m.
                                             )   Dept. : 2
17                                           )
18  _____     **TRIAL DATE: June 18, 2018**
19          COME NOW, Plaintiffs, LORI M. BROOKS and STEVEN BROOKS, who, in exchange for a
20  waiver of costs, do not oppose Defendant, TULARE LOCAL HEALTH CARE DISTRICT dba
21  TULARE REGIONAL MEDICAL CENTER'S Motion for Summary Judgment scheduled for hearing
22  on October 26, 2017.
23
24  DATED: <u>October 11, 2017</u>
25                                              BARADAT & PABOOJIAN, INC.
26                                          By: _____
27                                              DANIEL R. BARADAT
                                                Attorney for Plaintiffs,
28                                              LORI M. BROOKS and
                                                STEVEN BROOKS

1

<u>PROOF OF SERVICE</u>

2

3       My business address is 720 W. Alluvial Avenue, Fresno, California 93711. I am
employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

4

5       On the date indicated below, I served the foregoing document(s) described as
**PLAINTIFFS' NON-OPPOSITION TO DEFENDANT, TULARE LOCAL HEALTH CARE
6       DISTRICT dba TULARE REGIONAL MEDICAL CENTER'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** on all interested
7       parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

8       Richard S. Salinas                              Attorneys for Defendant, TULARE LOCAL
WEISS SALINAS LAW GROUP, INC.                   HEALTH CARE DISTRICT dba TULARE
9       7108 North Fresno Street, Suite 250             REGIONAL MEDICAL CENTER
Fresno, California 93720
10      Telephone: (559) 438-2080
Facsimile: (559) 438-8363
11

12      Jerry D. Casheros
McCORMICK, BARSTOW, SHEPPARD WAYTE &            Attorney for Defendant,
13      CARRUTH, LLP                                    RICHARD FIGHTLIN, M.D.
7647 North Fresno Street
14      Fresno, California 93720
Telephone: (559) 433-1300
15      Facsimile: (559) 433-2300
16

17

18      __XX__   (BY MAIL)   I am readily familiar with the business' practice for collection and
processing of correspondence for mailing, and that correspondence, with postage thereon
19      fully prepaid, will be deposited with the United States Postal Service on the date noted
below in the ordinary course of business, at Fresno, California.
20

21      __XX__   (BY FACSIMILE) I transmitted such document(s) to the addressee(s) at the facsimile
number(s) listed above.
22

23      EXECUTED ON October 11, 2017, at Fresno, California.

24      __XX__   (STATE) I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.
25

26

27                                      Heather Raymond

28

---

PLAINTIFFS' NON-OPPOSITION TO DEFENDANT, TULARE LOCAL HEALTH CARE DISTRICT dba TULARE REGIONAL
MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION
2