5

Michael L. Farley, SBN 76368
Donald L. Mabry, SBN 187750
dmabry@farleylawfirm.com
FARLEY LAW FIRM
108 West Center Avenue
Visalia, California 93291

Telephone: (559) 738-5975
Facsimile: (559) 732-2305

Attorneys for Plaintiff (Movant),
REBECCA ZULIM, M.D.

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | Case No. 17-13797<br><br>DCN: DLM-2<br><br>Chapter 9<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>[And Supporting Declaration]<br><br>Date: April 12, 2018<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street, 5th Floor<br>    Fresno, CA 93721<br>Courtroom: 13<br>Department: B<br>Judge: Hon. René Lastreto II |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Under 11 U.S.C. § 362(d)(1), Rebecca Zulim, M.D. ("Movant") seeks relief from the automatic stay entered in the above-captioned bankruptcy case to allow Movant to commence and prosecute a legal action in the California state courts against Tulare Local Healthcare District dba

---

Tulare Regional Medical Center ("Debtor"), and others, arising out of alleged retaliatory conduct by Debtor, and others, in violation of "Whistleblower" protections under California Health & Safety Code § 1278.5.

As set forth herein, good cause exists for relief from the automatic stay because any recovery from Debtor based on Movant's Whistleblower and related claims will be from Debtor's insurance, BETA Healthcare Group Risk Management Authority. Movant will not look to Debtor's property or bankruptcy estate for such recovery. Accordingly, granting Movant relief from the automatic stay will not interfere with the bankruptcy case or prejudice creditors, and, further, will promote judicial economy in having Movant's claims against Debtor litigated in a non-bankruptcy forum.

## JURISDICTION

1. Jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408 and the Federal Rules of Bankruptcy Procedure ("F.R.B.P") 5005(a). The District Court for the Eastern District of California has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and under General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). This motion for relief from the automatic stay is a "contested matter" under F.R.B.P. Rule 9014, and it is made pursuant to 11 U.S.C. § 362(d)(1), Local Bankruptcy Rule ("LBR") 4001-1, and LBR 9014-1.

## FACTUAL GROUNDS

2. Debtor filed a voluntary petition under Chapter 9 of Title 11, U.S.C., Case Number 17-13797, in the Eastern District of California, on September 30, 2017, and thereafter an automatic stay was issued.

3. Movant is a California-licensed, Board-certified surgeon who performed regular surgeries at Debtor's facility in Tulare, California, where she enjoyed full medical staff privileges from approximately November 2013 to November 2016. Movant alleges claims against Debtor, and others, arising out of circumstances in which she was effectively suspended by Debtor in retaliation for cooperating with California officials investigating Debtor's patient care policies

FARLEY LAW FIRM
108 WEST CENTER AVENUE
VISALIA, CA 93291

and procedures, a protected activity under California Health & Safety Code § 1278.5 (a "Whistleblower" statute). Movant also alleges denial of due process by Debtor, and others, because her effective suspension occurred without the physician peer review process required by Debtor's Bylaws.

4. Movant submitted a written complaint to the California Department of Fair Employment and Housing ("DFEH") alleging claims for retaliation and discrimination against Debtor, and others. On or about October 31, 2017, Movant received a written "Notice of Case Closure and Right to Sue" letter from the DFEH. Having exhausted her administrative remedies, Movant desires to pursue a legal action against Debtor, and others, to vindicate her rights. Movant seeks relief from the automatic stay entered in the above-captioned bankruptcy case to allow her to pursue her claims against Debtor, and others, in the California state courts to obtain full relief.

5. Pursuant to California Government Code § 6500 et seq., and § 900 et seq., BETA Healthcare Group Risk Management Authority administers risk-sharing pools under a joint powers agreement. Debtor is a Member of this risk-sharing pool with a $10,000,000 limit of liability. Evidence of this coverage is maintained by BETA HealthCare Group.

6. Movant will look only to Debtor's insurance concerning any recovery made on her claims against Debtor. Movant will not look to Debtor's property or bankruptcy estate for such recovery.

## LEGAL GROUNDS

7. Movant is a "creditor" because she "has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

8. The Bankruptcy Code, 11 U.S.C. § 362(d)(1), states in relevant part: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or

conditioning such stay . . . for *cause* . . . ." *Id.* (Emphasis supplied). What constitutes "cause" for relief from the stay is not defined in the Bankruptcy Code and is determined on a case-by-case basis. *In re Fernstrom Storage and Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991); *In re MacDonald,* 755 F.2d 715, 717 (9th Cir. 1985); *In re Universal Life Church, Inc.,* 127 BR 453, 455 (BC ED CA 1991).

9. The moving party is only required to make a *prima facie* case for relief from the bankruptcy stay, and the burden then shifts to the debtor to overcome that showing. 11 U.S.C. § 362(g)(2); *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1285 (2nd Cir. 1990). Courts look to several factors to determine if "cause" exists for relief from the stay:

> Whether the relief will result in a complete or only a partial resolution of the issues;
> The degree of connection or interference with the bankruptcy case;
> Whether the case involves the debtor as a fiduciary;
> Whether the case is before a specialized tribunal with necessary expertise to determine the issues;
> Whether the debtor's defense and potential liability is covered by insurance;
> Whether the action involves primarily third parties;
> Whether the case would prejudice other creditors' interests;
> Whether a resulting judgment would be subject to equitable subordination;
> Whether a resulting judgment would result in a judicial lien avoidable by the debtor;
> The interests of judicial economy and the expeditious and economical resolution of litigation;
> Whether the parties are ready for trial; and
> The impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc., supra,* at 1286; *In re Hakim,* 212 BR 632, 639-640 (BC ND CA 1997). In weighing these factors, courts only consider those that are relevant to the circumstances of the case at hand and factors are not weighed evenly. *In re Mezzeo* 167 F.3d 139, 143 (2nd Cir. 1999).

10. When the automatic stay is applied to litigation in which debtor has insurance covering the claim, several of these factors weigh strongly in favor of granting the movant relief from the stay—foremost, that the debtor's potential liability is covered by insurance. However, other factors associated with the existence of insurance also weigh in favor of lifting the stay, including the lack of prejudice to creditors due to the potential recovery being paid by insurance, and the lack of connection to or interference with the bankruptcy case. Judicial economy is also

fostered when a creditor's claims will be litigated in a non-bankruptcy forum.

11. For the foregoing reasons, good cause exists for relief from the automatic stay. Movant seeks recovery only from Debtor's insurance to satisfy her claims against Debtor and the courts have consistently found good cause for relief from the stay under those circumstances. Further, litigation of Movant's claims in a California state court action against Debtor will not affect or impair any of Debtor's property necessary for Debtor's debt adjustment, if any, in the bankruptcy proceeding.

WHEREFORE, Movant respectfully prays as follows:

A. For an order granting relief from the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)(1) to allow Movant to commence and prosecute the California state court action described above against Debtor, and others;

B. For an order that the 14-day stay described in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived; and

C. For such other and further relief as the Court deems just and proper.

DATED: March 13, 2018

FARLEY LAW FIRM

By _____
Donald L. Mabry
Attorneys for Plaintiff (Movant),
REBECCA ZULIM, M.D.