WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:  (559) 435-9800
Facsimile:  (559) 435-9868
E-mail:  rileywalter@w2lg.com
         dbethel@w2lg.com

Attorneys for Tulare Local Healthcare District, dba
Tulare Regional Medical Center

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #:  94-6002897<br>Address:   869 N. Cherry Street<br>           Tulare, CA 93274 | CASE NO.  17-13797<br><br>DC No.:  DLM-2<br><br>Chapter 9<br><br>Date:   April 12, 2018<br>Time:   9:30 a.m.<br>Place:  2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13<br>        Dept. B, Fifth Floor<br>Judge:  Honorable René Lastreto II |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(REBECCA ZULIM, M.D.)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:  TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER ("TRMC") respectfully comes before the Court in opposition to the Motion filed by Rebecca Zulim, M.D. ("Movant") requesting relief from the automatic stay ("Motion") as follows:

///

# I. BACKGROUND

TRMC is a public local healthcare district organized under the Local Hospital District Law set forth in California's Health and Safety Code. As part of its business operations, TRMC operates several facilities, including a general acute hospital facility. Movant is a surgeon who performed surgeries at TRMC's hospital facility where she enjoyed medical staff privileges until November 2016.

TRMC filed its Chapter 9 case on September 30, 2017 (the "Petition Date"). On that date the automatic stay went into effect pursuant to 11 U.S.C. §§ 362 and 922. Movant was given notice of the Chapter 9 filing and the automatic stay[1].

On October 31, 2017, <u>in knowing and intentional violation of the automatic stay</u>, Movant filed a complaint of discrimination with the California Department of Fair Employment and Housing (the "DFEH") pursuant to Government Code section 12900 *et seq*. requesting authorization to file a discrimination lawsuit against TRMC. As a result, the DFEH opened Matter No. 970716-321482 naming Movant as Complainant and TRMC as Respondent. On October 31, 2017 the DFEH issued a Notice of Case Closure and Right to Sue. TRMC's Chapter 9 Counsel, Walter Wilhelm Law Group, was not given notice of either the DFEH complaint of discrimination or the Notice of Case Closure until February 1, 2018, when Movant attached them as exhibits to her initial Motion for Relief from Automatic Stay (Docket Control No. DLM-1). See PACER, Docket No. 395. This initial motion (DLM-1) was denied without prejudice on March 1, 2018.

---

[1] Wide notice of TRMC's bankruptcy filing was given. On October 9, 2017 and October 10, 2017, Movant's attorney of record (Pollara Law Group) in the civil matter titled *Griesbach v. Tulare Regional Medical Center*, Tulare County Superior Court Case No. VCU270010 was given notice by electronic mail and U.S. Postal Service, respectively. Additionally, Movant and her known attorneys (including Pollara Law Group, attorneys for Movant in the *Griesbach* matter, and Levinson Arshonsky & Kirtz, attorneys for Movant in the civil matter styled *Kumar v. Betre*, Tulare County Superior Court Case No. VCU265230) were included in the List of Creditors which was filed with the Court (and subsequently amended) on October 27, 2017.

Movant violated the automatic stay by filing the above described discrimination complaint. The DFEH Matter was opened as a result of Movant's violation and was subsequently closed. Therefore, there is no pending litigation between TRMC and Movant. Rather, Movant asserts a pre-petition claim against TRMC and wishes to commence litigation thereon in another forum. Movant now seeks relief from the automatic stay to commence litigation against TRMC in the Tulare County Superior Court.

## II. ARGUMENT

Movant has acted in violation of the stay and should not be rewarded for doing so. Further, Movant is not entitled to the relief requested because she has not established that "cause" exists to modify, lift, or terminate the automatic stay. Last, the proper course of action for liquidation of Movant's disputed claim is through the bankruptcy claims process.

A. **Movant Violated the Automatic Stay By Filing The Discrimination Complaint with the DFEH**

The automatic stay provision found at 11 U.S.C. § 362 is made applicable to Chapter 9 cases by way of 11 U.S.C. § 922. The automatic stay "operates as a stay, applicable to all entities, of …the commencement or continuation … against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

The stay is effective automatically and immediately upon the filing of a bankruptcy petition and neither formal service of process or even notice need be given in order to subject a party to the stay. 3 COLLIER ON BANKRUPTCY ¶ 362.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

TRMC filed its Chapter 9 Petition on September 30, 2017 at which time the automatic stay went into effect. Wide notice of TRMC's bankruptcy filing was given, including notice by electronic mail and U.S. Postal Service to all attorneys involved in litigation matters involving TRMC. See n.1. On October 31, 2017, after the Petition Date and in disregard for the automatic stay, Movant filed a written complaint with the DFEH (the "Discrimination Complaint") alleging clams for retaliation and discrimination against TRMC. See Movant's Motion, Docket No. 450, 3:5-7 and Exhibits to Declaration of Donald L. Mabry, Docket No. 454. The claims addressed in Movant's Discrimination Complaint arose prior to the Petition Date. See Creditor's Motion for Relief from Stay at 3:21-22.

Further, the automatic stay encompasses the DFEH Matter. The stay provision of subsection (a)(1) is drafted so broadly that it encompasses all types of legal proceedings, subject only to the exceptions provided in section 362(b). <u>3 COLLIER, ¶ 362.03[3]</u>. None of the exceptions listed at section 362(b) apply.

**B.     The DFEH Matter and The Right-To-Sue Letter Are Therefore Void**

Violations of the automatic stay are void, not voidable. <u>Schwartz v. United States (In re Schwartz)</u>, 954 F.2d 569, 571 (9th Cir. 1992); see also <u>Gruntz v. County of Los Angeles (In re Gruntz)</u>, 202 F.3d 1074, 1082 (9th Cir. 2000)(en banc). The filing of the Discrimination Complaint caused the DFEH to open Matter No. 970716-321482 naming Movant as Complainant and TRMC Respondent (the "DFEH Matter"). On October 31, 2017 the DFEH issued a Notice of Case Closure and Right to Sue ("Right to Sue Notice"). Because the DFEH Matter and the Right to Sue Notice were issued in violation of the automatic stay they are void.

///

///

### C. Movant Has Not Met The Burden Required to Establish That "Cause" Exists Under 11 U.S.C. § 362(d)(1)

Movant has not established that "cause" exists. Movant's Motion fails to set forth any authority supporting her contention that the "Curtis" factors are applicable here. Even if the "Curtis" factors were to apply, *in arguendo*, Movant fails to meaningfully discuss them, except to conclude without authority or evidence that because TRMC has insurance coverage several factors weigh strongly in favor of granting relief. See Creditor's Motion for Relief from Stay at 4:24-26. In fact, as discussed more fully *infra*, the nature of TRMC's insurance coverage actually weighs against granting relief because of the large deductible required.

#### 1. "Cause" - Generally

The automatic stay can be lifted for "cause". 11 U.S.C. § 362(d) provides for circumstances under which this Court may terminate, annul, modify, or condition the automatic stay. 11 U.S.C. § 362(d)(1) provides:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> …"

The Bankruptcy Code does not define what constitutes "cause." Rather, "cause is determined on a case-by-case basis." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re Conejo Enters, Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). The Court has broad discretion in determining whether "cause" exists to lift the stay. *In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564, 566 (B.A.P. 9th Cir. 1995). Further, the circumstances of the case should be viewed as a whole in making such a determination. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).

### 2. Burden of Proof

Relief from stay must be granted upon a showing of cause for relief. Vol. 3 Collier on Bankruptcy ¶362.07[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Once the moving party establishes that a prima facie case that "cause" exists for stay relief, "the burden shifts to the debtor to show that relief from the stay is unwarranted." *See in re Plumberex Specialty Prods, Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004).

### 3. There is No "Existing Proceeding"

Movant cites to the "Curtis" factors[2] in arguing that "cause" exists to lift the stay. In the Ninth Circuit, the "Curtis" factors are the appropriate, non-exclusive factors to consider in deciding whether to grant relief from the automatic stay to allow <u>pending litigation</u> to <u>continue</u> in another forum. <u>In re Kroneymyer</u>, 405 B.R. 915, 921 (9th Cir. 2009), 2009 Bankr. LEXIS 1317 at **12. However, the facts here do not support application of the "Curtis" factors, because there is no existing proceeding to which these factors can be applied (*i.e.*, nothing exists to "continue.").

This issue was addressed in <u>Kronemyer</u> where the debtor incurred surcharge obligations resulting from a state guardianship proceeding. The debtor filed for bankruptcy protection and the surety company, who issued bonds to the debtor in his capacity as estate guardian, moved for relief from stay to allow the guardianship proceeding to move forward in the state court forum. In determining whether "cause" existed to lift the stay, the court specifically addressed whether or not the guardianship proceeding "constituted an existing proceeding for purposes of the motion" despite the fact that it had had not been initiated by the surety. The court found that the

---

[2] Movant actually cites to <u>In re Sonnax Industries, Inc.</u>, 907 F.2d 1280, which incorporates the factors catalogued by <u>In re Curtis</u>, 40 Banrk. 795 (Bankr. D. Utah 1984).

guardianship proceedings did constitute an existing proceeding based on the fact that the surety had a "right to participate in the Surcharge Request." Id. at **13.

Here, unlike Kronemyer, there is no existing proceeding in which Movant has a right to participate. The DFEH Matter is not an existing proceeding because (1) it is void as the result of an act in intentional and knowing violation of the automatic stay as discussed *supra*; and (2) it was closed by the DFEH on October 31, 2018. See Exhibit A to Declaration of Donald L. Mabry in Support of Movant's Motion, Docket No. 454, page 5. Therefore the legal standards set forth in Movant's request do not apply and, consequently, Movant has not met her burden to establish that "cause" exists.

4. **Application of The "Curtis" Factors Weighs in Favor of TRMC**

Even if the "Curtis" factors were to apply here, *in arguendo*, they do not weigh in favor of Movant and therefore Movant has not established "cause." A discussion of the relevant "Curtis" factors is as follows:

a) **Granting Relief Will Not Result in Judicial Expediency Because The Matter is Not "Ready for Prompt Determination"**

There is no existing proceeding and therefore no forum is more expeditious than this Court. Among the factors appropriate to consider in determining whether relief from the automatic stay should be granted are considerations of judicial economy. Id. In considering this, the court in Kronemyer found that the existing proceeding was "ready for prompt determination," and judicial expediency was therefore served by granting relief. This factor underscores the importance of an existing proceeding in application of "Curtis." Movant's claim is nowhere near ready for prompt determination because there is no existing lawsuit. In fact, because Movant's attempt to comply with Cal. Gov't. Code § 12960 was an act in violation of the automatic stay and therefore void *ab*

*initio*, as discussed *supra*, Movant is not even authorized to file a civil matter on her underlying claim.

### b) The Parties Are Not Ready For Trial

Again, because there is no existing proceeding the parties are nowhere near ready for trial. Moreover, because Movant has not complied with Cal. Gov't. Code § 12960 (because the Right-to-Sue Notice is void due to Movant's stay violation, discussed *supra*), Movant is not even authorized to file a lawsuit for discrimination at present. Thus, even if relief is granted, Movant would have enormous ground to cover just to get her claims to the trial phase. This could potentially take years.

### c) TRMC's Insurance Coverage Would Not Completely Satisfy All Claims

Movant states, without citing any authority, that "[w]hen the automatic stay is applied to litigation in which the debtor has insurance covering the claim, several of these factors weigh strongly in favor of granting the movant relief from the stay – foremost, that the debtor's potential liability is covered by insurance." See Movant's Motion, Docket No. 450, 4:24-26. Although Movant offers evidence that TRMC is insured, no evidence is offered which would establish that TRMC's insurance coverage is sufficient to satisfy all creditors with claims that may be paid under the policy. See 3 COLLIER ON BANKRUPTCY ¶ 362.07[3][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

In fact, TRMC's insurance coverage is subject to a large per-claim deductible. Accordingly, should Movant successfully litigate her claim against TRMC in state court and obtain an award, TRMC would be required to pay a deductible of $100,000 representing the initial portion of such an award thereby depleting assets that would otherwise be available to satisfy general, unsecured claims.

### d) Connection / Interference With The Bankruptcy Case

Liquidation of Movant's claim is connected to TRMC's bankruptcy case. TRMC initiated this Chapter 9 case for the purpose of adjustment and subsequent payment of pre-petition claims such as Movant's. Further, requiring TRMC to participate in ongoing state court litigation, potentially over the next several years, would impact TRMC's resources and therefore interfere with the bankruptcy case. Movant should simply file a proof of claim and get in line with all other prepetition, general, unsecured creditors.

### e) Impact of the Stay and Balance of the Harms

A balancing of harms does not weigh in favor of Movant. Granting the relief requested would reward Movant's stay violation, defeating the underlying policy of the automatic stay itself, while prejudicing other creditors through the depletion of assets available for distribution in light of the large insurance policy deductible. Further, granting relief would work against the principals of judicial economy by requiring litigation "from the ground up" of Movant's claim, when the existing claims process is sufficient to accomplish liquidation, at a lower cost and much more quickly.

### D. The Validity and Amount of Movant's Claim is Properly Decided by the Bankruptcy Court and Not By Granting Relief from Stay

Stay relief is not necessary or appropriate because Movant's claim can and should be liquidated through the claims process. As touched on above, the validity and amount of Movant's claim is properly decided by the Bankruptcy Court. 11 U.S.C. §§ 502, *et seq.*, and 901.

Movant asserts claims for, *inter alia*, discrimination, interference with contract, and interference with prospective business advantage. See Exhibits to Declaration of Donald L. Mabry in Support of Motion, Docket No. 454. Movant's Motion states that Movant "...has a claim ... that arose at the time or before the order for relief ... ."

Accordingly, it is clear that Movant asserts a general, unsecured claim which arose prior to the Petition Date. Further, the Bankruptcy Court has jurisdiction over this claim under 28 U.S.C. §§ 1334 and 157(b), and has set a general claims bar date. Movant and her attorneys were given notice of the Claims Bar Date. See Proof of Service of 371 (Notice of Claims Bar Date), PACER, Docket No. 391. 11 U.S.C. § 502, *et seq.* sets forth the procedure for objections to claims. It therefore stands to reason that Movant's claim is properly liquidated through the claims process and not by granting relief from stay to put the Debtor to great expense and delay.

## III. CONCLUSION

Movant has failed establish a prima facie case that "cause" exists to grant relief from stay. The only authority stated by Movant deals with the continuation of existing proceedings. Here, there is no existing proceeding because (1) the DFEH Discrimination Complaint was filed in violation of the automatic stay and is therefore void; and (2) even if the DFEH Matter were not void it was closed on October 31, 2018. However, regardless of whether the Court finds an existing proceeding for purposes of the Motion, the applicable balancing test weighs in favor of TRMC, as detailed above. Judicial expediency is not served by granting relief because there is no existing proceeding and therefore no forum is more expeditious than this Court. Moreover, despite the existence of TRMC's insurance coverage, should relief be granted and should Movant be successful in litigating her claims against TRMC, the large per-claim deductible would result in depletion of assets that would otherwise be available for

///

///

///

///

distribution to creditors.  Rather, the proper venue for liquidating Movant's claim is the claims process which is statutorily built in to TRMC's bankruptcy case.  TRMC therefore respectfully requests that the Court enter an order denying Movant's Motion and seeks such other relief as is just and proper.

Dated: March 29, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _____
Danielle J. Bethel
Attorneys for the Debtor
Tulare Local Healthcare District, dba Tulare Regional Medical Center