**5**

Michael L. Farley, SBN 76368
Donald L. Mabry, SBN 187750
dmabry@farleylawfirm.com
FARLEY LAW FIRM
108 West Center Avenue
Visalia, California 93291

Telephone: (559) 738-5975
Facsimile: (559) 732-2305

Attorneys for Plaintiff (Movant),
REBECCA ZULIM, M.D.

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>            Debtor.<br><br>Tax ID #:   94-6002897<br>Address:    869 N. Cherry Street<br>                Tulare, CA 93274 | Case No. 17-13797<br><br>DCN: DLM-2<br><br>Chapter 9<br><br>**REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>Date: April 12, 2018<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street, 5th Floor<br>         Fresno, CA 93721<br>Courtroom: 13<br>Department: B<br>Judge: Hon. René Lastreto II |

## INTRODUCTION

TRMC ("Debtor") raises several arguments in opposition to the motion by Rebecca Zulim, M.D. ("Movant") for relief from the automatic stay. As discussed below, Debtor's arguments lack merit and Movant should be permitted to prosecute her state court action against Debtor, and others, arising out of alleged discriminatory and retaliatory conduct by Debtor, and

1　others, in violation of "Whistleblower" protections under California Health & Safety Code §

2　1278.5.

3　　　　　　　　　　　　　　**ARGUMENT**

4　**I.　　Movant may obtain retroactive *annulment* of the stay, which would allow her**

5　　　　　**to proceed with her state court action even if the DFEH complaint and right-**

6　　　　　**to-sue letter were initially void.**

7　　　　One of Debtor's central arguments is that the DFEH complaint was filed, and the right-to-

8　sue letter was obtained, in violation of the stay, and are therefore void (not just voidable). Debtor

9　asserts this should end the matter.

10　　　　However, Ninth Circuit authority is clear that the stay may be annulled retroactively,

11　thereby validating the acts and allowing them to remain in effect. 11 USC § 362(d); *In re Cruz*,

12　516 B.R. 594, 603 (9th Cir. 2014); *In re Schwartz*, 954 F.2d 569, 573 (9th Cir. 1992); *In re*

13　*National Environmental Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997).

14　　　　Here, there is good cause to retroactively annul the stay because contrary to the

15　impression Debtor leaves with the court, Debtor is just one of *several* respondents named in the

16　DFEH complaint. Regardless of how the bankruptcy court rules on this motion, Movant will be

17　proceeding with her state court action against at least the other respondents, none of which are

18　subject to this court's jurisdiction.

19

20　　　　The key question is whether the bankruptcy court is going to force Movant—as Debtor

21　would urge—to split her action and litigate her discrimination and Whistleblower claims against

22　Debtor in the bankruptcy proceeding and litigate the exact same claims against the other

23　respondents in a state court action? Contrary to Debtor's assertion, this makes no sense from a

24　judicial economy perspective.

25　　　　Moreover, it is anticipated that once Movant proceeds in state court against the other

26　respondents, one or more of them will seek to assert indemnification or contribution claims

27　against Debtor, and will in turn seek relief from the stay in the bankruptcy court for that purpose.

28　Movant sought relief from the bankruptcy court precisely because she desires to pursue complete

relief from *all* respondents in the same forum. Pursuing the action in state court against all respondents (including Debtor) will promote judicial economy, and, further, will eliminate the possibility of incomplete or inconsistent relief as between all concerned parties.

**II.        Contrary to Debtor's assertion, "pending litigation" is not a prerequisite for obtaining relief from the stay to proceed in a non-bankruptcy forum.**

*In re Kronemyer*, 405 B.R. 915 (9th Cir. 2009), relied upon by Debtor, does not stand for the broad proposition that relief from the stay requires pending litigation to apply the "*Curtis*" factors, and that case should be confined to its own facts.

To the contrary, Ninth Circuit case law is clear that relief from the stay is available not only as to claims pending in a non-bankruptcy forum, but also those that were expressly brought to the bankruptcy court's attention during the relief from stay proceedings. *In re Wardrobe*, 559 F.3d 932, 937 (9th Cir. 2009); see also, The Rutter Group California Practice Guide: *Bankruptcy* § 8:1145.1 (2017). As the court explained in *In re Wardrobe*:

> Limiting the relief available to a creditor to that which was currently alleged in a pending complaint *or specifically requested in the motion for relief* forces creditors to disclose the causes of action they intend to pursue and ensures that the bankruptcy court is fully apprised of the nature of the lawsuit so that the court can determine whether cause exists to grant relief from the stay. *See* 11 U.S.C. § 362(d)(1) (providing that "the court shall grant relief from the stay ... for cause"). This protects the debtor, and other creditors, from unforeseen causes of action that could result in non-dischargeable judgments and furthers the purpose of the automatic stay.

*Id.,* 559 F.3d at 936-937 (emphasis supplied).

Here, Movant apprises the bankruptcy court not only of the "nature of the lawsuit" she intends to pursue in state court against Debtor and others, but lays out in great detail the causes of action and factual bases of her claims in her DFEH complaint. [See Docket # 454; Exhibits to Declaration . . . In Support of Motion For Relief From Automatic Stay, pages 9-19]. Thus, Movant has satisfied the requirement in *In re Wardrobe*, and is entitled to relief from the stay.

Moreover, Debtor's argument fails because it ignores the practical reality that—as mentioned above—Movant will be proceeding in state court against at least the other respondents

1  irrespective of how the bankruptcy court rules on this motion. This is not a case, therefore, in

2  which the ability to proceed with a state court action at all hinges upon the bankruptcy court's

3  decision on the motion for relief from stay. Therefore, it makes sense for the court to apply the

4  *Curtis* factors substantively to Movant's request for relief from the stay.

5     **III.    The *Curtis* factors heavily favor allowing Movant's claims against Debtor to**

6           **be litigated in state court.**

7  Movant cites several *Curtis* factors that weigh in favor of relief from the stay. [See Docket

8  #450; Motion for Relief From Automatic Stay, paragraphs 9-10]. As noted therein, foremost is

9  that Debtor's potential liability is covered by insurance.

10  Contrary to Debtor's assertion, it is *not* Movant's burden to "establish that [Debtor's]

11  insurance coverage is sufficient to satisfy all creditors with claims that may be paid under the

12  policy." [Opposition, page 8:19-20]. A moving party is only required to make a *prima facie* case

13  for relief from the bankruptcy stay, and the burden then shifts to the debtor to overcome that

14  showing. 11 U.S.C. § 362(g)(2). Debtor concedes it has insurance, but has presented no evidence

15  to the court that the policy would be insufficient to cover Movant's claims. Moreover, Movant

16  would have no way of knowing how many claims against the policy have been made thus far, but

17  Debtor does know that. Yet, Debtor failed to present any evidence to the court on that issue.

18  

19  Debtor also raises the issue of its $100,000 insurance deductible as evidence that Debtor's

20  assets would be depleted if Movant successfully obtains a state court judgment against it. But this

21  is no real impediment to granting relief from the stay because, like other parties who have sought

22  relief from the stay to pursue Debtor's insurance, Movant is prepared to waive any right to

23  payment from Debtor in satisfaction of its deductible and agrees to be paid only from insurance

24  proceeds—as a condition for obtaining relief from the stay.

25  Debtor asserts that other *Curtis* factors favor denying relief from the stay, such as judicial

26  expediency, that the underlying matter is not ready for prompt determination or trial, and that it

27  will interfere with the bankruptcy case. These factors, however, actually *favor* granting relief

28  from the stay. The issue of judicial expediency was addressed above in that full and complete

relief between all parties concerned can be had only in a state court action. To keep Movant's claims in the bankruptcy court will result in splitting the action and risk incomplete or inconsistent relief.

Further, it is precisely *because* the matter is not ready for prompt determination or trial that the entire litigation should proceed in state court against all respondents named in Movant's DFEH complaint. State courts routinely manage litigation of this type and have the capacity to deal with them from their inception. Finally, it is difficult to fathom how litigating the entire matter in state court will interfere with the bankruptcy proceeding. The exact opposite is true.

## CONCLUSION

Movant has met her burden of establishing good cause for relief from the stay. By granting retroactive annulment of the stay as to Movant's claims, her discrimination and Whistleblower claims can proceed against *all* respondents (including Debtor) in a state court action. Contrary to Debtor's arguments in opposition, granting Movant's requested relief would have the *least* impact on the adjustment of Debtor's assets, the *least* impact on the bankruptcy proceeding itself, and would promote judicial economy the *most*.

DATED:  April 5, 2018

FARLEY LAW FIRM

By    Donald L. Mabry
Attorneys for Plaintiff (Movant),
REBECCA ZULIM, M.D.