4 pages
MICHAEL R. HOGUE, SBN 272083
**GREENBERG TAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
(415) 655-1300;
hoguem@gtlaw.com
*Attorneys for Creditor Medline Industries, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER<br><br>Debtor. | Case No. 17-13797<br><br>Chapter 9<br><br>MRH-1<br><br>**REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE AND ADMINISTRATIVE PROOF OF CLAIM**<br><br>Date:  May 17, 2018<br>Time:  9:30 a.m.<br>Place:  2500 Tulare Street, 5th Floor<br>          Courtroom 13<br>          Fresno, CA 94732 |

Medline Industries, Inc. ("Claimant"), by and through counsel of record, files this Request for Payment of an Administrative Expense and Administrative Proof of Claim (the "Administrative Request") against Tulare Local Healthcare District dba Tulare Regional Medical Center as debtor and debtor-in-possession (the "Debtor") pursuant to 11 U.S.C. § 503, made applicable in this Chapter 9 proceeding by 11 U.S.C. § 901.

I. **LEGAL STANDARD**

Section 503 provides in pertinent part that "(a) an entity may file a request for payment of an administrative expense and (b) after notice and a hearing, there shall be allowed

administrative expenses ... including (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503.

The claimant must show that the debt asserted to be an administrative expense "(1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *In re DAK Industries, Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995) (*quoting In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir. 1987)). The bankruptcy court has broad discretion to determine whether to grant such a claim. *See In re Dant & Russell, Inc.*, 853 F.2d 700, 706 (9th Cir. 1988).

A key purpose of the rule is to ensure that the benefit was provided to the postpetition estate, in contrast to the prepetition debtor. *In re Sports Shinko (Florida) Co., Ltd.*, 333 B.R. 483, 500 (Bankr. M.D.Fla. 2005) (HOA entitled to administrative expense where the association continued to perform certain services and maintain property as this constituted post-petition consideration); *In re Audre Inc.*, 59 Fed.Appx. 925, 927, No. 02-55535, 2003 WL 1459637, at *1 (9th Cir. 2003) (CEO entitled to administrative expense for running the day-to-day operations to the benefit of the debtor).

## II. ARGUMENT

Claimant is entitled to an order granting its Administrative Request and allowing its claim pursuant to 11 U.S.C. §§ 503(b)(1) and 503(b)(9). First, Claimant provided goods to the Debtor within 20 days of the Petition Date in the ordinary course of the Debtor's business, warranting allowance under Section 503(b)(9). *See* Claimant's Declaration; *see also* **Exhibit A**. Second, Claimant provided goods to Debtor after the Petition Date which are the actual, necessary costs and expenses of preserving the estate. *Id.*

After applying all credits to which the Debtor is entitled, Claimant is entitled to immediate payment of $49,914.83 (the "Administrative Claim"), which amount is entitled to administrative priority under 11 U.S.C. § 503(b) and which is entitled to the priority accorded

under that provision and under 11 U.S.C. § 507(a)(2) in the captioned bankruptcy proceeding, and which consists of the following specific amounts:

      A.      $49,345.73 for the Section 503(b)(9) Claim; and

      B.      $569.10 for the Section 503(b)(1) Claim.

Claimant expressly reserves all of the rights available to it as a reclaiming seller under various provisions of the Bankruptcy Code (including Section 546(c)) and applicable non-bankruptcy law. Further, because the Court has set April 10, 2018, as the last date to file Administrative Expense Requests in the Case, Claimant's Administrative Request is filed in conformity therewith and is timely.

Pursuant to, among other things, Section 503(a) of the Bankruptcy Code, Claimant hereby requests payment in the amount of $49,914.83 in payment of administrative expenses owed to Claimant. By filing this Administrative Request, Claimant seeks to hold the Debtor liable for the amounts set forth herein and requests immediate payment of such amounts. Claimant expressly reserves its right to be paid in accordance with Section 943(b)(5) of the Bankruptcy Code, as applicable to Debtor, and does not agree to a different treatment.[1]

///
///
///
///
///
///

---

[1] This Request for Payment of Administrative Expense is filed under compulsion of the applicable Bar Date established in the Case, and is filed to protect Claimant from forfeiture of the Administrative Claim identified herein. By executing and causing to be filed this Administrative Request, Claimant is not: (a) waiving or releasing Claimant's rights against any other entity or person liable for all or part of the Administrative Claim, or (b) electing one remedy which waives or otherwise affects any other remedy, or (c) deciding or electing to reject or accept any settlement proposal related to the treatment of reclamation claims. Further, Claimant expressly reserves the right to amend, modify, or supplement this Administrative Request at any time as permitted by the Court or the Bankruptcy Code.

### III. CONCLUSION

For the aforementioned reasons, Claimant respectfully requests the Court grant the instant Administrative Request and allow Claimant's claim in the amount of $49,914.83 as an administrative priority claim under 11 U.S.C. § 503(b).

GREENBERG TAURIG, LLP

By _____
Michael Hogue
*Attorneys for Creditor*
*Medline Industries, Inc.*