**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

| | |
|---|---|
| **Case Title:** Tulare Local Healthcare District | **Case No.:** 17-13797 - B - 9 |
| | **Docket Control No.** DLM-2 |
| | **Date:** 04/12/2018 |
| | **Time:** 9:30 AM |

**Matter:** [450] - Motion for Relief from Automatic Stay [DLM-2] Filed by Creditor Rebecca Zulim M.D. (Fee Paid $181) (eFilingID: 6239701) (svim)

**Judge: René Lastreto II**
**Courtroom Deputy: Debbie Chavez**
**Reporter: Electronic Record**
**Department: B**

---

**APPEARANCES for:**
**Movant(s):**
Creditor's Attorney - Donald L. Mabry
**Respondent(s):**
Debtor's Attorney - Danielle J. Bethel

---

**CIVIL MINUTES**

Motion Conditionally granted

The moving party shall submit a proposed order. Ms. Bethel to sign off on the order.

The motion was filed and served pursuant to Local Rule of Practice ("LBR") 9014-1(f)(1).

When a motion for relief from the automatic stay involves allowing the creditor to proceed or initiate non-bankruptcy court proceedings, a bankruptcy court must consider the "Curtis factors" in making its decision. In re Kronemyer, 405 B.R. 915, 921 (9th Cir. B.A.P. 2009). The relevant factors in this case include:

(1) whether the relief will result in a partial or complete resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;
(3) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
(4) whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
(5) the interests of judicial economy and the expeditious and economical determination of litigation for the parties;
(6) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
(7) the impact of the stay on the parties and the "balance of hurt"

Relief from the stay may result in complete resolution of the issues, but the lawsuit has not yet been filed, and obviously not progressed to the point where the parties are prepared for trial. The issues claimed by movant may be related to this bankruptcy. The movants, in their reply (docket #470) have stated that they are "prepared to waive any right to payment from debtor in satisfaction of its deductible and agrees to be paid only from insurance proceeds – as a condition for obtaining relief from the stay."

There have already been several other relief from stay motions granted in this case, which can be distinguished from this motion because the previously granted motions stemmed from legal proceedings that had already begun and/or the creditors agreed to not collect the amount of the deductible on debtor's insurance policy of any judgment they might receive. The claims and potential litigation at the heart of this motion may take years to resolve. Lastly, the "balance of hurt" weighs in favor of movant because denying this motion would mean movant would have to litigate in two separate courts when granting this motion would allow movant to litigate all claims against all parties in one court.

Based on other motions for relief from the automatic stay in this bankruptcy, the court CONDITIONALLY GRANTED this motion and limited it to the pursuit of litigation of the claim in state court provided there is insurance coverage.