David Krol, Esq. [SBN 213740]
Anne C. Manalili, Esq. [SBN 193483]
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-Mail:　　dkrol@laklawyers.com
　　　　　　amanalili@laklawyers.com

Attorneys for Subpoenaed Party / Creditor
LEVINSON ARSHONSKY & KURTZ, LLP

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　　　Debtor. | Case No. 17-13797<br><br>Chapter 9<br><br>WW-29<br><br>**OBJECTIONS OF SUBPOENAED PARTY LEVINSON ARSHONSKY & KURTZ, LLP TO DEBTOR'S SUBPOENA UNDER FED. R. CIV. P. 45**<br><br>Date:　May 11, 2018<br>Time:　10:00 a.m.<br>Place:　Walter Wilhem Law Group<br>　　　　　205 East Park Circle, Ste. 410<br>　　　　　Fresno, CA  93720 |

　　　　Creditor Levinson Arshonsky & Kurtz, LLP ("LAK"), pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, and without waiving any further objection and/or assertions of privilege to any specific documents when or if such documents are identified, hereby serves these written objections to Debtor's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case ("Subpoena"):

### **OBJECTIONS**

　　　　1.　　LAK objects to the Subpoena on the grounds and to the extent that the Subpoena violates Fed. R. Civ. P. 45(c), because it commands production of documents, electronically stored

1　information, or tangible things in Fresno, California, which is more than 100 miles away from
2　Sherman Oaks, California, where LAK regularly transacts business.

3　　2.　LAK objects to the Subpoena on the grounds and to the extent that LAK was not
4　provided with prior notice of the *Ex Parte* Application for an order authorizing an examination under
5　Fed. R. Bankr. P. 2004, and therefore had no opportunity to object to the issuance of the order.

6　　3.　LAK objects to the Subpoena on the ground and to the extent that it fails to allow a
7　reasonable time to comply.

8　　4.　LAK objects to the Subpoena on the grounds and to the extent that it subjects LAK to
9　an undue burden. The document requests are unreasonably overbroad, and in many respects LAK
10　can do no more than guess as to the documents which are being sought.

## **OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS**

12　　1.　LAK objects to Request for Production of Documents No. 1 on the grounds that the
13　documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
14　Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
15　(Cal. Evid. Code, § 952.)

16　　2.　LAK objects to Request for Production of Documents No. 2 on the grounds that the
17　documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
18　Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
19　(Cal. Evid. Code, § 952.)

20　　3.　LAK objects to Request for Production of Documents No. 3 on the grounds that the
21　documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
22　Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
23　(Cal. Evid. Code, § 952.)

24　　4.　LAK objects to Request for Production of Documents No. 4 on the grounds that the
25　documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
26　Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
27　(Cal. Evid. Code, § 952.)

28

LEVINSON ARSHONSKY & KURTZ, LLP

5. LAK objects to Request for Production of Documents No. 5 on the grounds that the terms "Germany" and "respecting the District" render this Request vague and ambiguous and require LAK to speculate as to what is being sought. LAK further objects to this Request on the grounds that the documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor. (Cal. Evid. Code, § 952.)

6. LAK objects to Request for Production of Documents No. 6 on the grounds that the terms "HCCA" and "respecting the District" render this Request vague and ambiguous and require LAK to speculate as to what is being sought. LAK further objects to this Request on the grounds that the documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor. (Cal. Evid. Code, § 952.)

7. LAK objects to Request for Production of Documents No. 7 on the grounds that the terms "Tulare Asset Management" and "respecting the District" render this Request vague and ambiguous and require LAK to speculate as to what is being sought. LAK further objects to this Request on the grounds that the documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor. (Cal. Evid. Code, § 952.)

8. LAK objects to Request for Production of Documents No. 8 on the grounds that the term "any current or former member of the Board of Directors of the District" is overbroad and vague as to time, and requires LAK to speculate as to who may fall within that category. LAK further objects to this request on the grounds that the documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor. (Cal. Evid. Code, § 952.)

9. LAK objects to Request for Production of Documents No. 9 on the grounds that the terms "the Medflow" and "respecting the District" render this Request vague and ambiguous and require LAK to speculate as to what is being sought. LAK further objects to this Request on the grounds that the documents requested are protected from disclosure under the attorney-client

1　privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed
2　services, not by Debtor. (Cal. Evid. Code, § 952.)

3　　　　10.　　LAK objects to Request for Production of Documents No. 10 on the grounds that the
4　terms "the Medflow PC" and "respecting the District" render this Request vague and ambiguous and
5　require LAK to speculate as to what is being sought.  LAK further objects to this Request on the
6　grounds that the documents requested are protected from disclosure under the attorney-client
7　privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed
8　services, not by Debtor. (Cal. Evid. Code, § 952.)

9　　　　11.　　LAK objects to Request for Production of Documents No. 11 on the grounds that the
10　terms "the Medflow PC" and "respecting the District" render this Request vague and ambiguous and
11　require LAK to speculate as to what is being sought.  LAK further objects to this Request on the
12　grounds that the documents requested are protected from disclosure under the attorney-client
13　privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed
14　services, not by Debtor. (Cal. Evid. Code, § 952.)

15　　　　12.　　LAK objects to Request for Production of Documents No. 12 on the grounds that the
16　terms "the VHF" and "respecting the District" render this Request vague and ambiguous and require
17　LAK to speculate as to what is being sought.  LAK further objects to this Request on the grounds
18　that the documents requested are protected from disclosure under the attorney-client privilege. (Cal.
19　Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by
20　Debtor. (Cal. Evid. Code, § 952.)

21　　　　13.　　LAK objects to Request for Production of Documents No. 13 on the grounds that the
22　terms "the Southern Inyo" and "respecting the District" render this Request vague and ambiguous
23　and require LAK to speculate as to what is being sought.  LAK further objects to this Request on the
24　grounds that the documents requested are protected from disclosure under the attorney-client
25　privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed
26　services, not by Debtor. (Cal. Evid. Code, § 952.)

27　　　　14.　　LAK objects to Request for Production of Documents No. 14 on the grounds that the
28　terms "the Benzeevi" and "respecting the District" render this Request vague and ambiguous and

LEVINSON ARSHONSKY & KURTZ, LLP

LEVINSON ARSHONSKY & KURTZ, LLP

1  require LAK to speculate as to what is being sought. LAK further objects to this Request on the
2  grounds that the documents requested are protected from disclosure under the attorney-client
3  privilege. (Cal. Evid. Code, § 952.) The privilege is held by the clients for whom LAK performed
4  services, not by Debtor. (Cal. Evid. Code, § 952.)

5  15. LAK objects to Request for Production of Documents No. 15 on the grounds that the
6  term "respecting the District" renders this Request vague and ambiguous and requires LAK to
7  speculate as to what is being sought. LAK further objects to this Request on the grounds that the
8  documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
9  Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
10 (Cal. Evid. Code, § 952.)

11 16. LAK objects to Request for Production of Documents No. 16 on the grounds that the
12 term "respecting the District" renders this Request vague and ambiguous and requires LAK to
13 speculate as to what is being sought. LAK further objects to this Request on the grounds that the
14 documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
15 Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
16 (Cal. Evid. Code, § 952.)

17 17. LAK objects to Request for Production of Documents No. 17 on the grounds that the
18 term "respecting the District" renders this Request vague and ambiguous and requires LAK to
19 speculate as to what is being sought. LAK further objects to this Request on the grounds that the
20 documents requested are protected from disclosure under the attorney-client privilege. (Cal. Evid.
21 Code, § 952.) The privilege is held by the clients for whom LAK performed services, not by Debtor.
22 (Cal. Evid. Code, § 952.)

23 Dated: April 23, 2018                    LEVINSON ARSHONSKY & KURTZ, LLP

25                                          By: */s/ Anne C. Manalili*
26                                              ANNE C. MANALILI
                                            Attorneys for LEVINSON ARSHONSKY & KURTZ, LLP