6
WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter, #91839
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:　(559) 435-9800
Facsimile:　(559) 435-9868
E-mail:　rileywalter@w2lg.com

Attorneys for Debtor, Tulare Local Healthcare District,
dba Tulare Regional Medical Center

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>　　　　Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry St.<br>　　　　　Tulare, CA 93274 | CASE NO.  17-13797<br><br>Chapter 9<br><br>DC No.: WW-37<br><br>Date:　May 17, 2018<br>Time:　9:30 a.m.<br>Place:　2500 Tulare Street<br>　　　　Fresno, CA 93721<br>　　　　Courtroom 13<br>Judge:　Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER EXTENDING TIME TO ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER ("TRMC" and/or "Debtor"), by counsel, respectfully comes before the Court and submits the following Memorandum of Points and Authorities in Support of Motion for Order Extending Time to Assume or Reject Non-Residential Real Property Leases ("Leases") pursuant to 11 U.S.C. Section 365(d)(4).

///

///

## I.
## STATEMENT OF FACTS

1. TRMC is the Debtor in the above-captioned Chapter 9 case, which was filed on September 30, 2017 ("Petition Date").

2. As of the Petition Date TRMC's assets included the following unexpired leases for nonresidential real property:

    a. Lease between TRMC and Heiskell Ranches, LP for 880 E. Merritt, Suites 105-106, Tulare, California ("Family X-Ray Center Lease"), a true and correct copy of which is attached as Exhibit "A" to the Declaration of Sanford Haskins;

    b. Lease between TRMC and Heiskell Ranches, LP for 880 E. Merritt, Suites 107-109, Tulare, California ("Mineral Kings Toxicology Lease"), a true and correct copy of which is attached as Exhibit "B" to the Declaration of Sanford Haskins; and

    c. Lease between TRMC and City of Tulare for 325 N. West St., Tulare, California ("Westside Clinic Lease"), a true and correct copy of which is attached as Exhibit "C" to the Declaration of Sanford Haskins;

(collectively, "Unexpired NRRP Leases").

3. The Family X-Ray Center Lease and Mineral King Toxicology Lease ("Heiskell Leases") have the same Lessor, Heiskell Ranches, LP ("Heiskell"). TRMC was current on the Heiskell Leases as of the Petition Date but lease payments have not been made since. TRMC is currently in discussions with Heiskell to regarding payment of post-petition amounts. The Heiskell Leases will expire in February 2019.

///

///

4. The Westside Clinic Lease is a 25 year lease which will expire in 2036. This lease was paid in full in 2012. TRMC is currently working through feasibility issues relating to the operation of this clinic. Until a determination regarding feasibility is made, TRMC cannot determine whether the Unexpired NRRP Leases will be assumed or will be rejected.

## II.
## ARGUMENT

TRMC moves pursuant to 11 USC § 365 (d)(4) to extend the time period in which to assume or reject the lease on nonresidential real property. 11 USC § 365 (d)(4) (A) provides: Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the Lessor, if the trustee does not assume or reject the unexpired lease by the earlier of-

(A)(i)   The date that is 120 days after the date of the order for relief; or
(A)(ii)  The date of the entry of an order confirming a plan.
(B)(i)   The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
(B)(ii)  If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

### A. Circumstances Warrant An Extension Of Time Under § 365(d)(4)

11 U.S.C. § 365(d)(4), made applicable here by 11 U.S.C. § 901, requires a the debtor to move to assume or reject a lease within 120 days of the petition date. *In re Michael H. Clement Corp.,* 2009 Bankr. LEXIS 3299, *6, *10 (N.D. Cal. 2009). If the Debtor fails to act within the 120 days the lease is deemed rejected and the leased

///
///
///
///

property must be surrendered to the landlord. *Id.* *Collier on Bankruptcy* states that following the 2005 Act it is now clear that any order extending the 120-day period must be entered before the expiration of the deadline. *Collier on Bankruptcy, 15 Ed. Rev.* vol. 3, p. 365-47, ¶ 365.04[4]. Here, the 120-day deadline will run on May 29, 2018. Therefore is Motion is timely.

Section 365(d)(4) requires that leases for non-residential real property be assumed or rejected within the prescribed period unless the court "for cause" allows the debtor an extension of time in which to assume or reject. *11 U.S.C. 365(d)(4(B)(i).* "For cause" is not defined and the court has a great deal of discretion to weigh all relevant factors related to the requested extension. *In re Ernst Home Center (BC Brickyard Assoc. v Ernst Home)*, 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998)(Russell, J., concurring). Most courts have applied a "business judgment" test to trustee's decisions to assume or reject contracts or leases. *Orion Pictures v. Showtime Networks (In re Orion Pictures)* 4 F.3d 1095, 1099 (2nd Cir. 1993). A nonexclusive list of factors includes the following: (1) whether the Agreements are the primary assets of the debtor, (2) whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land; (3) whether the debtor has had time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plant; (4) whether the lessor continues to receive rental payments; (5) whether the lessor will be damaged beyond the compensation available under the Code due to the Debtor's continue occupation; (6) whether the case is exceptionally complex and involves a number of Agreements; (7) whether the need exists for a judicial determination of whether the lease is disguised as a security interest; (8) whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; and (9) any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease. *In re Ernst Home Center, supra,* 221 B.R. at 253.

The Heiskell Ranches, LP leases will be essential to TRMC business operations upon reopening of the hospital facilities. Accordingly, TRMC is currently engaged in discussions with Heiskell Ranches, LP to discuss payment of post-petition amounts due

and TRMC is prepared to keep the Heiskell Leases current during the extension period. With respect to the Westside Clinic Lease, this lease, which was paid in full back in 2012, was utilized for the operations of a clinic. TRMC is currently in discussions with state authorities regarding licensure issues regarding this and other clinics. The outcome of these discussions will greatly impact the feasibility of clinic operations, which will directly affect whether or not TRMC will assume or reject the Westside Clinic Lease.

### B. The Period Of The Requested Extension Is Reasonable

In order to preserve the value of the Leases to the bankruptcy estate, it is appropriate that the time to assume or reject the Lease be extended. The relief requested herein is without prejudice to the right of TRMC to reject or assume (and assign, if applicable) the Leases prior to the extension date.

Conversely, the relief requested herein shall be without prejudice to any party to the leases to seek further relief from this Court pursuant to 11 U.S.C. § 365, should circumstances so warrant.

The requested extension should be granted because of the following;

(1) The subject Leases are valuable assets belonging to TRMC and the values would be lost if deemed rejected;

(2) TRMC is current on the obligations under the Westside Clinic Lease;

(3) TRMC is currently in discussions with the lessor regarding the payment of post-petition obligations relating to the Heiskell Leases;

(4) Lessors will not be prejudiced by the extension;

(5) TRMC's request for an extension of the § 365(d)(4) time period is reasonable under the circumstances of this case. To force an early decision to assume or reject the Leases would be contrary to the intent and purpose of Chapter 9 of the Bankruptcy Code and to the interests of TRMC and creditors.

///

///

## III.
## CONCLUSION

For all of the aforementioned reasons the Court should grant the Debtor's request for an extension on the deadline to assume or reject the non-residential real property leases. Debtor requests an extension of time to assume or reject the "lease" from May 29, 2018, until July 28, 2018.

Dated: April 30, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for
Tulare Local Healthcare District, dba Tulare
Regional Medical Center