**4**

MARC A. LEVINSON, CSB NO. 57613
CYNTHIA J. LARSEN, CSB NO. 123994
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-4910
Email: malevinson@orrick.com
      clarsen@orrick.com

HAGOP T. BEDOYAN, CSB NO. 131285
**KLEIN, DENATALE, GOLDNER,**
  **COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 205
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (661) 326-0418
E-mail: hbedoyan@kleinlaw.com

Attorneys for HealthCare Conglomerate Associates, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>             Debtor. | Case No.: 17-13797-9-B<br><br>Chapter 9<br><br>DC No.:      WW-32<br><br>HCCA'S OPPOSITION TO APPLICATION FOR EX PARTE ORDER AUTHORIZING FRBP 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS (JPMORGAN CHASE BANK, N.A.)<br><br>Date:     June 26, 2018<br>Time:     9:30 a.m.<br>Dept:     B, Ctrm. 13<br>Place:     U.S. Courthouse<br>              2500 Tulare Street, 5TH Floor<br>              Fresno, CA<br>JUDGE: Hon. René Lastreto, II |

Healthcare Conglomerate Associates, LLC ("HCCA") opposes the *Application for Ex Parte Order Authorizing FRBP 2004 Examination and Production of Documents (JPMorgan Chase Bank, N.A.)* filed by Tulare Local Healthcare District, dba Tulare Regional Medical Center (the "Debtor"), on May 30, 2018 (the "Application") [Dkt. No. 539] on the grounds that the Debtor is utilizing the broader "fishing expedition" discovery procedures under FRBP 2004 to obtain information from HCCA's bank, JP Morgan Chase Bank ("Chase") when there are two pending adversary proceedings in this court between the Debtor and HCCA. In support of this opposition, HCCA represents the following:

I. INTRODUCTION

1. At the present time, the Debtor and HCCA are parties to two separate adversary proceedings pending in this Court. The first adversary proceeding, Case No. 17-01095, was commenced in this Court on December 28, 2017, when the Debtor removed to this Court a pending state court action in the Los Angeles Superior Court entitled, *Healthcare Conglomerate Associates, LLC v. Tulare Local Health Care District, dba Tulare Regional Medical Center*, Case No. BC 676133 (the "Removed Action") [Dkt. No. 1]. On January 4, 2018, the Debtor served and filed its answer to HCCA's complaint [Dkt. No. 8] and also filed a counterclaim against HCCA asserting eleven (11) different causes of action [Dkt. No. 9]. The Removed Action has been the subject of multiple stipulations extending deadlines and hearing dates, including the hearings on HCCA's motion to remand [Dkt. No. 17] and two motions to dismiss the Debtor's counterclaim [Dkt. No. 21] and to strike portions of the Debtor's answer [Dkt. No. 26]. Further hearings in the Removed Action are set for June 27, 2018, at 1:30 p.m.

2. The second adversary proceeding between the parties was commenced by the Debtor on January 23, 2018, Case No. 18-01005, when the Debtor filed its Complaint to Avoid Preferential Transfers, Fraudulent Conveyance and for Declaratory Relief [the "Avoidance Action"] [Dkt. No. 1]. On April 5, 2018, HCCA filed its answer to the complaint in the Avoidance Action [Dkt. No. 16]. On May 8, 2018, the Debtor filed its First Amended Complaint to Avoid Preferential Transfers, Fraudulent Conveyance, Declaratory Relief and

Cancellation of Written Instrument (the "First Amended Complaint") [Dkt. No. 27]. HCCA's response to the First Amended Complaint is due on June 4, 2018. The next status conference in the Avoidance Action is scheduled for June 27, 2018 at 1:30, based upon a stipulation and order filed with the Court on May 8, 2018 [Dkt. No. 29].

3. On May 30, 2017 (and on previous occasions), counsel for HCCA provided the Debtor's attorneys information regarding certain transfers of monies from and among HCCA's bank accounts at Chase, making the Debtor aware of the existence of HCCA's bank accounts at Chase Bank.

4. As noted above, the Debtor filed its Application on May 30, 2018, in which it requests an order authorizing the examination of Chase pursuant to FRBP 2004 and the issuance of a Subpoena for 2004 Examination with Production of Documents. The Application does not specify whose bank account information is being sought by the Debtor.

II. ARGUMENT

5. The *Pending Proceeding Rule* provides that after the commencement of an adversary proceeding or other contested matter, the parties to that proceeding [or proceedings] or matter may no longer utilize the liberal provisions of FRBP 2004, but must seek discovery under the more restrictive standards of FRBP 7026. *In re National Risk Assessment, Inc.*, 547 B.R. 63 (Bkrtcy. W.D. N.Y. 2016) (citations omitted). While it is true that the scope of examination under FRBP 2004 is broad, it is not a substitute for discovery authorized in either adversary proceedings or contested matters. *In re Farris-Ellison*, 2015 WL 5306600 (Bkrtcy. C.D. Cal. 2015), citing, *In re Dinubilo*. 177 B.R. 932 (Bkrtcy. E.D. Cal. 1993) ("If a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply). *Dinubilo*, at 941. See also, 9 *Collier on Bankruptcy* ¶ 2004.01[1] at 2004-3 (16th ed. 2015).

6. In this case, there are two separate adversary proceedings pending between the Debtor and HCCA. The scope and vagueness of the Application concerns HCCA, since the Application doesn't specify which accounts at Chase are the subject of the Application.

1　　　　The discovery procedures and protections provided by FRBP 7026-7037 should be
2　utilized instead of the "fishing expedition" sought by the Application.
3　　　　WHEREFORE, HCCA prays for an order denying the Application and for such other
4　relief as is just and proper.

Date: May 31, 2018　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP; and
　　　　　　　　　　　　　　　　　KLEIN, DENATALE, GOLDNER, COOPER,
　　　　　　　　　　　　　　　　　ROSENLIEB & KIMBALL LLP

　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　HAGOP T. BEDOYAN, ESQ.
　　　　　　　　　　　　　　　　Attorneys for HealthCare Conglomerate
　　　　　　　　　　　　　　　　Associates, LLC