```
6
```

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:　(559) 435-9800
Facsimile:　(559) 435-9868
E-mail:　rileywalter@w2lg.com

Attorneys for Plaintiff, Tulare Local Healthcare District, dba Tulare Regional Medical Center

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　Debtor. | CASE NO. 17-13797<br><br>Chapter 9 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　Plaintiff<br><br>　v.<br><br>BERNADETTE TORREZ,<br><br>　　　Defendant | ADV. CASE NO. _____<br><br>**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY (11 U.S.C. § 362(a)); FOR PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. § 105(a); AND FOR DECLARATORY RELIEF PURSUANT TO 11 U.S.C. § 105(a)**<br><br>Date:　N/A<br>Time:　N/A<br>Place:　2500 Tulare Street<br>　　　　Fresno, CA 93721<br>　　　　Courtroom 12<br>Judge:　Honorable René Lastreto II |

---

COMPLAINT FOR VIOLATION OF AUTOMATIC STAY (11 U.S.C. SECTION 362(a)); FOR PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. SECTION 105(a); ETC.

-1-

M:\S-U\TRMC\Adversary Proceedings\TRMC v. Bernadette Torrez\Complaint.djb.docx

Plaintiff Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Plaintiff," "Debtor," and/or "TRMC") respectfully represents as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding is one arising in the Chapter 9 bankruptcy case of Tulare Local Healthcare District, dba Tulare Regional Medical Center, Case No. 17-13797 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. § 105(a), 362 and 901.

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1409(a) by virtue of the Chapter 9 case pending before this Court.

3. This Complaint initiates an adversary proceeding as contemplated by B.R. Rule 7001. This controversy is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(A) and (O).

## PARTIES

4. Plaintiff is, and at all times mentioned herein, the Chapter 9 debtor in bankruptcy case number 17-13797 ("Bankruptcy Case").

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Bernadette Torrez ("Defendant") is an individual residing in the Eastern District of California.

## GENERAL ALLEGATIONS

6. Plaintiff filed a Chapter 9 bankruptcy petition on September 30, 2018 ("Petition Date"). Plaintiff is the Debtor in the Chapter 9 bankruptcy proceeding.

7. Plaintiff is informed and believes that Defendant is a plaintiff in a medical malpractice lawsuit that was pending prior to the Petition Date, styled *John Torrez III and Bernadette Torrez v. Tulare Local Healthcare District, dba Tulare Regional Medical Center, et al.*, filed in the Tulare County Superior Court, Case No. VCU268786 ("Medical Malpractice Lawsuit").

///
///

8. Accordingly, Defendant received notice of Plaintiff's Bankruptcy Case as evidenced by the following:

    a. Defendant was included on the List of Creditors filed with the Bankruptcy Court pursuant to 11 U.S.C. § 924 and therefore was given notice by the Bankruptcy Court;

    b. Shortly after the Petition Date, Plaintiff filed a Notice of Stay of Proceedings with the Tulare County Superior Court in the Medical Malpractice Lawsuit and contemporaneously provided Defendant with notice of the same;

    c. Defendant herself filed a Motion for Relief from Stay in Plaintiff's bankruptcy case pertaining to the Medical Malpractice Lawsuit.

9. Notwithstanding the above, on March 2, 2018, and in violation of the automatic stay, Defendant filed <u>another</u> complaint against Plaintiff with the Tulare County Superior Court alleging personal injuries sustained <u>prior to the Petition Date</u> due to negligence, premises liability, negligent hiring, retention, supervision, and training arising prior to the petition date ("Slip and Fall Complaint"). The filing of the Slip and Fall Complaint initiated Tulare County Superior Court civil case number VCU272978 ("Slip and Fall Lawsuit").

10. On May 14, 2018, upon learning of the existence of the Slip and Fall Lawsuit, TRMC reached out to and contacted counsel for Defendant and requested that TRMC be dismissed from the Slip and Fall Lawsuit, as it was filed in violation of 11 U.S.C. § 362 and is therefore void. During this conversation, counsel for Defendant indicated that TRMC would be dismissed from the Slip and Fall Lawsuit immediately.

11. Despite reaching out again to counsel for Defendant on May 24, 2018 and May 25, 2018, as of the date of the filing of this adversary proceeding, TRMC has not been dismissed from the Slip and Fall Lawsuit.

///

///

///

## FIRST CAUSE OF ACTION

### (Violation of Automatic Stay pursuant to 11 U.S.C. § 362(a))

12. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 11, inclusive, as though they were fully set forth herein.

13. Upon the filing of the bankruptcy petition by Plaintiff on the Petition Date, an automatic stay, applicable to all entities, went into effect prohibiting any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title.

14. The debt claimed by Defendant is a claim that arose before the commencement of Plaintiff's bankruptcy proceeding.

15. Through the actions identified herein, Defendant has knowingly and intentionally violated the automatic stay by filing and pursuing the complaint against Plaintiff. Additionally, because Defendant refuses to dismiss TRMC from the Slip and Fall Litigation, the stay violation is continuous.

## SECOND CAUSE OF ACTION

### (Preliminary Injunction pursuant to 11 U.S.C. § 105(a))

16. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15, inclusive, as though they were fully set forth herein.

17. The Bankruptcy Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

18. Pursuant to 11 U.S.C. § 362(a)(6), an automatic stay, applicable to all entities, prohibiting any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title arose upon the filing of the bankruptcy petition.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant seeks to proceed with her void Slip and Fall Complaint, by way of the Lawsuit, imposing significant costs and fees upon Plaintiff.

///

20.  Granting the injunction sought by Plaintiff is in furtherance of the Bankruptcy Code, and will serve to protect against any further and future actions by Defendant which constitute a violation of the automatic stay.

21.  Defendant is unable to demonstrate that she will suffer any injury if this preliminary injunction is granted. Defendant's only claim against Plaintiff is a pre-petition claim (which is disputed); and the actions Defendant has threatened to take are barred by 11 U.S.C. § 362.

22.  Plaintiff will suffer additional costs associated with responding to any actions taken by Defendant involving Defendant's pre-petition claim involving Plaintiff, which will diminish the funds available to Plaintiff and allowed claimants and adversely affect Plaintiff's Chapter 9 bankruptcy proceeding.

23.  The threatened injury to Plaintiff if the injunction is denied outweighs any potential threatened harm to Defendant that an injunction may cause if granted.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment pursuant to 11 U.S.C. § 105(a))**

24.  Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23, inclusive, as though they were fully set forth herein.

25.  Plaintiff has set forth that Defendant has violated the automatic stay that went into force when the Plaintiff filed its bankruptcy petition. The Court has authority under 11 U.S.C. § 105(a) to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the title.

26.  Plaintiff requests that the Bankruptcy Court issue a Declaratory Judgment that Defendant has violated the automatic stay and the action taken is void.

27.  Plaintiff seeks to recover its actual damages arising out of Defendant's violation of the automatic stay, including costs and attorneys' fees; and for punitive damages for Defendant's intention and willful violation of the automatic stay.

///

///

COMPLAINT FOR VIOLATION OF AUTOMATIC STAY (11 U.S.C. SECTION 362(a)); FOR PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. SECTION 105(a); ETC.

-5-

M:\S-U\TRMC\Adversary Proceedings\TRMC v. Bernadette Torrez\Complaint.djb.docx

WHEREFORE, Plaintiff prays for judgment as set forth below:

1. An Order directing Defendant to dismiss as against Plaintiff the Slip and Fall Complaint filed with the Tulare County Superior Court, Case No. VCU272978;

2. A declaration that Defendant's actions in filing the said complaint constituted a violation of the automatic stay imposed by 11 U.S.C. § 362(a);

3. A preliminary injunction against Defendant prohibiting Defendant from taking any action prohibited by the automatic stay imposed by 11 U.S.C. § 362(a), including but not limited to the prosecution of said complaint;

4. Judgment against Defendant for all damages to Plaintiff according to proof;

5. Awarding Plaintiff's attorneys' fees, costs and other expenses incurred in this action to the extent authorized by law; and

6. For such and other further relief as this Court may deem just and equitable.

Dated: June 4, 2018

WALTER WILHELM LAW GROUP
A Professional Corporation

By: /s/ Danielle Bethel
Danielle J. Bethel
Attorneys for Plaintiff, Tulare Local Healthcare District, dba Tulare Regional Medical Center

COMPLAINT FOR VIOLATION OF AUTOMATIC STAY (11 U.S.C. SECTION 362(a)); FOR PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. SECTION 105(a); ETC.

-6-

M:\S-U\TRMC\Adversary Proceedings\TRMC v. Bernadette Torrez\Complaint.djb.docx