WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel for Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | Case No. 17-13797<br><br>Chapter 9<br><br>DC No.: WW-32<br><br>**REPLY OF DEBTOR TULARE LOCAL HEALTHCARE DISTRICT TO OPPOSITION OF HEALTHCARE CONGLOMERATE ASSOCIATES TO DEBTOR'S APPLICATION FOR 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS (JPMORGAN CHASE BANK, N.A.)**<br><br>Date: June 26, 2018<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 13<br>Judge: Honorable René Lastreto II |

Debtor Tulare Local Healthcare District, dba Tulare Regional Medical Center (the "District") respectfully submits this response to "HCCA's Opposition to Application for Ex Parte Order Authorizing FRBP 2004 Examination and Production of Documents (JPMorgan Chase Bank, N.A.)"("Opposition"). This reply responds to the Opposition and clarifies that the documents the District seeks from JPMorgan Chase Bank, N.A. ("Chase") by way of its "Application for Ex Parte Order Authorizing FRBP 2004

Reply of Debtor Tulare Local Healthcare District to Opposition of Healthcare Conglomerate Associate to Debtor's Application for 2004 Exam and Production of Documents of JPMorgan Chase Bank - 1 -

M:\S-U\TRMC\PLEADINGS\WW-32 2004 Exam of JP Morgan Chase Bank\Reply.061918.djb.docx

Examination and Production of Documents (JPMorgan Chase Bank, N.A.)" (the "Application") are not bank records of the former manager of the hospital operated by the District, Health Care Conglomerate Associates, LLC ("HCCA") but rather are documents related to the account(s) of Tulare Asset Management, LLC, an entity that is not a party to any pending proceeding. In order to facilitate this clarification, attached hereto as Exhibit "A" is TRMC's revised proposed order on this matter.

## I. **RELEVANT FACTS**

1. The District's Application represents its second attempt to obtain documents and information from Chase related to the deposit of $3,000,000 of the District's property into an account of Tulare Asset Management, LLC located at a Chase branch in Visalia, California. Tulare Asset Management is an entity owned, managed and controlled by Yorai Benzeevi ("Benzeevi").[1]

2. On December 14, 2017, the District filed an "Application for Ex Parte Order Authorizing FRBP 2004 Examination and Production of Documents (Chase Bank)" (Dkt. 269, WW 19); Exhibit "A" to Declaration of Riley Walter ("Walter Decl."). This Court granted that application and issued its "Order Granting Application For Order Authorizing FRBP 2004 Examination and Production of Documents (Chase Bank)" ("Chase 2004 Order") (Dkt. 273, WW 19), Exhibit "B" to Walter Decl. On January 11, 2018, as authorized by the Chase 2004 Order, the District's counsel issued a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case" (Subpoena") to Chase seeking the documents described in the exhibit thereto and caused the Subpoena to be delivered to Chase. Exhibit "C" to Walter Decl. As reflected in the exhibit to the Subpoena, the documents the District sought were only related to Tulare Asset Management, LLC.

3. The District's counsel received a letter dated March 7, 2018 from Chase Bank USA, N.A., stating that it would "not release information in its possession, custody or control" because the Subpoena was purportedly issued in the incorrect name and the

---

[1] Yorai Benzeevi also owns, controls, and is the managing member of HCCA.

correct name of the entity for depository, checking, savings, mortgage, and loans was JPMorgan Chase Bank, N.A.

4. As a result of Chase's refusal to comply with the Subpoena based on its contention that the name of the entity was JPMorgan Chase Bank, N.A., the District filed the Application on May 30, 2018 in order to obtain documents in the possession, custody and control of JPMorgan Chase Bank, N.A. so that the District can ascertain information related to the diversion of $3,000,000 of the District's cash into the account of Tulare Asset Management, LLC located at Chase, as well as any other monies that may have been diverted from the District to Tulare Asset Management, LLC's account(s) at JPMorgan Chase Bank, N.A., and the subsequent distribution and transfer of those monies out of any account(s) of Tulare Asset Management, LLC and the identity of the persons and/or entities that received the District's property.

5. The District has submitted a proposed order as an exhibit to this reply brief that clarifies the documents and information sought by the District by way of the instant Application.

## II. ARGUMENT

6. HCCA argues that because it is a party to two pending adversary proceedings with the District and the Application does not specify exactly what records the District seeks from Chase, the Application should be denied based on the "pending proceeding" rule. The "pending proceeding rule" and the cases HCCA relies on are inapposite because Tulare Asset Management, LLC is not a party to any pending proceeding. The purpose of the "pending litigation" rule is to address the concern that a Rule 2004 exam can be used as a "tactic to circumvent the safeguards" of applicable discovery rules. *In re Enron*, 281 B.R. 836, 841 (Bank. S.D.N.Y. 2002). Here, the District is not circumventing any safeguards of traditional discovery rules applicable in the two adversary proceedings to which HCCA is a party. Rather, the Application seeks documents relevant to the diversion of the District's property and potential claims against Tulare Asset Management, LLC, an entity that is not a party to any pending litigation. For

Reply of Debtor Tulare Local Healthcare District to Opposition of Healthcare Conglomerate Associate to Debtor's Application for 2004 Exam and Production of Documents of JPMorgan Chase Bank — 3 —

M:\S-U\TRMC\PLEADINGS\WW-32 2004 Exam of JP Morgan Chase Bank\Reply.061918.djb.docx

this reason alone, the Opposition should be overruled and the Application granted.

7. Even assuming, *arguendo*, that Tulare Asset Management was a party to a pending proceeding (which it is not), this Court has discretion to grant the Application. Courts have discretion whether to permit the use of Federal Rule of Bankruptcy Procedure 2004 to obtain documents and information and have exercised that discretion to allow an examination under Rule 2004 despite the existence of pending litigation. *See, e.g., In re Int'l Fibercom*, 283 B.R. 290 (Bankr. Az. 2002)(traditional discovery not available in pending proceedings due to the automatic stay and it was not clear that all of the potential claims involved were the subject of said potential litigation, therefore application of the "pending proceeding" rule would be adverse to the underlying policy of Rule 2004); *In re Sun Med. Mgmt. Inc.*, 104 B.R. 522, 524 (Bankr. M.D. Ga 1989) (allowing Rule 2004 examination when there is possible fraud citing *In re Table Talk, Inc.*, 51 B.R. 143 at 145 (Bankr. D. Mass 1985) for proposition that "Bankruptcy Rule 2004 examinations are allowed for the purpose of discovering assets and unearthing frauds."); *In re Mirant Corp.*, 326 B.R. 354, 357 (Bankr. N.D. Tex. 2005)(Rule 2004 discovery allowed even when the information could be used in other proceedings); *In re Mittco, Inc.*, 44 B.R. 35 (Bankr. E.D. Wisc. 1984)(same).

8. Here, the District filed the Application to obtain documents critical to its investigation of the deposit of the District's property in the amount of $3,000,000 into the account of Tulare Asset Management located at a Chase bank branch in Visalia, and the subsequent transfer of those funds to other parties. Thus, the District is not conducting any "fishing expedition" and the safeguards of traditional discovery rules are being honored.

III. **CONCLUSION**

9. The District is not conducting a "fishing expedition" and is narrowly focused on the documents and information in the possession, custody and control of Chase that reflect monies that are the District's property which were diverted and deposited into account(s) of Tulare Asset Management and the recipients of the

District's property from the account(s) of Tulare Asset Management. For the foregoing reasons, the District respectfully requests that the Court overrule HCCA's Opposition, grant the District's Application, and enter the proposed order submitted with this reply.

Dated: June 19, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: *Riley C. Walter*
Riley C. Walter
Attorneys for Debtor Tulare Local Healthcare District