WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Attorneys for Tulare Local Healthcare District,
dba Tulare Regional Medical Center

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-32<br><br>Chapter 9<br><br>**EXHIBITS IN SUPPORT OF DECLARATION OF RILEY C. WALTER IN SUPPORT OF REPLY OF DEBTOR TULARE LOCAL HEALTHCARE DISTRICT TO OPPOSITION OF HEALTHCARE CONGLOMERATE ASSOCIATES TO DEBTOR'S APPLICATION FOR 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS (JPMORGAN CHASE BANK, N.A.)**<br><br>Date: June 26, 2018<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 13<br>Judge: Honorable René Lastreto II |

///
///
///
///
///

| Exhibit | Description | Pages |
|---|---|---|
| A | WW-19 Application for Ex Parte Order Authorizing FRBP 2004 Examination and Production of Documents dated 12/14/17 | 3 |
| B | WW-19 Order Granting Ex Parte Order Authorizing FRBP 2004 Examination and Production of Documents dated dated 12/14/17 | 2 |
| C | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case issued 1/11/18 | 4 |

Dated: June 19, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: *Riley C. Walter*
Riley C. Walter, Attorneys for Debtor,
Tulare Local Healthcare District dba
Tulare Regional Medical Center

3

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting #306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:  (559) 435-9800
Facsimile:   (559) 435-9868
E-mail:        rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300
E-mail:        mandy.jeffcoach@mccormickbarstow.com

District Counsel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re | CASE NO. 17-13797 |
|---|---|
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| | DC NO.: WW-19 |
| Debtor. | Date: N/A |
| | Time: N/A |
| Tax ID #: 94-6002897 | Place: 2500 Tulare Street |
| Address: 869 N. Cherry Street | Fresno, CA 93721 |
| Tulare, CA 93274 | Courtroom 13 |
| | Judge: Honorable René Lastreto II |

**APPLICATION FOR EX PARTE ORDER AUTHORIZING FRBP 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**
**(CHASE BANK)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Application for Ex Parte Order Authorizing
FRBP 2004 Exam and Production of
Documents [Chase Bank]

1

M:\S-U\TRMC\PLEADINGS\WW-19 2004
Exam of Chase
Bank\Application.121217.gaa.docx

EXHIBIT A
Page 1 of 3

TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER ("TRMC" or "Applicant"), Debtor in the above captioned Chapter 9 bankruptcy proceeding, hereby files this Application for Ex Parte Order compelling Chase Bank, to produce certain documents for inspection and copying and, if requested, to appear for a FRBP 2004 Examination.

**Chase Bank**
**1079 E. Prosperity Ave.**
**Tulare, CA  93274**

Applicant represents as follows:

1. TRMC filed a voluntary Chapter 9 petition on September 30, 2017.

2. TRMC has reason to believe that Chase Bank, is in possession of information needed by TRMC which affects the rights of TRMC as well as the administration of this bankruptcy estate.

3. TRMC believes that the information needed bears upon the acts, conduct, or assets and liabilities of TRMC.

4. The examination will also relate to the operation of the TRMC's business and the desirability of its continuance, the source of any money or property acquired or to be acquired by TRMC for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formation of a plan.

5. Conducting such examination will assist TRMC in protecting its interests in evaluating any plan that may be advanced and in furthering the administration of this Chapter 9 proceeding.

6. By this Application TRMC requests that it be permitted to compel the production of documentary evidence in the manner provided in FRBP 9016 followed by an examination, if requested, of Chase Bank.

7. By the requested Order Applicant will proceed to have issued a Subpoena for Rule 2004 Examination with Production of Documents to be followed by

1  the examination of the witness, if documents are requested, no earlier than 10 days
2  after the date of issuance of the examination order or subpoena, whichever is later.
3     WHEREFORE, Applicant prays as follows:
4     A. The Court enter Order pursuant to FRBP 2004 authorizing the examination
5  of Chase Bank;
6     B. The Court enter an Order pursuant to FRBP 2004 authorizing the issuance
7  of a Subpoena for Rule 2004 Examination with Production of Documents; and
8     C. For such other and further relief as is just and proper.

9  Dated: December 13, 2017          WALTER WILHELM LAW GROUP,
10                                    a Professional Corporation

12                              By:  /s/ Riley C. Walter
13                                   Riley C. Walter, Attorneys for Debtor,
                                     Tulare Local Healthcare District, dba
14                                   Tulare Regional Medical Center

Application for Ex Parte Order Authorizing
FRBP 2004 Exam and Production of
Documents [Chase Bank]

3

M:\S-U\TRMC\PLEADINGS\WW-19_2004
Exam of Chase
Bank\Application.121217.gaa.docx

EXHIBIT A
Page 3 Of 3

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Matthew P. Bunting 306034
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel

MCCORMICK BARSTOW, LLP
Timothy L. Thompson #133537
Mandy L. Jeffcoach #232313
Nikole E. Cunningham #277976
7647 N. Fresno Street
Fresno, CA 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300
E-mail: mandy.jeffcoach@mccormickbarstow.com

District Counsel

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9<br><br>DC NO.: WW-19<br><br>Date: N/A<br>Time: N/A<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 13<br>Judge: Honorable René Lastreto II |

**ORDER GRANTING APPLICATION FOR ORDER AUTHORIZING FRBP 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS
(CHASE BANK)**

After reviewing the Application for Ex Parte Order Authorizing FRBP 2004 Examination and Production of Documents and good cause appearing,

///

///

RECEIVED December 14, 2017
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006185358

APPLICATION FOR ORDER P 2004 EXAMINATION AND CUMENTS (Chase Bank)

-1-

M:\S-U\TRMC\PLEADINGS\WW-19 2004 Exam of Chase Bank\Order.121217.gaa.docx

EXHIBIT B
Page 1 of 2

**IT IS ORDERED:**

1. That Applicant is authorized to examine Chase Bank pursuant to FRBP 2004(a) on the subjects specified in FRBP 2004(b);

2. That pursuant to FRBP 2004(c), attendance for examination and production of documentary evidence may be compelled in the manner provided in FRBP 9016 for the attendance of witnesses at a hearing or trial; and

3. That the examination of the witness shall not be scheduled earlier than 10 days after service of this Order or Subpoena for 2004 Examination with Production of Documents, whichever is later, under FRBP 9016.

Presented by:

_/s/ Riley C. Walter_
Riley C. Walter, Attorneys for
Tulare Local Healthcare District, dba
Tulare Regional Medical Center

IT IS SO ORDERED.

Dated Dated: Dec 14, 2017

By the Court

_/s/ René Lastreto II_
René Lastreto II, Judge
United States Bankruptcy Court

ORDER GRANTING APPLICATION FOR ORDER AUTHORIZING A FRBP 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS (Chase Bank) -2- M:\S-U\TRMC\PLEADINGS\WW-19 2004 Exam of Chase Bank\Order.121217.gaa.docx

EXHIBIT B
Page 2 of 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
Eastern District of California

In re **Tulare Local Healthcare District**
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **17-13797**

Chapter **9**

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Chase Bank**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Walter Wilhelm Law Group<br>205 E. River Park Circle, Ste. 410, Fresno, CA 93720 | February 2, 2018 at 10:30 a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 11, 2018

CLERK OF COURT

OR  /s/ Riley C. Walter

_____    _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*
                                              Riley C. Walter

The name, address, email address, and telephone number of the attorney representing *(name of party)* Tulare Local Healthcare District, who issues or requests this subpoena, are:

Walter Wilhelm Law Group, 205 E. River Park Circle, Ste. 410, Fresno, CA 93720 (559) 435-9800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



EXHIBIT C
Page 1 of 4

Filed 06/19/18   Case 17-13797   Doc 572

# EXHIBIT A

Pursuant to Federal Rules of Bankruptcy Procedure, Rule 2004, made applicable by Federal Rule of Bankruptcy Procedure 9016, Tulare Local Healthcare District, dba Tulare Regional Medical Center ("TRMC"), by and through counsel of record, hereby requests that Chase Bank produce the following documents on February 2, 2018 at 10:30 a.m.

## PRELIMINARY STATEMENT AND DEFINITIONS

You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf excluding information privileged under the attorney-client privilege, attorney work product doctrine, or other reasonable objection.

The terms "document" or "documents" shall mean and includes any medium, including without limitation writings, papers, recordings, letters, correspondence, telegrams, memoranda, notes, computer printouts, transcripts, minutes of meetings, applications, reports, statements, reports or paraphrases of statements, books, agreements, appointment calendars, diaries, publications, drawings photographs, contracts, records of telephone conversations or face-to-face conversations, notices, rules, regulations, directives, employee manuals, instructions, time sheets, logs journals, diaries, financial statements, drawings, graphs, charts, photographs, audio and video recordings, computerized records, such as e-mails, microfilm, microfiche and data compilations, upon which intelligence or information can be recorded, maintained or retrieved including without limitation, the original or a copy thereof, regardless of the origin and location, of any writing or recording of any type or description, however produced or reproduced, which is in your custody or control, or a person under your custody or control, or to which you have or had access, or of which you have knowledge or which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Rule 1001(1) of the Federal Rules of Evidence and

includes the original (or a copy if the original is not available) and any non-identical copies (whether different from the original because of notes made on the copy or otherwise).

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All documents depicting, referring or relating to monies received by Tulare Asset Management LLC from the District from October 31, 2016 to present, including but not limited to bank account statements, canceled checks, and wire transfers.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All bank account statements from October 31, 2016 to present.

Filed 06/19/18     Case 17-13797     Doc 572

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



EXHIBIT C
Page 4 of 4