**11 PAGES**
MARK M. SCOTT (SBN: 138569)
WILLIAM S. BRODY (SBN: 136136)
JEANNIE KIM (SBN: 270713)
BUCHALTER
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: 415.227.0900
Fax: 415.227.077094105
Tel: (415) 227-0900
Fax: (415) 227-0770
Email: mscott@buchalter.com
       wbrody@buchalter.com
       jkim@buchalter.com

Attorneys for
Wells Fargo Vendor Financial Services, LLC

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>        Debtor. | Case No. 17-13797-B-9<br><br>Chapter 9<br><br>DC No: BPC-001<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, (C) TERMINATING THE AUTOMATIC STAY**<br><br>Date:    August 2, 2018<br>Time:   9:30 a.m.<br>Dept:    B<br>Place:   Courtroom 13, 5th Floor<br>           2500 Tulare Street<br>           Fresno, CA 93721 |

BN 33157043V2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

Wells Fargo Vendor Financial Services, LLC ("WFVFS"), by and through its undersigned counsel, Buchalter, A Professional Corporation, hereby submits this memorandum of points and authorities in support of its *Motion for Order (A) Compelling Assumption or Rejection of Equipment Leases; (B) Directing Payment of Post-Petition Administrative Rent or, Alternatively, (C) Terminating the Automatic Stay Court* (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of the Motion under 28 U.S.C. § 1334. This matter is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a)[1], 901(a), 362(d)(1) and (2), 365(d)(1), 365(d)(2), 365(d)(5), 365(p)(1) and 503(b)(1).

### II. BACKGROUND

Debtor Tulare Local Healthcare District dba Tulare Regional Medical Center ("Debtor") commenced this case by filing a voluntary petition under chapter 9 of the Bankruptcy Code (the "Petition") on September 30, 2017 (the "Petition Date").

Prior to the Petition Date, the Debtor and General Electric Credit Corporation ("GECC") entered into certain executory contracts (collectively, the "Equipment Leases") pursuant to which the Debtor leased certain personal property (collectively, the "Equipment"). WFVFS is the successor in interest to GECC pursuant to that certain assignment, by GECC to WFVFS, of the Equipment Leases, effective as of March 1, 2016. The key terms of the Equipment Leases are as follows:

**A.     Equipment Lease No. 1**

On or about May 19, 2014, the Debtor, as lessee, and GECC, as lessor, entered into a written Equipment Lease Agreement bearing number 7803514001 ("Lease No. 1"). Under Lease No. 1, GECC agreed to lease to the Debtor certain personal property ("Equipment No. 1"),

---

[1] Unless otherwise indicated, all statutory references herein are to 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

BN 33157043v2       1

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

together with all attachments, accessories and replacements as more fully described therein. The Debtor acknowledged receipt of Equipment No. 1. A true and correct copy of Lease No. 1 is filed concurrently herewith as <u>Exhibit 1</u> to the Declaration of Lisa Boddicker ("Boddicker Declaration") filed concurrently herewith in support of the Motion.

Under Lease No. 1, the Debtor agreed, among other things, that:

1. the initial term of Lease No. 1 would be sixty (60) months;
2. the Debtor would make sixty (60) consecutive monthly payments in the amount of $5,677.00 each;
3. late charges would accrue on any payment not paid when due;
4. if the Debtor failed to make any payment when due or if any other event of default occurred under Lease No. 1:
    a. GECC could declare the Debtor in default and exercise all of its rights and remedies under Lease No. 1 and applicable law;
    b. GECC could declare all unpaid rental payments and all future rental payments immediately due and payable;
    c. GECC could take possession of Equipment No. 1 wherever located without court order or other process of law; and
    d. The Debtor would pay the lessor all of its costs and expenses, including reasonable attorneys' fees, incurred in the enforcement of its rights thereunder.

WFVFS, as successor in interest to GECC, has performed all covenants, conditions and promises required of it under the terms of Lease No. 1.

**B. <u>Equipment Lease No. 2</u>**

On or about January 11, 2016, the Debtor, as lessee, and GECC, as lessor, entered into a written Equipment Lease Agreement bearing number 7803514002 ("Lease No. 2," and together with Lease No. 1, collectively, the Equipment Leases defined above). Under Lease No. 2, GECC agreed to lease to the Debtor certain personal property ("Equipment No. 2," and together with

BN 33157043v2

2

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

Equipment No. 1, collectively, the Equipment defined above), together with all attachments, accessories and replacements as more fully described therein. The Debtor acknowledged receipt of Equipment No. 2. A true and correct copy of Lease No. 2 is filed concurrently herewith as <u>Exhibit 2</u> to the Boddicker Declaration.

Under Lease No. 2, the Debtor agreed, among other things, that:

1. the initial term of Lease No. 2 would be sixty (60) months;

2. the Debtor would make sixty (60) consecutive monthly payments in the amount of $1,878.45 each;

3. late charges would accrue on any payment not paid when due;

4. if the Debtor failed to make any payment when due or if any other event of default occurred under Lease No. 2:

    a. GECC could declare the Debtor in default and exercise all of its rights and remedies under Lease No. 2 and applicable law;

    b. GECC could declare all unpaid rental payments and all future rental payments immediately due and payable;

    c. GECC could take possession of Equipment No. 2 wherever located without court order or other process of law; and

    d. the Debtor would pay the lessor all of its costs and expenses, including reasonable attorneys' fees, incurred in the enforcement of its rights thereunder.

WFVFS, as successor in interest to GECC, has performed all covenants, conditions and promises required of it under the terms of Lease No. 2.

**C. <u>Debtor's Defaults and WFVFS' Damages under the Equipment Leases</u>**

Beginning on or about April 11, 2017, the Debtor defaulted under the Equipment Leases by, among other things:

1. failing to make the payments owed to WFVFS under the Equipment Leases on April 11, 2017 (Equipment Lease No. 2) and May 19, 2017 (Equipment Lease No. 1),

BN 33157043v2     3

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

respectively, and each month thereafter on the dates due in accordance with the terms of each Equipment Lease;

    2.    failing and refusing to make the Equipment available to WFVFS for inspection and/or repossession based on the Debtor's failure to make the monthly lease payments due under the Equipment Leases; and

    3.    ceasing to communicate with WFVFS in a timely manner.

Based on the foregoing events of default under the Equipment Leases, on September 12, 2017, WFVFS exercised its rights under the Equipment Leases and declared the Debtor's default thereunder and demanded all unpaid rental payments to date and all future rental payments owed under the Equipment Leases immediately due and payable.

Despite WFVFS's written demand for immediate payment, the Debtor failed and refused to perform its obligations under the Equipment Leases. Thus, as of the Petition Date, the Debtor's obligations to WFVFS under the Equipment Leases include payment, in the aggregate, of an amount not less than $275,350.78, plus late charges, costs, attorneys' fees and expenses accrued prepetition. The Debtor has not paid any portion of this amount.

Additionally, the Debtor has failed to make any payments post-petition, including payments due and payable to WFVFS on the first day of each month, beginning on October 1, 2017, under both Equipment Leases. The monthly payment amount under Lease No. 1 is $5,795.48; and the monthly payment amount under Lease No. 2 is $1,878.45.

### III.    ARGUMENT

**A.    <u>This Court Should Compel the Debtor to Assume or Reject the Leases Pursuant in Accordance with Section 365(d)(2) of the Bankruptcy Code.</u>**

Section 365(d)(2) provides the Court with authority to compel a trustee or debtor in possession to assume or reject an executory contract or unexpired lease "within a specified period of time." 11 U.S.C. § 365(d)(2). Because section 365(d) does not proscribe a deadline by which a trustee or debtor in possession must make this decision, section 365(d)(2) provides a countermeasure to balance the interest of the estate against the interest of a non-debtor contract

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 33157043v2    4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

party: the court has the discretion to compel the trustee or debtor in possession to assume or reject an executory contract within a "reasonable time." *Zions Credit Corp. v. Rebel Rents, Inc. (In re Rebel Rents, Inc.)*, 291 B.R. 529 (Bankr. C.D.Cal. 2000) (*citing Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105 (2d Cir. 1982)).

When a trustee or debtor in possession continues to use an asset that is the subject of an unexpired executory contract, unabated and without any compensation to the contract counterparty, it is even more imperative that the court set a deadline by which the trustee or debtor in possession must decide whether to assume or reject an executory contract. For example, in *In re Beker Industrial Corp.*, 64 B.R. 890 (Bankr. S.D.N.Y. 1986), the court granted the non-debtor contract counterparty's motion to compel the assumption or rejection of certain executory contracts because a non-debtor contract counterparty should not be forced to fund, in essence, a debtor's bankruptcy case by permitting the estate's continued use of subject property to the non-debtor contract counterparty's detriment. *Id.* at 899.

Furthermore, an order requiring the Debtor to decide whether it will assume or reject the Equipment Leases is necessary here because mere postpetition payments are insufficient to provide adequate protection of WFVFS's interests. In fact, courts have held that even the combination of postpetition payments and a prospective or potential right to an administrative claim under section 503(b)(l) does not constitute adequate protection of a lessor's interests under section 361. *See In re Attorney's Office Management, Inc.*, 29 B.R. 96 (Bankr C.D. Cal. 1983). Thus, WFVFS is entitled not only to adequate protection payments under section 363(e) and maintenance of payments under section 365(d)(5), but also to an order compelling Debtor to assume or reject the Lease within a reasonable time. *See In re Whitcomb & Keller Mortg. Co., Inc.*, 715 F.2d 375 7111 Cir. (1983); *see also In re New York Deli Ltd.*, 41 B.R. 198 (Bankr. D. Haw. 1984).

The court has discretion to determine how much time is "reasonable" in light of the circumstances for a trustee or debtor in possession to assume or reject an unexpired executory contract under section 362(d)(2). *See New York Deli, Ltd.*, 41 B.R. 198. Here, the Debtor has

had more than enough time to determine whether the Equipment is necessary for a reorganization. More than **eight** months have elapsed since the Debtor commenced this case. During this time, the Debtor has been using, or has had access to and the ability to use, the Equipment in connection with its business for the benefit of its estate, without making a single postpetition payment under either Equipment Lease and without providing to WFVFS any form of compensation for the attenuating wear and tear and ordinary depreciation of the Equipment.

While the Bankruptcy Code affords a trustee or debtor in possession with a "reasonable" time to decide whether to assume or reject an unexpired lease or executory contract, the Bankruptcy Code does not entitle a trustee or debtor in possession to use and enjoy the benefit of the Equipment endlessly without compensating WFVFS, the owner of the Equipment, and effectively forcing WFVFS involuntarily to finance the estate's operations.

Under the circumstances, eight months is more than a "reasonable time" by which the Debtor should decide whether or not it needs common office equipment such as the Equipment and whether it is in the estate's best interest to assume or reject the Equipment Leases. Accordingly, it is appropriate for the Court to compel the Debtor to decide whether to assume or reject the Leases within 30 days from the date of entry of an order granting this Motion.

**B.**     **The Estate Is Required to Pay WFVFS Postpetition Rent Due under the Equipment Leases.**

Section 365(d)(5) of the Bankruptcy Code unequivocally mandates a trustee or debtor in possession to perform all obligations under an unexpired lease or executory contract while the bankruptcy is pending, including commencement of timely payment of rent 60 days after entry of an order for relief:

> (5) The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof. This subsection shall not

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 33157043v2          6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

> be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f). Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

11 U.S.C. § 365(d)(5).

In a case under chapter 9 of the Bankruptcy Code, the court will enter an order for relief if no party objects to the eligibility of the debtor as a chapter 9 debtor under section 109(c) of the Bankruptcy Code or if the court determines that the debtor is an eligible chapter 9 debtor after notice and hearing. 11 U.S.C. §§ 921(c), 921(d), and 923.

On November 27, 2017, the Debtor filed the Notice of Commencement of Chapter 9 Case (ECF 244) (the "Chapter 9 Notice"). The Chapter 9 Notice provided that if no party in interest filed, by January 11, 2018, written objection to the Debtor's Petition and eligibility as a chapter 9 debtor under section 109(c) the Petition would be deemed to constitute the order for relief in this case, effective as of the Petition Date, and that the Chapter 9 Notice would be deemed notice of entry such order for relief in this case. Here, the case docket does not indicate that any party filed a written objection before January 12, 2018. Accordingly, the order for relief in this case is deemed to have been entered on the Petition Date.

Reading section 365(d)(5) together with sections 921 and 923, then, the Bankruptcy Code required the Debtor to commence making timely payment of rent due and to perform all other obligations under the Equipment Leases after November 29, 2017 (60 days after the date of the order for relief (Petition Date)). Despite the mandatory provisions of section 365(d)(5), the Debtor has not yet made a single payment to WFVFS on account of the Equipment Leases. Accordingly, WFVFS requests that the Court order the Debtor to comply with section 365(d)(5) retroactively as to the first payment due under the Equipment Leases after November 29, 2017, and to perform all other obligations due thereunder since that date.

C.　**WFVFS Is Entitled to a Priority Claim for Administrative Expenses for Postpetition Rent.**

Section 503(b) provides that:

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 33157043v2　　　7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

> After notice and a hearing, there shall be allowed administrative expenses other than claims allowed under section 502(f) of this title, including
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case ...

11 U.S.C. § 503(b).

The Supreme Court has held that, "[i]f the debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." *Nat'l Labor Relations Bd. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199 (1984). Furthermore, "depending on the particular circumstances of the contract, [the payment amount] may be what is specified in the contract." *Id.*; *see also In the Matter of Glasmark, Ltd.*, 193 F.3d 371, 374 (5th Cir. 1999); *In re Bryant Universal Roofing, Inc.*, 218 B.R. 948, 956 (Bankr. D. Ariz. 1998).

As described above, the Debtor's estate has benefitted from its continued access to and use of the Equipment and continues to benefit, all while failing to perform its statutory obligations or compensating WFVFS or otherwise ensuring adequate protection of WFVFS's interests in the Equipment. WFVFS, on the other hand, has been providing to the Debtor access to and enjoyment of the Equipment since well before the Petition Date, notwithstanding the Debtor's failure to make any payments due to WFVFS due under the Equipment Leases. As a result, WFVFS has conferred a direct, beneficial impact on the Debtor's business operations and added value to the Debtor's estate sufficient to entitle WFVFS to an administrative expense claim for <u>all</u> unpaid amounts due under the Equipment Leases. *See In re Dant & Russell, Inc.*, 853 F.2d 700, 706-07 (9th Cir. 1988).

Therefore, as the Debtor has failed to pay postpetition rent to WFVFS and otherwise comply with its obligations as a debtor in possession, including abiding by the terms of the Equipment Leases, while continuing to derive benefit from the use and availability of the Equipment, WFVFS also requests the Court enter an order under section 503(b)(1) allowing a

BN 33157043v2     8

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

priority, unsecured for administrative expense claim in favor of WFVFS for all unpaid postpetition rent accruing under the Equipment Leases after the Petition Date in such amounts as set forth in the Boddicker Declaration.

**D.** **Alternatively, WFVFS Is Entitled to Adequate Protection or Relief From the Automatic Stay.**

Section 363(e) of the Bankruptcy Code provides, in pertinent part:

> [O]n request of an entity that has an interest in property used, sold or lease ... by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

By its very nature, the Equipment is a depreciating asset and will continue to depreciate over time due to the wear associated with Debtor's continued use of the Equipment and obsolescence due to the passage of time. *See* Boddicker Declaration at ¶¶ 12-15. Pursuant to section 361, periodic cash payments are an acceptable form of the adequate protection for which section 363 provides. 11 U.S.C. § 361(1). As stated in the Boddicker Declaration, the Equipment depreciates on a monthly basis at a rate equivalent to the amount of the payments that would be due under the Equipment Leases ($5,795.48 under Lease No. 1 and $1,878.45 under Lease No. 2).

If WFVFS's interest in the Equipment is not adequately protected during this case because the Debtor fails or is unable to make cash payments as due under the Equipment Leases or otherwise, the Court has authority under section 362(d) to grant WFVFS relief from the automatic stay under section 362(a). 11 U.S.C. § 362(d)(1). Once a party in interest demonstrates (1) "cause" or (2) that the debtor does not have any equity in the property at issue and that the property is not necessary to an effective reorganization, the Court shall grant relief from the automatic stay. 11 U.S.C. § 362(d)(l) and (d)(2).

Cause to terminate the automatic stay exists in this case because WFVFS's interest in the Equipment is not adequately protected. WFVFS' interest in the Equipment has diminished and

BN 33157043v2     9

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSES; OR (C) TERMINATING THE AUTOMATIC STAY – CASE NO. 17-13797-B-9**

1　continues to do so during the course of this case.  The value of the Equipment is declining daily

2　due to the Debtor's continued use and ordinary depreciation.  Where the Debtor has not made any

3　payments to WFVFS of the amounts due and owing to WFVFS under the Equipment Leases

4　since before the Petition Date and where the asset values are declining, the Court has discretion

5　to, and should, terminate the automatic stay as to WFVFS and the Equipment.

6　　　Furthermore, if the Court compels the Debtor to assume or reject the Leases and the

7　Debtor ultimately rejects one or both of the Equipment Leases, the automatic stay automatically

8　will terminate in favor of WFVFS under section 365(p)(1), thereby permitting WFVFS to pursue

9　its rights and remedies under the Equipment Leases relating to the Equipment.

## IV.　CONCLUSION

Based on the foregoing, WFVFS respectfully requests that this Court enter an order (A) requiring the Debtor to obtain an order approving assumption of the Leases forthwith, or have the Leases deemed rejected; (B) directing payment of administrative rent; or, alternatively, (C) granting WFVFS adequate protection or relief from stay, including waiver of the 14-day waiting period prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.  In addition, requests such other and further relief as the Court deems just and proper.

DATED:  June 29, 2018　　　　　　　　　BUCHALTER
　　　　　　　　　　　　　　　　　　　　A Professional Corporation


　　　　　　　　　　　　　　　　　　By:　　/s/ Jeannie Kim
　　　　　　　　　　　　　　　　　　　　　JEANNIE KIM
　　　　　　　　　　　　　　　　　　　Attorneys for Movant
　　　　　　　　　　　　　　　　　Wells Fargo Vendor Financial Services, LLC