WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:   (559) 435-9868
E-mail:       rileywalter@w2lg.com

Chapter 9 Counsel for Tulare Local Healthcare District

MCCORMICK BARSTOW, LLP
Todd A. Wynkoop #308845
Benjamin T. Nicholson #239893
Benjamin E. Ladd #320466
7647 N. Fresno Street
Fresno, CA 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300
E-mail:       todd.wynkoop@mccormickbarstow.com

District Counsel for Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #:   94-6002897<br>Address:    869 N. Cherry Street<br>            Tulare, CA 93274 | CASE NO.  17-13797<br>DC No.:  BPC-001<br>Chapter 9<br><br>Date:   August 2, 2018<br>Time:   9:30 a.m.<br>Place:  2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13<br>        Dept. B, Fifth Floor<br>Judge:  Honorable René Lastreto II |

**OPPOSITION TO MOTION FOR ORDER (A) COMPELLING ASSUMPTION OR REJECTION OR EQUIPMENT LEASES; (B) DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY (C) TERMINATING THE AUTOMATIC STAY**

OPPOSITION TO MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, TERMINATING THE AUTOMATIC STAY

-1-

M:\S-U\TRMC\PLEADINGS\BPC-001 Motion to Compel Assumption and for Admin Expense and ROS (Wells Fargo)\Opposition.071918.cs.docx

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE: TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER (the "District") respectfully comes before the Court in opposition to the Motion filed by Wells Fargo Vendor Financial Services, LLC ("Movant") (a) compelling assumption or rejection of equipment leases; (b) directing payment of post-petition administrative rent or, alternatively; (c) terminating the automatic stay ("Motion") as follows:

## I. BACKGROUND

The District is a public local healthcare district organized under the Local Hospital District Law set forth in California's Health and Safety Code. The District owns and intends to operate its 112 bed general acute hospital facility, medical clinics, a fitness facility (called Evolution Fitness Center) and other patient service programs. Given the desperate circumstances that have been the subject of multiple pleadings filed with this Court, the District filed its Chapter 9 case on September 30, 2017 (the "Petition Date") and subsequently voluntarily surrendered its license to the California Department of Public Health on October 28, 2017 to avoid a forced shut down of its operations.

Prior to the Petition Date, the District and General Electric Credit Corporation ("GECC") entered into certain lease agreements as described in Movant's Motion ("Lease Agreements") which were subsequently assigned by GECC to Movant. The subject matter of the Lease Agreements are certain Lanier copiers described therein ("Equipment"). By its Motion, Movant seeks an order from the Court requiring the District to assume or reject the Lease Agreements, or, in the alternative, granting relief from the automatic stay for failure to provide adequate protection.

///

///

OPPOSITION TO MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, TERMINATING THE AUTOMATIC STAY　　-2-　　M:\S-U\TRMC\PLEADINGS\BPC-001 Motion to Compel Assumption and for Admin Expense and ROS (Wells Fargo)\Opposition.071918.cs.docx

## II. ARGUMENT

The District does not oppose an order by this Court directing it to assume or reject the Lease Agreements. For the reasons set forth more fully below, the District submits that a reasonable time for the Court to compel such action under the present circumstances is 60 days from the date of the order on Movant's motion. However, the remainder of the relief requested by Movant's Motion should be denied because Movant has not established that it is entitled to post-petition rent payments, an administrative expense claim, or adequate protection, and because Movant's request for relief from the automatic stay was requested as an alternative and is therefore unnecessary since the District consents to an order compelling assumption or rejection within a reasonable time.

### a. COMPELLING ASSUMPTION OR REJECTION OF THE LEASE AGREEMENTS

A debtor is to be given a reasonable amount of time to decide whether to accept or reject an executory contract. *In re Rebel Rents*, 291 B.R. 520, 530 (Bankr. C.D. Cal. 2003). What constitutes a reasonable time is within the discretion of the bankruptcy court. *Id.* As the Court is aware, the District has faced dire financial and political circumstances which required it to seek bankruptcy protection, voluntarily surrender its license to the California Department of Public Health, and cease business operations. Compounding matters for the District, it did not gain control of its facilities, documents, information and computer systems from its prior management company until late November 2017, almost two months after the Petition Date. The District must reopen its acute care hospital facilities by October 29, 2018 or its license to operate may be lost.

///

OPPOSITION TO MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, TERMINATING THE AUTOMATIC STAY

-3-

M:\S-U\TRMC\PLEADINGS\BPC-001 Motion to Compel Assumption and for Admin Expense and ROS (Wells Fargo)\Opposition.071918.cs.docx

Accordingly, the District is currently engaged in negotiations which, if successful, would procure the funding necessary to resume operations of its acute hospital facility. In the very near term, the District will be seeking court approval of this transaction. If court approval is granted, the District will then seek voter approval. The District anticipates that it will take until at least Fall 2018 to obtain the requisite approvals. The District is currently evaluating which leases will be assumed and which will be rejected in light of this pending transaction.

Notwithstanding the amount of time needed to finalize the subject transaction, the District believes it can reasonably make a decision regarding assumption or rejection of the Lease Agreements within 60 days of the hearing date on this Motion. The District therefore requests an order requiring it to either assume or reject Movant's Lease Agreements not later than October 1, 2018.

### b. PAYMENT OF POST-PETITION RENTS

#### i. Movant is not entitled to rent due under the lease agreements because Section 365(d)(5) does not apply in Chapter 9.

Movant is not entitled to post-petition rent under 11 U.S.C. § 365(d)(5) because Section 365(d)(5) does not apply in Chapter 9 cases. Movant wrongly argues that Section 365(d)(5) "unequivocally mandates a … debtor in possession to perform all obligations under an unexpired lease or executory contract while the bankruptcy is pending, including commencement of timely payment of rent 60 days after entry of an order for relief." However, the plain language of Section 365(d)(5) limits its application to Chapter 11 cases ("The trustee shall timely perform all obligations of the debtor … first arising from or after 60 days after the order for relief **in a case under chapter 11 of this title** under an unexpired lease of personal property … ")(emphasis added). See 3

///

OPPOSITION TO MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, TERMINATING THE AUTOMATIC STAY

-4-

M:\S-U\TRMC\PLEADINGS\BPC-001 Motion to Compel Assumption and for Admin Expense and ROS (Wells Fargo)\Opposition.071918.cs.docx

*Collier on Bankruptcy* ¶ 365.04[2][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. ("**Section 365(d)(5) applies only in chapter 11 cases ...** ") (emphasis added).

Further, although moot because of the non-application of Section 365(d)(5) to chapter 9 cases, Movant's assertion that the Order for Relief is retroactive to the Petition Date is contrary to the Bankruptcy Code. Chapter 9 is peculiar in that the filing of a voluntary petition does not constitute an order for relief. 11 U.S.C. § 921(d). Rather, the municipality must be prepared to litigate its way to an order for relief in its voluntary case by demonstrating its eligibility to be a chapter 9 debtor and establishing that it filed the petition in good faith. 11 U.S.C. §§ 109(c) and 921(c). *In re City of Stockton*, 475 B.R. 720, 724-725 (2012). Section 921(d) provides that if the petition is not dismissed under subsection (c) the court shall order relief notwithstanding section 301(b). 11 U.S.C. § 921(d). Nothing in Section 921(d) states that the Order for Relief is retroactive to the petition date. Again, however, the retroactivity of Section 921(d) is a moot point considering Movant is not entitled to the relief requested due to the inapplicability of Section 365(d)(5) to Chapter 9 cases.

> ii. **Movant is not entitled to an administrative claim for post-petition rent because of the limitations placed on such claims in Chapter 9 cases.**

Movant is not entitled to an administrative claim for post-petition rent. The treatment of priority and administrative claims in a chapter 9 proceeding is significantly different in many respects from other chapters of the Bankruptcy Code. See Francis J. Lawall & J. Gregg Miller, *Debt Adjustments for Municipalities under Chapter 9 of the Bankruptcy Code: A Collier Monograph*, § 7(10)(b)(2012). Section 901 incorporates all of Section 503, which addresses the allowance of administrative expenses. *Id.*, citing 11 U.S.C. 901 (incorporating § 503). The allowance of administrative expenses,

however, should be limited to expenses incurred in connection with the administration of the chapter 9 case itself. *Id.* Section 503 should not be read to apply to the general post-petition operating expenses of the municipality as that would "give the court undue control over the 'political or governmental powers of the debtor…[or] the property or revenues of the debtor.'" *Id.*, citing 6 Collier on Bankruptcy, ¶ 901.04[13][b] (citing 11 U.S.C. § 904); 6 Collier on Bankruptcy, ¶¶ 904.01, 904.02. 904.LH; *In re N.Y.C. Off-Track Betting Corp.*, 434 B.R. 131, 141-42 (Bankr. S.D.N.Y. 2010)(property of debtor is not property of the estate because section 541 is not incorporated into chapter 9; as a result, there can be no administrative expenses for "the actual and necessary costs of preserving the estate"); *In re City of Vallejo*, 403 B.R. 72. 78 n.2 (Bankr. E.D. Cal. 2009), *aff'd*, *IBEW, Local 2376 v. City of Vallejo (In re City of Vallejo)*, 432 B.R. 262 (E.D. Cal. 2010)(no property of the estate).

Movant makes no assertion and presents no evidence that its claim for post-petition rent was incurred **in connection with** the administration of the chapter 9 case itself, as required. Movant's assertion that it has conferred a direct, beneficial impact on the District's business operations and added value to the District's "estate" is not only incorrect (the District has had no business operations since October 28, 2017 when it voluntarily ceased operations and, additionally, there is no "estate" in chapter 9 cases, as noted above), but it is irrelevant. Movant is asking the Court to apply the wrong legal standard and has presented no evidence that it has met the correct legal standard. Therefore, the relief requested should be denied.

///

///

///

///

OPPOSITION TO MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, TERMINATING THE AUTOMATIC STAY
-6-
M:\S-U\TRMC\PLEADINGS\BPC-001 Motion to Compel Assumption and for Admin Expense and ROS (Wells Fargo)\Opposition.071918.cs.docx

### c. ADEQUATE PROTECTION AND RELIEF FROM THE AUTOMATIC STAY

#### i. Movant is not entitled to adequate protection under Section 363(e).

Movant is not entitled to adequate protection as requested. Movant cites Section 363(e) as its authority for adequate protection. However, Section 363(e) is not applicable to chapter 9 cases. See 11 U.S.C. § 901. Thus, Movant's request for adequate protection should be denied.

#### ii. Relief from the Automatic Stay is unnecessary because the District consents to an order compelling it to assume or reject the Lease Agreements within a reasonable time.

Relief from the automatic stay was requested by Movant as an alternative to its request that the District be compelled to either assume or reject the Lease Agreements. As noted above, the District consents to entry of an order compelling it to assume or reject the Lease Agreements within a reasonable time. Thus, granting relief from the automatic stay at this time is unnecessary and would not be appropriate given the District's consent to an order on Movant's primary request for relief.

### III. CONCLUSION

The District consents to an order by this Court requiring it to either assume or reject the Lease Agreements within a reasonable time. In light of the unique circumstances at issue here, the District respectfully requests that the Court, in its discretion, allow it until October 1, 2018 to either assume or reject the Lease Agreements.

///

///

OPPOSITION TO MOTION FOR ORDER COMPELLING ASSUMPTION OR REJECTION OF EQUIPMENT LEASES; DIRECTING PAYMENT OF POST-PETITION ADMINISTRATIVE RENT OR, ALTERNATIVELY, TERMINATING THE AUTOMATIC STAY

-7-

M:\S-U\TRMC\PLEADINGS\BPC-001 Motion to Compel Assumption and for Admin Expense and ROS (Wells Fargo)\Opposition.071918.cs.docx

However, the remainder of the relief requested by Movant's Motion should be denied because Movant has not established that it is entitled to post-petition rent payments, an administrative expense claim, or adequate protection, and because Movant's request for relief from the automatic stay was requested as an alternative and is therefore unnecessary since the District consents to an order compelling assumption or rejection within a reasonable time.

Dated: July 19, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _____
Danielle J. Bethel
Attorneys for the Debtor
Tulare Local Healthcare District, dba Tulare Regional Medical Center