**9**
Lisa M. Peters (admitted *pro hac vice*)*
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Email: Lisa.Peters@kutakrock.com

*Counsel for service pursuant to LBR 2017-1(d)(1)

John Mark Jennings (State Bar No. 192641)
KUTAK ROCK LLP
Suite 1500
5 Park Place
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: JohnMark.Jennings@kutakrock.com

Attorneys for Creditor GE HFS, LLC

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba Tulare Regional Medical Center,<br><br>　　　　Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　Tulare, California 93274 | CASE NO. 17-13797<br><br>DC No.: WW-41<br><br>Chapter 9<br><br>Date: August 2, 2018<br>Time: 9:30 a.m.<br>Dept.: B<br>Place: 2500 Tulare Street<br>　　　　Fresno, California 93721<br>　　　　Courtroom 13<br>Judge: Honorable Rene Lastreto II |

///
///
///
///

OBJECTION TO ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES

4824-9905-8030.2

1

**GE HFS, LLC'S OBJECTION TO (I) PROPOSED ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF LEASES, AND (II) CURE OBLIGATIONS WITH RESPECT THERETO PURSUANT TO NOTICE TO CONTRACT AND LEASE PARTIES OF DESIGNATION OF CONTRACTS AND LEASES TO BE ASSUMED AND ASSIGNED PURSUANT TO MOTION FOR AUTHORITY TO ENTER INTO TRANSACTION INCLUDING BORROWING FUNDS, SALES OF PERSONAL PROPERTY AND PROVIDING SECURITY, ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES AND FOR AUTHORITY TO LEASE REAL PROPERTY PURSUANT TO 11 U.S.C. SECTIONS 105, 362, 364, 365, 901 AND 922**

GE HFS, LLC ("GE HFS"), a lessor and party-in-interest in the above-captioned bankruptcy cases, by and through its undersigned counsel, hereby objects to (i) the proposed assumption or assumption and assignment of GE HFS's Master Lease (as hereinafter defined), and (ii) the cure amount due with respect to the Master Lease, all as more particularly set forth herein. In support of this Objection, GE HFS respectfully states the following:

**I.      BACKGROUND FACTS**

**A.      Master Lease and Prepetition Defaults.**

1.      Prior to the filing of the subject chapter 9 bankruptcy case, GE HFS and Tulare Local Health Care District ("Debtor") entered into that certain Master Lease Agreement dated as of November 16, 2016 (all other exhibits, attachments, addenda, amendments and modifications thereto, the "MLA"), and the following Equipment Schedules thereto: (a) that certain Equipment Schedule dated as of November 16, 2016 (the "9892489 Schedule"), identified as Internal Contract Ref. # 9892489001; (b) that certain Equipment Schedule dated as of November 16, 2016 (the "9892228 Schedule"), identified as Internal Contract Ref. # 9892228001); (c) that certain Equipment Schedule dated as of November 18, 2016 (the "9892587 Schedule"), identified as Internal Contract Ref. # 8982587001; and (d) that certain Equipment Schedule dated as of January 3, 2017 (the "9899485 Schedule"), identified as Internal Contract Ref. # 9899485001. The MLA, the 9892489 Schedule, the 9892228 Schedule, the 9892587 Schedule, the 9899485 Schedule and all other exhibits, attachments, addenda, amendments and modifications thereto are, collectively, the "Master Lease." A true and correct copy of the Master Lease is included as **Exhibit A** to the Declaration of Amy Wall (the "Wall Declaration") in support of, and filed concurrently with, this Objection and is incorporated herein by this reference.

2. Through the Master Lease, GE HFS leases certain medical equipment owned by GE HFS to Debtor, including (a) (i) one (1) GE Healthcare Dash 5000 v6 and accessories, and (ii) one (1) GE Healthcare INW Networking 696, each pursuant to the 9892489 Schedule; (b) one (1) GE Healthcare Maclab IT696R2 system and accessories, pursuant to the 9892228 Schedule; (c) (i) one (1) ACIST Medical Systems Inc. miscellaneous equipment, (ii) two (2) Arrow Interventional Inc. AutoCAT 2 Wave systems and accessories, (iii) four (4) CVIS RVASF Greenlite Aprons (3 female, 1 male), and (iv) Accriva Diagnostics Activated Clotting Time Analyzer, each pursuant to the 9892587 Schedule; and (d) one (1) Leica M822 F40 Ultimate Red Reflex Ophthalmic Surgical Microscope, pursuant to the 9899485 Schedule (collectively, the "<u>Leased Equipment</u>"). *See* Wall Declaration, ¶ 7 and Ex. A, pp. 7, 10, 16, and 17.

3. Debtor repeatedly defaulted under the Master Lease, *inter alia*, prior to commencing the above-captioned chapter 9 bankruptcy case by failing and refusing to pay the rental installments and other sums required to be paid thereunder. *See* Wall Declaration, ¶ 8 and Ex. A., p. 2, § 10(a)(i). After GE HFS provided multiple notices of such defaults to Debtor, GE HFS, in accordance with the terms of the Master Lease, declared all rental installments and other sums for the balance of the term of the Master Lease to be immediately due and payable. *See* Wall Declaration, ¶ 9 and Ex. A., p. 2, § 10(b)(i). Despite such acceleration of all amounts under the Master Lease, Debtor continued in its failure and refusal to remit any sums due thereunder. Wall Declaration, ¶ 9.

**B.    Debtor's Bankruptcy Case.**

4. On or about September 30, 2017 (the "<u>Petition Date</u>"), Debtor filed its voluntary petition under chapter 9 of 11 U.S.C. §§ 101, *et seq*. (the "<u>Bankruptcy Code</u>").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. From and after the Petition Date, Debtor has persisted in its prepetition conduct by failing and refusing to remit to GE HFS any amounts outstanding under the Master Lease. *See* Wall Declaration ¶ 10. Such defaults continue as of the date hereof. *Id*.

**C.  The Potential Assumption and Assignment of the Master Lease.**

7.  On or about July 20, 2018, Debtor filed, *inter alia*, (a) that certain *Debtor's Motion for Authority to Enter Into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. Section 105, 362, 364, 365, 901 and 922* [Docket No. 603] (the "Motion"), (b) that certain *Notice to Contract and Lease Parties of Designation of Contracts and Leases to be Assumed and Assigned Pursuant to Motion for Authority to Enter Into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. Sections 105, 362, 364, 365, 901 and 922* [Docket No. 608] (the "Notice"), and (c) that certain *Declaration of Teresa Jacques in Support of Motion for Authority to Enter Into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. §§105, 362, 364, 365, 901 and 922* [Docket No. 607] (the "Declaration").

8.  Pursuant to the Motion, the Debtor seeks approval from this Court to enter into certain loan, management, lease, transfer, and sale transactions with Adventist Health System/West, doing business as Adventist Health ("AHSW") and/or Adventist Health Tulare ("AHT"), including the assumption and assignment of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code and in connection therewith, the fixing of amounts required to cure defaults under such assumed and assigned contracts and leases.

9.  Attached to the Declaration is a list of contracts and leases to be assumed and assigned to AHSW or AHT as part of the transactions that are the subject of the Motion and the Debtor's proposed cure amount to be paid in connection with such assumption and assignment.

10.  Pursuant to the exhibit attached to the Declaration, it appears that the Debtor asserts that $0.00 is the required amount to cure all defaults under the Master Lease. *See* Declaration, Ex. A., p. 3, ln. 106.

**II.  OBJECTION**

**A.  The Master Lease May Only be Assumed or Assumed and Assigned in its Entirety.**

11. It is well-established that under section 365 of the Bankruptcy Code, a debtor that seeks to assume or assume and assign a lease or other executory contract must either assume (or assume and assign) the entire contract, *cum onere*, or reject the entire contract, shedding all obligations as well as benefits. *See e.g. N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531 (1984) (debtor assumes executory contract *cum onere* if electing to assume contract); *see also*, *In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (when debtor assumes executory contract, it must assume entire contract, *cum onere*, accepting both the obligations and the benefits exactly as they exist); *In re City of Vallejo*, 403 B.R. 72, 76 (Bankr. E.D. Cal. 2009) (recognizing that section 365 of the Bankruptcy Code applies to chapter 9 cases and such chapter 9 debtor may use section 365 of the Bankruptcy Code to assume or reject leases and executory contracts). A debtor may not assume (or assume and assign) a lease or executory contract on any different terms than exist on the petition date, without the express agreement of the non-debtor party to the contract or lease. *See e.g. N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. at 531; *see also*, *In re National Gypsum Co.*, 208 F.3d at 506.

12. To the extent Debtor seeks to assume or assumed assign less than the entire Master Lease, including all equipment schedules thereto, such cherry-picking is not permitted under section 365 of the Bankruptcy Code. Debtor must assume (or assume and assign) or reject the entire Master Lease, including all equipment schedules thereto and the Leased Equipment thereunder, in its entirety, *cum onere*.

13. Accordingly, any proposed assumption or assumption and assignment of the Master Lease by Debtor that attempts or purports to exclude any portion thereof or equipment schedule thereto must be denied.

**B. Because the Cure Notice Incorrectly Specifies the Defaults That Must be Cured Before the Master Lease May be Assumed or Assumed and Assigned Pursuant to 11 U.S.C. § 365(b), the Court May Not Approve the Assumption or Assumption and Assignment of the Master Lease.**

14. As of the date hereof, monetary defaults exists under the Master Lease. *See* Wall Declaration, ¶ 10. Without giving effect to the prepetition acceleration of all amounts under the Master Lease, the known, existing monetary defaults and obligations due and delinquent as of the

date hereof are $177,444.85, which consists of

　　　　(a) $11,684.28 under the 9892489 Schedule, on account of (i) rents in the amount of $10,260.64, (ii) late fees in the amount of $577.08, and (iii) sales taxes on rents in the amount of $846.56;

　　　　(b) $64,738.03 under the 9892228 Schedule, on account of (i) rents in the amount of $54,392.28, (ii) late fees in the amount of $3,229.61, (iii) sales taxes on rents and property taxes in the amount of $4,687.70, and (iv) property taxes in the amount of $2,428.44;

　　　　(c) $54,969.75 under the 9892587 Schedule, on account of (i) rents in the amount of $48,443.54, (ii) late fees in the amount of $2,279.68, (iii) sales taxes on rents in the amount of $3,996.53, and (iv) document fees in the amount of $250.00; and

　　　　(d) $46,052.79 under the 9899485 Schedule, on account of (i) rents in the amount of $40,555.39, (ii) late fees in the amount of $1,901.60, (iii) sales taxes on rents in the amount of $3,345.80, and (iv) document fees in the amount of $250.00.[1]  *Id*. at ¶ 11.

Additionally, rent and other monetary obligations will become due and owing pursuant to the Master Lease from and after the date hereof (but for the acceleration) and must be paid by Debtor when due or paid in connection with any assumption or assumption and assignment of the Master Lease. *Id*. The cure obligation under section 365(b)(1) of the Bankruptcy Code mandates that an assumption or assumption and assignment of the Master Lease be barred unless all rent, charges, fines and other monetary obligations that become due pursuant to the Master Lease from and after the date hereof (a) are paid when due, or (b) are paid in full in connection with an assumption or assumption and assignment of the Master Lease.

　　　　15.　　Further, additional monetary obligations may have accrued pursuant to Master Lease but have not yet become the subject of an invoice or statement and may not become due prior to the entry of an order approving the assumption or assumption and assignment of the

---

[1] By identifying and asserting only the regular, periodic installments and charges that have come due and remain unpaid, but for the acceleration, GE HFS does not waive its right to seek or collect the full accelerated amount due and owing to GE HFS to the extent permitted by the Bankruptcy Code.

Master Lease. *See* Wall Declaration, ¶ 12 and Ex. A., p. 1, § 5. A non-exclusive example of such accrued, but not yet due, obligations are personal property taxes, which must be paid by Debtor pursuant to the Master Lease. Wall Declaration, ¶ 12. Debtor, and any proposed assignee, must acknowledge, and any order approving cure amounts and the assumption or assumption and assignment of the Master Lease must provide, that Debtor or any proposed assignee shall be liable for all amounts that have accrued but have not become the subject of a statement or other invoice prior to the date hereof without regard to whether such amounts are attributable to a pre-petition or post-petition period. GE HFS objects to any assignment or assignment and assumption of the Master Lease to the extent that the order approving any such assumption or assumption and assignment of the Master Lease does not obligate Debtor or any assignee to pay all obligations that have accrued under the Master Lease but have not yet become due and payable prior to the date an order is entered approving the assumption of the Master Lease as and when the same come due.

16. In the absence of any definitive agreement in writing to the contrary between GE HFS and Debtor, GE HFS additionally asserts its right pursuant to section 365(b)(1)(B) of the Bankruptcy Code to be reimbursed as part of the cure payments for all of its actual pecuniary losses including, but not limited to, reasonable attorneys' fees and costs expended with regard to Debtor's bankruptcy proceedings. *See* Wall Declaration, ¶ 13 and Ex. A., p. 3, § 10(d). GE HFS objects to assumption of the Master Lease to the extent that all cure amounts are not immediately paid in full in advance of any assumption of the Master Lease, including all of its actual pecuniary losses including, but not limited to, reasonable attorneys' fees and costs expended with regard to Debtor's bankruptcy proceedings.

17. The Master Lease also provides that Debtor must indemnify and hold GE HFS harmless with regard to any and all claims suffered by the GE HFS and arising from Debtor's use and possession of the Leased Equipment. *See* Wall Declaration, ¶ 14 and Ex. A., p. 3, § 11. Debtor and any assignee of the Master Lease must assume all indemnification liabilities set forth in the Master Lease and Debtor must be required to evidence, or obtain, adequate insurance in order to guaranty that its indemnity responsibilities will be met. Claims for indemnity may

include, but are not limited to, claims for personal injuries which occur in connection with the Leased Equipment where Debtor or GE HFS is joined as a party defendant, damage and destruction to the Leased Equipment by Debtor or its agents, or claims for environmental damage or environmental cleanup. GE HFS objects to any assumption or assumption and assignment of the Master Lease to the extent that it does not obligate Debtor or any assignee of the Master Lease to be responsible for all indemnification liabilities or obligate Debtor to otherwise provide assurance that such indemnification obligations will be satisfied.

18. Because Debtor has failed to demonstrate that any assumption and assignment of the Master Lease will fully comply with all of the requirements of section 365(b) of the Bankruptcy Code, including, but not limited to, a cure of all defaults, the Master Lease cannot be assumed and GE HFS objects to any assumption or assumption and assignment of the Master Lease.

**C. Reservation of Rights.**

19. Nothing herein shall otherwise limit GE HFS's right to file a proof of claim or amend an existing filed proof of claim in the above-titled case for any pre-petition amounts outstanding or additional post-petition amounts that accrue under the Master Lease or any damages arising from the rejection of the Master Lease, or otherwise waive, limit, or prejudice GE HFS's valid prepetition exercise of its remedies in connection with the acceleration of all amounts under the Master Lease or the collection thereof.

**WHEREFORE**, for the reasons set forth above, GE HFS respectfully requests that the Court:

A. Deny assumption or assumption and assignment of the Master Lease unless (1) all rent, charges, fines and other monetary obligations that become due pursuant to the Master Lease from and after the date hereof are paid when due, or are paid in full in connection with an assumption or assumption and assignment of the Master Lease, (2) any order approving cure amounts and the assumption or assumption and assignment of the Master Lease provides that Debtor or any proposed assignee shall be liable for all amounts

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

8

OBJECTION TO ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES
4824-9905-8030.2

under or pursuant to the Master Lease that have accrued but have not become the subject of a statement or other invoice prior to the date hereof without regard to whether such amounts are attributable to a pre-petition or post-petition period, (3) all of GE HFS's actual pecuniary losses including, but not limited to, reasonable attorneys' fees and costs expended with regard to Debtor's bankruptcy proceedings, are immediately paid in full as cure amounts, in advance of any assumption of the Master Lease, and (4) any order approving the assumption or assumption and assignment of the Master Lease provide that Debtor or any assignee of the Master Lease are responsible for all indemnification liabilities or obligate Debtor to otherwise provide assurance that such indemnification obligations will be satisfied; and

      B.     Grant such other and further relief as may be just and required under all of the circumstances.

Dated: August 1, 2018.                                  KUTAK ROCK LLP


                                                By:*/s/ Lisa M. Peters*
                                                LISA M. PETERS

                                                Attorneys for Creditor GE HFS, LLC