**4**

Lisa M. Peters (admitted *pro hac vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Email: Lisa.Peters@kutakrock.com

John Mark Jennings (State Bar No. 192641)
KUTAK ROCK LLP
Suite 1500
5 Park Place
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: JohnMark.Jennings@kutakrock.com

Attorneys for Creditor GE HFS, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba Tulare Regional Medical Center,<br><br>        Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>             Tulare, California 93274 | CASE NO. 17-13797<br><br>DC No.: WW-41<br><br>Chapter 9<br><br>Date: August 2, 2018<br>Time: 9:30 a.m.<br>Dept.: B<br>Place: 2500 Tulare Street<br>       Fresno, California 93721<br>       Courtroom 13<br>Judge: Honorable Rene Lastreto II |

**DECLARATION OF AMY B. WALL IN SUPPORT
OF GE HFS, LLC'S OBJECTION TO (I) PROPOSED
ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF
<u>LEASES, AND (II) CURE OBLIGATIONS WITH RESPECT THERETO</u>**

I, Amy B. Wall, hereby declare and represent as follows:

1. My name is Amy B. Wall.

2. I am over the age of 18, and if I were called as a witness in connection with this proceeding, I would and could testify to the matters as set forth in this Declaration.

3. I am a Workout Specialist for GE HFS, LLC ("GE HFS").

4. I am familiar with *GE HFS, LLC's Objection to (I) Proposed Assumption or Assumption and Assignment of Lease, and (II) Cure Obligations With Respect Thereto Pursuant to Notice to Contract and Lease Parties of Designation of Contracts and Leases to be Assumed and Assigned Pursuant to Motion for Authority to Enter into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. Sections 105, 362, 364, 365, 901 and 922* (the "Objection") and assisted counsel by providing the information set forth therein.

5. In my capacity as Workout Specialist for GE HFS, LLC, I am familiar with that certain Master Lease Agreement dated as of November 16, 2016 (all other exhibits, attachments, addenda, amendments and modifications thereto, the "MLA") between GE HFS, as lessor, and Tulare Local Health Care District ("Debtor"), as lessee, and the following Equipment Schedules thereto: (a) that certain Equipment Schedule dated as of November 16, 2016 (the "9892489 Schedule"), identified as Internal Contract Ref. # 9892489001; (b) that certain Equipment Schedule dated as of November 16, 2016 (the "9892228 Schedule"), identified as Internal Contract Ref. # 9892228001); (c) that certain Equipment Schedule dated as of November 18, 2016 (the "9892587 Schedule"), identified as Internal Contract Ref. # 8982587001; and (d) that certain Equipment Schedule dated as of January 3, 2017 (the "9899485 Schedule"), identified as Internal Contract Ref. # 9899485001. The MLA, the 9892489 Schedule, the 9892228 Schedule, the 9892587 Schedule, the 9899485 Schedule and all other exhibits, attachments, addenda, amendments and modifications thereto are, collectively, the "Master Lease."

6. A true and correct copy of the Master Lease is included as **Exhibit A** in the exhibits filed concurrently herewith and is incorporated herein by this reference.

7. Pursuant to the Master Lease, GE HFS leases certain medical equipment owned by GE HFS to Debtor, including (a) (i) one (1) GE Healthcare Dash 5000 v6 and accessories, and

(ii) one (1) GE Healthcare INW Networking 696, each pursuant to the 9892489 Schedule; (b) one (1) GE Healthcare Maclab IT696R2 system and accessories, pursuant to the 9892228 Schedule; (c) (i) one (1) ACIST Medical Systems Inc. miscellaneous equipment, (ii) two (2) Arrow Interventional Inc. AutoCAT 2 Wave systems and accessories, (iii) four (4) CVIS RVASF Greenlite Aprons (3 female, 1 male), and (iv) Accriva Diagnostics Activated Clotting Time Analyzer, each pursuant to the 9892587 Schedule; and (d) one (1) Leica M822 F40 Ultimate Red Reflex Ophthalmic Surgical Microscope, pursuant to the 9899485 Schedule. *See* Ex. A, pp. 7, 10, 16, and 17.

8. Prior to commencing the above-captioned chapter 9 bankruptcy case, Debtor repeatedly failed and refused to pay the rental installments and other sums required to be paid under the Master Lease. *See* Ex. A., p. 2, § 10(a)(i).

9. After GE HFS provided multiple notices of such defaults to Debtor, GE HFS, in accordance with the terms of the Master Lease, declared all rental installments and other sums for the balance of the term of the Master Lease to be immediately due and payable. *See* Ex. A., p. 2, § 10(b)(i). Despite such acceleration of all amounts under the Master Lease, Debtor continued in its failure and refusal to remit any sums due thereunder.

10. From and after the petition date, September 30, 2017, Debtor has failed and refused to remit to GE HFS any amounts outstanding under the Master Lease. As of the date hereof, Debtor has not remitted any payments to GE HFS during the postpetition period.

11. As of the date hereof, and without giving effect to the prepetition acceleration of all amounts under the Master Lease, the known, existing monetary defaults and obligations due and delinquent under the Master Lease are $177,444.85, which consists of

    (a) $11,684.28 under the 9892489 Schedule, on account of (i) rents in the amount of $10,260.64, (ii) late fees in the amount of $577.08, and (iii) sales taxes on rents in the amount of $846.56;

    (b) $64,738.03 under the 9892228 Schedule, on account of (i) rents in the amount of $54,392.28, (ii) late fees in the amount of $3,229.61, (iii) sales taxes on rents and property taxes in the amount of $4,687.70, and (iv) property taxes in the amount of

$2,428.44;

(c) $54,969.75 under the 9892587 Schedule, on account of (i) rents in the amount of $48,443.54, (ii) late fees in the amount of $2,279.68, (iii) sales taxes on rents in the amount of $3,996.53, and (iv) document fees in the amount of $250.00; and

(d) $46,052.79 under the 9899485 Schedule, on account of (i) rents in the amount of $40,555.39, (ii) late fees in the amount of $1,901.60, (iii) sales taxes on rents in the amount of $3,345.80, and (iv) document fees in the amount of $250.00.[1]

Additionally, rent and other monetary obligations will become due and owing pursuant to the Master Lease from and after the date hereof (but for the acceleration).

12. Further, additional monetary obligations may have accrued pursuant to Master Lease but have not yet become the subject of an invoice or statement and may not become due prior to the entry of an order approving the assumption or assumption and assignment of the Master Lease. A non-exclusive example of such accrued, but not yet due, obligations are personal property taxes, which must be paid by Debtor pursuant to the Master Lease. *See* Ex. A., p. 1, § 5.

13. GE HFS additionally asserts its right under the Bankruptcy Code to be reimbursed as part of the cure payments for all of its actual pecuniary losses including, but not limited to, reasonable attorneys' fees and costs expended with regard to Debtor's bankruptcy proceedings. *See* Ex. A., p. 3, § 10(d).

14. The Master Lease also provides that Debtor must indemnify and hold GE HFS harmless with regard to any and all claims suffered by the GE HFS and arising from Debtor's use and possession of the Leased Equipment. *See* Ex. A., p. 3, § 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2018 at Wauwatosa, Wisconsin.

Amy Wall

AMY B. WALL

---

[1] By identifying and asserting only the regular, periodic installments and charges that have come due and remain unpaid, but for the acceleration, GE HFS does not waive its right to seek or collect the full accelerated amount due and owing to GE HFS to the extent permitted by the Bankruptcy Code.