**6 PAGES**
MARK M. SCOTT (SBN: 138569)
WILLIAM S. BRODY (SBN: 136136)
JEANNIE KIM (SBN: 270713)
BUCHALTER
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: 415.227.0900
Fax: 415.227.077094105
Tel: (415) 227-0900
Fax: (415) 227-0770
Email: mscott@buchalter.com
       wbrody@buchalter.com
       jkim@buchalter.com

Attorneys for
Wells Fargo Vendor Financial Services, LLC

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TULARE LOCAL HEALTHCARE DISTRICT dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor. | Case No. 17-13797-B-9<br><br>Chapter 9<br><br>DC No: WW-041<br><br>**LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO TRANSACTION INCLUDING BORROWING FUNDS, SALES OF PERSONAL PROPERTY AND PROVIDING SECURITY, ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES AND FOR AUTHORITY TO LEASE REAL PROPERTY PURSUANT TO 11 U.S.C. §§ 105, 362, 364, 365, 901, AND 922**<br><br>Date:       August 2, 2018<br>Time:      9:30 a.m.<br>Dept:       B<br>Place:     Courtroom 13, 5th Floor<br>              2500 Tulare Street<br>              Fresno, CA 93721 |

BN 33633112v3

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO BORROW FUNDS, SELL PERSONAL PROPERTY AND PROVIDE SECURITY, ASSUME AND ASSIGN CONTRACTS AND LEASES AND TO LEASE REAL PROPERTY – CASE NO. 17-13797-B-9**

Wells Fargo Vendor Financial Services, LLC ("WFVFS"), creditor and contract counterparty in the above-captioned chapter 9 case, submits this Limited Opposition and Reservation of Rights ("Limited Objection and Rights Reservation") regarding the Debtor's *Motion for Authority to Enter into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. §§ 105, 362, 364, 365, 901, and 922* ("Motion") and the *Notice to Contract and Lease Parties of Designation of Contracts and Leases to be Assumed and Assigned Pursuant to Motion for Authority to Enter into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. §§ 105, 362, 364, 365, 901, and 922* (the "Assumption Notice")[1] filed by Tulare Local Healthcare District dba Tulare Regional Medical Center (the "Debtor").

WFVFS bases this Limited Objection and Rights Reservation on the within memorandum of points and authorities, all of the pleadings on file in the Debtor's bankruptcy case, and upon all further evidence, both oral and documentary, that may be submitted to the Court before the hearing on this Motion.

## I. INTRODUCTION

By the Motion and the Assumption Notice, the Debtor seeks Court authority to, among other things, assume and assign certain executory contracts between the Debtor and WFVFS described as "Lease Agreement – Copiers." *See* Decl. of Teresa Jacques in Support of Mot. at Ex. A, p. 7. WFVFS objects to the proposed assumption and assignment.

The Assumption Notice does not adequately describe the contract(s) between WFVFS and the Debtor that it seeks to assume and assign as WFVFS and the Debtor are parties to <u>two</u> unexpired executory contracts. The Motion similarly provides insufficient information to determine whether the purchaser/assignee ("Adventist Health Tulare") is capable of performing

---

[1] Although the Assumption Notice filed at Docket No. 608 does not include the "annexed Exhibit A" referenced therein, the Debtor has advised that the schedule of Potential Assumed Contracts (as defined in the Assumption Notice) is attached as Exhibit A to the Declaration of Teresa Jacques in Support of the Motion, filed at Docket No. 607 (the "Jacques Declaration").

BN 33633112v3
1

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO BORROW FUNDS, SELL PERSONAL PROPERTY AND PROVIDE SECURITY, ASSUME AND ASSIGN CONTRACTS AND LEASES AND TO LEASE REAL PROPERTY

the terms of the contract(s) that the Debtor seeks to assume and assign. Moreover, the cure amount that the Debtor has ascribed to the "Lease Agreement – Copiers" is $0.00, which WFVFS disputes. Accordingly, WFVFS requests that the Court deny the Motion to the extent it seeks authority for the Debtor to assign any WFVFS agreement.

## II.   FACTUAL BACKGROUND

The Debtor filed its chapter 9 case on September 30, 2017. According to the Motion, the Debtor has not been operating its 112-bed general acute care hospital located at 869 N. Cherry Street, Tulare, California (the "Hospital")[2] since October 28, 2017. *See* Mot. at 18:16-19.

### A.   The Debtor's Equipment Leases with WFVFS.

Before the Petition Date, the Debtor and General Electric Credit Corporation ("GECC") entered into two executory contracts (collectively, the "Equipment Leases") under which the Debtor leased certain personal property (collectively, the "Equipment"). WFVFS is the successor in interest to GECC pursuant to that certain assignment, by GECC to WFVFS, of the Equipment Leases, effective as of March 1, 2016. The terms of the Equipment Leases included, but are not limited to, the following:

1.   Lease No. 1.

On or about May 19, 2014, the Debtor, as lessee, and GECC, as lessor, entered into a written Equipment Lease Agreement bearing number 7803514001 ("Lease No. 1"), pursuant to which GECC agreed to lease to the Debtor certain personal property ("Equipment No. 1"), together with all attachments, accessories and replacements as more fully described therein. The Debtor acknowledged receipt of Equipment No. 1. A true and correct copy of Lease No. 1 has been filed with the Court as Exhibit 1 to the Declaration of Lisa Boddicker [Doc. No. 583] ("Boddicker Declaration") and also is attached to Claim No. 163-3 on the Court's register of claims in this case.

2.   Lease No. 2.

On or about January 11, 2016, the Debtor, as lessee, and GECC, as lessor, entered into a

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Debtor's Motion.

BN 33633112v3

2

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO BORROW FUNDS, SELL PERSONAL PROPERTY AND PROVIDE SECURITY, ASSUME AND ASSIGN CONTRACTS AND LEASES AND TO LEASE REAL PROPERTY

written Equipment Lease Agreement bearing number 7803514002 ("Lease No. 2," and together with Lease No. 1, collectively, the Equipment Leases defined above). Under Lease No. 2, GECC agreed to lease to the Debtor certain personal property ("Equipment No. 2," and together with Equipment No. 1, collectively, the Equipment defined above), together with all attachments, accessories and replacements as more fully described therein. The Debtor acknowledged receipt of Equipment No. 2. A true and correct copy of Lease No. 2 has been filed with the Court as Exhibit 2 to the Boddicker Declaration [Doc. No. 583] and also is attached to Claim No. 162-2 on the Court's register of claims in this case.

### B.　The Debtor's Defaults and WFVFS' Damages under the Equipment Leases.

Beginning on or about April 11, 2017, the Debtor defaulted under Lease No. 2 by, among other things, failing to make the payments owed to WFVFS thereunder on April 11, 2017, and each month thereafter. On May 19, 2017, the Debtor defaulted under Lease No. 1 by, among other things, failing to make payments owed to WFVFS thereunder on May 19, 2017, and each month thereafter. Beginning on or about April 11, 2017, the Debtor also has failed and refused to make the Equipment available to WFVFS for inspection and/or repossession based on the Debtor's failure to make the monthly lease payments due under the Equipment Leases. Accordingly, prepetition, on September 12, 2017, WFVFS exercised its rights under the Equipment Leases and declared the Debtor's default thereunder, demanding all unpaid rental payments to date and all future rental payments owed under the Equipment Leases immediately due and payable.

As of the Petition Date, the Debtor's obligations to WFVFS under the Equipment Leases include payment, in the aggregate, of an amount not less than $275,350.78, plus late charges, costs, attorneys' fees and expenses accrued prepetition. The Debtor has not paid any portion of this amount. Additionally, the Debtor has failed to make any payments post-petition, including payments due and payable monthly to WFVFS under the Equipment Leases. The monthly payment amount under Lease No. 1, including taxes, is $6,272.95. The monthly payment amount under Lease No. 2, including taxes, is $2,033.42.

**C. The Debtor Seeks Court Approval of the Transaction, Including the Assumption and Assignment of Designated Contracts and Leases.**

On July 20, 2018, the Debtor filed its Motion, thereby seeking Court approval of, among other things, its intent to sell the Hospital pursuant to the APA, to assume and assign to Adventist Health Tulare certain leases, executory contracts, and purchase money security interests. On July 20, 2018, the Debtor also filed the Jacques Declaration and the Assumption Notice. Exhibit A to the Jacque Declaration identifies one agreement between the Debtor and WFVFS (hereinafter, the "WFVFS Agreement") and describes it, in pertinent part, as follows:

| Vendor Name | Description | Cure Amount |
|---|---|---|
| Wells Fargo Vender Fin Serv | Lease Agreement – Copiers | $0.00 |

The Assumption Notice advises the Debtor <u>may</u> assume and assign to Adventist Health Tulare pursuant to the APA on the Closing Date of the APA, which is anticipated to be no sooner than December 31, 2018 (emphasis added).

**III. ARGUMENT**

**A. The Debtor Has Not Adequately Identified the WFVFS Agreement to Be Assumed and Assigned.**

The contract description provided in the Assumption Notice is inadequate for WFVFS to ensure that it is evaluating the same agreement(s) that the Debtor seeks to assume and assign to Adventist Health Tulare. WFVFS may determine to consent to assumption and assignment of the Equipment Leases as provided therein; however, the description of the WFVFS Agreement in the Assumption Notice lacks basic information. As a result, WFVFS is unable to identify which of the Equipment Leases are at issue.

Moreover, the Assumption Notice states that the Debtor <u>may</u> assume and assign the contracts listed on Exhibit A to the Jacques Declaration. *See* Assumption Notice at 2:18-24 (emphasis added). The Debtor has not indicated that the list of contracts listed on Exhibit A, including the general description of the WFVFS Agreement, is final, or when

BN 33633112v3     4

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO BORROW FUNDS, SELL PERSONAL PROPERTY AND PROVIDE SECURITY, ASSUME AND ASSIGN CONTRACTS AND LEASES AND TO LEASE REAL PROPERTY

the Debtor anticipates finalizing the universe of unexpired agreements to assume and assign to Adventist Health Tulare.

Accordingly, WFVFS requests that the Debtor (1) finalize the universe of contracts it seeks to assume and assign, and (2) with respect to each contract that the Debtor seeks to assume and assign, that the Debtor specifies the contract (a) name; (b) account identification number; and (c) date so that WFVFS can verify the Equipment Lease at issue. WFVFS reserves its right to be heard on this issue after the Debtor identifies with greater specificity and finality the contract(s) that it seeks to assume and assign.

### B.  The Debtor May Not Assume and Assign the WFVFS Agreement Without Providing the Correct Cure Amount.

Before assuming and assigning any executory contract, the Debtor must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. *See* 11 U.S.C. § 365(b)(1). As discussed above, the Debtor has failed to describe the WFVFS Agreement it seeks to assume and assign with sufficient particularity for WFVFS to identify the precise agreement(s) at issue, and then to confirm the corresponding cure amount. Therefore, WFVFS reserves its right to be heard further regarding the cure amount until after the Debtor identifies the contract(s) that it seeks to assume and assign with enough specificity to allow WFVFS to determine the correct cure amount.

If the Debtor seeks to assume and assign both of the Equipment Leases, effective as of December 31, 2018, as indicated in the Motion, the correct cure amount will be $170,361.103[3], not $0.00. Without assurance that the Debtor will cure its defaults under the Equipment Leases as described above, this Court should deny the Motion to the extent it seeks to assume and assign the Equipment Leases.

### C.  The Debtor Has Not Provided Adequate Assurance of Future Performance By the Assignee.

Before assuming and assigning any executory contract, the Debtor must provide

---

[3] Upon request, WFVFS shall provide to appropriate parties in interest the calculation of the total cure amount.

BN 33633112v3

5

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO BORROW FUNDS, SELL PERSONAL PROPERTY AND PROVIDE SECURITY, ASSUME AND ASSIGN CONTRACTS AND LEASES AND TO LEASE REAL PROPERTY**

adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1). The Debtor has yet to provide adequate assurance information regarding Adventist Health Tulare. As a result, WFVFS cannot evaluate either Adventist Health Tulare's acceptability as an assignee, or whether the prerequisites of section 365(b) of the Bankruptcy Code will be met.

To satisfy section 365(b) of the Bankruptcy Code, WFVFS requests that the Debtors provide the following information about Adventist Health Tulare: (1) financial bona fides; (2) confirmation that the assignee is not a WFVFS competitor; and (3) confirmation that the ultimate assignee will execute an assignment agreement and related documentation which identifies with specificity <u>all</u> of the unexpired executory contracts to be assigned. Absent these assurances, WFVFS cannot determine the assignee's creditworthiness, its suitability as a WFVFS customer, or its ability to adequately perform the terms of the Equipment Leases. Until the Debtor provides the information described above, the Debtor has not complied with the requirements of section 365(b)(1)(C), requiring the Court to deny the Motion, solely to the extent it seeks to assume and assign the WFVFS Agreement.

## IV. CONCLUSION

For the reasons set forth above, WFVFS respectfully requests that the Court deny the Motion, solely to the extent it seeks to assume and assign any WFVFS Agreement. WFVFS reserves its right to be heard on all issues set forth herein.

DATED: August 1, 2018

BUCHALTER
A Professional Corporation


By: /s/ Jeannie Kim
      JEANNIE KIM
    Attorneys for Movant
Wells Fargo Vendor Financial Services, LLC

BN 33633112v3     6

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

LIMITED OPPOSITION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR AUTHORITY TO BORROW FUNDS, SELL PERSONAL PROPERTY AND PROVIDE SECURITY, ASSUME AND ASSIGN CONTRACTS AND LEASES AND TO LEASE REAL PROPERTY