Justin D. Harris #199112
Harris Law Firm, PC
7110 N Fresno St., Suite 400
Fresno, California 93720
Telephone (559) 272-5700
Facsimile (559) 554-9989
E-mail: jdh@harrislawfirm.net

David M. Powlen (DE Bar #4978)
Kevin G. Collins (DE Bar #5149)
Barnes & Thornburg LLP
1000 N. West St., Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
E-mail: david.powlen@btlaw.com
        kevin.collins@btlaw.com

Attorneys for Roche Diagnostics Corporation

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT, d/b/a TULARE REGIONAL MEDICAL CENTER, | Chapter 9 <br><br> DC No. WW-41 |
| Debtor. | Date: August 2, 2018 <br> Time: 9:30 a.m. <br> Place: U.S. Bankruptcy Court <br>        2500 Tulare Street <br>        Fresno, CA 93721 <br>        Courtroom 13 <br> Judge: Hon. René Lastreto II |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ROCHE DIAGNOSTICS CORPORATION TO DEBTOR'S (I) PROPOSED CURE AMOUNT FOR POTENTIAL ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (II) MOTION FOR AUTHORITY TO ENTER INTO TRANSACTION WITH ADVENTIST HEALTH**

1

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ROCHE DIAGNOSTICS CORPORATION TO DEBTOR'S (I) PROPOSED CURE AMOUNT FOR POTENTIAL ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (II) MOTION FOR AUHTORITY TO ENTER INTO TRANSACTION WITH ADVENTIST HEALTH

Roche Diagnostics Corporation ("Roche"), by and through its undersigned counsel, files this limited objection ("Objection") to (i) the proposed cure amount associated with the potential assumption and assignment of the below-described Agreement which apparently is a subject of the *Notice to Contract and Lease Parties of Designation of Contracts and Leases to be Assumed and Assigned Pursuant to Motion for Authority to Enter into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. §§ 105, 362, 364, 365, 901 and 922* [Doc. No. 608] (the "Cure Notice") and (ii) the *Motion for Authority to Enter into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. §§ 105, 362, 364, 365, 901 and 922* [Doc. No. 603] (the "Transaction Motion") to the extent that any sale of the assets of the debtor Tulare Local Healthcare District d/b/a Tulare Regional Medical Center (the "Debtor") pursuant to the Transaction Motion might purport to include the below-described Equipment that is being leased by Roche to the Debtor, or could otherwise be in derogation of Roche's rights, claims and interests under the Agreement.[1]  In support of this Objection, Roche respectfully states as follows:

## BACKGROUND

### The Chapter 9 Case and Proposed Transaction

1. The Debtor is a public healthcare district that owns, among other things, an acute care hospital facility located at 869 Cherry Street in the City of Tulare, which is known as the Tulare Regional Medical Center (the "Hospital").

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cure Notice or the Transaction Motion.



2.　　On September 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 9 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") commencing the above-captioned case (the "Case").

3.　　Due to souring relations with the former manager of the Hospital and the inability of the Debtor to obtain adequate funding to maintain operations, on or about October 28, 2017, the Debtor ceased operations and voluntarily suspended its license with the California Department of Public Health.

4.　　On July 20, 2018, the Debtor filed the Transaction Motion. The Transaction Motion incorporates by reference and describes an Asset Purchase Agreement ("APA"), which apparently is not in final form,[2] by and among the Debtor as "seller," Adventist Health Tulare as "buyer," and Adventist Health System/West (together with Adventist Health Tulare, "Adventist Health").[3]

5.　　Pursuant to the Transaction Motion, the Debtor has requested authority to enter into a related series of arrangements and transactions (collectively the "Transaction") which would result in, *inter alia*, (a) the sale or lease to Adventist Health of certain of the Debtor's assets related to the Hospital and (b) the potential assumption by the Debtor and assignment to Adventist Health of certain of the Debtor's executory contracts and unexpired leases, including those contracts and leases that apparently are referenced in the Cure Notice and described in Exhibit A ("the "Contract Schedule") to the *Declaration of Teresa Jacques in Support of*

---

[2] According to the Transaction Motion, the current APA which is accessible on the Debtor's website is not in final form and is subject to change. *See* Transaction Motion at p. 4, fn. 2. Roche reserves the right to supplement this Objection if any modifications are made to the APA that may alter or affect Roche's rights, claims and interests in the Case.

[3] The Transaction Motion indicates that Adventist Health System/West has formed Adventist Health Tulare, a wholly-owned, non-profit religious corporation, to enter into certain of the Agreement described in the Transaction Motion, including the APA. For purposes of this Objection, Roche will refer to the proposed buyer/lessee/assignee of the Debtor's assets generally as Adventist Health, which is meant to encompass each and both of the counterparties to the Debtor under the APA as their respective interests may appear in the Transaction.



3

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ROCHE DIAGNOSTICS CORPORATION TO DEBTOR'S (I) PROPOSED CURE AMOUNT FOR POTENTIAL ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (II) MOTION FOR AUHTORITY TO ENTER INTO TRANSACTION WITH ADVENTIST HEALTH

*Motion for Authority to Enter into Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. §§ 105, 362, 364, 365, 901 and 922* [Doc. No. 607] (the "Jacques Declaration").[4]

6. The Cure Notice states that "[a]ll existing monetary and non-monetary defaults, if any, against the Debtor with respect to any Assumed Contract, and the cure payments or other form of cure, if any, that the Debtor would be required to provide in order for the Debtor to assume and assign any Assumed Contract, if any, are set forth on Exhibit A."[5] Also, the Cure Notice indicates that if no objection is filed with respect to the proposed assumption and assignment of a contract and associated Cure Amount by the deadline of August 1, 2018, the applicable counterparty would be "deemed to consent to the assumption and assignment of the contract" and that "all defaults or other obligations of the Debtor under the Potential Assumed Contract arising or accruing prior to the date of the Order…shall be deemed cured upon payment of the Cure Amount."

7. The Cure Amount in the Contract Schedule that appears to include Roche's Agreement[6] is listed at "zero" dollars ($0.00) (the "Proposed Cure Amount").

---

[4] The Cure Notice as docketed does not appear to be accompanied by an "Exhibit A" or any other exhibit specifically describing or listing any "Assumed Contracts" or "Potential Assumed Contracts." Also, it seems that at present there is no schedule to the APA (such as Schedule 2.1.2 or 2.1.3) readily available (on the Debtor's website or otherwise) which specifically identifies such contracts. Accordingly, Roche has assumed for the purposes of this Objection that the Contract Schedule which accompanied the Jacques Declaration (as "Exhibit A" thereto) contains the intended list of such contracts and proposed Cure Amounts.

[5] See note 4, *supra*.

[6] The Agreement between the Debtor and Roche (as described and defined in paragraph 8 of this Objection) is not identified with any particularity in the Contract Schedule accompanying the Jacques Declaration. Although described therein as "Vendor" no. 200 with "Laboratory Supplies" as the subject of its arrangement with the Debtor, Roche has assumed for the purposes of this Objection that the Agreement is intended by the Debtor to be included within the scope of the Contract Schedule and the Cure Notice.

### The Agreement Between the Debtor and Roche

8. The Debtor and Roche have been and are parties to a certain Master Agreement effective as of December 28, 2010 and related Schedules, Exhibits, orders, invoices, course of dealing and other arrangements between the parties, including but not limited to that certain Roche Diagnostics Corporation Product Schedule No. 41037578 effective December 28, 2010 (collectively, as amended or otherwise supplemented, the "Agreement").[7]

9. In accordance with the Agreement, Roche leased to the Debtor various instruments, equipment and related personal property described in **Exhibit A**, filed contemporaneously herewith (collectively, the "Equipment"), which from and after the Petition Date have remained in the possession of the Debtor. Also, pursuant to the Agreement, and as more particularly reflected in records of the parties' transactions, prior to the Petition Date, Roche sold and delivered to the Debtor certain medical supplies, reagents and other goods (the "Products") and provided to the Debtor various maintenance, repair and other support services (the "Services") associated with the Equipment. The Equipment, Products and Services are collectively hereinafter referred to as the "Items."

10. As of the Petition Date, the Debtor was indebted to Roche in the aggregate amount of not less than $178,564.04 (the "Pre-Petition Indebtedness") for the various Items provided by Roche to the Debtor pursuant to the Agreement, which amount is evidenced by a statement filed contemporaneously herewith as **Exhibit B**.

---

[7] The Agreement, the individual invoices and other records which more particularly evidence the Debtor's indebtedness to Roche are voluminous, contain proprietary information and terms, and are subject to confidentiality restrictions. Accordingly, copies of such documents do not accompany this Objection. The Agreement and any additional documents and information related to this Objection would be made available by Roche to appropriate persons upon reasonable request, and with appropriate non-disclosure protections in place. Moreover, in an email dated February 26, 2018, Roche provided copies of the relevant Agreement to counsel for the Debtor at counsel's request.

5

11. In addition, since the Petition Date and through and including June 30, 2018, the Debtor has incurred additional indebtedness to Roche related to Services of not less than $17,164.02 (the "Post-Petition Indebtedness"), which amount is evidenced by a statement filed contemporaneously herewith as **Exhibit C**.

**OBJECTIONS RELATED TO THE PROPOSED CURE AMOUNT FOR AND POSSIBLE ASSUMPTION AND ASSIGNMENT OF ROCHE'S AGREEMENT**

12. As a preliminary matter, Roche generally is not opposed to a sale, lease or other disposition of the Debtor's assets to or in favor of Adventist Health or the possible assumption and assignment of the Agreement, so long as Roche's rights, claims and interests are recognized and accommodated in connection therewith. However, it is not possible at present for Roche to ascertain with any certainty whether, how or to what extent the Equipment and other arrangements within the scope of the Agreement are intended to be, or will in fact be, subjects of the proposed Transaction.[8]

13. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1) (which is made applicable to Chapter 9 cases pursuant to 11 U.S.C. § 901(a)). A debtor's assumption of a contract or lease must be *cum onere*—including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (indicating that a debtor is required to assume a contract "*cum onere*"); *Energy Consulting & Mgmt. Solutions, LLC v. Western States Equip. Co.*, 574 Fed. Appx. 763 (9th Cir.

---

[8] As noted above, it is assumed for the purposes of this Objection that the Transaction Motion, the Contract Schedule and Cure Notice in combination were designed and intended by the Debtor to include a possible assumption and assignment of the Agreement. Roche reserves the right to amend or supplement this Objection as more details associated with the proposed Transaction may be presented or ascertained.

2014) (same) (citations omitted). The proper cure amount should include all liabilities and obligations that have arisen or accrued under the Agreement both before and after the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default…") (emphasis added).

14. Based upon the terms and conditions of the Agreement and under the circumstances, the elements of the Cure Amount in connection with the possible assumption by the Debtor and assignment to Adventist Health of the Agreement (collectively, the "Assumption Elements") may and should include:

(a) Payment of the Pre-Petition Indebtedness;

(b) Payment of the Post-Petition Indebtedness; and

(c) Satisfaction of any and all additional obligations of the Debtor based upon or related to Roche's providing Items to the Debtor or otherwise arising under the Agreement from and after the Petition Date.

15. As reflected in parts (b) and (c) of the preceding paragraph, all of the Assumption Elements should be paid, satisfied or otherwise resolved on or as of the effective date of an assumption and assignment of the Agreement, which includes the time period from and after the Petition Date, and not merely sums that were due or obligations that had already arisen as of the Petition Date. Accordingly, Roche objects to an assumption and assignment of the Agreement unless all of the above-described Assumption Elements have been or will be paid, satisfied or otherwise resolved as of the effective date of such assumption and assignment.

### OBJECTIONS TO THE PROPOSED TRANSACTION

16. The Transaction Motion and the APA contemplate that the Acquired Assets (as defined in the APA) will be sold free and clear of all liens, claims, interests, and encumbrances.

*See* Cure Notice at 2, lines 14-15. Roche objects to any proposed order associated with the Transaction that would have the effect of altering Roche's claims and interests under or in relation to the Agreement upon an assumption or assignment thereof, including without limitation rights of indemnification, recoupment and setoff.

17. Roche is the owner of the Equipment, and the Debtor only has rights to lease, possess and use the Equipment pursuant to the terms of the Agreement. In turn, Adventist Health as the proposed purchaser in the Transaction cannot obtain any greater rights. Accordingly, Roche objects to any of the Equipment being treated as property of the Debtor, included in the Acquired Assets or otherwise conveyed as part of a proposed sale transaction involving Adventist Health (or any other party) pursuant to the Transaction Motion.[9] *See In re Rebel Rents, Inc.*, 291 B.R. 520, 524 (Bankr. C.D. Ca. 2003) (burden is upon debtor as estate representative to seek and obtain determinations that might result in a "purport[ed]" lease arrangement being re-characterized as a secured transaction).

18. In the alternative, if and to the extent that (a) the Equipment might be intended by the Debtor and Adventist Health to be included in the Acquired Assets for the Transaction and (b) it were determined that the Debtor is the owner, rather than the lessee, of any of the Equipment, then Roche hereby (i) asserts a perfected purchase money security interest in, and a first-priority lien on and secured claim to, such Equipment in an amount to be determined, and (ii) seeks (A) to bid up to the full amount of its claim pursuant to Section 363(k) of the

---

[9] Roche is unable to confirm that its Equipment will not be included within the Acquired Assets. As indicated in note 4, *supra*, at present it does not appear that pertinent schedules to the APA, such as Schedule 2.1.1(a) listing "Personal Property," are readily available (on the Debtor's website or otherwise).

Bankruptcy Code in connection with any such Transaction and/or (B) to have its lien attach to and secured claim be paid from the proceeds of such Transaction.[10]

**RESERVATION OF RIGHTS**

19. Roche reserves the right later to object to an assumption and assignment of the Agreement on the basis of adequate assurance of future performance by any assignee or proposed purchaser of the Debtor's assets except for Adventist Health in accordance with the terms, conditions and other provisions of the APA.

20. Roche reserves the right to seek payment of an increased Cure Amount or additional claims pertaining to the time period from and after the Petition Date in connection with any assumption and assignment of the Agreement.

21. If the specific Transaction contemplated by the Transaction Motion and the APA is not consummated or in the event of a rejection of the Agreement, Roche reserves the right to seek allowance and payment of various additional claims which are not encompassed by the above-described Assumption Elements, including, without limitation, such claims referenced in the Proof of Claim filed by Roche on April 6, 2018, and identified as Claim No. 202 in the Claims Register for the Case.

22. Roche reserves the right to assert other and further sale objections relating to any proposed transaction, asset purchase agreement, or any proposed order approving same to the extent that the terms or provisions thereof could violate applicable law on the assumption and assignment of the Agreement.

23. Roche reserves the right to update, supplement or modify this Objection as may be necessary or appropriate, and to submit additional documents or evidence in support hereof,

---

[10] Due to the uncertainties regarding possible assumption and assignment of the Agreement or disposition of any of the Equipment in connection with the Transaction, Roche has asserted the sale-related objections in paragraphs 16, 17 and 18 hereof as a precautionary measure.

9

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ROCHE DIAGNOSTICS CORPORATION TO DEBTOR'S (I) PROPOSED CURE AMOUNT FOR POTENTIAL ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (II) MOTION FOR AUHTORITY TO ENTER INTO TRANSACTION WITH ADVENTIST HEALTH

including in relation to any particular terms or arrangements that may be proposed for the Agreement to be assumed by the Debtor and assigned to Adventist Health or any other potential purchaser.

WHEREFORE, Roche respectfully (I) objects to the Debtor's Proposed Cure Amount for the Agreement as set forth in the Contract Schedule and contemplated by the Cure Notice; (II) objects to the Debtor's Transaction Motion to the limited extent set forth herein; and (III) requests that (A) any assumption and assignment of the Agreement be conditioned upon a complete payment, cure or satisfaction of, or other provision for, each and all of the above-described Assumption Elements, (B) any proposed Transaction or other disposition of the Acquired Assets not include a transfer of title to the Equipment, C) any assumption and assignment of the Agreement be conditioned on preservation of Roche's rights and claims under the Agreement and ownership interest in the Equipment, and (D) Roche be accorded such other and further relief as may be just and proper.

10

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ROCHE DIAGNOSTICS CORPORATION TO DEBTOR'S (I) PROPOSED CURE AMOUNT FOR POTENTIAL ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (II) MOTION FOR AUHTORITY TO ENTER INTO TRANSACTION WITH ADVENTIST HEALTH

Dated: August 1, 2018

Respectfully submitted,

HARRIS LAW FIRM, PC

*/s/ Justin D. Harris*
Justin D. Harris (CA Bar No. 199112)
7110 N. Fresno St, Suite 400
Fresno, CA 93720
Telephone: 559.272.5700
Facsimile: 559.554.9989
jdh@harrislawfirm.net

and

David M. Powlen (*pro hac vice* pending)
Kevin G. Collins (*pro hac vice* pending)
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
Email: david.powlen@btlaw.com
Email: kevin.collins@btlaw.com

*Attorneys for Roche Diagnostics Corporation*

---

11

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ROCHE DIAGNOSTICS CORPORATION TO DEBTOR'S (I) PROPOSED CURE AMOUNT FOR POTENTIAL ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (II) MOTION FOR AUHTORITY TO ENTER INTO TRANSACTION WITH ADVENTIST HEALTH