**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

| | |
|---|---|
| **Case Title:** Tulare Local Healthcare District | **Case No.:** 17-13797 - B - 9 |
| | **Docket Control No.** WW-47 |
| | **Date:** 09/27/2018 |
| | **Time:** 9:30 AM |

**Matter:** [739] - Motion/Application to Reject Lease or Executory Contract [WW-47] Filed by Debtor Tulare Local Healthcare District (svim)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Electronic Record
**Department:** B

**APPEARANCES for:**
**Movant(s):**
(by phone) Debtor's Attorney - Danielle J. Bethel
**Respondent(s):**
(by phone) Creditor's Attorney - Lisa M. Peters

**CIVIL MINUTES**

Motion Granted

The Moving Party will submit a proposed order after hearing. Lisa Peters will sign off on the order.

The motion was filed and served pursuant to Local Rule of Practice ("LBR") 9014-1(f)(2). The court entered the respondents' defaults and granted the motion.

The motion was GRANTED. 11 U.S.C. § 365(a) states that "subject to the court's approval, [the debtor in possession] may assume…any…unexpired lease of the debtor."

In evaluating a decision to reject an executory contract or unexpired lease in the Ninth Circuit, "the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in

good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.), 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted).

The presumption has not been rebutted, and so the court finds that the debtor-in-possession's decision to reject the "Master Lease Agreement" is consistent with the business judgment rule and Ninth Circuit precedent.

The debtor-in-possession was authorized to reject the "Master Lease Agreement" with GE HFS, LLC.