## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

**Case Title:** Tulare Local Healthcare District

**Case No.:** 17-13797 - B - 9

**Docket Control No.** WW-48

**Date:** 09/27/2018
**Time:** 9:30 AM

**Matter:** [751] - Motion/Application to Reject Lease or Executory Contract [WW-48] Filed by Debtor Tulare Local Healthcare District (svim)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Electronic Record
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Debtor's Attorney - Danielle J. Bethel
**Respondent(s):**
None

---

### CIVIL MINUTES

Motion Granted

The Moving Party will submit a proposed order after hearing.

The motion was filed and served pursuant to Local Rule of Practice ("LBR") 9014-1(f)(2). The court entered the respondents' defaults and granted the motion.

The motion was GRANTED. 11 U.S.C. § 365(a) states that "subject to the court's approval, [the debtor in possession] may assume…any…unexpired lease of the debtor."

In evaluating a decision to reject an executory contract or unexpired lease in the Ninth Circuit, "the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the

best interests of the bankruptcy estate." <u>Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)</u>, 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted).

The presumption has not been rebutted, and so the court finds that the debtor-in-possession's decision to reject the vehicle lease agreement is consistent with the business judgment rule and Ninth Circuit precedent.

The debtor-in-possession was authorized to reject the vehicle lease agreement with Toyota Financial Services.