**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Tulare Local Healthcare District

**Case No.:** 17-13797 - B - 9

**Docket Control No.** WW-55
**Date:** 10/25/2018
**Time:** 9:30 AM

**Matter:** [767] - Motion/Application to Reject Lease or Executory Contract [WW-55] Filed by Debtor Tulare Local Healthcare District (mgrs)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Not Recorded
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**


Motion Granted, Resolved without Oral Argument


The Moving Party shall submit a proposed order in conformance with the ruling below.

The motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of the creditors, the debtor, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014- 1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without

oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires that a plaintiff make a prima facie showing that they are entitled to the relief sought, which the movant has done here.

The motion was GRANTED. 11 U.S.C. § 365(a) states that "subject to the court's approval, [the debtor in possession] may assume…any…unexpired lease of the debtor."

In evaluating a decision to reject an executory contract or unexpired lease in the Ninth Circuit, "the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." <u>Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)</u>, 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted).

The presumption has not been rebutted, and so the court finds that the debtor-in-possession's decision to reject the 50 physician contracts designated in the attached exhibit is consistent with the business judgment rule and Ninth Circuit precedent.

The debtor-in-possession is authorized to reject the designated physician contracts designated in exhibit A.