```
                UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF CALIFORNIA
                         CIVIL MINUTES
```

**Case Title:** Tulare Local Healthcare District

**Case No.:** 17-13797 - B - 9

**Docket Control No.** WW-58

**Date:** 10/25/2018
**Time:** 9:30 AM

**Matter:** [803] - Motion/Application to Reject Lease or Executory Contract [WW-58] Filed by Debtor Tulare Local Healthcare District (svim)

**Judge:** René Lastreto II
**Courtroom Deputy:** Debbie Chavez
**Reporter:** Electronic Record
**Department:** B

**APPEARANCES for:**
**Movant(s):**
Debtor's Attorney - Riley Walter
**Respondent(s):**
Creditor - Thomas Knight

### CIVIL MINUTES

Motion Granted

The Moving Party will submit a proposed order after hearing.

The motion was filed and served pursuant to Local Rule of Practice ("LBR") 9014-1(f)(2). The court entered the respondents' defaults and granted the motion.

The motion was GRANTED. 11 U.S.C. § 365(a) states that "subject to the court's approval, [the debtor in possession] may assume…any…unexpired lease of the debtor."

In evaluating a decision to reject an executory contract or unexpired lease in the Ninth Circuit, "the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the

best interests of the bankruptcy estate." <u>Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)</u>, 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted).

The presumption has not been rebutted, and so the court finds that the debtor-in-possession's decision to reject the contracts designated in the attached exhibit is consistent with the business judgment rule and Ninth Circuit precedent. These contracts consist mostly of supply and service agreements for medical equipment and products. Doc. #806.

The debtor-in-possession is authorized to reject the designated physician contracts designated in exhibit A.

Thomas Knight, creditor, was present at the hearing and did not object to the rejection of the lease. Mr. Walter indicated he received a letter from QCM which was not filed with the court. The court ruled that rejection of the lease would not pose a hardship to either party.