MICHAEL S. GREGER (BAR NO. 156525)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: mgreger@allenmatkins.com

Attorneys for Defendants
MB EQUIPMENT FINANCE, LLC AND
MB FINANCIAL BANK, N.A.

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>    Debtor.<br><br>Taxpayer's Identification No. 94-6002897<br><br>Address:<br>869 N. Cherry Street<br>Tulare, CA 93274 | Case No. 17-13797<br><br>Chapter 9<br><br>DC NO.: AML-1<br><br>**STIPULATION RESOLVING IN PART AND CONTINUING HEARING IN PART WITH RESPECT TO MB EQUIPMENT FINANCE, LLC'S AND MB FINANCIAL BANK, N.A.'S MOTION: (I) TO DETERMINE THE AUTOMATIC STAY IS INAPPLICABLE TO PROCEEDINGS CONCERNING SEIZED FUNDS; (II) FOR ADEQUATE PROTECTION; AND (III) FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: January 4, 2019<br>Time: 9:30 a.m.<br>Judge: Hon. Renè Lastreto II<br>Dept: B<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13 |

1   IT IS HEREBY STIPULATED AND AGREED by and between Tulare Local Healthcare
2   District dba Tulare Regional Medical Center ("**District**"), Celtic Commercial Finance, a division
3   of MB Equipment Finance, LLC ("**Celtic Finance**"), and MB Financial Bank, N.A. ("**MB**" and
4   collectively with Celtic Finance the "**MB Parties**," and together with the District, the "**Parties**"),
5   by and through counsel, as follows:

6   　　A.　　The District filed a voluntary petition for relief under chapter 9 of the Bankruptcy
7   Code on September 30, 2017, before the United States Bankruptcy Court for the Eastern District
8   of California (the "**Bankruptcy Court**"), commencing the above-captioned bankruptcy case (the
9   "**Bankruptcy Case**").

10   　　B.　　On December 6, 2018, the MB Parties filed a Motion in the Bankruptcy Case: (i) to
11   Determine Stay is Inapplicable to Proceedings Concerning Seized Funds; (ii) For Adequate
12   Protection; and (iii) For Relief from the Automatic Stay [Docket Nos. 919, 920, 921 and 922, DC
13   NO. AML-1] (the "**Motion**").  Among other things, as part of the Motion, the MB Parties
14   requested an order from the Bankruptcy Court determining that the automatic stay under section
15   362 of the Bankruptcy Code is not applicable to: (a) the evidentiary proceeding presently pending
16   before the Tulare Superior Court to determine ownership of funds seized (the "**Seized Funds**")
17   from Yorai Benzeevi, M.D. pursuant to a search warrant issued by the Tulare County Superior
18   Court; and (b) any efforts by the MB Parties to assert ownership claims in and to recover the
19   Seized Funds, or otherwise terminating the stay as to such issues, all as more thoroughly set for
20   the in the Memorandum of Points and Authorities in Support of the Motion [Docket No. 921].

21   　　C.　　The Parties are presently discussing a potential resolution which could resolve the
22   Motion in its entirety.  In the interim, however, the District does not oppose the Court granting the
23   MB Parties limited relief from stay such that, to the extent the stay is applicable, the MB Parties
24   shall have immediate relief from the automatic stay to intervene in any proceeding concerning the
25   Seized Funds and also to enforce any rights, remedies, or claims of ownership to the Seized Funds.

26   　　D.　　Except for the limited stipulation for relief from stay provided hereby, the Parties
27   have agreed to continue the remainder of the Motion to January 17, 2019, at 9:30 a.m.

28

**NOW, THEREFORE, IT IS HEREBY STIPULATED THAT:**

1. Upon the entry of an order approving this Stipulation by the Bankruptcy Court, the automatic stay in the District's bankruptcy case shall be terminated as to the MB Parties to allow the MB Parties to immediately enforce all of their respective rights, remedies, and claims with respect the Seized Funds, including, but not limited to, seeking to intervene in the underlying proceeding concerning the Seized Funds and seeking to assert any ownership interest in the Seized Funds under applicable law.

2. The foregoing relief from stay shall not constitute a determination by the Bankruptcy Court that, but for the relief granted hereby, the automatic stay would, in any way, otherwise enjoin the MB Parties in the enforcement of their respective rights and remedies with respect to the Seized Funds.

3. The Parties each consent to the waiver of the 14-day stay provided in Bankruptcy Rule 4001(a)(3).

4. Except with respect to the relief from stay granted hereby, the Parties agree to the continuance of the Motion to January 17, 2019, at 9:30 a.m. The District's opposition, if any, is due January 3, 2019, and the MB Parties' reply is due January 10, 2019. Moreover, except for the relief from stay granted hereby, the Parties agree that the Stipulation does not modify any of their respective rights and remedies.

5. This Stipulation may be executed in counterparts, one or more of which may contain facsimile or electronic (in .pdf format) signatures, all of which shall constitute an agreement.

///

///

///

6. The Parties jointly request entry of an order approving this Stipulation and approving its terms.

**IT IS SO STIPULATED:**

Dated: December 21, 2018

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MICHAEL S. GREGER

By: */s/ Michael S. Greger*
MICHAEL S. GREGER
Attorneys for Defendants MB EQUIPMENT FINANCE, LLC AND MB FINANCIAL BANK, N.A

Dated: December 21, 2018

WALTER WILHELM LAW GROUP
RILEY C. WALTER

By: /s/ Riley C. Walter
RILEY C. WALTER
Attorneys for TULARE LOCAL HEALTHCARE DISTRICT, DBA TULARE REGIONAL MEDICAL CENTER