MICHAEL S. GREGER (BAR NO. 156525)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: mgreger@allenmatkins.com

Attorneys for Defendants
MB EQUIPMENT FINANCE, LLC AND
MB FINANCIAL BANK, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>               Debtor.<br><br>Taxpayer's Identification No. 94-6002897<br><br>Address:<br>869 N. Cherry Street<br>Tulare, CA 93274 | Case No. 17-13797<br><br>Chapter 9<br><br>DC NO.: AML-1<br><br>**ORDER APPROVING STIPULATION RESOLVING IN PART AND CONTINUING HEARING IN PART WITH RESPECT TO MB EQUIPMENT FINANCE, LLC'S AND MB FINANCIAL BANK, N.A.'S MOTION: (I) TO DETERMINE THE AUTOMATIC STAY IS INAPPLICABLE TO PROCEEDINGS CONCERNING SEIZED FUNDS; (II) FOR ADEQUATE PROTECTION; AND (III) FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: January 4, 2019<br>Time: 9:30 a.m.<br>Judge: Hon. Renè Lastreto II<br>Dept: B<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 13 |

RECEIVED
December 26, 2018
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006418413

1　　The Court having reviewed the Stipulation Resolving in Part and Continuing Hearing in
2　Part With Respect to MB Equipment Finance, LLC's and MB Financial Bank, N.A.'s Motion (the
3　"**Motion**"): (i) to Determine the Automatic Stay is Inapplicable to Proceedings Concerning Seized
4　Funds; (ii) For Adequate Protection; and (iii) For Relief From the Automatic Stay (the
5　"**Stipulation**") entered into by and between Tulare Local Healthcare District dba Tulare Regional
6　Medical Center (the "**District**"), Celtic Commercial Finance, a division of MB Equipment
7　Finance, LLC ("**Celtic Finance**"), and MB Financial Bank, N.A. ("**MB**", and collectively with
8　Celtic Finance the "**MB Parties**" and together with the District, the "**Parties**"), by and through
9　their respective counsel, and good cause appearing to approve the Stipulation without a hearing,

10　　IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

11　　1.　The Stipulation attached hereto as Exhibit "A" is hereby approved.

12　　2.　The automatic stay in the District's bankruptcy case is hereby terminated as to the
13　MB Parties to allow the MB Parties to immediately enforce all of their respective rights, remedies,
14　and claims with respect the Seized Funds (as such term is defined in the Point and Authorities
15　filed by the MB Parties in support of the Motion [Docket No. 921]), including, but not limited to,
16　seeking to intervene in the underlying proceeding concerning the Seized Funds and seeking to
17　assert any ownership interest in the Seized Funds under applicable law.

18　　3.　This Court's order grant relief from stay shall not constitute a determination by this
19　Court that, but for the relief granted hereby, the automatic stay would, in any way, otherwise
20　enjoin the MB Parties in the enforcement of their respective rights and remedies with respect to
21　the Seized Funds.

22　　4.　The 14-day stay provided in Bankruptcy Rule 4001(a)(3) is hereby waived and this
23　order is immediately effective upon entry.

24　///
25　///
26　///
27　///
28

5. Except with respect to the relief from stay granted hereby, the hearing on the Motion is hereby continued to January 17, 2019, at 9:30 a.m. The District's opposition, if any, is due January 3, 2019, and the MB Parties' reply is due January 10, 2019. Except for the relief from stay granted hereby, the Parties the Stipulation shall not modify any of the Parties' respective rights and remedies.

Dated: Dec 27, 2018

By the Court

*René Lastreto II* (signature)

René Lastreto II, Judge
United States Bankruptcy Court

Approved as to form by:

12/21/18

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
MICHAEL S. GREGER

By: */s/ Michael S. Greger*

MICHAEL S. GREGER
Attorneys for Defendants
MB EQUIPMENT FINANCE, LLC AND
MB FINANCIAL BANK, N.A.

WALTER WILHELM LAW GROUP
RILEY C. WALTER

12/21/18

By: (signature)

RILEY C. WALTER
Attorneys for TULARE LOCAL
HEALTHCARE DISTRICT, DBA TULARE
REGIONAL MEDICAL CENTER

EXHIBIT A

MICHAEL S. GREGER (BAR NO. 156525)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: mgreger@allenmatkins.com

Attorneys for Defendants
MB EQUIPMENT FINANCE, LLC AND
MB FINANCIAL BANK, N.A.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Taxpayer's Identification No. 94-6002897<br><br>Address:<br>869 N. Cherry Street<br>Tulare, CA 93274 | Case No. 17-13797<br><br>Chapter 9<br><br>DC NO.: AML-1<br><br>**STIPULATION RESOLVING IN PART AND CONTINUING HEARING IN PART WITH RESPECT TO MB EQUIPMENT FINANCE, LLC'S AND MB FINANCIAL BANK, N.A.'S MOTION: (I) TO DETERMINE THE AUTOMATIC STAY IS INAPPLICABLE TO PROCEEDINGS CONCERNING SEIZED FUNDS; (II) FOR ADEQUATE PROTECTION; AND (III) FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: January 4, 2019<br>Time: 9:30 a.m.<br>Judge: Hon. Renè Lastreto II<br>Dept: B<br>Place: 2500 Tulare Street<br>      Fresno, CA 93721<br>      Courtroom 13 |

IT IS HEREBY STIPULATED AND AGREED by and between Tulare Local Healthcare District dba Tulare Regional Medical Center ("**District**"), Celtic Commercial Finance, a division of MB Equipment Finance, LLC ("**Celtic Finance**"), and MB Financial Bank, N.A. ("**MB**" and collectively with Celtic Finance the "**MB Parties**," and together with the District, the "**Parties**"), by and through counsel, as follows:

A.　　The District filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code on September 30, 2017, before the United States Bankruptcy Court for the Eastern District of California (the "**Bankruptcy Court**"), commencing the above-captioned bankruptcy case (the "**Bankruptcy Case**").

B.　　On December 6, 2018, the MB Parties filed a Motion in the Bankruptcy Case: (i) to Determine Stay is Inapplicable to Proceedings Concerning Seized Funds; (ii) For Adequate Protection; and (iii) For Relief from the Automatic Stay [Docket Nos. 919, 920, 921 and 922, DC NO. AML-1] (the "**Motion**"). Among other things, as part of the Motion, the MB Parties requested an order from the Bankruptcy Court determining that the automatic stay under section 362 of the Bankruptcy Code is not applicable to: (a) the evidentiary proceeding presently pending before the Tulare Superior Court to determine ownership of funds seized (the "**Seized Funds**") from Yorai Benzeevi, M.D. pursuant to a search warrant issued by the Tulare County Superior Court; and (b) any efforts by the MB Parties to assert ownership claims in and to recover the Seized Funds, or otherwise terminating the stay as to such issues, all as more thoroughly set for the in the Memorandum of Points and Authorities in Support of the Motion [Docket No. 921].

C.　　The Parties are presently discussing a potential resolution which could resolve the Motion in its entirety. In the interim, however, the District does not oppose the Court granting the MB Parties limited relief from stay such that, to the extent the stay is applicable, the MB Parties shall have immediate relief from the automatic stay to intervene in any proceeding concerning the Seized Funds and also to enforce any rights, remedies, or claims of ownership to the Seized Funds.

D.　　Except for the limited stipulation for relief from stay provided hereby, the Parties have agreed to continue the remainder of the Motion to January 17, 2019, at 9:30 a.m.

**NOW, THEREFORE, IT IS HEREBY STIPULATED THAT:**

1. Upon the entry of an order approving this Stipulation by the Bankruptcy Court, the automatic stay in the District's bankruptcy case shall be terminated as to the MB Parties to allow the MB Parties to immediately enforce all of their respective rights, remedies, and claims with respect the Seized Funds, including, but not limited to, seeking to intervene in the underlying proceeding concerning the Seized Funds and seeking to assert any ownership interest in the Seized Funds under applicable law.

2. The foregoing relief from stay shall not constitute a determination by the Bankruptcy Court that, but for the relief granted hereby, the automatic stay would, in any way, otherwise enjoin the MB Parties in the enforcement of their respective rights and remedies with respect to the Seized Funds.

3. The Parties each consent to the waiver of the 14-day stay provided in Bankruptcy Rule 4001(a)(3).

4. Except with respect to the relief from stay granted hereby, the Parties agree to the continuance of the Motion to January 17, 2019, at 9:30 a.m. The District's opposition, if any, is due January 3, 2019, and the MB Parties' reply is due January 10, 2019. Moreover, except for the relief from stay granted hereby, the Parties agree that the Stipulation does not modify any of their respective rights and remedies.

5. This Stipulation may be executed in counterparts, one or more of which may contain facsimile or electronic (in .pdf format) signatures, all of which shall constitute an agreement.

///

///

///

6. The Parties jointly request entry of an order approving this Stipulation and approving its terms.

**IT IS SO STIPULATED:**

Dated: December 21, 2018     ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
MICHAEL S. GREGER

By: */s/ Michael S. Greger*
MICHAEL S. GREGER
Attorneys for Defendants MB EQUIPMENT FINANCE, LLC AND MB FINANCIAL BANK, N.A

Dated: December 21, 2018     WALTER WILHELM LAW GROUP
RILEY C. WALTER

By: *Riley C. Walter*
RILEY C. WALTER
Attorneys for TULARE LOCAL HEALTHCARE DISTRICT, DBA TULARE REGIONAL MEDICAL CENTER