4

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Chapter 9 Counsel for Tulare Local Healthcare District

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-69<br><br>Chapter 9<br><br>Date: January 17, 2019<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 13<br>Judge: Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT (CERNER CORPORATION AND CERNER HEALTH SERVICES, INC.)**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

1.      The District hereby moves the Court pursuant to 11 U.S.C §§ 365(a) and 901 for an order as follows:

2.      This case was filed as a Chapter 9 case on September 30, 2017 ("Petition Date").

3.      The Debtor is a California healthcare district located in Western Tulare County.

4.      The Debtor is seeking authorization to reject that certain contracts, amendments, schedules and arrangement letters, as defined more fully below, between the District and Cerner Corporation ("Cerner Corp") and its subsidiary Cerner Health Services, Inc. ("Cerner H.S." and collectively with Cerner Corp., "Cerner").

5.      On or about September 30, 2009, the Debtor entered into an IT and Managed Services Agreement with Siemens Medical Solutions USA, Inc. ("Siemens"). In connection with Cerner Corp.'s acquisition of the Health Services business of Siemens effective February 2, 2015, Siemens assigned the IT and Managed Services Agreement to Cerner H.S. Since 2009, the District has entered into various additional contracts, amendments, schedules and arrangement letters with Siemens and later Cerner, including but not limited to the Cerner System Schedule No. 1 dated June 30, 2015, Amendment and Release No. 1-4K80H8B dated June 30, 2015, Cerner Reference Agreement dated March 13, 2015, Cerner Sales Order dated December 31, 2015, Cerner System Schedule No. 2 dated February 24, 2016, Amendment No. 1-52OARIS, and Cerner Sales Order dated November 2, 2016 (collectively with the IT and Managed Services Agreement referred to as the "Agreement").

///

///

///

6.    The District now seeks authorization to reject the Agreement.

## II.

## ARGUMENT

The court should enter an order authorizing the District to reject the Agreement. 11 U.S.C. §§ 365(a) and 901 allows the Debtor to reject any executory contract and/or unexpired lease, subject to the approval of the Court.

The standard for reviewing whether a contract should be assumed or rejected is one of business judgment. <u>Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R.R. Co.</u>, 318 U.S. 523, 550 (1943). In applying the "business judgment standard, courts show great deference to a debtor's decision to assume [or reject] executory contracts, with only a cursory review of [the debtor's] decision…." <u>In re Pomona Valley Medical Group, Inc.</u>, 476 F.3d 665, 670 (9th Cir. 2007). As long as the decision to assume or reject such contracts is a reasonable exercise of business judgment, a court should approve the assumption or rejection of an executory contract. <u>See</u> <u>e.g.</u> <u>NLRB v. Bildisco & Bildisco</u>, 465 U.S. 513, 523 (1984).

Rejection of the Agreement is essential to Debtor's successful reorganization because the Agreement is no longer required for the District's business operations. <u>See</u> Declaration of Sanford Haskins. Based on the foregoing, Debtor has exercised sound business judgment and satisfied the requirements of 11 U.S.C. § 365, therefore the Court should entering an order authorizing the rejection of the Master Agreement.

///
///
///
///
///
///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ORDER AUTHORIZING    -3-
REJECTION OF EXECUTORY CONTRACT (CERNER)

M:\S-U\TRMC\PLEADINGS\WW-69 Motion to Reject
Executory Contracts (CERNER)\MPA.djb.docx

### III.

### CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (1) authorizing the rejection of the Agreement; (2) fixing the date by which any claims[1] based on this Motion must be filed; and (3) granting the Debtor such other relief as the Court may deem just and proper.

Dated: December 27, 2018

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: _____
Danielle J. Bethel
Attorneys for Debtor Tulare Local Healthcare
District, dba Tulare Regional Medical Center

---

[1] Setting such a rejection bar date should not be considered an acknowledgment by the District that there will be any claims for rejection. The claims bar date was set for April 10, 2018.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ORDER AUTHORIZING     -4-
REJECTION OF EXECUTORY CONTRACT (CERNER)

M:\S-U\TRMC\PLEADINGS\WW-69 Motion to Reject
Executory Contracts (CERNER)\MPA.djb.docx