UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

**Case Title:** Tulare Local Healthcare District

**Case No.:** 17-13797 - B - 9

**Docket Control No.** WW-63

**Date:** 01/04/2019
**Time:** 9:30 AM

**Matter:** [870] - Objection to Claim of Employment Development Department, Claim Number 90 [WW-63] Filed by Debtor Tulare Local Healthcare District (kvas)

**Judge: René Lastreto II**
**Courtroom Deputy: Debbie Chavez**
**Reporter: Not Recorded**
**Department: B**

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

**CIVIL MINUTES**

Objection Resolved without Oral Argument, Sustained

The Moving Party shall submit a proposed order in conformance with the ruling below.

The objection was set for hearing on 44 days' notice as required by Local Rule of Practice ("LBR") 3007-1(b)(1). The failure of the creditors, the debtor, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without

oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires that a plaintiff make a prima facie showing that they are entitled to the relief sought, which the movant has done here.

The objection was SUSTAINED.

11 U.S.C. § 502(a) states that a claim or interest, evidenced by a proof filed under section 501, is deemed allowed, unless a party in interest objects.

Federal Rule of Bankruptcy Procedure 3001(f) states that a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. If a party objects to a proof of claim, the burden of proof is on the objecting party. Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. BAP 2000).

Here, the debtor objects on the grounds that during the period for which the claim is asserted, it was Healthcare Conglomerate Associates, LLC ("HCCA"), and not the Debtor, Tulare Local Healthcare District doing business as Tulare Regional Medical Center ("TRMC"), who was responsible for payment of all payroll benefits and related payroll taxes.

Prior to filing bankruptcy, TRMC was under the management and control of HCCA. Doc. #872. Part of HCCA's responsibilities was paying payroll benefits and taxes. *Id.*

Claimant, the Employment Development Department ("EDD") filed their claim of $4,656.73 for the tax period July 1, 2016 through December 31, 2016. Claim #90.

The court finds that TRMC has rebutted EDD's claim, and the burden of proof has switched to EDD. EDD did not file any opposition to this objection.

Therefore, claim no. 90 filed by EDD was disallowed in its entirety.