8

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Chapter 9 Counsel for Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re

TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,

Debtor.

Tax ID #: 94-6002897
Address: 869 N. Cherry Street
Tulare, CA 93274

CASE NO. 17-13797

DC No.: WW-70

Chapter 9

Date: January 17, 2019
Time: 9:30 a.m.
Place: 2500 Tulare Street
Fresno, CA 93721
Courtroom 13
Judge: Honorable René Lastreto II

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSIES (MB EQUIPMENT FINANCE, LLC AND MB FINANCIAL BANK, N.A.)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Tulare Local Healthcare District, dba Tulare Regional Medical Center ("District") respectfully files this Memorandum of Points and Authorities in Support of its Motion for Approval of Compromise of Controversies.

///

///

## I.

## INTRODUCTION

The District respectfully requests that the Court authorize the compromise ("Settlement") which has been reached between the District in this Chapter 9 Case and Celtic Commercial Finance, a division of MB Equipment Finance, LLC and MB Financial Bank, N.A. ("Celtic"), the terms of which are contained in the settlement agreement ("Agreement") attached to the declaration of Daniel Heckathorne. The District and Celtic are hereinafter referred to as the "Parties."

## II.

## THE FACTS SUPPORT APPROVAL OF THE COMPROMISE AND SETTLEMENT AGREEMENT

The essential facts are as follows:

1. The District is a governmental entity and the elected board has authorized it to compromise a dispute with Celtic.

2. The disputes between the Parties which are the subject of this Motion are summarized in the background section of the Motion and in the body of the Settlement and need not be repeated herein.

3. The settlement agreement ("Settlement") is attached to the declaration of Daniel Heckathorne.

4. The District gives its limited consent to the jurisdiction of the Court to hear and consider approval of this Motion[1]

## III.

## A DEBTOR HAS BROAD POWER TO COMPROMISE CONTROVERSIES AND COMPROMISES ARE FAVORED IN BANKRUPTCY

Many title 11 cases involve litigation between the bankruptcy debtor and an

[1] See *City of Stockton*, U.S. Bankruptcy, Eastern District of California, Case No. 12-32118, ECF-685 holding that

adverse party, much of which is settled. Vol. 10, Collier on Bankruptcy ¶ 9019.01 (Alan N. Resnick & Henry J. Sommer, 16th ed). Further, a trustee has broad power to compromise controversies subject to Court approval. In re Del Grosso, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989). As a result, compromises are favored in bankruptcy. Marandas v. Bishop (In re Sassalos), 160 B.R. 646, 653 (D. Or. 1993).

## IV.

## THE MOTION RESULTS IN A COMPROMISE THAT IS FAIR AND EQUITABLE TO THE DEBTOR

The sole issue before the Court is whether it should approve the Settlement as negotiated between the Parties, the terms of which are set forth in the Settlement. A compromise will be approved when it is both "fair and equitable," and in the best interest of the bankruptcy estate. Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). The District believes that consummation of the Settlement is in the best interest of the creditors and the District, and is therefore "fair and equitable" because it will avoid further litigation and promote the administration of the District's Chapter 9 case.

## V.

## THE INITIAL BURDEN OF REASONABLENESS IS ON THE ESTATE

It is well settled that the initial burden of persuasion as to the reasonableness of the subject compromise rests with District. Smith v. Compton, 1998 U.S. App. 20488, 4 (9th Cir. Aug. 17, 1998); See also McGranahan v. Christian (In re Central Valley Processing), Case No. 03-11610-B-7, Adv. No. 05-1089, slip op. at 9 (E.D. Cal. Mar. 16, 2007) (unpublished). In considering whether this burden has been met, "[T]he focus of [the bankruptcy court's] inquiry is whether the settlement entered into by the trustee was reasonable given the particular circumstances of this case." In re Equity Funding Corp., 529 F.2d 1274, 1277 (9th Cir. 1975).

The Debtor has provided the Court with sufficient facts concerning the underlying dispute such that the Court is well positioned to evaluate whether the compromise is reasonable. Further, the Debtor has established that consummation of the compromise will avoid litigation thereby conserving assets of the Debtor. District has met the initial burden of demonstrating that the compromise is reasonable.

## VI.

## THE APPLICABLE AUTHORITY SUPPORTS APPROVAL OF THE COMPROMISE

A. FRBP 9019(a) Provides the Applicable Authority

The law providing for approval of a compromise is found at FRBP 9019(a) which reads:

> On motion by the debtor in possession and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

A compromise under FRBP 9019(a) will be approved when it is both "fair and equitable," and in the best interest of the Debtor. Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, at 424.

B. A Full Evidentiary Hearing is Not Required

The hearing requirement of FRBP 9019(a) does not obligate the bankruptcy court to conduct a full evidentiary hearing as a prerequisite to approving a compromise. As stated in In re Pacific Gas & Electric Co., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004), a bankruptcy court is not required to hold a full evidentiary hearing or "mini-trial" before a compromise can be approved. Id. At 416-417.

C. The Guiding Factor is Whether The Compromise Is In The Best Interests Of The Debtor And The Decision Lies In The Sound Discretion Of The Court

As discussed supra, a compromise will be approved when it is both "fair and equitable," and in the best interest of the Debtor. Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, at 424. Further, in the matter of In re Aweco, Inc., 725 F.2d 293 (5th Cir. 1984), the Court emphasized that judicial discretion should be guided by considerations of circumstance and law so that the outcome is fair and equitable. Id., at 298, cert. denied, 469 U.S. 880 (1984).

D. The Court Must Identify The Issues Involved And Make An Informed, Independent Judgment As To The Reasonableness of the Compromise

While the opinion of the District is entitled to great weight (and perhaps conclusive weight given this this being a Chapter 9 case), the Court may wish to, nonetheless, make an informed, independent judgment as to the reasonableness of the compromise. (See footnote 1, page 2.) Protective Committee for Independent Stockholders of TMT Trailer Fairy, Inc., at 425. Writing for the Second Circuit in In re W.T. Grant Co., 699 F.2d 599 (2nd Cir. 1983), Judge Friendly wrote that:

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge…is not to decide numerous questions of law and fact raised…but rather to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness.

Id., at 608.

Other courts have said that the "court's assessment does not require a resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." In re Hermitage Inn, 66 B.R. 71, 72 (D. Colo. 1986).

F. The District's Recommendation is Entitled to Substantial Deference

The District in this case is familiar with the disputes being settled and recommends approval of the Settlement. In Chapter 11 cases, the recommendations by the District

are entitled to substantial, but not conclusive, deference. In re International Distribution Centers, Inc., 103 B.R. 420, 423 (S.D. N.Y. 1989). See also, In Re Lawrence & Ergsquin, Inc., 124 B.R. 37, 38, (Bankr. N.D. OH. 1990), where the bankruptcy court said that it should not substitute its judgment for that of the debtor, but should canvas all the issues to determine whether the settlement falls below the range of reasonableness. However, here the elected board of directors of the governmental entity has approved and authorized the compromise and given the limited jurisdiction of the bankruptcy court over municipal debtors nearly conclusive deference is warranted.

## VII.

## THE NINTH CIRCUIT'S STANDARDS FOR APPROVAL OF A COMPROMISE ARE MET IN THIS CASE

### A. In re A & C Properties sets forth the factors to be considered by the bankruptcy court in deciding whether to approve a compromise

The controlling authority in the Ninth Circuit is In re A & C Properties, 784 F.2d 1377 (9th Cir. Cal. Mar. 17, 1986). Although In re A & C Properties was decided under the Bankruptcy Act of 1898, its reasoning is still applicable to the Bankruptcy Code and is considered controlling authority in the Ninth Circuit. See Adeli v. Barclay (In re Berkeley Del. Court, LLC), 834 F.3d 1036 (9th Cir. Cal. Aug. 23, 2016). With its ruling in In re A & C Properties, the Ninth Circuit held that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the Court must consider:

1. The probability of success in litigation;
2. The difficulties, if any, to be encountered in the matter of collection;
3. The complexity of the litigation involved and the expense and delay necessarily attending it;
4. The paramount interests of the creditors and a proper deference to their reasonable views;

In re A & C Properties, at 1381. See also Phillips v. James (In re Phillips), 2010 U.S. Dist. LEXIS 89834 (W.D. Wash. July 30, 2010)("the law favors compromise and not litigation for its own sake," and "as long as the bankruptcy court amply considered the various factors that determined the reasonableness and compromise, the court's decision must be affirmed.").

The Declaration filed in support of this Motion sets forth that each of the relevant factors stated in In re A & C Properties have been met in this case. Each of the relevant factors is discussed below.

B.　Application of Factors to Facts

　　1.　The Probability Of Success In The Litigation. The District has evaluated the merits of the dispute and believes that it raises questions of law and fact, with no guarantee of a favorable ruling. Therefore, the Settlement is in the best interest of the creditors and the District.

　　2.　The Difficulties Encountered in the Matter of Collection. It is not likely that difficulties will be encountered with Celtic in connection with collection on the underlying claims, but there is likely to be difficulties collecting from the District. Therefore, the Settlement is in the best interest of the creditors and the District.

　　3.　The Complexity Of The Litigation Involved, The Expense, Inconvenience, Delay Necessarily Attending It. Continued litigation would reduce the resources of the District with no promise of a beneficial result. Therefore, the Settlement is in the best interest of the creditors and the District.

　　4.　The Paramount Interest Of The Creditors And A Proper Deference To Their Reasonable Views In The Premises. The Settlement is in the best interest of creditors. Continued litigation will reduce the limited resources of the District, reducing amounts available to pay allowed creditor claims. The Settlement will also aid in the administration of the District and promote the filing of the District's Plan of Adjustment. Consensual lien creditors were consulted about the Settlement. Therefore, it is in the best interest of the creditors of the District that the Settlement be authorized by the Court.

Filed 01/04/19 Case 17-13797 Doc 983

VIII.

**CONCLUSION**

A compromise under FRBP 9019(a) may be approved by the Court without the need for a full evidentiary hearing where (1) a trustee or debtor presents the Court with an overview of the issues involved and satisfies its initial burden of showing that the compromise is reasonable in light thereof; and (2) the Court thereafter makes an independent finding that the compromise is, in fact, reasonable, *i.e.*, "fair and equitable," and in the best interests of the District. Although perhaps not entirely conclusive, the Court should give great deference to the District's recommendations. The District believes that this is a situation where the Parties have negotiated a reasonable compromise that is fair and equitable and in the bests interests of the District in that it minimizes the costs and eliminates the risk of loss involved in the underlying dispute. Accordingly, the District requests that the Court enter an order finding that the settlement is fair, reasonable and equitable.

Dated: January 4, 2019

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: Riley C. Walter

Riley C. Walter, Chapter 9 Counsel for
Tulare Local Healthcare District, dba
Tulare Regional Medical Center

Memorandum of Points and Authorities in Support of Motion for Approval of Compromise of Controversies (Celtic Finance and MB Financial Bank, N.A.) -8- M:\S-U\TRMC\PLEADINGS\WW-70 Motion to Compromise re Celtic [MB Financial]\brief.010219.gaa.docx