JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: jrios@ffwplaw.com

DARRELL W. CLARK, ESQ.
(*pro hac vice* to be filed)
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Telephone: (202) 785-9100
Facsimile: (202) 785-9163
e-mail: darrell.clark@stinson.com

Attorneys for Cerner Corporation and
Cerner Health Services, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor. | CASE NO.: 17-13797-B-9<br><br>Chapter 9<br><br>DCN: WW-69<br><br>Date: January 17, 2019<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>Courtroom 13<br>Judge: Hon. Rene Lastreto II |

**RESPONSE OF CERNER CORPORATION AND
CERNER HEALTH SERVICES, INC. TO DEBTOR'S MOTION FOR
ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT
(CERNER CORPORATION AND CERNER HEALTH SERVICES, INC.)**

COME NOW Cerner Corporation ("Cerner Corp.") and its subsidiary, Cerner Health Services, Inc. ("Cerner HS" and collectively with Cerner Corp., "Cerner"), creditors and parties-in-interest of Tulare Local Healthcare District d/b/a Tulare Regional Medical Center ("Debtor"), by and through undersigned counsel, and files this response ("Response") to the Debtor's Motion for Order Authorizing Rejection of Executory Contract (Cerner Corporation and Cerner Health

-1-

Response of Cerner Corporation and Cerner Health
Services, Inc. to Debtor's Motion for Order
Authorizing Rejection of Executory Contract

Case 17-13797 Doc 999

Services, Inc.) (the "Rejection Motion"). In support of its Response, Cerner states as follows:

## BACKGROUND

1. On September 30, 2017 ("Petition Date"), the Debtor filed a Petition for relief under Chapter 9 of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of California.

2. On or about September 30, 2009, the Debtor entered into an IT and Managed Services Agreement with Siemens Medical Solutions USA, Inc. ("Siemens"). In connection with Cerner Corp.'s acquisition of the health services business of Siemens effective February 2, 2015, Siemens assigned the IT and Managed Services Agreement to Cerner HS. In the years since the execution of the IT and Managed Services Agreement, the Debtor has entered into various additional contracts, amendments, schedules and arrangement letters with Siemens and later Cerner (collectively with the IT and Managed Services Agreement, these contracts, amendments, schedules and arrangement letters are referred to as the "Agreement"). *See* the Declaration of Sara Meinhard in Support of Response of Cerner Corporation and Cerner Health Services, Inc. to Debtor's Motion for Order Authorizing Rejection of Executory Contract (Cerner Corporation and Cerner Health Services, Inc.) (hereafter, "Meinhard Decl."), ¶ 5.

3. Under the terms of the Agreement, the Debtor licensed from Cerner certain software solutions necessary to the operations of the Debtor's hospital. Through the Agreement, the Debtor also purchased professional services, software support, managed services, hosting services, transaction services, sub-licensed software licenses and equipment, all associated with the healthcare information software licensed through the Agreement. Meinhard Decl., ¶ 6.

4. On April 5, 2018, Cerner Corp. filed a Proof of Claim against the Debtor designated as Claim No. 193 in the amount of $2,263,962.33 for pre-petition amounts due under the Agreement. Meinhard Decl., ¶ 7.

5. Since the Petition Date, the Debtor has continued to use Cerner's software, but has not made any post-petition payments to Cerner. For the period from September 30, 2017 through January 2, 2019, the Debtor owes Cerner the amount of $1,502,997.19. Meinhard Decl., ¶ 8.

///

Response of Cerner Corporation and Cerner Health Services, Inc. to Debtor's Motion for Order Authorizing Rejection of Executory Contract

6. On July 20, 2018, the Debtor filed the Debtor's Motion for Authority to Enter Into a Transaction Including Borrowing Funds, Sales of Personal Property and Providing Security, Assumption and Assignment of Contracts and Leases and for Authority to Lease Real Property Pursuant to 11 U.S.C. Sections 105, 362, 364, 365, 901 and 922 (the "Motion"), in which it sought authorization to enter into a transaction ("Transaction") with Adventist Health System/West, doing business as Adventist Health, a California non-profit religious corporation ("Adventist Health"). The Transaction allowed the Debtor to reopen its general acute care hospital and clinics, with Adventist Health serving first as the manager, and eventually the owner of those facilities.

7. Of the $1,502,997.19 owed to Cerner for post-petition services provided under the Agreement, the Debtor has incurred $562,225.65 in amounts due to Cerner from the filing of the Motion through January 2, 2019. Meinhard Decl., ¶ 9.

8. The Transaction included the assumption and assignment to Adventist Health of certain of the Debtor's executory contracts and unexpired leases pursuant to 11 U.S.C. § 365, and Cerner has offered to accept the amount of $562,225,65 as a cure for the assumption and assignment of the Agreement (a discount of $3,204,733.87). Meinhard Decl., ¶ 10.

9. However, on December 28, 2018 the Debtor filed the Rejection Motion, seeking to reject the Agreement on the basis that it is no longer needed in the Debtor's business.

**RESPONSE**

10. Cerner does not oppose the rejection of the Agreement. Meinhard Decl., ¶ 11. Cerner recognizes that the Debtor may choose to assume or reject executory contracts according to its business judgment, and is filing this response simply to preserve its rights under the Agreement.

11. After rejection of the Agreement, the services under the Agreement will be terminated, along with the Debtor's access to Cerner's systems. There is no way to access the information and data stored pursuant to the Agreement (which includes both financial and medical records) without using Cerner's systems. Meinhard Decl., ¶ 12.

///

12. If the Debtor or Adventist Health seek to obtain the information and data stored pursuant to the Agreement, there are agreements with Cerner that can be negotiated to extract that data or transfer services. However, no party has approached Cerner to negotiate such an agreement. Meinhard Decl., ¶ 13.

13. Further, although Adventist Health has a separate relationship with Cerner, it would take a significant amount of time (12 to 18 months, not days or weeks) to incorporate the Debtor's hospital into Adventist Health's instance of Cerner software. It would be a new implementation to add the Debtor's facilities to Adventist Health's Cerner domain. It is not a matter of "flipping a switch" to have the Debtor's facilities moved. Meinhard Decl., ¶ 14.

14. As a result, Cerner has a concern about the Debtor's post-rejection plan to operate its hospital without an electronic medical record for its current operations and to access the historical information and data stored pursuant to the Agreement, which is critical to the operation of the Debtor's hospital. Meinhard Decl., ¶ 15.

15. Cerner wants the record to reflect its concern that because the services provided by Cerner involve medical and financial records, the transaction with Adventist Health will necessarily result in the use of the licenses without Cerner's consent either by Adventist Health as the new owner or by Adventist Health acting as manager for the facility prior to its transfer. Meinhard Decl., ¶ 16.

16. Given the disconnect between the hospital's apparent needs and the Debtor's stated intentions, Cerner wants to make clear that it objects and will not permit the use or transfer of its licensed systems or data on its systems without license or authorization from Cerner. Meinhard Decl., ¶ 17.

WHEREFORE, Cerner Corporation and Cerner Health Services, Inc. respectfully request that this Court acknowledge that the Debtor's rejection of its Agreement with Cerner will result in

/ / /

/ / /

/ / /

/ / /

the termination of the Agreement and the Debtor's access to Cerner's systems, as well as Cerner's reservation of rights as to the Agreement and its licensed systems.

DATED: January 14, 2019

             FELDERSTEIN FITZGERALD
             WILLOUGHBY & PASCUZZI LLP

       By: */s/ Jason E. Rios*
          JASON E. RIOS
          Attorneys for Cerner Corporation and
          Cerner Health Services, Inc.

-5-

Response of Cerner Corporation and Cerner Health Services, Inc. to Debtor's Motion for Order Authorizing Rejection of Executory Contract