WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:　(559) 435-9800
Facsimile:　(559) 435-9868
E-mail:　rileywalter@W2LG.com

Chapter 9 Counsel for Tulare Local Healthcare District, dba Tulare Regional Medical Center

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>　　Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-60<br><br>Chapter 9<br><br>Date:　February 7, 2019<br>Time:　10:30 a.m.<br>Place:　510 19th Street<br>　　　　Bakersfield, CA<br>　　　　Courtroom 13<br>Judge:　Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AUTHORITY TO BORROW AND GIVE SECURITY**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

The Debtor, Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Debtor" or "District"), hereby submits these Authorities in support of its Motion for Authority to Borrow and Give Security ("Motion"). Per the Motion, the Debtor seeks an order, pursuant to Section 364(d) and FRBP 4001(c) and (d) authorizing the Debtor to obtain Post Petition financing from the City of Tulare ("Lender"), in the amount of $9,000,000 with a first priority lien on all of the Debtor's real property including the property known as Evolutions, located at 1425 E. Prosperity Avenue, Tulare, California, excluding the hospital and hospital equipment, plus assignments of rent, certain tax

revenues in excess of payments on GO and Revenue Bonds.

The terms and conditions of the loan are set out on the term sheet ("Term Sheet[1]") attached to the Declaration of Richard Gianello ("Declaration").[1]

The loan will have an interest rate of 6% per annum and be due in 60 months with interest only for 36 months. The loan will prime the security interests of Healthcare Conglomerate Associates, LLC, with its consent.

## I.
## THE DEBTOR HAS SATISFIED THE LEGAL REQUIREMENTS FOR APPROVAL OF THE POST PETITION FINANCING

As a Chapter 9 debtor, the Debtor may incur unsecured debt in the ordinary course of business without first obtaining Court approval. 11 U.S.C. Section 364(a) and 901. However, the Bankruptcy Code offers a debtor additional flexibility to the extent it needs additional credit, but cannot attract such credit on unsecured terms. Section 364 provides for a progression of protections to induce a post-petition lender to extend credit to a debtor.

The necessity for obtaining the post-petition financing from Lender has been addressed above and in the accompanying Declaration and need not be repeated here. Section 364 governs a debtor's ability to incur debt or obtain credit post-petition. More specifically, subsections (c)(1) and (d) of Section 364 address the incurrence of post-petition credit on a "superpriority" or senior secured basis.

In order to obtain post-petition credit on "superpriority" basis or by granting a priming lien, a debtor must show that it is unable to obtain the necessary credit otherwise and the lien holders to be primed are adequately protected. Section 364(d)(1)(A), however, does not impose upon a debtor the onerous duty to seek credit from every possible lender before concluding that such credit is not available.[2] *See Bray v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co., Inc.)*, 789 F.2d 1085, 1088 (4th Cir. 1986); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr.

---

[2] See the Declaration of Reed Upson regarding the District's efforts to source the needed loan.

S.D.N.Y. 1990) (holding that contacting four financial institutions regarding a loan satisfied the requirements of Section 364(d)(1)(A)). Instead, a good faith effort to obtain less burdensome credit from other sources is all that is required of a debtor, especially when time is of the essence, as here. *See, e.g., Id.; In re Reading Tube Indus.*, 72 B.R. 329, 333 (Bankr. E.D. Pa. 1987); *In re Stacy Farms*, 78 B.R. 494, 498 (Bankr. S.D. Ohio 1987).

### A. The Debtor Has Satisfied the Requirements of Bankruptcy Code Section 364(d)

The only statutory prerequisites for obtaining credit on a senior secured basis under Section 364(d) are that "the [Debtor] is unable to obtain such credit otherwise" and that "there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." 11 U.S.C. Section 364(d). Each of these tests is satisfied in this case.

As set forth above, the Debtor simply cannot obtain alternative financing on any more favorable basis other than that set forth herein. The Lender is willing to extend credit only with the "senior secured" protections afforded by Section 364(d), and the Debtor has been unable to obtain financing on any other feasible and more favorable terms. *See* the Declaration.

Moreover, the holders of the existing liens (except Lavers who are deceased) have consented to the terms of the proposed borrowing on the express terms of the proposed order. This consensual approach obviates the need for the adversarial "priming" and the accompanying need for a showing of adequate protection that would otherwise be necessary if they did not so consent.

### B. Approval of the Post-Petition Financing is Supported by the Exercise of Sound and Political Business Judgment

The fact that the Debtor has satisfied the requirements of Section 364(d), of course, does not end the inquiry, as this section is permissive, not mandatory. *See* 11 U.S.C. Section 364(d) ("after notice and a hearing", the court "may authorize the obtaining of credit or the incurring of debt"). Generally, however, courts give broad

deference to business decisions of a debtor. *See, e.g., Richmond Leasing v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985). Moreover, a Court generally will respect a debtor's business judgment regarding the need for and the proposed use of funds. This is especially true, as here, where the decision to borrow has been made by the elected Board of Directors.

In the present case, the Debtor's decision to enter into the loan represents an exercise of sound business and political judgment. Without such financing, the Debtor does not have the funds needed to meet its ongoing District obligations nor settle disputes to free up collateral and assets.

Further, the Debtor asserts that the terms of the Post-Petition Financing are more favorable to the Debtor than any other financing arrangement that was proposed by any other lender. *See* the Declarations of Gianello and Upson.

## II.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Debtor requests that the Court grant the relief requested in the Motion, and seeks such other relief as the Court deems just and proper.

Dated: January 24, 2019

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley Walter
Riley C. Walter,
Attorneys for Debtor, Tulare Local
Healthcare District, dba Tulare Regional
Medical Center