WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Chapter 9 Counsel for Tulare Local Healthcare District, dba
Tulare Regional Medical Center

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-60<br><br>Chapter 9<br><br>Date: February 7, 2019<br>Time: 10:30 a.m.<br>Place: 510 19th Street<br>Bakersfield, CA<br>Courtroom 13<br>Judge: Honorable René Lastreto II |

**EXHIBITS TO DECLARATION OF RICHARD GIANELLO IN SUPPORT OF MOTION FOR AUTHORITY TO BORROW AND GIVE SECURITY**

| EXHIBIT | | PAGES |
|---|---|---|
| A | Term Sheet | 1 |
| B | Proposed Order | 5 |

Dated: January 24, 2019

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter,
Attorneys for Debtor, Tulare Local
Healthcare District, dba Tulare Regional
Medical Center

# LINE OF CREDIT
# TERM SHEET

| | |
|---|---|
| **Lender:** | City of Tulare |
| **Borrower:** | Tulare Local Healthcare District dba Tulare Regional Medical Center |
| **Purpose:** | To provide short-term funding for the operation of Tulare Local Healthcare District. |
| **Amount:** | $9,000,000 revolving line of credit |
| **Interest Rate:** | 6% per annum |
| **Term:** | 60 months |
| **Origination Fee:** | $50,000 |
| **Payment Terms:** | Month 1-36 interest only paid twice annually on January 31 (including months July through December) and July 31 (including months January through June). Months 37-60 principle and interest amortized on a straight line basis over the period with first principle/interest payment due on the first interest only date immediately after month 37. Tulare Local Healthcare District has right to pay the outstanding balance, including any accrued interest, at any time without penalty. |
| **Security:** | Tulare Local Healthcare District real property excluding acute care hospital campus with a deed of trust in favor of the City of Tulare. |
| **Title Insurance:** | Provided by Tulare Local Healthcare District |
| **Preconditions:** | (1) Tulare Local Healthcare District Board of Directors approval; (2) Clear title to secured property; (3) Bankruptcy Court approval (4) City of Tulare, Council approval |
| **Draw Requirements:** | 10 day advance written notice to City of Tulare Director of Finance with supporting documentation as to proposed use of funds. |

```
5
```

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Kathleen D. DeVaney #156444
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:  (559) 435-9800
Facsimile:  (559) 435-9868
E-mail:     rileywalter@W2LG.com

Chapter 9 Counsel for Tulare Local Healthcare District, dba
Tulare Regional Medical Center

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re | CASE NO. 17-13797 |
|---|---|
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | DC No.: WW-60 |
| | Chapter 9 |
| Debtor. | Date: February 7, 2019 |
| Tax ID #: 94-6002897 | Time: 10:30 a.m. |
| Address: 869 N. Cherry Street Tulare, CA 93274 | Place: 510 19th Street Bakersfield, CA Courtroom 13 |
| | Judge: Honorable René Lastreto II |

**ORDER APPROVING AND GRANTING MOTION FOR AUTHORITY TO BORROW AND GIVE SECURITY**

At Fresno, in the Eastern District of California.

Pursuant to the Motion for Authority to Borrow and Give Security filed by the District, and at the hearing held on February 7, 2019 at 10:30 a.m. in Bakersfield, the Debtor moved the Court for an order:

1. Authorizing the District ("Borrower") to borrow $9,000,000 from the City of Tulare ("Lender") on the terms set forth in the Motion and referenced in the Declaration of Richard Gianello.

2. Granting the Lender a first priority lien on the Collateral in accordance with 11 U.S.C. § 364(d); and

3. For a finding that the Lender acted in good faith for the purposes of 11 U.S.C

Order Approving and Granting Motion for Authority to Borrow and Give Security    -1-    M:\S-U\TRMC\PLEADINGS\WW-60 Motion to Borrow and Give Security\order.012219.gaa.docx

EXHIBIT A
Page 1 Of 5

§ 364(e).

4. The Court, having considered the Motion, and in accordance with FRBP 4001(c), due and proper notice of the Motion having been provided; and a hearing having been held before this Court, and upon all the pleadings filed with the Court in connection with the hearing and all of the proceedings held before the Court and upon the record made at the hearing; and the Court having noted the appearances of all parties in interest present at the hearing and in the record of the Court; and having concluded the Borrower is unable to obtain the needed credit on more favorable terms, that the interests of the creditors with existing liens are adequately protected, the borrowing request has been made in good faith; and objections, if any, to the relief requested in the Motion having been withdrawn, compromised, resolved or overruled by the Court; and after due deliberation and consideration and good and sufficient cause appearing therefore:

IT IS HEREBY FOUND that:

1. This Court has jurisdiction over this Chapter 9 case pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of this order ("Order") constitutes a core proceeding as defined under 28 U.S.C. § 157(b)(2)(A), (D), and (O). The statutory predicates for the relief requested herein are Sections 901 and 364(d) of the Bankruptcy Code and FRBP 4001(c). Venue of the Chapter 9 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Based on the record, the Court finds that the terms of the Loan have been negotiated in good faith, at arm's-length and without collusion among the Borrower and the Lender, and are fair and reasonable under the circumstances and are fully enforceable against the Borrower.

3. Any credit extended to the Borrower under the terms of this Order shall be deemed extended in good faith as such term is used in Section 364(e) of the Bankruptcy Code. The Lender is granted all the protections provided by Section 364(e) of the Bankruptcy Code.

4. The Borrower and Lender also will be acting in good faith within the meaning

of Section 364(e) of the Bankruptcy Code in closing the transaction contemplated in the Agreement at any time after the entry of this Order.

5. Entry of this Order approving the Loan will benefit the Borrower and the creditors.

6. Based on the record, the Court finds that appropriate notice of the hearing has been given in accordance with FRBP 4001(c)(2) and 9006(c).

7. The terms of the Loan are fair and reasonable under the circumstances, reflect the Borrower's exercise of prudent business judgment consistent with its duties, and are supported by reasonably equivalent value and fair consideration.

8. The Borrower's request for an interim borrowing pending a final hearing is necessary to avoid immediate and irreparable harm.

9. Based upon the foregoing findings and conclusions, and upon the record made by the Borrower at the hearing on the Motion for this Order, and any objections to this Order having been withdrawn, compromised, resolved or overruled, and good and sufficient cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. <u>Disposition</u>. The Motion is granted in accordance with the terms of this Order, and any objections thereto that have not previously been withdrawn are overruled. This Order is valid immediately and is fully effective upon its entry.

2. <u>Authorization; Power to Execute Necessary Documents.</u> The Borrower is expressly authorized, directed and empowered to enter into and deliver any appropriate documents consistent with this Order.

3. <u>Grant of Post Petition Security Interest and Lien.</u> As security, the Lender is hereby granted (effective immediately and without the necessity of the execution or filing of a security agreement, or financing statements), pursuant to Sections 364(d) of the Bankruptcy Code, a first priority senior lien on and security interest in the Debtor's real property other than the hospital campus and liens on rents and property tax revenues in

Order Approving and Granting Motion for Authority to Borrow and Give Security    -3-    M:\S-U\TRMC\PLEADINGS\WW-60 Motion to Borrow and Give Security\order.012219.gaa.docx

EXHIBIT B
Page 3 of 5

excess of money paid on its GO and Revenue Bonds. The consent to this Loan given by Healthcare Conglomerate Associates, LLC is reflected below.

    4.     <u>Borrowing.</u> Debtor is authorized to borrow up to $9,000,000 from the City of Tulare.

    5.     <u>Agreement Approval.</u> The Debtor is authorized to enter into and execute the loan documents attached hereto as Exhibits ___, ___, and ___.

    6.     <u>Wilmington Trust Consent.</u> Nothing herein shall prime or otherwise affect the liens of Wilmington Trust as to its lien position or rights as to property tax revenues.

    7.     <u>Healthcare Conglomerate Associates LLC Consent.</u> The consent of Healthcare Conglomerate Associates LLC to this borrowing is expressly conditioned on settlement of all claims between Healthcare Conglomerate Associates and the District and reconveyance of the disputed deed of trust on the Evolutions real property located at 1425 E. Prosperity Avenue, Tulare, California.

    8.     <u>Enabling Clause.</u> The Debtor is authorized to perform all acts, to make, execute and deliver all instruments and documents, which may be required or necessary for performance under the Agreement.

    9.     <u>Binding Nature of Agreement.</u> The rights, remedies, powers, privileges, liens and priorities of Lender provided for in this Order and in the Agreement shall not be modified, altered or impaired in any manner by any subsequent order (including a confirmation order) or by any plan, or in any subsequent, converted, or related case filed under the Bankruptcy Code, unless the Loan has first been paid in full in cash and completely satisfied.

    10.     <u>Subsequent Reversal or Modification.</u> The Lender has acted in good faith and is entitled to all of the protections afforded by Section 364(e) of the Bankruptcy Code.

///
///
///
///

11. Pursuant to FRBP 4001(c)(2), the Borrower is authorized to borrow up to $6,000,000 on the terms and conditions of the loan pending a final hearing to be held February 14, 2019 at 9:30 a.m. in Fresno.

Submitted:

WALTER WILHELM LAW GROUP
a Professional Corporation

By: _____
    Riley C. Walter, Attorneys for
    Tulare Local Healthcare District, dba
    Tulare Regional Medical Center


Approved as to Form and Content:

KLEIN, DENATALE, GOLDNER, COOPER,
ROSENLIEB & KEMBALL LLP

By: _____
    Hagop Bedoyan, Attorneys for
    Healthcare Conglomerate Associates, LLC

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC

By: _____
    Ian Hammel, Attorneys for
    Wilmington Trust as Trustee and
    Paying Agent

GRISWOLD LASALLE COBB DOWD & GINN LLP

By: _____
    Mario Zamora, Attorneys for
    City of Tulare


IT IS SO ORDERED.


Dated: _____, 2019

_____
René Lastreto II
United States Bankruptcy Judge

Order Approving and Granting Motion for Authority to Borrow and Give Security -5- M:\S-U\TRMC\PLEADINGS\WW-60 Motion to Borrow and Give Security\order.012219.gaa.docx

EXHIBIT B Page 5 Of 5