5

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:　(559) 435-9800
Facsimile:　(559) 435-9868
E-mail:　rileywalter@w2lg.com

Chapter 9 Counsel for Tulare Local Healthcare District

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　　Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-77<br><br>Chapter 9<br><br>Date:　February 28, 2019<br>Time:　9:30 a.m.<br>Place:　2500 Tulare Street<br>　　　　Fresno, CA 93721<br>　　　　Courtroom 13<br>Judge:　Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ORDER AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT
(FATEH ENTABI, M.D.)**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 30, 2017, Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Debtor" or the "District") filed a voluntary petition for Chapter 9 bankruptcy.

Debtor is a California Healthcare District formed pursuant to Health and Safety Code Section 3200 et. seq. and is located in Western Tulare County.

Debtor has entered into a transaction with Adventist Health and its affiliates, ("AH") whereby Debtor will lease its acute care hospital to AH. The lease is to be effective on the closing date which is when the new lease is issued to AH ("Closing Date").

As a part of the lease, that certain executory contract, and identified as the Call Coverage Agreement effectively dated October 11, 2018 by and between the District and Fateh Entabi, M.D. (the "Contract") is to be assumed by Debtor and assigned to AH. The Debtor believes that there is no cure to be paid as a part of this assignment.

## II. ARGUMENT

A. The Court Should Enter an Order Authorizing Debtor to Assume the Contract.

The Court should enter an order authorizing the District to assume and assign the Contract to AH. 11 U.S.C. §§ 365(a) allows the Debtor to assume any executory contract, subject to the approval of the Court.

The standard for reviewing whether a contract should be assumed and on what terms it should be assumed is one of business judgment. Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R.R. Co., 318 U.S. 523, 550 (1943). In applying the "business judgment standard, courts show great deference to a debtor's decision to assume executory contracts, with only a cursory review of [the debtor's] decision…." In re Pomona Valley Medical Group, Inc., 476 F.3d 665, 670 (9th

Cir. 2007). As long as the decision to assume such contracts is a reasonable exercise of business judgment, a court should approve the assumption or rejection of an executory contract. See e.g. NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984).

Assumption of the Contract is essential to Debtor's successful reorganization because it will enable Debtor to consummate the lease with AH. AH and Debtor have determined that the Contract is critical to the business operations for which AH will use the assigned contract to be transferred from Debtor to AH.

To assume the Contract, Debtor must (1) cure defaults under such agreements, which there are not; (2) compensate non-debtor parties to such agreements for pecuniary loss resulting from said defaults; and (3) provide adequate assurance of future performance under the contract to the non-debtor parties to such agreements. 11 U.S.C. § 365(b); See also In re Bowman, 194 B.R. 227, 230 (Bankr. D. Ariz. 1995).

Debtor will satisfy the requirements of 11 U.S.C. § 365(b) on the Closing Date by curing all defaults under the Contract, compensating non-Debtor parties to the Contract for pecuniary losses resulting from said defaults, and providing adequate assurance of future performance under the Contract to the non-debtor parties to those agreements (adequate assurance of future performance is fully discussed below in Section II(B)).

Based on the foregoing, Debtor has exercised sound business (and political) judgment and satisfied the requirements of 11 U.S.C. § 365(b), therefore the Court should entering an order authorizing the assumption and assignment of the Contract with such assumption and assignment to be effective upon the Closing Date.

B.    The Court Should Approve Debtor's Assignment of the Contract.

11 U.S.C. § 365(f) states that, with the court's approval, a debtor may assign an executory contract or unexpired lease if "adequate assurance of future performance by the assignee of such contract or lease is provided…." 11 U.S.C. § 365(f)(2). "This requirement is to be given a practical, pragmatic construction based upon the circumstances of the case." In re PRK Enters., Inc., 235 B.R. 597, 603 (Bankr. S.D.

Tex. 1999). "An absolute guarantee, such as a letter of credit, is not required to meet this standard." In re Teck Hifi, Inc., 49 B.R. 876, 879 (Bankr. D. Mass. 1985) (bankruptcy court held that assignment to newly formed corporation that was a subsidiary of a larger corporation with strong financial statements, without more, met § 365(f) requirements). "The assurance of future performance is adequate if performance is likely (i.e. more probable than not." In re Prime Motor Inns, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

AH is an established and well-capitalized entity. It has demonstrated its ability to perform by its prolonged growth and success in the health care industry. This status provides the non-Debtor parties to the Designated Contracts with adequate assurance of future performance by AH.

Based on the adequate assurance of future performance that AH's purchase of Debtor's personal property assets provides to non-Debtor parties to the Contract, Debtor's assignment of the Contract to AH satisfies the requirements of 11 U.S.C. § 365(f). For these reasons the Court should enter an order authorizing Debtor to assign the Contract to AH at the Closing Date.

C. The Court Should Waive the Fourteen Day Stay Provision of the Court Should Waive the Fourteen Day Stay Provisions of FRBP 6006(D).

"An order authorizing the trustee to assign an executory contract or unexpired lease under Sec. 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FRBP 6006(d). Debtor hereby requests that the Court waive the fourteen (14) day stay to accommodate the consummation of the deal approved by the Court. Due to the close proximity of the Closing Date, AH and Debtor are under time pressure to complete tasks associated with the closing requirements of the lease. As a result, a fourteen (14) day stay of order authorizing the assumption and assignment of the Contract could delay closing and jeopardize Debtor's ability to consummate the lease.

### D. The Court Should Authorize Debtor to Pay the Cure Amount Identified in Exhibit "A" of the Declaration.

A debtor must cure any existing defaults under an executory contract or unexpired lease satisfy the requirements of 11 U.S.C. § 365(f) for obtaining a court order authorizing assumption of such agreement. 11 U.S.C. § 365(f). Debtor will cure, where applicable, existing defaults under the Contract, if any. Because the requested Order is not effective until the Closing, Debtor will have the financial ability to satisfy the cure requirement of 11 U.S.C. § 365(f).

For these reasons the court should enter an order authorizing Debtor to pay, at the Closing Date, the cure amount, if any exists, under the Contract.

## III. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order (1) authorizing the assumption and assignment of the Contract with such assumption and assignment to be effective upon the Closing Date; (2) waiving the fourteen (14) day stay provision of FRBP 6006(d); and (3) authorizing the Debtor to pay, at the Closing Date, the cure amount, if any exists, under the Contract.

Dated: February 13, 2019

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for Debtor,
Tulare Local Healthcare District dba
Tulare Regional Medical Center