4

WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
205 E. River Park Cir., Ste. 410
Fresno, CA 93720
Telephone:　(559) 435-9800
Facsimile:　(559) 435-9868
E-mail:　rileywalter@W2LG.com

Chapter 9 Counsel for Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,**<br><br>Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　　Tulare, CA 93274 | CASE NO.　17-13797<br><br>DC No.: WW-97<br><br>Chapter 9<br><br>Date:　N/A<br>Time:　N/A<br>Place:　2500 Tulare Street<br>　　　　　Fresno, CA 93721<br>　　　　　Courtroom 13<br>Judge:　Honorable René Lastreto II |

**DEBTOR'S EX PARTE APPLICATION TO PRESCRIBE SCOPE OF NOTICE OF HEARINGS ON DISCLOSURE STATEMENT AND PLAN CONFIRMATION**

TO THE HONORABLE RENE LASTRETO II, UNITED STATES BANKRUPTCY JUDGE

　　　Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Debtor"), debtor in the above-captioned bankruptcy case, seeks an order (this "Application") of the Bankruptcy Court on an ex parte basis prescribing the scope of notice under FRBP 2002(b) of the hearing on approval of the disclosure statement and subsequently the plan confirmation hearing to appropriately limited parties, rather than to all parties on the mailing matrix originally established for this case as would otherwise be required by

FRBP 2002(b). Granting this Application will facilitate the administration of this case, which has over 1,300 parties on the mailing matrix but far fewer actual creditors.

1. The Debtor filed its Chapter 9 Petition commencing this case on September 30, 2017. The Debtor filed its List of Creditors under Bankruptcy Code § 924 on October 27, 2017, as later amended.

2. On January 26, 2018 the Court entered the Order Fixing Bar Date for Filing Proofs of Claims ("Bar Date Order") (ECF Doc. No. 111) which set the Claims Bar Date as April 10, 2018 and further ordered that:

> "Any entity, person, or claimant that is required to but does not file a timely Proof of Claim in compliance with the procedures and deadlines established herein (i) will be forever barred from voting with respect to any plan of adjustment filed in this case and from receiving any distributions under such plan or otherwise from the Debtor's property; (ii) will be bound by the terms of any such plan of adjustment that is confirmed by the Court; and (iii) will no longer be entitled to receive further mailings in or notices regarding this case and will be removed from the List of Creditors filed by the Debtor, as amended, pursuant to 11 U.S.C. § 924 ("List of Creditors")."

3. The mailing matrix / court mailing label list for this case has over 1,300 mailable recipients, most of which did not file a proof of claim as required in the Bar Date Order in order to be eligible to receive further notices in this case or to ever be entitled to vote on a Plan.

4. The filed proofs of claim resulted a list of 260 timely filed claims. It is believed there were far fewer claims filed than what was listed on the List of Creditors because the Debtor originally included on the List of Creditors any and all parties who could potentially assert a claim out of an abundance of caution to ensure proper notice of the bankruptcy case was given to all potential creditors. Despite this, only 260 creditors filed a timely proof of claim and only these creditors are entitled to receive notices.

5. Mailing notices of hearing on Disclosure Statement (and subsequently notice of hearing on Plan confirmation) under FRBP 2002(b), 3017(a), and Bankruptcy Rule 3020(b)(2), to all 1,300+ parties on the court mailing matrix for this case would be

burdensome and expensive for the Debtor. Since the parties who would not receive notice under this Application do not have claims on which they could receive distributions, such notice would serve no legally useful purpose and be a considerable waste of resources.

6. Accordingly, the Debtor submits that it is reasonable and appropriate to limit notice on the Disclosure Statement and Plan confirmation hearings to specific, relevant types of parties so as to facilitate the efficient and economical administration of this case.

  a. Counsel for the Debtor;
  b. The U.S. Trustee's Office; City of Tulare; Adventist Health
  c. Wilmington Trust and its counsel as Successor Indenture Trustee and Successor Paying Agent;
  d. California Dept. of Public Health c/o California Attorney General's Office;
  e. All parties who have filed, or may hereafter file before the relevant notice date, requests for special notice under FRBP 2002(i) and;
  f. All parties who have filed proofs of claim, at the addresses for notice that they have specified on their proofs of claim.

7. Authority for the relief sought in this Application is provided by FRBP 2002(i), 2002(f), 2002(m), and Section § 105(a). Section § 105(a) permits the Court to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. The limitation on the scope of notice that the Debtor proposes for the specified matters is logical and appropriate for the circumstances of this case. Further, the notice to be provided includes parties who have a representative capacity.

///
///
///
///

1  WHEREFORE, the Debtor requests that the Court grant this Application, and
2  grant such other relief as is just a proper.

3  Dated: April 26, 2019

WALTER WILHELM LAW GROUP
a Professional Corporation

By: *Riley C. Walter*
Riley C. Walter, Attorneys for Debtor
Tulare Local Healthcare District, dba
Tulare Regional Medical Center