15
WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
Michael L. Wilhelm #101495
Kathleen D. DeVaney #156444
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Chapter 9 Counsel for Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | CASE NO. 17-13797<br><br>DC No.: WW-94<br><br>Chapter 9<br><br>Date: May 29, 2019<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 13<br>Judge: Honorable René Lastreto II |

**MOTION FOR ENTRY OF AN ORDER: (a) APPROVING SOLICITATION AND TABULATION PROCEDURES AND MATERIALS AND (b) GRANTING RELATED RELIEF RELATING TO PLAN OF ADJUSTMENT CONFIRMATION**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Tulare Local Healthcare District, dba Tulare Regional Medical Center ("Debtor" or "District") hereby moves for the entry of an order (a) approving solicitation and tabulation procedures and materials relating to the Debtor's anticipated plan of adjustment and (b) granting related relief (the "Motion"). As set forth more fully below, the Debtor is seeking to conclude these proceedings through a plan of adjustment (the

"Plan") and is seeking approval for procedural rules that will facilitate that process. In further support of these matters, the Debtor states as follows:

## I. General Background

1. On September 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of California, Fresno Division, under Chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtor has continued in possession of its properties and has operated and managed its businesses and/or assets as Debtor pursuant to Section 901 of the Bankruptcy Code.

2. The Debtor has used this process to stabilize its healthcare business. Without limitation, the Debtor has leased the Debtor's acute care hospital facility to Adventist Health. Pursuant to Orders dated August 3 and August 7, 2018 and approval of the State of California, Adventist Health is now operating the Debtor's acute care hospital as lessee.

3. The Debtor intends to complete the Chapter 9 process through the anticipated Plan. The Debtor has developed the Plan after consultation with key stakeholders for all of the Debtor's material funded debt, including Wilmington Trust, N.A., as indenture trustee and paying agent for the Debtor's revenue bonds (the "Revenue Bonds") and as the paying agent for the Debtor's general obligation bonds (the "General Obligation Bonds"), Adventist Health and the City of Tulare[1]. The Debtor believes the Plan already has general support from each of the foregoing constituents.[2]

## II. The Plan and Disclosure Statement

4. Shortly after (and possibly before) allowance of the relief sought in this Motion, the Debtor will file the Disclosure Statement and Plan.

---

[1] The Revenue Bonds and general unsecured creditors are to be impaired classes.

[2] For the avoidance of doubt, nothing in the Motion is intended to limit the rights of these parties, or the rights of beneficial owners of the Revenue Bonds and General Obligation Bonds, to participate in the Plan process.

5. The Plan contemplates the ongoing functioning of the District and distributions to holders of Allowed Claims consistent with the Plan over a 10 year period.

6. A summary of the Plan and treatment of each of the ten classes of claims is as follows:

The following chart summarizes the treatment of Creditors under the Plan. Certain amounts listed below are <u>estimated</u>. Actual Claims and distributions under the Plan will vary depending upon, among other things, the outcome of objections to Claims. The estimated allowable Class 8 claims range from $16,500,000 on low end to $26,000,000 on the high end.

| CLASS NO. | DESCRIPTION | ESTIMATE OF CLAIM AMOUNTS ULTIMATELY ALLOWABLE | TREATMENT |
|---|---|---|---|
| N/A | Administrative Claims<br><br>Recovery: 100% | Debtor estimates all Administrative Claims will be paid in full. | Each Allowed Administrative Claim shall, unless the holder of such Claim has agreed to different treatment of such Claim, be paid in full in Cash. Does not vote. |
| 1 | Series A General Obligation Bonds Claims<br><br>Recovery: 100%<br><br>Unimpaired. | $15,000,000 | **Classification** Class 1 consists of the GO Bonds Series A.<br>**Treatment**: Each Claim in Class 1 will be treated as follows: (a) any default, other than a default of a kind specified in Section 365(b)(2) of the Bankruptcy Code, shall be cured, and (b) the maturity of the Claim shall be reinstated as the maturity existed before any defaults.<br>**Voting:** Class 1 is not impaired under the Plan and the holders of the GO Bonds Series A are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. |
| 2 | Series B-1 General Obligation Bonds Series B-1<br><br>Recovery: 100%<br><br>Unimpaired. | $8,595,000 | **Classification** Class 2 consists of the GO Bonds Series B-1.<br>**Treatment**: Each Claim in Class 2 will be treated as follows: (a) any default, other than a default of a kind specified in Section 365(b)(2) of the Bankruptcy Code, shall be cured, and (b) the maturity of the Claim shall be reinstated as the maturity existed before any defaults. |

Motion for Entry of an Order: (I) Approving Solicitation Procedures, etc.     -3-     M:\S-U\TRMC\PLEADINGS\WW-94 Motion re Solicitation\Motion.051519.nam.docx

| CLASS NO. | DESCRIPTION | ESTIMATE OF CLAIM AMOUNTS ULTIMATELY ALLOWABLE | TREATMENT |
|---|---|---|---|
| | | | **Voting:** Class 2 is not impaired under the Plan and the holders of the GO Bonds Series B-1 are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. |
| 3 | Series B-2 General Obligation Bonds Claims<br><br>Recovery: 100%<br><br>Unimpaired. | $61,405,000 | **Classification** Class 3 consists of the GO Bonds Series B-2.<br>**Treatment:** Each Claim in Class 3 will be treated as follows: (a) any default, other than a default of a kind specified in Section 365(b)(2) of the Bankruptcy Code, shall be cured, and (b) the maturity of the Claim shall be reinstated as the maturity existed before any defaults.<br>**Voting:** Class 3 is not impaired under the Plan and the holders of the GO Bonds Series B-2 are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. |
| 4 | Revenue Bonds Series 2007<br><br>Recovery: 100%<br><br>Impaired. | $13,650,000 | **Classification** Class 4 consists of the Revenue Bonds Series 2007.<br>**Treatment:** Each Claim in Class 4 will be treated as follows: (a) any default, other than a default of a kind specified in Section 365(b)(2) of the Bankruptcy Code, shall be cured, and (b) the maturity of the Claim shall be reinstated as the maturity existed before any defaults.<br>**Voting:** Class 4 is impaired under the Plan and the holders of the Revenue Bonds 2007 are entitled to vote on the Plan. |

Motion for Entry of an Order: (I) Approving Solicitation Procedures, etc.　　-4-　　M:\S-U\TRMC\PLEADINGS\WW-94 Motion re Solicitation\Motion.051519.nam.docx

| CLASS NO. | DESCRIPTION | ESTIMATE OF CLAIM AMOUNTS ULTIMATELY ALLOWABLE | TREATMENT |
|---|---|---|---|
| 5 | Adventist Health<br><br>Recovery: 100%<br><br>Unimpaired. | $3,300,000(est.) | **Classification** Class 5 consists of the claims by Adventist Health.[3]<br>**Treatment:** Class 5 will be treated as follows:<br>Payable over 5.5 years from court approval, (b) interest at prime minus 50 basis points and (c) payment made by rent offsets.<br>**Voting:** Class 5 is not impaired under the Plan and is deemed to have accepted the Plan and is not entitled to vote on the Plan. |
| 6 | City of Tulare<br><br>Estimated Recovery: 100%<br><br>Unimpaired. | $9,000,000 | **Classification:** Class 6 consists of the City of Tulare claim.[4]<br>**Treatment:** Class 6 will be treated as follows:<br><br>(a) Payable monthly, (b) interest at 6%, (c) interest only for first 36 months, (d) principal and interest payable all due 60 months from date of the loan, (e) secured by Evolutions real property.<br>**Voting:** Class 6 is unimpaired under the Plan. |
| 7 | Miscellaneous Secured Claims[5]<br><br>Estimated Recovery: 100% | The District believes there are no Class 7 claims. | **Classification:** Class 7 consists of all Secured Claims against the Debtor not included in Classes 1 through 6, if any. Each holder of a Secured Claim in Class 7 is considered to be in its own separate subclass within Class 7, and each such subclass is deemed to be a separate Class for purposes of the |

---

[3] Adventist Health is presently owed approximately $3,300,000 but the Court approved loan allows for a $10,000,000 line of credit. The amount owed will fluctuate over time but the entire loan will be repaid prior to the existing maturity date as required by an Order dated August 7, 2018. The repayment will be made by the rent offsets.

[4] By an Order dated February 22, 2019 the Court authorized the District to borrow up to $9,000,000. As of April 30, 2019 the District had borrowed $6,300,000 of this sum but intends to draw down on the balance of the authorized amount.

[5] Jiame Calderon file a claim for $1,000,000 asserting it is secured. The District has objected to this malpractice claim asserting that the claim is disputed and not entitled to secured status. Iron Mountain Information Management, LLC filed a secured claim for $880 and this claim was paid so no such secured claim exists. The District believes there are no other secured claims to be included in Class 7.

| CLASS NO. | DESCRIPTION | ESTIMATE OF CLAIM AMOUNTS ULTIMATELY ALLOWABLE | TREATMENT |
|---|---|---|---|
| | | | Plan and is numbered Class 7A, Class 7B, etc.<br>**Treatment:** On or before the date of a distribution to each holder of an Allowed Secured Claim in Class 7, the Debtor shall elect, in its discretion, one of the alternative treatments described in the Plan.<br>**Voting:** Class 7 is not impaired under the Plan and the holders of Secured Claims in Class 7 are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. |
| 8 | Unsecured Claims<br><br>Estimated Recovery:<br><br>Will be described in the Disclosure Statement.<br><br>Impaired. | $16,500,000 to $26,000,000 | **Classification:** Class 8 consists of all Unsecured Claims against the Debtor not included in any other Class.<br>**Treatment:** Each holder of an Allowed Unsecured Claim shall receive, in exchange for and in full and final satisfaction of such Claim, a Pro Rata share of distributions from the Plan Fund.<br>**Voting:** Class 8 is impaired under the Plan and all holders of Unsecured Claims are entitled to vote on the Plan. |
| 9 | Liability Claims<br><br>Recovery: 100% | $ To Be Determined, but paid by risk management contracts. | **Classification:** Class 9 consists of all Liability Claims against the Debtor.<br>**Treatment:** Each holder of a Liability Claim shall be paid from the proceeds of any applicable insurance or coverage policy issued to or for the benefit of the District.<br>**Voting:** Class 9 is not impaired under the Plan and the holders of Liability Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. |
| 10 | Administrative Convenience Claim<br><br>Recovery: 50% | | **Classification:** Class 10 consists of all allowed unsecured claims filed or scheduled for $5,000 or less who elect treatment in Class 10.<br>**Treatment:** Each electing holder of a Class 10 claim will be paid 50% of the allowed claim amount on the Effective Date. Class 10 is a subclass of Class 8. |

| CLASS NO. | DESCRIPTION | ESTIMATE OF CLAIM AMOUNTS ULTIMATELY ALLOWABLE | TREATMENT |
|---|---|---|---|
| | | | **Voting:** Class 10 is not impaired under the Plan and the holders of Administrative Convenience Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan. |

7. As shown above, the Plan will provide for ten (10) different Classes of Claims and Interests.[6] Under the Plan:

    (a) Claims in Class 4 (Revenue Bond Claims) and Class 8 (General Unsecured Claims) (collectively, the "Voting Classes") are Impaired by, and entitled to receive a distribution under, the Plan, and only the holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan.

    (b) Claims in Classes 1, 2, 3, 5, 6, 7, 9 and 10 (together, the "Unimpaired Classes") are unimpaired, and such holders are deemed to have accepted the Plan pursuant to Bankruptcy Code Section 1126(f) and are therefore not entitled to vote.

8. In addition, pursuant to Section 1123(a)(1), the Plan will designate one class of Claims that is entitled to receive distributions under the Plan, but not classified for purposes of voting to accept or reject the Plan. This class of Claims is Administrative Claims.

### III. Jurisdiction, Venue

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) (A) and (B).

---

[6] It is noted that there is no class for the Debtor as it is a municipal entity with no members.

10. The statutory predicates for the relief requested in this Motion are Sections 105 and 901.

### IV. Relief Requested

11. The Debtor requests approval of the solicitation and tabulation procedures set forth in this Motion (collectively, the "Solicitation and Tabulation Procedures") and the format of certain materials for use in connection with these matters upon approval of the Disclosure Statement.

#### A. Appointment of Ballot Agents.

12. In accordance with F.R.B.P. 3017(d), the Debtor proposes that Epiq Corporate Restructuring, LLC serve as ballot agent as to impaired Class 4 claims relating to the Revenue Bonds (the "Class 4 Ballot Agent"). The Debtor requests that with respect to Class 4 only, the Class 4 Ballot Agent be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Class 4 Ballots; and certify to the Court the results of the balloting.

13. In accordance with F.R.B.P. 3017(d), the Debtor proposes that the Debtor's counsel, Walter Wilhelm Law Group, serve as ballot agent as to impaired Class 8 (the "Class 8 Ballot Agent" and, together with the Class 4 Ballot Agent, the "Ballot Agents"). The Debtor requests that the Class 8 Ballot Agent be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Class 8 Ballots; and certify to the Court the results of the balloting. The Class 8 Ballot Agent will also tabulate the ballots of Class 8 claims that elect to voluntarily opt into Class 10.

#### B. Approval for Solicitation Materials and Procedures for Distribution of Materials.

14. The Debtor requests approval for the solicitation materials and distribution process it intends for use in connection with the Plan and confirmation upon approval of the Disclosure Statement.

15. For each holder of Claims in Class 4, the Debtor proposes that the Class 4 Ballot Agent transmit or cause to be transmitted by first-class mail a solicitation package containing: (a) a cover letter substantially in the form annexed as Exhibit A; (b) the Order approving the Disclosure Statement substantially in the form annexed hereto as Exhibit B, showing (i) the Court's approval of the Disclosure Statement; (ii) the deadline for voting on the Plan; (iii) the date of the Confirmation Hearing; and (iv) the deadline and procedures for filing objections to confirmation of the Plan; (c) the Notice of Hearing on Confirmation (d) the Plan and Disclosure Statement (either by paper copies, an electronic version on a USB flash drive or CD Rom[7], or by providing a link to those documents free of charge to the Class 4 Ballot Agent's website: https://dm.epiq11.com/Tulare); (e) the applicable Class 4 ballot substantially in the form annexed hereto as Exhibit C (collectively, the "Ballot," individually, a "Ballot", "Master Ballot" or "Beneficial Owner Ballot" as applicable); (f) a copy of the solicitation and tabulation procedures described in this Motion; and (g) a pre-addressed return envelope; and (g) such other information as the Court may direct or approve (collectively, the "Class 4 Solicitation Package").

16. With respect to each owner of Revenue Bonds in Class 4, the procedures proposed by the Debtor are typical for bankruptcy plan solicitation matters that include publicly traded debt securities. The Debtor specifically proposes to have the Class 4 Ballot Agent send Class 4 Ballots to record owners of the Revenue Bonds, including, without limitation, brokers, banks, dealers, or other agents or nominees, or any mailing agents thereof (each a "Master Ballot Agent"), together with a reasonably sufficient number of copies of the other materials comprising the Solicitation Package to distribute to the beneficial owners of the Class 4 Revenue Bonds for whom such Master Ballot

---

[7] Distribution in this manner may translate into significant monetary savings to the Debtor by significantly reducing printing and postage costs. Bankruptcy courts across the nation have permitted debtors to transmit solicitation documents in electronic format in large chapter 11 cases in the interest of saving printing and mailing costs. *See, e.g., In re GenOn Energy, Inc.,* No. 17-33695 (DRJ) (Bankr. S.D. Tex. Oct. 5, 2017) (authorizing the debtors to transmit solicitation documents in electronic format); *In re CJ Holding Co.,* No. 16-33590 (DRJ) (Bankr. S.D. Tex. November 5, 2016); *In re Sandridge Energy, Inc.* No. 16-32488 (DRJ) (Bankr. S.D. Tex. July 15, 2016). The result should be no different in a Chapter 9 case.

Agent holds those securities. The Debtor shall be responsible for each Master Ballot Agent's actual, documented, and reasonable costs and expenses associated with (i) the distribution of Solicitation Packages to the beneficial owners of Class 4 Revenue Bonds and (ii) the tabulation of such Ballots. Each Master Ballot Agent shall either (i) forward the Solicitation Package to each beneficial owner of the Class 4 Revenue Bonds entitled to vote on the Plan for voting and include a return envelope provided by and addressed to the Master Ballot Agent, so that the beneficial owner may return the completed Ballot to the Master Ballot Agent by a date calculated by the Master Ballot Agent to allow it to prepare and return a Master Ballot to the Class 4 Ballot Agent by the Voting Deadline[8], or (ii) "prevalidate" Ballots contained in the Solicitation Package by (a) indicating thereon the name and DTC Participant number of the record owner of the Class 4 Revenue Bonds to be voted, the amount of the Class 4 Revenue Bonds held by the beneficial owner as of the Voting Record Date, and the appropriate account numbers through which the beneficial owner's holdings are derived, and (b) executing the beneficial owner's Ballot, and then forwarding the Solicitation Package to the beneficial owner of the Revenue Bonds for voting within five (5) business days after the receipt by such Master Ballot Agent of the Solicitation Package, with the beneficial owner then returning Ballots directly to the Class 4 Ballot Agent in the return envelope to be provided in the Solicitation Package by the Voting Deadline. The Master Ballot Agents would then complete Master Ballots according to the instructions set forth in the Master Ballots.

17. As to Class 8, the Debtor proposes that the Class 8 Ballot Agent transmit or cause to be transmitted by first-class mail a solicitation package containing: (a) a cover letter substantially in the form annexed as Exhibit A; (b) the Order approving the Disclosure Statement substantially in the form annexed hereto as Exhibit B, showing (i) the Court's approval of the Disclosure Statement; (ii) the deadline for voting on the Plan;

---

[8] At the option of the Nominee, Beneficial Owners may relay votes or voting instructions electronically to the Nominee and Nominees may use their customary procedures for obtaining such votes electronically.

(iii) the date of the Confirmation Hearing; and (iv) the deadline and procedures for filing objections to confirmation of the Plan; (c) the Notice of Hearing on Confirmation; (d) the Plan and Disclosure Statement (either by paper copies, an electronic version on a USB flash drive or CD Rom, or by providing a link to those documents free of charge to the Debtor's website: http://tularelocalhealthcaredistict.org.; (e) the applicable Class 8 ballot substantially in the form annexed hereto as Exhibit D (the "Ballot"); (f) a copy of the solicitation and tabulation procedures described in this Motion; and (g) a pre-addressed return envelope; and (g) such other information as the Court may direct or approve (collectively, the "Class 8 Solicitation Package").

18. The Debtor requests that it be excused from transmitting Solicitation Packages to holders of Claims in the Unimpaired Classes, who are deemed to have accepted the Plan. Pursuant to Section 1126(f), unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f).

19. The Debtor proposes to mail or cause to be mailed or emailed to holders of Claims and Interests in Non-Voting Classes 1, 2, 3, 5, 6, 7, 9 and 10 at the address to which notices are required to be sent pursuant to F.R.B.P. 2002(g), a notice - substantially in the forms attached hereto as Exhibit E and Exhibit F (together, the "Non-Voting Notices") - setting forth: (a) the Non-Voting Classes; (b) the date and time of the Confirmation Hearing; and (c) the deadline and procedures for filing objections to the Plan. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Plan and Disclosure Statement free of charge from Walter Wilhelm Law Group or by accessing from the Debtor's website. The Non-Voting Notices contain all of the required information with respect to the Confirmation Hearing, and, for the avoidance of doubt, the Debtor seeks authority to send to Non-Voting Parties only the Non-Voting Notices.

20. The Debtor proposes that for Solicitation Packages and Non-Voting Notices returned as undeliverable, the Debtor may, but shall not be required, to attempt to locate the correct address and resend such materials.

21. Moreover, the Debtor proposes that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package or Non-Voting Notice, as applicable, and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to effectuate the transfer of the Claim pursuant to F.R.B.P. 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by F.R.B.P. 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

### C. Certain Tabulation Procedures.

22. The Debtor requests approval of the following specific procedures for the tabulation of votes with respect to the Plan:

23. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, except as otherwise provided in this Motion, and without prejudice to the Debtor's rights in any other context, the Debtor proposes each Claim within Classes 4 and 8 of the Plan be in an amount determined by the following procedures:

    a. If a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

    b. If a Claim for which a proof of claim was timely filed or was listed on the Debtor's List of Creditors in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the proof of

claim or the applicable List of Creditors unless that amount is $-0- or an objection to the claim is pending;

  c. If a Claim is listed in on the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not filed by the Claims Bar Date, such Claim is not entitled to vote;

  d. Proofs of Claim filed for $0.00 or unknown amounts are not entitled to vote;

  e. For purposes of the numerosity requirement of Section 1126(c), separate Claims against a Debtor held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the applicable Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

  f. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims against a Debtor within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim against the applicable Debtor in such Class, regardless of whether the applicable Debtor has objected to such duplicate Claims. If a proof of claim has been amended by a later filed proof of claim, only the later filed amended Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim.

 24. In addition, the Debtor requests that the following procedures apply with respect to tabulating Ballots: (i) whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly completed Ballot actually received before the Voting Deadline shall be deemed to reflect the voter's intent and, thus, to supersede any prior Ballots; (ii) if a creditor simultaneously casts inconsistent Ballots, such Ballots shall not be counted; (iii) any holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with F.R.B.P. 3018(a); (iv) whenever a creditor casts a Ballot that is properly completed,

executed, and timely returned to the Ballot Agent, but does not indicate either an acceptance or rejection of the Plan, the Ballot shall not be counted; and (v) whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to the Ballot Agents but indicates both an acceptance and rejection of the Plan, the Ballot shall not be counted.

25. With respect to the tabulation of Ballots cast by Master Ballot Agents and beneficial owners of the Revenue Bonds in Class 4, the Debtor proposes the following: (a) for purposes of voting, the amount used to tabulate votes to accept or reject the Plan shall be the principal amount held as of the Voting Record Date (the "Record Amount"); (b) votes cast by beneficial owners through a Master Ballot Agent shall be applied against the positions held by such entities in the Revenue Bonds as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, shall not be counted in excess of the Record Amount of such Revenue Bonds held by such Master Ballot Agent; (c) to the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, the Class 4 Ballot Agent or Plan Proponents shall attempt to reconcile discrepancies with the Master Ballot Agent; (d) to the extent that "overvotes" on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Class 4 Ballot Agent or Debtor shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in the Class 4 Revenue Bonds; (e) multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the Class 4 Ballot Agent. Votes reflected by multiple Master Ballots shall be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the Master Ballot that bears the latest date shall be counted; and (f) for purposes of tabulating votes, each record owner or beneficial owner shall be deemed to

have voted the Record Amount, although the Class 4 Ballot Agent or Debtor may be asked to make adjustments to reflect the Claim Amount.

26.     The Debtor further proposes that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtor: (i) any Ballot received after the Voting Deadline unless the Debtor has granted an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim or Interest in a Class entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; (v) a Ballot that partially rejects and partially accepts the Plan; and (vi) any Ballot transmitted to the Ballot Agents by facsimile, electronic mail, or other means not specifically approved by this Court. Neither the Debtor, nor the Ballot Agents, nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

27.     The Debtor further proposes that, subject to any contrary order of the Court and except as otherwise set forth herein, it may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in any vote tabulation certification prepared by the Ballot Agent(s) or Debtor.

WHEREFORE, the Debtor respectfully requests that this Court enter the Order annexed as Exhibit H and grant such other and further relief as the Court deems just and proper.

Dated: May 17, 2019

WALTER WILHELM LAW GROUP
a Professional Corporation

By: _____
Riley C. Walter, Attorneys for Debtor
Tulare Local Healthcare District, dba
Tulare Regional Medical Center