5
WANGER JONES HELSLEY, PC
Riley C. Walter #91839
265 East River Park Circle, Ste. 310
Fresno, CA 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330
E-mail: rwalter@wjhattorneys.com

Chapter 9 Counsel for Debtor Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>            Debtor.<br><br>Tax ID #:   94-6002897<br>Address:   869 N. Cherry Street<br>                 Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9<br><br>DC No.: WJH-1<br><br>Date:   Not set<br>Time:   Not set<br>Place:   2500 Tulare Street<br>          Fresno, CA 93721<br>          Courtroom 13<br>Judge:   Honorable René Lastreto, II |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 138 (AS AMENDED) IN THE ESTIMATED AMOUNT OF $598,668.90 FILED BY THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ON MARCH 7, 2019**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, AND TO ALL OTHER PARTIES IN INTEREST:

    Pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, the Tulare Local Healthcare District dba Tulare Regional Medical Center (the "Debtor" or "District") objects to Proof of Claim Number 138 (as amended) filed by the United States Department of Health and Human Services on the grounds set forth below.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider and determine this Objection pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

On September 30, 2017 (the "Petition Date"), the District filed a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") commencing Case No. 17-13797. Dkt. No. 1. On January 26, 2018, this Court entered the Order for Relief. Dkt. 379. On January 25, 2018, the Court approved the District's Application for an Order fixing the bar date for filing proofs of claim. Dkt. 366. On January 31, 2018, the District filed its proof of service of the Notice of Claims Bar Date and the "Order Fixing Bar Date for Filing Proofs of Claim" ("Bar Date Order"). Dkts. 371, 377 and 391. The Bar Date Order provided that the Claims Bar Date was April 10, 2018.

On June 1, 2018, the United States Department of Health and Human Services ("DHS") filed a Proof of Claim (Claim 138), and subsequently amended that Proof of Claim on March 7, 2019 (the "Claim"). DHS asserts that the Claim is for overpayments made to the District for services provided to Medicare recipients. In the Proof of Claim, DHS asserts that it is owed the following amounts:

1. $282,659 for an overpayment for the period ending June 30, 2016, as set forth in the letter dated February 26, 2019 from Noridian Healthcare Solutions, the Medicare Administrative Contractor ("Noridian");

2. $269,120.38 for an overpayment for the period ending June 30, 2017, as set forth in a letter dated February 9, 2018 from Noridian;

3. $24,990 for an overpayment for the period ending June 30, 2017, which in inconsistent with the amount set forth in a letter dated February 27, 2018 from Noridian which asserts a slightly different amount due for the period ending June 30, 2017 than the amount set forth in the Declaration of Brian Lett ("Lett Decl."); and.

4. $21,899.52 for overpayments under Medicare Part A for dates of service between December 24, 2015 and October 24, 2017. Proof of Claim 138-3; Lett Decl. at pp. 2-3 and Attachment 1 thereto.

The District objects to the Claim on several grounds. First, the Claim is an estimate of the District's alleged liability for overpayments and not a final determination of the District to the DHS. Second, there is a discrepancy between the Lett Decl. and the letter dated February 27, 2018 from Noridian attached thereto with respect to the amount of the asserted overpayment for the period ending June 30, 2017, which makes the claim, in part, self-contradictory. Finally, the District has satisfied the claim for FYE June 30, 2016 by placing the full $282,659 into an escrow account with Noridian, and the District has also placed $301,819.57 into an escrow account with Noridian for the FYE June 30, 2017, but the District maintains that after the District's bad debt claims are reviewed by Noridian, the District will not owe DHS this money and, instead, the DHS will owe the District approximately $205,121 for the FYE June 30, 2017. Declaration of Daniel R. Heckathorne at ¶ 4.

**RELIEF REQUESTED**

By this Objection, the District requests entry of an order, pursuant to section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, that provides the following relief: (a) sustains the Objection; and (b) grant such other and further relief as this Court deems just and proper. No previous request for the relief sought herein has been made by the District to this or any other court.

**BASIS FOR RELIEF**

**A.    The Legal Standard**

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Bankruptcy Code § 502(b)(1) states that if an "objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing

of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor ... under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007, which governs the procedure for objections to claims, provides that "[a]n objection to an allowance of a claim shall be in writing and filed.

### B.　Burden of Proof

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623. In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

### C.　The Objection Should Be Sustained

The objection should be sustained because the Claim itself is, in part, self-contradictory. With regard to the $24,990 alleged overpayment for the period ending June 30, 2017, the amount set forth in the claim is inconsistent with the amount set forth in a letter dated February 27, 2018 from Noridian which asserts a slightly different amount due for same period. Lett Decl. As such, the Claim does not constitute prima facie evidence of its validity because it is self-contradictory. Furthermore, the District has satisfied the claim for FYE June 30, 2016 by placing the full $282,659 into an

escrow account with Noridian, and the District has also placed $301,819.57 into an escrow account with Noridian for the FYE June 30, 2017, but the District maintains that after the District's bad debt claims are reviewed by Noridian, the District will not owe DHS this money and, instead, DHS will owe the District approximately $205,121 for the FYE June 30, 2017. Declaration of Daniel R. Heckathorne at ¶ 4. Finally, the amounts asserted in the Claim are only estimates of alleged overpayments subject to ongoing reconciliation by Noridian. Therefore, the Claim is not in a fixed and liquidated amount of any liability of the District to DHS. For these reasons, the District believes the objection should sustained.

## RESERVATION OF RIGHTS

The District has not attempted to raise in this Objection each defense, counterclaim, or setoff that may apply to the Claim. If a response to this Objection is received, the District reserves the right to amend and supplement this Objection, or file additional objections to assert any defenses, counterclaims, and/or setoffs against the Claim. In all instances, the District reserves the right to file future objections or motions or to supplement this Objection as to the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

## CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court enter an order granting the Objection.

Dated: July 1, 2019          WANGER JONES HELSLEY, PC

By: *Riley C. Walter*
Riley C. Walter, Attorneys for Debtor
Tulare Local Healthcare District dba Tulare Regional Medical Center