WANGER JONES HELSLEY, PC
Riley C. Walter #91839
265 East River Park Circle, Ste. 310
Fresno, CA 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330
E-mail: rwalter@wjhattorneys.com

Chapter 9 Counsel for Debtor Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9<br><br>DC No.: WJH-4<br><br>Date:　Not set<br>Time:　Not set<br>Place:　2500 Tulare Street<br>　　　　Fresno, CA 93721<br>　　　　Courtroom 13<br>Judge:　Honorable René Lastreto II |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 197
IN AN UNSPECIFIED AMOUNT FILED BY THE DEPARTMENT OF
HEALTH CARE SERVICES ON APRIL 6, 2018**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE DEPARTMENT OF HEALTH CARE SERVICES, AND TO ALL OTHER PARTIES IN INTEREST:

Pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, the Tulare Local Healthcare District dba Tulare Regional Medical Center (the "Debtor" or "District") objects to Proof of Claim Number 197 filed by the Department of Health Care Services on the grounds set forth below.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider and determine this objection pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

On September 30, 2017, the District filed a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") commencing Case No. 17-13797 (the "Bankruptcy Case"). Dkt. No. 1. On January 26, 2018, this Court entered the Order for Relief. Dkt. 379. On January 25, 2018, the Court approved the District's Application for an order fixing the bar date for filing proofs of claim. Dkt. 366. On January 31, 2018, the District filed its proof of service of the Notice of Claims Bar Date and the "Order Fixing Bar Date for Filing Proofs of Claim" ("Bar Date Order"). Dkts. 371, 377 and 391. The Bar Date Order provided that the Claims Bar Date was April 10, 2018.

On April 6, 2018, the California Department of Health Care Services ("DHCS") filed Proof of Claim 197 in an unspecified amount (the "Claim"). DHCS asserts that the Claim is for an overpayment of supplemental reimbursement funds under the Supplemental Reimbursement for Public Outpatient Hospital Services ("SRPOHS") for the State of California fiscal years from 2002-2003 through the date that the District filed its chapter 9 case. The Claim indicates that DHCS, as the Medicaid State Agency, administers the SRPOHS program because it is a Medi-Cal supplemental reimbursement program for the outpatient department of general acute care hospitals operated by a healthcare district that provides outpatient hospital services to Medi-Cal beneficiaries. The District's hospital, the Tulare Regional Medical Center, was a hospital eligible for SRPOHS funds during the relevant time period. A copy of Proof of Claim Number 197 is attached as Exhibit A to the Declaration of Daniel Heckathorne.

The District objects to the Claim on the grounds that the DHCS has not specified any amount of alleged overpayments due to DHCS on account of any SRPOHS

payments received by the District, and as part of the District's ordinary course of operations, it would have been the District's practice to provide the information required under the Supplemental Reimbursement for Public Outpatient Hospital Services program for the fiscal years from 2002-2003 through the date that the District filed its chapter 9 petition on September 30, 2017. Declaration of Daniel Heckathorne at ¶ 3.

## RELIEF REQUESTED

By this Objection, the District requests entry of an order, pursuant to 11 U.S.C. § 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, that provides the following relief: (a) sustains the Objection; (b) disallows the Claim in its entirety; and (c) grants such other and further relief as this Court deems just and proper. No previous request for the relief sought herein has been made by the District to this or any other court.

## BASIS FOR RELIEF

### A. The Legal Standard

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Bankruptcy Code § 502(b)(1) states that if an "objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor ... under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007, which governs the procedure for objections to claims, provides that "[a]n objection to an allowance of a claim shall be in writing and filed.

### B. Burden of Proof

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of

the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623. In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

### C. The Objection Should Be Granted

The objection should be sustained and the Claim disallowed in its entirety because DHCS has not specified any amount of alleged overpayments due to DHCS on account of any SRPOHS payments received by the District, and as part of the District's ordinary course of operations, it would have been the District's practice to provide the information required under the Supplemental Reimbursement for Public Outpatient Hospital Services program for the fiscal years from 2002-2003 through the date that the District filed its chapter 9 petition on September 30, 2017. Declaration of Daniel Heckathorne at ¶ 3.

### RESERVATION OF RIGHTS

The District has not attempted to raise in this Objection each defense, counterclaim, or setoff that may apply to the Claim. If a response to this Objection is received, the District reserves the right to amend and supplement this Objection, or file additional objections to assert any defenses, counterclaims, and/or setoffs against the Claim. In all instances, the District reserves the right to file future objections or motions or to supplement this Objection as to the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

## CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court enter an order granting the Objection and disallowing the Claim in its entirety.

Dated: July 1, 2019

WANGER JONES HELSLEY, PC

By: *Riley C. Walter*
Riley C. Walter
Attorneys for Debtor Tulare Local Healthcare District dba Tulare Regional Medical Center