1   Fear Waddell, PC
2   Peter L. Fear, No. 207238
    Gabriel J. Waddell, No. 256289
3   7650 North Palm Avenue, Suite 101
    Fresno, California 93711
4   (559) 436-6575
    (559) 436-6580 (fax)
5   pfear@fearlaw.com
6
7   Attorney for Siemens Medical Solutions USA, Inc.,
      Creditor
8

9                    UNITED STATES BANKRUPTCY COURT
10
11           EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

12  In re:                                    Case No. 17-13797-B-9
13
    TULARE LOCAL HEALTHCARE                    Chapter 9
14  DISTRICT, D/B/A TULARE REGIONAL
    MEDICAL CENTER,                            D.C. No. FW-1
15
16              Debtor(s).                     Date:  August 29, 2019
                                               Time:  9:30 a.m.
17                                             Place: Dept. B, Courtroom 13, 5th Floor
                                                      United States Courthouse
18                                                    2500 Tulare St., Fresno, California
19                                             Judge: Hon. René Lastreto, II
20

21      **DECLARATION OF KIM NEALY IN SUPPORT OF MOTION OF**
        **SIEMENS MEDICAL SOLUTIONS USA, INC. FOR ALLOWANCE AND**
22      **PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO § 503(b)**
23
            I, Kim Nealy, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as
24
25  follows:
26          1.      I am the Vice President of Finance of Siemens Medical Solutions USA, Inc.
27  ("Siemens"), and make the following statements based upon my personal knowledge,
28

review of Siemens' books and records and publicly filed legal documents, in support of Siemens' Motion for Allowance and Payment of Administrative Expenses Pursuant to § 503(B), dated on or around the date of this Declaration ("Motion").

**A. Bankruptcy Proceeding**

2. On September 30, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 9 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California ("Court").

3. On May 22, 2019, the Debtor filed the *Disclosure Statement dated as of April 30, 2019* (Docket No. 1441) ("Disclosure Statement") and the *Plan for Adjustment of Debts Dated as of April 30, 2019* (Docket No. 1440) ("Plan").

4. The Debtor is a municipal corporation and healthcare district organized under the Constitution of the State of California, which district encompasses a portion of Tulare County in the State of California. *See* Disclosure Statement at 14.

5. The Debtor provides healthcare services primarily to the individuals who reside within the geographic boundaries of the healthcare district. *Id*. The hospital owned and operated by the Debtor ("Hospital") is a "critical component of the overall economic health of the community" and is the only hospital operating within the healthcare district. *Id*. at 3, 14.

**B. Agreement Between Siemens and the Debtor**

6. Siemens and the Debtor are party to certain Service Agreements ("Service Agreements") pursuant to which Siemens would perform equipment maintenance services

DECLARATION OF KIM NEALY [ETC.][2]     -

for the Debtor with respect to certain medical equipment ("Covered Equipment") sold to the Debtor by Siemens.

7.     Pursuant to the Service Agreements, Siemens was to provide remedial maintenance service on the Covered Equipment. The Service Agreements also provide that Siemens would order and supply to the Debtor replacement parts for the Covered Equipment. Pursuant to the Service Agreements, Siemens would also provide scheduled routine maintenance of the Covered Equipment and would maintain and update software associated with the Covered Equipment.

8.     The Service Agreements specify, among other things, the days and times during which servicing would be available to the Debtor, how much time Siemens had to respond to a service call placed by the Debtor, and how quickly Siemens had to provide replacement parts for the Covered Equipment. The Service Agreements also provided the annual contract price to service the particular piece of Covered Equipment described in the Service Agreement, the monthly installment payments required to be made by the Debtor under the Service Agreement, and the length of the contract term.

9.     The monthly installment payments described in the Service Agreements are intended to compensate Siemens for costs incurred while preforming under the Service Agreements. Under the Service Agreements, Siemens had to maintain adequate levels of staffing in order to respond to telephonic or in-person service calls placed by the Debtor, all within the time frames prescribed in the Service Agreements. Siemens was also responsible to perform routine, scheduled maintenance under the Service Agreements, the costs of which were covered by the monthly installment payments set forth therein.

DECLARATION OF KIM NEALY [ETC.]3        -

**C. Siemens' Pre-Petition Date Claim**

10.    As of the Petition Date, the Debtor owed Siemens $93,844.67 for unpaid installment payments due and owing under the Service Agreements before the Petition Date, as well as for charges for labor and materials provided to the Debtor before the Petition Date, as described in the Proof of Claim filed by Siemens on April 6, 2018 (Claim No. 199-1).

**D. Post-Petition Period**

11.    Upon information and belief, the Debtor ceased operations at and closed the Hospital in or around October, 2017. Siemens did not receive notice at the time that the Hospital's operations had been suspended. Further, no notice was filed on the bankruptcy docket to inform creditors that the Hospital had stopped operating. Indeed, even the Debtor's Disclosure Statement does not provide the exact date of the Hospital's closure and the implications thereof. The Hospital officially re-opened to the public on October 15, 2018. Disclosure Statement at 23.

12.    In the period following the Petition Date ("Post-Petition Period"), the Debtor entered into a complex transaction with Adventist Health System/West ("Adventist Health"), whereby Adventist Health agreed to, among other things, enter into a lease with the Debtor for the Hospital, to purchase certain medical equipment and supplies from the Debtor, and to assume responsibility for the Hospital's operations and financial liabilities.[1]

---

[1] On July 20, 2018, the Debtor filed a schedule of contracts and leases to be assumed by Adventist Health in connection with its purchase of the Debtor's assets (Docket No. 607) ("Schedule"). The Agreement was listed as a contract to be assigned to Adventist Health. On January 25, 2019, the Debtor filed a Motion seeking the Court's approval to modify the Schedule to remove certain contracts deemed to be not executory, including the Agreement

(continued...)

DECLARATION OF KIM NEALY [ETC.] 4       -

Disclosure Statement at 23. Adventist Health assumed responsibility for the Hospital's operations on March 15, 2019. *Id.*

13.     Siemens is not aware of whether the Equipment was sold in connection with the Adventist Health transaction because, to it's the best of its knowledge, there is no complete and publicly posted version of an executed asset purchase agreement with Adventist Health. Further, there is no mention in the Disclosure Statement regarding when the sale to Adventist Health closed.

14.     During the Post-Petition Period, including during the period of time that the Hospital had ceased operations ("Shutdown Period"), Siemens continued to provide services to the Debtor in accordance with the terms of the Service Agreements for three pieces of Covered Equipment. Copies of the Service Agreements for the Covered Equipment maintained during the Post-Petition Period are attached to the Declaration as Exhibit A.

15.     During the Post-Petition Period, Siemens provided routine, scheduled maintenance to the Covered Equipment, as well as on-site visits in response to service calls placed by the Debtor. During the Post-Petition Period, Siemens responded to approximately forty-one service calls with respect to the Covered Equipment, twenty-four of which were made during the Shutdown Period. Siemens also maintained the staff necessary to respond to service calls, either by phone or in person, placed by the Debtor during the times prescribed by the Service Agreements. A copy of the log of service calls

_____

(Docket No. 1043). On February 15, 2019, the Court entered an Order approving the removal of the Agreement from the Schedule (Docket No. 1140).

DECLARATION OF KIM NEALY [ETC.] [5]                    -

placed by the Debtor with respect to the Covered Equipment during the Post-Petition Period is attached to the Declaration as Exhibit B.

16.      Accordingly, during the Post-Petition Period, Siemens continued to invoice the Debtor for the monthly installment amounts owed pursuant to the terms of the Service Schedules, as well as for labor and replacement parts necessary to complete certain repairs made to the Covered Equipment, during the Post-Petition Period.

17.      The unpaid invoices provided to the Debtor during the Post-Petition Period for services rendered under the Service Agreements are attached to the Declaration as Exhibit C.

18.      In addition, during the Shut-Down Period, Siemens provided repair services to the Debtor with respect to an ultrasound machine not covered by a Service Agreement ("Excluded Equipment" and together with the Covered Equipment, the Equipment). During the Post-Petition Period, Siemens responded to two service calls with respect to the Excluded Equipment and submitted Invoice No. 200925145 to the Debtor for time and materials to repair the Excluded Equipment ("Excluded Invoice"). A copy of the Excluded Invoice is attached to the Declaration as Exhibit D.

19.      Siemens is owed $123,766.29 for services, labor and materials provided to the Debtor during the Post-Petition Period.

DECLARATION OF KIM NEALY [ETC.]6      -

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this _30th_ day of July, 2019, at ___Malvern___, ___Pennsylvania___.

_Kim Nealy_

Kim Nealy

DECLARATION OF KIM NEALY [ETC.] 7          -