XAVIER BECERRA, State Bar No. 118517
Attorney General of California
NIROMI W. PFEIFFER, State Bar No. 154216
Supervising Deputy Attorney General
GRANT LIEN, State Bar No. 187250
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7920
  Fax: (916) 324-5567
  E-mail: Grant.Lien@doj.ca.gov
*Attorneys for Creditor Department of
Health Care Services (DHCS)*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Tulare Local Healthcare District,<br><br>                       Debtor,<br><br>Tax ID #:  94-6002897<br>Address:   869 N. Cherry Street<br>               Tulare, CA 93274 | Case No. 17-13797<br><br>Chapter 9<br><br>DC No.: WJH-4<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEPARTMENT OF HEALTH CARE SERVICES' MOTION FOR LEAVE TO FILE AMENDED PROOF OF CLAIM 197**<br><br>Date:     May 27, 2020<br>Time:    9:30 a.m.<br>Place:    2500 Tulare Street<br>          Fresno, CA 93721<br>          Courtroom 13<br>Judge:   The Honorable René Lastreto, II |

## INTRODUCTION

Pursuant to Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15, Creditor Department of Health Care Services (DHCS) moves for leave to amend its Proof of Claim (POC) 197, filed against Debtor Tulare Local Healthcare District on April 6, 2018, to add greater particularity, including an estimated value of the claim. Amended POC 197

1

is filed herewith as Exhibit A. Leave to amend should be granted because: (1) the Ninth Circuit has a liberal policy favoring amendment; (2) the amendment simply provides more information about the claim and does not constitute a new claim; (3) DHCS has not acted in bad faith or with unreasonable delay; and (4) the amendment would not cause undue prejudice to Debtor.

## ARGUMENT

### I. The Liberal Standard for Amending a Proof of Claim.

The Ninth Circuit has "a long established liberal policy that permits amendments to a proof of claim." *In re Roberts Farms*, 980 F.2d 1248, 1251 (9th Cir. 1992) (citations omitted). A creditor can amend a claim after the bar date. *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811, 816-17 (9th Cir. 1985).

In the absence of prejudice, the Court should freely allow amendments that relate back to the filing of the original, to cure a defect, or describe the claim with greater particularity. *Sambo's Restaurants, Inc.*, 754 F.2d at 816-17. See also *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989).

In determining whether an amendment is allowable, Federal Rule of Civil Procedure 15(c) provides a useful analogy. *State of California Board of Equalization v. Ulrich (In re Solari)*, 63 Bankr. 115, 117 (Bankr. 9th Cir. 1986). Under Rule 15(c), an amended pleading relates back to the original when the amendment arises out of the same conduct, transaction, or occurrence. *Id.* See also *In re: Bajac Construction Co.*, 100 Bankr. 524, 525 (Bankr. E.D. Cal. 1989). A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin. *Id.*

"Whether the opposing party would be unduly prejudiced by the amendment" depends on elements such as "bad faith or unreasonable delay in filing the amendment, impact on other claimants, reliance by the debtor or other creditors, and change of the debtor's position." *In re Roberts Farms*, 980 F.2d 1248, 1251 (9th Cir. 1992.)

///

///

## II. DHCS' Amended Proof of Claim 197 Meets the Ninth Circuit's Liberal Standard of Amendment.

Here, DHCS is not attempting to sneak in a phantom claim after the April 10, 2018 bar date. Instead, DHCS simply moves to amend its original proof of claim, filed on April 6, 2018, to add more particularity, including: (1) an explanation about why DHCS was unable to include an estimated value in the original claim; (2) the current but incomplete estimated claim value of $5,520,423.33; and (3) the methodology for that estimate. This information is set forth in Exhibit A-1, the Amended Declaration of Shiela Mendiola in support of Amended POC 197, as follows:

Ms. Mendiola has been employed by DHCS as the Section Chief of the Medi-Cal Supplemental Payment Section since January 2015. Exhibit A-1, Mendiola Amended Declaration in Support of Amended POC 197, ¶ 1. In that position, she oversees supplemental payment programs for the Safety Net Financing Division and is a custodian of records for the Supplemental Reimbursement for Public Outpatient Hospital Services Program. *Id.*

In her amended declaration, Ms. Mendiola explains that California Welfare and Institutions Code section 14105.96 provides supplemental reimbursements under California's Medi-Cal (Medicaid) program for an outpatient department of a general acute care hospital that is owned or operated by a city, county, city and county, the University of California, or health care district, which meets specified requirements and provides outpatient hospital services to Medi-Cal beneficiaries. Exhibit A-1, Mendiola Amended Declaration in Support of Amended POC 197, ¶ 2. Supplemental reimbursement under the Supplemental Reimbursement for Public Outpatient Hospital Services Program reimburses for hospital costs that are in excess of the payments the hospital receives for outpatient hospital services from any source of Medi-Cal reimbursement. *Id.*

Interim payments are calculated using cost to charge ratios from cost reports, as well as Medi-Cal Fee-for-Service (FFS) charges and payments from provider submitted claims. Exhibit A-1, Mendiola Amended Declaration in Support of Amended POC 197, ¶ 3. Final reconciliations require cost to charge ratios to be reconciled to audited cost reports and Medi-Cal FFS charges, and payments reconciled to data from DHCS' internal Medicaid Management Information

System (MMIS). *Id.* California State Medicaid Plan, Attachment 4.19-B, pp. 47-48. During final reconciliations, adjustments are made for underpayments and overpayments. *Id.*

When DHCS filed its original POC 197 on April 6, 2018, it could not include a specific amount for its claim because final reconciliations were still pending for Fiscal Year (FY) 2002-03 through the bankruptcy filing in September 2017. Exhibit A-1, Mendiola Amended Declaration in Support of Amended POC 197, ¶ 4.

Since April 6, 2018, DHCS has audited the cost reports for FY 2002-03 through FY 2015-16, using the aforementioned methodology, and can now estimate the final reconciliation amount for that period to be an overpayment of $5,520,423.33. Exhibit A-1, Mendiola Amended Declaration in Support of Amended POC 197, ¶ 5. Attached as Exhibit A-1(a) is an Excel Spreadsheet itemizing the interim payment and estimated overpayment for each fiscal year from 2002-2016, based on the aforementioned methodology, and the total overpayment for that time period of $5,520,423.33. However, audited cost reports for FY 2016-17 are not yet available, so FY 2016-17 final reconciliation amounts still cannot be estimated. *Id.* Because DHCS meets the liberal standard of amendment, it should be granted leave to amend POC 197.

### III. DHCS Did Not Act in Bad Faith or Cause Unreasonable Delay.

The aforementioned explanation of why DHCS could not include a specific claim amount in the original POC 197, and the fact that the fiscal reconciliation process is still ongoing, demonstrate that DHCS did not act in bad faith or cause unreasonable delay. The Court should therefore grant DHCS leave to amend POC 197 for this additional reason.

### IV. Granting DHCS Leave to File An Amended POC 197 Would Not Cause Undue Prejudice to Debtor.

The Court is still considering creditor claims and Debtor cannot show that it relied on any representation by DHCS that POC 197 has no value. On the contrary, paragraph 4 of Ms. Mendiola's original declaration, attached as Exhibit A to the original POC 197, explicitly states that "final reconciliations are still pending for this provider for all program years beginning in State Fiscal Year 2002-03 until the bankruptcy filing in September 2017."

4

If Debtor argues that it needs additional time to analyze Amended POC 197, DHCS will not oppose the Court granting Debtor additional time to file an objection to the amended claim and having the objection heard. Because the amendment would not cause any undue prejudice to Debtor, the Court should permit DHCS to file Amended POC 197.

## CONCLUSION

Amended POC 197 meets the Ninth Circuit's liberal policy of amendment because it simply adds more particularity to an existing claim. DHCS did not act in bad faith or cause unreasonable delay by not including a specific claim amount in the original POC 197 because cost reports for 2002-2017 needed to be audited before final reconciliation amounts could be calculated. Debtor would not be prejudiced by the amendment to POC 197 because the Court is still adjudicating creditor claims. Debtor has known from the original POC 197 that final reconciliation amounts could not be calculated until the cost reports were audited, and DHCS does not object to providing additional time to Debtor to file an objection to Amended POC 197 and have that objection heard. For these reasons, the Court should grant DHCS leave to amend POC 197.

Dated: April 9, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
NIROMI W. PFEIFFER
Supervising Deputy Attorney General

*/s/ Grant Lien*

GRANT LIEN
Deputy Attorney General
*Attorneys for Creditor*
*Department of Health Care Services (DHCS)*

SA2020101237
14513536.docx