**POSTED ON THE WEBSITE**
**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                            ) Case No. 17-13797-B-9
                                )
**TULARE LOCAL HEALTHCARE**   ) DC No. WJH-4
**DISTRICT,**                       )
                                ) Date: May 25, 2021
               Debtor.     ) Time: 9:30 a.m.
                                ) Department B, Judge Lastreto
                                ) Fifth Floor, Courtroom 13
                                ) 2500 Tulare Street, Fresno, CA
_____)

**RULING ON OBJECTION TO CLAIM NO. 197**

**Before: René Lastreto II, Bankruptcy Judge**

_____

Riley C. Walter, WANGER JONES HELSLEY, PC, Fresno, CA, for Tulare Local Health Care District, dba Tulare Regional Medical Center, Debtor.

Grant Lien, Deputy Attorney General of California, Sacramento, CA, for the Department of Health Care Services, Creditor.

_____

RENÉ LASTRETO II, Bankruptcy Judge:

**FACTS**

On July 1, 2019, Tulare Local Healthcare District ("District") objected to Proof of Claim No. 197 filed by the Department of Health Care Services ("DHCS") on April 6, 2018 in an unspecified amount. Doc. #1512.

1

District contended that the claim should be disallowed in its entirety for two reasons: (1) the claim does not specify an amount; and (2) District provided all necessary information for DHCS to reconcile reimbursement payments and liquidate its claim. *Id.*

District did not file a notice of hearing on its objection until several months later. Doc. #1948. The objection was filed, served, and set for hearing pursuant to Local Rule of Practice 3007-1(b)(2) and Fed. R. Bankr. P. 3007. DHCS's assigned counsel was changed and District agreed to continue the hearing on the objection. Doc. #2091

DHCS subsequently opposed the objection (Doc. #2130) and filed a motion to amend the claim to over $5.5 million. *See* GL-1. The parties agreed to further continue the matter until DHCS's motion to amend was resolved. On April 27, 2021, the court issued a memorandum decision and denied DHCS's motion for leave to amend the claim. Docs. ##2418-19.

After several continuances, a status conference on the objection to claim was heard on May 25, 2021. Appearances were noted on the record. At the hearing, neither party asked for the opportunity to submit additional briefing or evidence to the court. The matter was taken under submission.

**JURISDICTION**

The United States District Court for the Eastern District of California has jurisdiction over this proceeding since it arises in a case under Title 11 of the United States Code under 28 U.S.C. § 1334(b). This court has jurisdiction to hear and

determine this matter by reference from the District Court under 28 U.S.C. § 157(a). This is a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B).

**DISCUSSION**

11 U.S.C. § 502(a) states that a claim or interest, evidenced by a proof of claim filed under section 501, is deemed allowed, unless a party in interest objects.

Fed. R. Bankr. P. 3001 provides that "[a] proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a).

Fed. R. Bankr. P. 3001(f) states that a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim. If a party objects to a proof of claim, the burden of proof is on the objecting party. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (B.A.P. 9th Cir. 2000).

Here, District argues that DHCS's claim should be disallowed in its entirety because DHCS did not specify any amount of alleged overpayments despite having all of the necessary information to estimate a claim. Doc. #1512.

District notes that Official Form 410, Box 7, requires the creditor to state the amount of the claim. DHCS instead stated the amount was "[u]ndetermined at this time" in Box 7. DHCS included a declaration from Shiela Mendiola stating:

///
///

> Final reconciliations are still pending for this provider for all program years beginning in State Fiscal Year 2002-03 until the bankruptcy filing in September 2017. A final reconciliation may result in a determination of overpayment or additional reimbursement (underpayment) for a particular year. The potential overpayment or underpayment determination amounts and timing for completion associated with the final reconciliations are unknown at this time.

Claim #197, Ex. A.

DHCS's response does not address District's objection to claim, instead focusing on the Ninth Circuit's "liberal" claim amendment standard. Doc. #2130. DHCS's motion to amend claim was heard and denied on April 27, 2021. Docs. ##2418-19. DHCS has not presented any evidence in support of its opposition to this objection, nor cited applicable authority supporting its contention that a claim filed without a specified amount should be allowed.

Moreover, DHCS concedes that that it had the information available to calculate an estimated amount of its purported claim in April 2018. "Since April 6, 2018, DHCS has audited the cost reports for FY 2002-03 through FY 2015-16, using the methodology described in paragraph 3, and can now estimate the final reconciliation amount for that period to be an overpayment of $5,520,423.33." Doc. #2128, Ex. A-1.

DHCS could have amended its claim prior to the statutory bar date for government claims. DHCS did not do so, instead waiting until after the chapter 9 plan was confirmed, and after its effective date had passed before filing its motion for leave to amend.

1  District has established that Claim #197 does not comply
2  with Fed. R. Bankr. P. 3001(a) because no amount of the claim is
3  stated in Box 7.  *See In re Milton*, 1990 Bankr. LEXIS 952
4  (Bankr. S.D. Cal. 1990) (finding that the IRS's proof of claim
5  is legally insufficient under Fed. R. Bankr. P. 3001 because it
6  fails to state an amount).  So, the claim is not *prima facie*
7  evidence of the validity or the amount of the claim.  Fed. R.
8  Bankr. P. 3001(f).  The claim is deficient to assert a right to
9  payment.  No amount is stated and DHCS had District's
10 information about an alleged claim much earlier.  The claim does
11 not meet the requirements of a formal proof of claim.
12   Even under the informal proof of claim doctrine, Claim #197
13 is insufficient because it does not state the nature of the
14 claim nor an intent to hold District liable.  To constitute an
15 informal proof of claim, the claim must include: (1) an explicit
16 demand showing the nature of the claim; (2) the amount of the
17 claim against the estate; and (3) an intent to hold the debtor
18 liable.  *In re Sambo's Restaurant, Inc.*, 754 F.2d 811, 815 (9th
19 Cir. 1985); *Perry v. Certificate Holders of Thrift Sav.*, 320
20 F.2d 584, 590 (9th Cir. 1963); *In re Franciscan Vineyards, Inc.*,
21 597 F.2d 181, 183 (9th Cir. 1979) (per curium), *cert. den.*, 445
22 U.S. 915 (1980).  Since the amount of the claim is unspecified
23 and there is no unequivocal intent to hold District liable,
24 DHCS's claim fails to satisfy the requirements under the
25 informal proof of claim doctrine.
26 ///
27 ///
28 ///

**CONCLUSION**

DHCS's claim is insufficient to constitute *prima facie* evidence of the amount of the claim under Fed. R. Bankr. P. 3001(f). DHCS's claim contains inadequate information to be allowed as an informal proof of claim. The court's ruling denying DHCS's motion to amend the claim is now final. Therefore, Claim #197 filed by the Department of Health Care Services on April 6, 2018 shall be disallowed in its entirety.

Dated: May 26, 2021

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Gregory S. Powell, Assistant U.S. Trustee
Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

Grant Lien
1300 I St #125
PO Box 944255
Sacramento CA 94244

Riley C. Walter
265 E. River Park Circle, Ste. 310
Fresno CA 93720